FILED IN CLERK'S OFFICE
U.S.D.C. Rome

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JAN 1 0 2003

LUTHER D. THOMAS, Clerk
By: _____
     Deputy Clerk

IN RE: Tri-State Crematory Litigation

MDL Docket No. 1467

| | |
|---|---|
| Carol A. Bechtel, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Tri-State Crematory, Inc., et. al., | ) |
| | ) |
| Defendant. | ) |

CIVIL ACTION

FILE NO. 4:02-CV-041-HLM

## DEFENSES AND ANSWER OF DEFENDANT
## T. RAY BRENT MARSH TO THE MASTER COMPLAINT

COME NOW, T. Ray Brent Marsh (hereinafter Defendant), and files

this, his Defenses and Answer to Plaintiffs' Master Complaint, amending

Defendant's previously filed Answer, and shows the Court the following:

### FIRST DEFENSE

As a first defense, the Defendant answers the numbered paragraphs of

the Complaint as follows:

### INTRODUCTION

1.

Defendant admits the nature of Plaintiffs' complaint.  Regarding the

remaining allegations of Paragraph 1 of the Master Complaint, Defendant is

without knowledge or information sufficient to form a belief as to the truth

335

of the allegations.  Furthermore, Defendant denies the existence and operation of Tri-State Crematory, Inc. as a corporate entity after its administrative dissolution.

2.

Defendant denies all of the allegations of Paragraph 2 of the Master Complaint.

3.

In response to Paragraph 3 of the Master Complaint, Defendant asserts that the nature of Plaintiffs' complaint speaks for itself; however, to the extent that Paragraph 3 contains assertions which suggest any impropriety on the part of Tri-State Crematory, Inc., or that Tri-State Crematory, Inc. was operating unlawfully, those allegations are denied.

PARTIES

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4 of the Master Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Master Complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 of the Master Complaint.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 of the Master Complaint.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 of the Master Complaint.

9.

Defendant denies the allegations contained within Paragraph 9 of the Master Complaint.  Furthermore, Tri-State Crematory, Inc. last paid its

annual registration fee to the Georgia Secretary of State on March 7, 1995.

Tri-State Crematory, Inc. was administratively dissolved on July 6, 1997.

10.

Defendant admits that T. Ray Brent Marsh is a natural person residing

in Walker County, Georgia.  Defendant denies that T. Ray Brent Marsh is

the operator of Tri-State Crematory; Inc.  Defendant denies that T. Ray

Brent Marsh is currently, or at any time subsequent to the administrative

dissolution on July 6, 1997, the secretary of Tri-State Crematory, Inc.

11.

Defendant admits that Clara C. Marsh is a natural person residing in

Walker County, Georgia.  Defendant denies that Clara C. Marsh may be

served at the address listed in Paragraph 11 of the Master Complaint.

Defendant denies that Clara C. Marsh is currently, or at any time subsequent

to the administrative dissolution on July 6, 1997, the chief financial officer

of Tri-State Crematory, Inc.

12.

Defendant admits that Rhames L. Marsh is a natural person residing in

Walker County, Georgia.  Defendant denies that she can be served at Route

4, Box 1170A, LaFayette, Walker County, Georgia.  Defendant denies that

Rhames Marsh is currently, or at any time subsequent to the administrative

-4-

dissolution on July 6, 1997, the chief executive officer of Tri-State
Crematory, Inc.

13.

Defendant admits T. Ray Marsh is a natural person residing in Walker
County, Georgia.  Defendant denies that T. Ray Marsh may be served at the
address listed in Paragraph 13 of the Master Complaint.  Defendant admits
that T. Ray Marsh was formerly the registered agent, owner and operator of
Tri-State Crematory, Inc., until 1996; however, Defendant denies that Mr.
Marsh held any of those positions after 1996.  Defendant objects to the use
of the collective term "Tri-State Defendants" to refer to all named members
of the Marsh Family because they are separate defendants and because Tri-
State Crematory, Inc. has not existed since July 6, 1997.

14.

