FILED IN CLERK'S OFFICE
U.S.D.C. ....

JAN 1 0 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: Tri-State Crematory Litigation          MDL Docket No. 1467

Carol A. Bechtel, et. al.,                )
                                          )
          Plaintiffs,                     )
                                          )          CIVIL ACTION
v.                                        )
                                          )          FILE NO. 4:02-CV-041-HLM
Tri-State Crematory, Inc., et. al.,       )
                                          )
          Defendants.                     )

## DEFENSES AND ANSWER OF DEFENDANTS
## CLARA C. MARSH AND T. RAY MARSH
## TO THE MASTER COMPLAINT

COME NOW, T. Ray Marsh and Clara C. Marsh (hereinafter

Defendants), and file this, their Defenses and Answer to Plaintiff's Master

Complaint, amending Defendants' previously filed Answer, and shows the

Court the following:

## FIRST DEFENSE

As a first defense, the Defendants answer the numbered paragraphs of

the Complaint as follows:

*334*

## INTRODUCTION

1.

Defendants admit the nature of Plaintiffs' complaint. Regarding the remaining allegations of Paragraph 1 of the Master Complaint, Defendants are without knowledge or information sufficient as to form a belief as to the truth of the allegations. Furthermore, Defendants deny the existence and operation of Tri-State Crematory, Inc. as a corporate entity after its administrative dissolution.

2.

Defendants deny all of the allegations of Paragraph 2 of the Master Complaint.

3.

In response to Paragraph 3 of the Master Complaint, Defendants assert that the nature of Plaintiffs complaint speaks for itself; however, to the extent that Paragraph 3 contains assertions which suggest any impropriety an the part of Tri-State Crematory, Inc., or that Tri-State Crematory, Inc. was operating unlawfully, those allegations are denied.

## PARTIES

### 4.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4 of the Master Complaint.

### 5.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Master Complaint.

### 6.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 of the Master Complaint.

### 7.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 of the Master Complaint.

8.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 of the Master Complaint.

9.

Defendants deny the allegations contained within Paragraph 9 of the Master Complaint. Furthermore, Tri-State Crematory, Inc. last paid its annual registration fee to the Georgia Secretary of State on March 7, 1995. Tri-State Crematory, Inc. was administratively dissolved on July 6, 1997.

10.

Defendants admit that T. Ray Brent Marsh is a natural person residing in Walker County, Georgia. Defendants deny that T. Ray Brent Marsh is the operator of Tri-State Crematory; Inc. Defendants deny that T. Ray Brent Marsh is currently, or at any time subsequent to the administrative dissolution on July 6, 1997, the secretary of Tri-State Crematory, Inc.

11.

Defendants admit that Clara C. Marsh is a natural person residing in Walker County, Georgia. Defendants deny that Clara C. Marsh may be served at the address listed in Paragraph 11 of the Master Complaint. Defendants deny that Clara C. Marsh is currently, or at any time subsequent

to the administrative dissolution on July 6, 1997, the chief financial officer
of Tri-State Crematory, Inc.

12.

Defendants admit that Rhames L. Marsh is a natural person residing in
Walker County, Georgia. Defendants deny that she can be served at Route
4, Box 1170A, LaFayette, Walker County, Georgia. Defendants deny that
Rhames Marsh is currently, or at any time subsequent to the administrative
dissolution on July 6, 1997, the chief executive officer of Tri-State
Crematory, Inc.

13.

Defendants admit T. Ray Marsh is a natural person residing in Walker
County, Georgia. Defendants deny that T. Ray Marsh may be served at the
address listed in Paragraph 13 of the Master Complaint. Defendants admit
that T. Ray Marsh was formerly the registered agent, owner and operator of
Tri-State Crematory, Inc., until 1996; however, Defendants deny that Mr.
Marsh held any of those positions after 1996. Defendants object to the use
of the collective term "Tri-State Defendants" to refer to all named member
of the Marsh Family because they are separate defendants and because Tri-
State Crematory, Inc. has not existed since July 6, 1997.

14.

