**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Rome
D.3MG
JUN 0 4 2003
LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: TRI-STATE CREMATORY LITIGATION ) ) ) | MDL DOCKET NO. 1467 |
| This relates to all actions. ) | |

## MOTION OF LIAISON AND LEAD FUNERAL HOME DEFENSE COUNSEL FOR CONTEMPT AND REDISTRIBUTION OF FEES AND EXPENSES

Liaison and Lead Defense Counsel for the Funeral Home Defendants ("Funeral Home Counsel") respectfully submit this their motion for an order for contempt and to redistribute fees and expenses among the Funeral Home Defendants.

This 4th day of June 2003.

BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP

ROBERT M. BRINSON
Georgia Bar No.: 082900

BY: _____
J. ANDERSON DAVIS
Georgia Bar No.: 211077

Post Office Box 5513
Rome, GA 30162-5513
Phone - 706/291-8853
Fax - 706/234-3574

Counsel for SCI Defendants and
Liaison/Lead Counsel for the Funeral
Home Defendants

402

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: TRI-STATE | ) | MDL DOCKET NO. 1467 |
| CREMATORY LITIGATION | ) | |
| | ) | |
| This relates to all actions. | ) | |

## BRIEF IN SUPPORT OF MOTION OF LIAISON AND LEAD FUNERAL HOME DEFENSE COUNSEL FOR CONTEMPT AND REDISTRIBUTION OF FEES AND EXPENSES

By its Order of August 16, 2002, this Court appointed Messrs. Brinson and Davis of the law firm Brinson, Askew, Berry, Seigler, Richardson & Davis, LLP as Liaison and Lead Counsel on behalf of the Funeral Home Defendants, setting out their various duties and obligations as well as their rights to payment. Specifically, the Funeral Home Defendants were ordered to submit information to counsel for the individual defendant funeral homes for payment. The Court specifically ordered that, "[e]ach funeral home defendant shall pay a pro rata share of expenses incurred and fees earned by Liaison and Lead Counsel acting in such capacities. Should any defendant funeral homes be later joined or added, they will pay their pro rata share of any activity which would have benefitted them and all funeral homes will be credited accordingly. Defendant funeral homes shall remit payment to Liaison and Lead Counsel within thirty (30) days of submission of the statement for services."

Funeral Home Counsel have provided services and have advanced monies or incurred expenses for various vendors, including court reporters, expert witnesses and technical service representatives. Funeral Home Counsel have submitted bills to the various Funeral Home Defendants who have largely paid their individual proportionate shares of the fees and expenses. However, three groups of Funeral Home Defendants each claim that they have neither cash flow or assets sufficient to pay, nor liability insurance to cover, their shares of Funeral Home Counsel's fees and expenses incurred to date, as ordered by the Court. Specifically, representatives of the funeral home groups, to wit: (1) Patton's Funeral Home, Inc.;[1] (2) Family Mortuary, Inc. and House of Overstreet;[2] and (3) Covenant Funeral Services[3] have each been billed for their proportionate share of the fees and expenses since this Court's Order of August 16, 2002; however, none of said three groups have paid any of their respective portions of the fees and expenses incurred.

---

[1] Patton Funeral Home, as represented by its counsel, sent one (1) decedent to Tri-State Crematory on or about August 6, 1996.

[2] Family Mortuary Inc. was owned by the same owners as House of Overstreet, Inc. They have been treated as one (1) group. Family Mortuary sent one decedent to Tri-State Cremtory on October 29, 2001; House of Oversteet sent four (4) decedents to Tri-State between 1988 - 2002, and all four were between 1997 - 2002, and two (2) decedents have been identified by the GBI.

[3] Covenant sent twenty-seven (27) decedents to Tri-State between 1997 - 2002, and none prior to 1997. Sixteen (16) decedents have been identified by the GBI.