Defendant is unsure of what times Plaintiffs refer to, or to what entity,
since Defendant Tri-State is not an existing legal entity.  Nevertheless,
Defendant admits that T. Ray Marsh operated Tri-State Crematory, Inc.
between 1982 and some point in or about 1996, when he was rendered
unable by strokes and other medical conditions.  During the 1982 to 1996
period, T. Ray Marsh and Tri-State Crematory, Inc. did engage in the
crematory business.  Defendant is unsure of which defendants Plaintiffs

mean by "the other defendants"; however, Defendant denies that Tri-State Crematory, Inc. ever operated as any person or entity's agent, ostensible agent, servant, employee, representative, joint venturer or associate, or that Tri-State Crematory, Inc. ever operated under such authority. Tri-State Crematory, Inc. was a business that contracted with other business to perform cremation services. In regards to allegations of the contractual duties of the funeral home defendants, the Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations. Similarly, the last sentence of Paragraph 14 of the Master Complaint attempts to state the law, and to the extent that it misstates or mischaracterizes the law, it is denied.

15 - 62.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 15 through 62 of the Complaint.

JURISDICTION AND VENUE

63.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Master

-6-

Complaint in regards to diversity and to amount in controversy. Defendant denies that there exists a Class with common and undivided interests.

64.

Defendant denies that venue is properly predicated upon Tri-State Crematory, Inc. because that corporation is not a legally existing entity. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of the Master Complaint.

## CLASS ACTION ALLEGATIONS

65.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Master Complaint, however, to the extent that Paragraph 65 of the Master Complaint alleges any acts on the part of Tri-State Crematory, Inc. subsequent to its dissolution, those allegations are denied.

66.

In response to Paragraph 66 of the Master Complaint, Defendant denies that Plaintiffs are entitled to class certification under Rule 23 of the Federal Rules of Civil Procedure.

67.

In response to Paragraph 67 of the Master Complaint, Defendant states that the nature of the Master Complaint speaks for itself.

68.

The Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70.

Defendant denies the allegations contained within paragraph 70 of the Complaint.

71.

The Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.

In response to Paragraph 72 of the Master Complaint, Defendant states that the Court is aware of its authority and the applicable rules of law, and therefore this paragraph does not require an answer.

73.

Defendant denies that class certification is appropriate and all other allegations contained with Paragraph 73 of the Master Complaint.

74.

The Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.

Defendant denies the allegations contained within Paragraph 75 of the Master Complaint.

76.

The Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.

The Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.

The Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint.

80.

Paragraph 80 of the Master Complaint deals with legal arguments that are not properly addressed in a Complaint, and so therefore do not require a response. Defendant denies that class certification is appropriate.

81.

Defendant responds to Paragraph 81 of the Master Complaint by stating that the Court is aware of its authority, however, Defendant denies that class certification is appropriate.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

82.

Defendant incorporates each response to preceding paragraphs as if set forth in full.

83.

Defendant respectfully declines to answer the allegations of Paragraph 83 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

84.

Defendant respectfully declines to answer the allegations of Paragraph 84 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

85.

Defendant respectfully declines to answer the allegations of Paragraph 85 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

86.

Defendant respectfully declines to answer the allegations of Paragraph 86 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

87.

Defendant respectfully declines to answer the allegations of Paragraph 87 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

88.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint. Defendant denies the existence of any agency relationship between himself or Tri-State Crematory, Inc. and any funeral home.

89.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint. Defendant denies the existence of any agency relationship between himself or Tri-State Crematory, Inc. and any funeral home.

90.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint. Defendant denies the existence of any agency relationship between himself or Tri-State Crematory, Inc. and any funeral home.

91.

Defendant respectfully declines to answer the allegations of Paragraph 91 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

92.

Defendant respectfully declines to answer the allegations of Paragraph 92 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

93.

Defendant respectfully declines to answer the allegations of Paragraph 93 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

94.

Defendant respectfully declines to answer the allegations of Paragraph 94 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

95.

Defendant respectfully declines to answer the allegations of Paragraph 95 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

96.

Defendant respectfully declines to answer the allegations of Paragraph 96 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

## FIRST CAUSE OF ACTION

## EQUITABLE (INJUNCTIVE AND/OR DECLARATORY) RELIEF

97.

In response to Paragraph 97 of the Master Complaint, Defendant incorporates all responses to Paragraphs 1 through 96 in their entirety.