Defendants are unsure of what times Plaintiffs refer to, or to what entity, since Defendant Tri-State is not an existing legal entity. Nevertheless, Defendants admit that T. Ray Marsh operated Tri-State Crematory, Inc. between 1982 and, upon information and belief, some point in or about 1996, when he was rendered unable by strokes and other medical conditions. During the 1982 to 1996 period, T. Ray Marsh and Tri-State Crematory, Inc. did engage in the crematory business. Defendants are unsure of which defendants Plaintiffs mean by "the other defendants"; however, Defendants deny that Tri-State Crematory, Inc. ever operated as any person or entity's agent, ostensible agent, servant, employee, representative, joint venturer or associate, or that Tri-State Crematory, Inc. ever operated under such authority. Tri-State Crematory, Inc. was a business that contracted with other business to perform cremation services. In regards to allegations of the contractual duties of the funeral home defendants, the Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations. Similarly, the last sentence of Paragraph 14 of the Master Complaint attempts to state the law, and to the extent that it misstates or mischaracterizes the law, it is denied.

15 - 62.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 15 through 62 of the Complaint.

## JURISDICTION AND VENUE

63.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Master Complaint in regards to diversity and to amount in controversy.  Defendants deny that there exists a Class with common and undivided interests.

64.

Defendants deny that venue is properly predicated upon Tri-State Crematory, Inc. because that corporation is not a legally existing entity. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of the Master Complaint.

## CLASS ACTION ALLEGATIONS

65.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Master

Complaint, however, to the extent that Paragraph 65 of the Master

Complaint alleges any acts on the part of Tri-State Crematory, Inc.

subsequent to its dissolution, those allegations are denied.

66.

In response to Paragraph 66 of the Master Complaint, Defendants

deny that Plaintiffs are entitled to class certification under Rule 23 of the

Federal Rules of Civil Procedure.

67.

In response to Paragraph 67 of the Master Complaint, Defendants

state that the nature of the Master Complaint speaks for itself.

68.

The Defendants deny the allegations contained in Paragraph 68 of the

Complaint.

69.

Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70.

Defendants deny the allegations contained within paragraph 70 of the

Complaint.

71.

The Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.

In response to Paragraph 72 of the Master Complaint, Defendants state that the Court is aware of its authority and the applicable rules of law, and therefore this paragraph does not require an answer.

73.

Defendants deny that class certification is appropriate and all other allegations contained with Paragraph 73 of the Master Complaint.

74.

The Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.

Defendants deny the allegations contained within Paragraph 75 of the Master Complaint.

76.

Defendants are unsure of what Plaintiffs are alleging in Paragraph 76 of the Complaint, however Defendants deny the existence of any "continuity of interest" or that equitable relief is appropriate as to them. Defendants

deny the allegation that their actions inflicted any damages, injuries, grief and anguish on anyone.

77.

The Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.

The Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint.

80.

Paragraph 80 of the Master Complaint deals with legal arguments that are not properly addressed in a Complaint, and so therefore do not require a response.  Defendants deny that class certification is appropriate.

81.

Defendants respond to Paragraph 81 of the Master Complaint by stating that the Court is aware of its authority, however, Defendants deny that class certification is appropriate.

-10-

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

### 82.

Defendants incorporate each response to preceding paragraphs as if set forth in full.

### 83.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint.

### 84.

Defendants admit that Tri-State Crematory, Inc did contract with some of the funeral home defendants for the purpose of providing cremation services during the period in which it operated and existed; however, Defendants deny that Tri-State Crematory, Inc. contracted with any person or entity for the provision of cremation services after T. Ray Marsh became disabled and unable to operate the crematory in 1996. Defendants further deny that any contracts that were ever entered were entered into for the benefit of plaintiffs or class members.

### 85.

Defendants deny ever failing to provide proper cremation services, and the allegations of Paragraph 85 of the Complaint are denied in their entirety.

86.

The Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Master Complaint relating to the duties and failures of the funeral home defendants. Defendants deny that they or Tri-State Crematory, Inc. ever engaged in any improper cremation practices. Defendants further deny that any acts or failures on the part of any defendant would serve to remove the requirement of proximate cause.

88.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint. Defendants deny the existence of any agency relationship between themselves or Tri-State Crematory, Inc. and any funeral home.

89.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint.