2

On January 21, 2003 and February 5, 2003, the Court ordered that all Funeral Home Defendants who were more than sixty (60) days delinquent in their payment of fees and expenses to Liaison and Lead Counsel for the Funeral Home Defendants, and who failed to make satisfactory arrangements with J. Anderson Davis for such past due fees and expenses, appear before the Court to show cause for their failure. A hearing was held on Tuesday, February 11, 2003, and appearing, *inter alia*, were representatives of Family Mortuary and House of Overstreet, and a corporate representative of Covenant Funeral Services.

On February 12, 2003, an Order was filed requiring tax returns to be provided to J. Anderson Davis by Walter Crox, officer for Defendant Covenant Funeral Services, and by Patton Funeral Home, Inc., represented by Richard Elliston. Covenant Funeral Services timely complied with the Court's Order. However, Patton Funeral Services, Inc. has yet to comply.

During the February 11 hearing, representatives of Family Mortuary and House of Overstreet stated to the Court that they requested "a little additional time to pay." (Trans. Feb. 11, 2003 hearing, p. 7). Since that time, no payment or arrangements for payment have been made.

3

Accordingly, Funeral Home Counsel respectfully move the Court to enter an Order holding these groups in contempt, and/or to redistribute the shares of fees and expenses of the three named groups evenly among the thirty-two (32) remaining Funeral Home Defendants.

Funeral Home Counsel have notified all Funeral Home Defendants that the aforementioned funeral home groups apparently cannot pay their respective shares incurred to date. Representatives of Jesse Jones Funeral Home, Inc., Peeples Funeral Home, Inc., Julian Peeples Memorial Chapel, Inc. d/b/a Julian Peeples Funeral Home and Love Funeral Home, Inc., have indicated their opposition to this request for the redistribution of fees and expenses among the remaining funeral home defendant groups. No one on the Funeral Home Steering Committee approves these groups not paying their way, but recognizes the limitations. It is fair to state that all other funeral homes, including the SCI defendants, submit that these three groups should pay their fair share. The Court has previously ordered them to show cause why they cannot. Each funeral group continues to operate, albeit at a loss according to their representations or tax returns.

Funeral Home Counsel submit this motion for the Court's review and invite the Funeral Home Defendants' response.

Respectfully submitted this ____4th____ day of June 2003.

                                    BRINSON, ASKEW, BERRY, SEIGLER,
                                    RICHARDSON & DAVIS, LLP

                                    ROBERT M. BRINSON
                                    Georgia Bar No.: 082900

BY: _____
                                    J. ANDERSON DAVIS
                                    Georgia Bar No.: 211077

Post Office Box 5513
Rome, GA 30162-5513                Counsel for SCI Defendants and
Phone - 706/291-8853                Liaison/Lead Counsel for the Funeral
Fax - 706/234-3574                    Home Defendants

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **Motion of Liaison and Lead Funeral Home Defense Counsel for Contempt and Redistribution of Fees and Expenses, and Brief in Support Of Motion of Liaison and Lead Funeral Home Defense Counsel for Contempt and Redistribution of Fees and Expenses** by causing a copy of same to be placed in first class U.S. mail with adequate postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA 30720-1105
Liaison for Plaintiffs

McCracken Poston, Jr., Esquire
OFFICE of McCRACKEN POSTON
Post Office Box 1130
Ringgold, GA 30736-1130
Lead Counsel for
Tri-State Crematory, Inc.

Frank E. Jenkins, III, Esquire
JENKINS & OLSON
15 Public Square, South
Cartersville, GA 30120-3350
Lead Counsel for
the Marsh Family

**ATTORNEYS FOR DEFENDANT FUNERAL HOMES:**

John E. Hall, Jr./Roger S. Sumrall, Esquire
Hall, Booth, Smith & Slover, PC
230 Peachtree St., NW, Suite 2500
Atlanta, GA  30303

David C. Higney, Esquire
900 Republic Centre
633 Chestnut Street
Chattanooga, TN  37450

Charles B. Zirkle, Jr., Esquire
Devon A. Atchison, Esquire
Five Concourse Parkway, Suite 2900
Atlanta, GA  30328