98.

Defendant respectfully declines to answer the allegations of Paragraph 98 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

99.

Defendant respectfully declines to answer the allegations of Paragraph 99 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

100.

Defendant respectfully declines to answer the allegations of Paragraph 100 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

101.

Defendant respectfully declines to answer the allegations of Paragraph 101 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

102.

Defendant respectfully declines to answer the allegations of Paragraph 102 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

103.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Master Complaint.

104.

The Defendant denies the allegations contained in Paragraph 104 of the Master Complaint.

105.

In response to Paragraph 105 of the Master Complaint, Defendant denies that any of the requested relief is appropriate.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

106.

In response to Paragraph 106 of the Master Complaint, Defendant incorporates all responses to Paragraphs 1 through 105 in their entirety.

107.

In response to the first sentence of Paragraph 107 of the Master Complaint, Defendant denies entering into any contracts with the Plaintiffs or class members. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Master Complaint.

108.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint.

109.

Defendant respectfully declines to answer the allegations of Paragraph 109 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

110.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint.

111.

The Defendant denies the allegations contained in Paragraph 111 of the Complaint.

## THIRD CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

112.

In response to Paragraph 112 of the Complaint, Defendant incorporates all responses to Paragraphs 1 through 111 in their entirety.

113.

Because the Defendant can not be sure what the "material times" are, he is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint.

-17-

114.

Because the Defendant can not be sure what the "material times" are, he is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint.

115.

The Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.

The Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.

The allegations contained within Paragraph 117 of the Master Complaint are denied.

## FOURTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY / SPECIAL DUTY

118.

In response to Paragraph 118 of the Complaint, Defendant incorporates all responses to Paragraphs 1 through 117 in their entirety.

119.

Defendant respectfully declines to answer the allegations of Paragraph 119 of the Master Complaint, invoking the privilege against self-incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

120.

The Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.

The Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122.

The Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint.

124.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint.

125.

Defendant denies all allegations contained within the first sentence of

Paragraph 125 of the Master Complaint

## FIFTH CAUSE OF ACTION

## FRAUDULENT CONDUCT AS TO TRI-STATE DEFENDANT

126.

In response to Paragraph 126 of the Complaint, Defendant

incorporates all responses to Paragraphs 1 through 125 in their entirety.

127.

Defendant respectfully declines to answer the allegations of Paragraph

127 of the Master Complaint, invoking the privilege against self-

incrimination afforded to him by the Fifth Amendment to the Constitution of

the United States of America.

128.

Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 128 of the Complaint

129.

Defendant respectfully declines to answer the allegations of Paragraph

129 of the Master Complaint, invoking the privilege against self-

incrimination afforded to him by the Fifth Amendment to the Constitution of the United States of America.

130.

The Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131.

The Defendant denies the allegations contained in Paragraph 131 of the Complaint.

SIXTH CAUSE OF ACTION

NEGLIGENCE

132.

In response to Paragraph 132 of the Complaint, Defendant incorporates all responses to Paragraphs 1 through 131 in their entirety.

133.

Whether any duty is owed is a matter of law, about which no answer is required.

134.

The Defendant denies the allegations contained in Paragraph 134 of the Complaint.

-21-

135.

The Defendant denies the allegations contained in Paragraph 135 of the Complaint.

## SEVENTH CAUSE OF ACTION

## WILLFUL INTERFERENCE WITH REMAINS

## AND INTENTIONAL MISHANDLING OF A CORPSE

136.

In response to Paragraph 136 of the Complaint, Defendant incorporates all responses to Paragraphs 1 through 135 in their entirety.

137.

Paragraph 137 of the Master Complaint contains allegation pertaining to matters of law; to the extent that those allegations mischaracterize the law, they are denied.

138.

The Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Complaint.

140.

The Defendant denies the allegations contained in Paragraph 140 of the Complaint.

141.

The Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.

The Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.

The allegations contained within Paragraph 143 of the Master Complaint are denied.

## EIGHTH CAUSE OF ACTION

## NEGLIGENT INTERFERENCE WITH REMAINS

## AND MISHANDLING OF A CORPSE

144.