Defendants deny the existence of any agency relationship between themselves or Tri-State Crematory, Inc. and any funeral home.

90.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint. Defendants deny the existence of any agency relationship between themselves or Tri-State Crematory, Inc. and any funeral home.

91.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Master Complaint regarding the passing of Samantha Webb Swinney, or the funeral arrangements that were made for her.  Defendants deny that Ms. Swinney was delivered for cremation to Defendant T. Ray Marsh or Clara C. Marsh or to Tri-State Crematory, Inc.  Defendants deny the existence of any agency relationship between themselves or Tri-State Crematory, Inc. and any funeral home.

92.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Master Complaint regarding the passing of Thomas J. Conyers, or the funeral

-13-

arrangements that were made for him.  Defendants deny that Mr. Conyers

was delivered for cremation to Defendant T. Ray Marsh or Clara C. Marsh

or to Tri-State Crematory, Inc.  Defendants deny the existence of any agency

relationship between themselves or Tri-State Crematory, Inc. and any

funeral home.

93.

The Defendants deny the allegations contained in Paragraph 93 of the

Complaint.

94.

The Defendants deny the allegations contained in Paragraph 94 of the

Complaint.

95.

Defendants deny ever making any representation to any named

plaintiff.  Defendants deny mishandling, mistreating, desecrating or abusing

remains, or concealing any such actions.  Defendants are without knowledge

or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 95 of the Master Complaint.

96.

Defendants admit the discovery of this situation in February of 2002.

Defendants are without knowledge or information sufficient to form a belief

-14-

as to the truth of the allegations in Paragraph 96 of the Master Complaint regarding the Plaintiffs' knowledge and awareness. Defendants deny that they or Tri-State Crematory, Inc. ever mishandled, commingled, abused or desecrated any decedent.

FIRST CAUSE OF ACTION

EQUITABLE (INJUNCTIVE AND/OR DECLARATORY) RELIEF

97.

In response to Paragraph 97 of the Master Complaint, Defendants incorporate all responses to Paragraphs 1 through 96 in their entirety.

98.

Defendants deny that they entered into any contracts, written or oral, with the Plaintiffs, class members or decedents. Defendants deny making any representations to Plaintiffs, class members or decedents. All other allegations of Paragraph 98 are denied.

99.

The Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.

The Defendants deny the allegations contained in Paragraph 100 of the Complaint.

-15-

101.

The Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.

Defendants deny that they improperly or unlawfully handled any decedent's remains.  The remaining allegations contained within Paragraph 102 of the Master Complaint are denied.

103.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Master Complaint regarding Plaintiffs' perceptions of moral obligation, ethical duties or natural sentiments.  Defendants deny that any contract existed between themselves and plaintiffs or class members.

104.

The Defendants deny the allegations contained in Paragraph 104 of the Master Complaint.

105.

In response to Paragraph 105 of the Master Complaint, Defendants deny that any of the requested relief is appropriate.  In response to specific allegations in part (b) of Plaintiffs' Master Complaint, Defendants deny that

any decedents' remains are or ever were in the possession of Tri-State

Crematory, Inc.  In response to part (c), deny having any knowledge of the

whereabouts of any desecrated or commingled remains.  Part (d) of

Paragraph 105 is denied.  In response to part (e), Defendants deny all

allegations of mishandling, abuse and desecration of human remains on their

part.  Defendants deny that they are financially responsible for any further

disposition of decedents' remains.

SECOND CAUSE OF ACTION

BREACH OF CONTRACT

106.

In response to Paragraph 106 of the Master Complaint, Defendants

incorporate all responses to Paragraphs 1 through 105 in their entirety.

107.

In response to the first sentence of Paragraph 107 of the Master

Complaint, Defendants T. Ray Marsh and Clara C. Marsh deny entering into

any contracts with the Plaintiffs or class members.  Defendants are without

knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph relating to the Plaintiffs' expectations.

Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations pertaining to the contents of any contracts

-17-

that Plaintiffs may have entered with parties other than the Defendants,

however, to the extent that Paragraph 107 contains allegations of illegal or

improper conduct on the part of Tri-State Crematory, Inc. or Defendants T.