Edward H. Lindsey, Jr., Esquire
2100 Tower Place
3340 Peachtree Rd. NE
Atlanta, GA  30326-1084

David W. Noblit, Esquire/Blair Bennington, Esquire
Leitner, Williams, Dooley & Napolitan, PLLC
801 Broad Street, 3rd Floor
Chattanooga, TN  37402-2621

Martin Karo, Esquire
Walter J. Weinrich, Esquire
Four Sentry Parkway, Suite 300
Blue Bell, PA  19422

Clifton M. Patty, Esquire
Post Office Box 727
Ringgold, GA  30726-0727

John M. Hawkins Esquire
Weinberg, Wheeler, Hudgins, Gunn & Dial
999 Peachtree St., NE, Suite 2700
Atlanta, GA  30309

Bruce A. Taylor, Jr., Esquire
Lisa S. Higgins, Esquire
Post Office Box 7600
Atlanta, GA  30357-7600

Stephen L. Cotter, Esquire
Maren R. Frost, Esquire
1355 Peachtree Street, NE, Suite 300
Atlanta, GA  30309-3238

Mary Katherine Greene, Esquire
Carlock, Copeland, Semler & Stair
Post Office Box 56887
Atlanta, GA  30343-0887

John W. Campbell, Esquire
David C. King, Esquire
1355 Peachtree Street, NE, Suite 300
Atlanta, GA  30309-3238

Vahn Chang, Esquire
COZEN O'CONNOR
303 Peachtree Street, NE, Suite 2200
Atlanta, GA  30308

Alan B. Easterly, Esquire
Leitner, Williams, Dooley & Napolitan, PLLC
801 Broad Street, 3rd Floor
Chattanooga, TN  37402-2621

Brian C. Smith, Esquire
One Union Square
504 Krystal Building
Chattanooga, TN  37402

Douglas M. Campbell, Esquire
CAMPBELL & CAMPBELL
735 Broad Street, Suite 1200
Chattanooga, TN  37402

Paul L. Weisbecker, Esquire
Weinberg, Wheeler, Hudgins, Gunn & Dial
950 East Paces Ferry Road, Suite 3000
Atlanta, GA  30326

| | |
|---|---|
| Harry W. Bassler, Esquire<br>CRIM & BASSLER, LLP<br>100 Galleria Parkway, Suite 1510<br>Atlanta, GA 30339 | J. Charles Wilson, Esquire<br>2151 Government Street<br>Mobile, AL 36606 |
| Mr. Walter Crox, Vice President<br>Covenant Funeral Service<br>2114 Chapman Road<br>Chattanooga, TN 37421 | Patton Funeral Home<br>c/o Richard L. Elliston, Esquire<br>Post Office Box 1413<br>Cleveland, TN 37364-1413 |
| Christopher E. Penna, Esquire<br>PENNA & MENDICINO, P.C.<br>1902 Old Covington Highway<br>Conyers, GA 30012-3920 | Thomas C. Corts, Esquire<br>ORTALE, KELLEY, HERBERT & CRAWFORD<br>Post Office Box 198985<br>Nashville, TN 37219-8985 |
| Weymon H. Forrester, Esquire<br>FORRESTER & BRIM<br>Post Office Box 1688<br>Gainesville, GA 30503-1688 | Phillip C. Lawrence, Esquire<br>David H. Lawrence, Esquire<br>200 East Eighth Street<br>Chattanooga, TN 37402 |
| Charles G. Taylor, III, Esq.<br>McDonald, Levy & Taylor<br>10805 Kingston Pike, Suite 200<br>Knoxville, TN 37922 | T. Ryan Mock, Jr., Esquire<br>4000 SunTrust Plaza<br>303 Peachtree St., NE<br>Atlanta, GA 30308-3243 |
| Ronald R. Womack, Esquire<br>The Womack Law Firm<br>Post Office Box 549<br>LaFayette, GA 30728 | |

This _____ day of June 2003.

_____
J. ANDERSON DAVIS