In response to Paragraph 144 of the Complaint, Defendant incorporates all responses to Paragraphs 1 through 143 in their entirety.

145.

Paragraph 145 of the Master Complaint contains allegation pertaining to matters of law; to the extent that those allegations mischaracterize the law, they are denied.

146.

The Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint.

148.

The Defendant denies the allegations contained in Paragraph 148 of the Complaint.

149.

The Defendant denies the allegations contained in Paragraph 149 of the Complaint.

150.

The Defendant denies the allegations contained in Paragraph 150 of the Complaint.

## NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### 151.

In response to Paragraph 151 of the Complaint, Defendant

incorporates all responses to Paragraphs 1 through 150 in their entirety.

### 152.

The Defendant denies the allegations contained in Paragraph 152 of

the Complaint.

### 153.

The Defendant denies the allegations contained in Paragraph 153 of

the Complaint.

### 154.

The Defendant denies the allegations contained in Paragraph 154 of

the Complaint.

## TENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### 155.

In response to Paragraph 155 of the Complaint, Defendant

incorporates all responses to Paragraphs 1 through 154 in their entirety.

156.

The Defendant denies the allegations contained in Paragraph 156 of the Complaint.

157.

The Defendant denies the allegations contained in Paragraph 157 of the Complaint.

158.

The Defendant denies the allegations contained in Paragraph 158 of the Complaint.

ELEVENTH CAUSE OF ACTION

UNJUST ENRICHMENT

159.

In response to Paragraph 159 of the Complaint, Defendant incorporates all responses to Paragraphs 1 through 158 in their entirety.

160.

The Defendant denies the allegations contained in Paragraph 160 of the Complaint.

161.

The Defendant denies the allegations contained in Paragraph 161 of the Complaint.

## PRAYER FOR RELIEF

### 162.

Defendant denies that Plaintiffs are entitled to any relief that they seek in the Prayer For Relief of their Master Complaint.

### 163.

Any allegation contained within the Master Complaint not specifically addressed is hereby denied.

### **SECOND DEFENSE**

Plaintiffs' Master Complaint, and each and every count thereof, fails to state a claim for which relief may be granted.

### **THIRD DEFENSE**

Plaintiffs' Master Complaint, and each and every count thereof, should be dismissed for lack of privity between the parties.

### **FOURTH DEFENSE**

Plaintiffs' Master Complaint, and each and every count thereof, is time barred by the applicable statute of limitations.

### **FIFTH DEFENSE**

Plaintiffs' Master Complaint, and each and every count thereof, is barred by the doctrine of laches.

## SIXTH DEFENSE

Plaintiffs' claims for punitive damages violate the United States and Georgia Constitutions.

WHEREFORE, having fully answered all of the numbered paragraphs of the Plaintiffs' Master Complaint, Defendant T. Ray Brent Marsh respectfully requests that the Court dismiss the Complaint with costs to be cast against the Plaintiffs.

**The Defendant hereby demands a trial by Jury.**

This 10th day of January, 2003.

Respectfully Submitted,

JENKINS & OLSON, P.C.

Frank E. Jenkins, III
Georgia Bar No. 390550
Brandon L. Bowen
Georgia Bar No. 071107
Jennifer Joy Walker
Georgia Bar No. 732263

15 South Public Square
Cartersville, Georgia 30120
(770) 387-1373

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of **DEFENSES AND ANSWER OF DEFENDANT T. RAY BRENT MARSH TO THE MASTER COMPLAINT** upon all parties to this matter by depositing a true and accurate copy of same in the United States mail, proper postage prepaid, addressed to counsel of record as follows:

> J. Anderson Davis
> Mark Maynard Jackson Webb
> Brinson Askew Berry Siegler
> Richardson & Davis
> Post Office Box 5513
> Rome, GA 30162-5513
>
> Robert Harris Smalley, III
> McCamy Phillips Tuggle & Fordham
> Post Office Box 1105
> Dalton, Georgia 30720-1105
>
> McCracken Poston
> Post Office Box 1130
> Ringgold, Georgia 30736

This 10th day of January, 2003.

JENKINS & OLSON, P.C.

Brandon L. Bowen

15 South Public Square
Cartersville, Georgia 30120
(770) 387-1373