Ray Marsh and Clara C. Marsh, they are denied.  Defendants are without

knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 107 regarding the beneficiaries of any purported

contracts between Plaintiffs, class members and other defendants.

108.

Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 108 of the Complaint.

109.

The Defendants deny the allegations contained in Paragraph 109 of

the Complaint, both to the extent that it alleges the existence of contracts

between the plaintiff or class members and the Defendants and Tri-State

Crematory, Inc. and to the extent that it alleges any conduct on the part of

Defendants or Tri-State Crematory, Inc. that would constitute a breach of

any purported contracts.  Furthermore, to the extent that Paragraph 109

alleges illegal or immoral conduct on the part of Defendants T. Ray Marsh

or Clara C. Marsh or Tri-State Crematory, Inc., such allegations are denied.

110.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint.

111.

The Defendants deny the allegations contained in Paragraph 111 of the Complaint.

## THIRD CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

112.

In response to Paragraph 112 of the Complaint, Defendants incorporate all responses to Paragraphs 1 through 111 in their entirety.

113.

Because the Defendants can not be sure what the "material times" are, they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint.

114.

Because the Defendants can not be sure what the "material times" are, they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint.

115.

The Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.

The Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.

The allegations contained within Paragraph 117 of the Master Complaint are denied in their entirety.

## FOURTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY / SPECIAL DUTY

118.

In response to Paragraph 118 of the Complaint, Defendants incorporate all responses to Paragraphs 1 through 117 in their entirety.

119.

Defendants Clara C. Marsh and T. Ray Marsh deny entering into any agreements with the Plaintiffs, class members or decedents.  To the extent that the remaining allegations of Paragraph 119 of the Master Complaint pertain to agreements between the Defendants and the Plaintiffs, class members or decedents, such allegations are denied.

120.

The Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.

The Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.

The Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.

Defendants T. Ray Marsh and Clara C. Marsh deny that they failed to perform any duty.  Defendants deny that Tri-State Crematory, Inc. failed to perform any duty, or that Tri-State Crematory, Inc. was an agent for any other defendant.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint regarding the duty or breach thereof of funeral home defendants.  Defendants deny all other allegations within Paragraph 123 of the Master Complaint.

124.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint regarding the funeral home defendants, however, Defendants deny that they or Tri-State Crematory, Inc. engaged in any acts of fraudulent concealment, fraudulent practices.  Defendants deny all other allegations contained within Paragraph 124.

125.

Defendants deny all allegations contained within the first sentence of Paragraph 125 of the Master Complaint.  Defendants deny that Plaintiffs are entitled to punitive or exemplary damages.  All other allegations contained within paragraph 125 of the Complaint are denied.

## FIFTH CAUSE OF ACTION

## FRAUDULENT CONDUCT AS TO TRI-STATE DEFENDANTS

126.

In response to Paragraph 126 of the Complaint, Defendants incorporate all responses to Paragraphs 1 through 125 in their entirety.

127.

The Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint

129.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint, except that these Defendants deny that they or Tri-State Crematory, Inc. concealed misconduct as alleged.

130.

The Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.

The Defendants deny the allegations contained in Paragraph 131 of the Complaint.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE

132.

In response to Paragraph 132 of the Complaint, Defendants incorporate all responses to Paragraphs 1 through 131 in their entirety.

133.

Whether any duty is owed is a matter of law, about which no answer is required.

134.

The Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.

The Defendants deny the allegations contained in Paragraph 135 of the Complaint.

<u>SEVENTH CAUSE OF ACTION</u>

<u>WILLFUL INTERFERENCE WITH REMAINS</u>

<u>AND INTENTIONAL MISHANDLING OF A CORPSE</u>

136.

In response to Paragraph 136 of the Complaint, Defendants incorporate all responses to Paragraphs 1 through 135 in their entirety.

137.

Paragraph 137 of the Master Complaint contains allegation pertaining to matters of law; to the extent that those allegations mischaracterize the law, they are denied.

138.

The Defendants deny the allegations contained in Paragraph 138 of the Complaint, as to themselves and Tri-State Crematory, Inc; as to all remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

139.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Complaint.

140.

The Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.

The Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.

The Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.

The allegations contained within Paragraph 143 of the Master Complaint are denied.

## EIGHTH CAUSE OF ACTION

## NEGLIGENT INTERFERENCE WITH REMAINS

## AND MISHANDLING OF A CORPSE

144.

In response to Paragraph 144 of the Complaint, Defendants incorporate all responses to Paragraphs 1 through 143 in their entirety.

145.

Paragraph 145 of the Master Complaint contains allegation pertaining to matters of law; to the extent that those allegations mischaracterize the law, they are denied.

146.

The Defendants deny the allegations contained in Paragraph 146 of the Complaint, as to themselves and Tri-State Crematory, Inc; as to all remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

147.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint.

148.

The Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.

The Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint regarding damages and injury suffered by Plaintiffs and class members. However, Defendants deny that they interfered with decedents' remains or that any causal relationship exists between Defendants' actions and any damages or injury that Plaintiffs or class members allegedly suffered.

## NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

151.

In response to Paragraph 151 of the Complaint, Defendants incorporate all responses to Paragraphs 1 through 150 in their entirety.

152.

The Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.

The Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154.

The Defendants deny the allegations contained in Paragraph 154 of the Complaint.

## TENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

155.

In response to Paragraph 155 of the Complaint, Defendants incorporate all responses to Paragraphs 1 through 154 in their entirety.

156.

The Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.

The Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.

The Defendants deny the allegations contained in Paragraph 158 of the Complaint.

## ELEVENTH CAUSE OF ACTION

## UNJUST ENRICHMENT

159.

In response to Paragraph 159 of the Complaint, Defendants incorporate all responses to Paragraphs 1 through 158 in their entirety.

160.

The Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.

The Defendants deny the allegations contained in Paragraph 161 of the Complaint.

## PRAYER FOR RELIEF

162.

Defendants deny that Plaintiffs are entitled to any relief that they seek in the Prayer For Relief of their Master Complaint.

163.

Any allegation contained within the Master Complaint not specifically addressed is hereby denied.

## SECOND DEFENSE

Plaintiffs' Master Complaint, and each and every count thereof, fails to state a claim for which relief may be granted.

## THIRD DEFENSE

Plaintiffs' Master Complaint, and each and every count thereof, should be dismissed for lack of privity between the parties, such that Plaintiff has no standing to sue these answering Defendants, or either of them individually.

## FOURTH DEFENSE

Plaintiffs' Master Complaint, and each and every count thereof, is time barred by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiffs' Master Complaint, and each and every count thereof, is barred by the doctrine of laches.

## SIXTH DEFENSE

Plaintiffs' claims for punitive damages violate the United States and Georgia Constitutions.

WHEREFORE, having fully answered all of the numbered paragraphs of the Plaintiffs' Master Complaint, Defendants T. Ray Marsh and Clara C. Marsh respectfully request that the Court dismiss the Complaint with costs to be cast against the Plaintiffs.

**The Defendants hereby demand a trial by Jury.**

This <u>10th</u> day of January, 2003.

Respectfully Submitted,

JENKINS & OLSON, P.C.

Frank E. Jenkins, III
Georgia Bar No. 390550
Brandon L. Bowen
Georgia Bar No. 071107
Jennifer Joy Walker
Georgia Bar No. 732263

15 South Public Square
Cartersville, Georgia 30120
(770) 387-1373

-31-

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of **DEFENSES AND ANSWER OF DEFENDANTS CLARA C. MARSH AND T. RAY MARSH TO THE MASTER COMPLAINT** upon all parties to this matter by depositing a true and accurate copy of same in the United States mail, proper postage prepaid, addressed to counsel of record as follows:

> J. Anderson Davis
> Mark Maynard Jackson Webb
> Brinson Askew Berry Siegler
> Richardson & Davis
> Post Office Box 5513
> Rome, GA  30162-5513
>
> Robert Harris Smalley, III
> McCamy Phillips Tuggle & Fordham
> Post Office Box 1105
> Dalton, Georgia  30720-1105
>
> McCracken Poston
> Post Office Box 1130
> Ringgold, Georgia 30736

This <u>10th</u> day of January, 2003.

JENKINS & OLSON, P.C.

Brandon L. Bowen

15 South Public Square
Cartersville, Georgia 30120
(770) 387-1373