# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C.
SEP 1 5 2003
LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

IN RE: TRI-STATE         :
CREMATORY LITIGATION     :    MDL DOCKET NO. 1467
                         :

## W. L. WILSON & SONS' NOTICE OF OBJECTION TO, OR IN THE ALTERNATIVE, MOTION TO STRIKE, THE AFFIDAVIT OF PLAINTIFF PAULA YOCKEL

COMES NOW W.L. Wilson & Sons Funeral Home (hereinafter "Wilson" or "Wilson & Sons"), Defendant in the above-styled civil action, and hereby files its Notice of Objection to, or in The Alternative, Motion to Strike,[1] the Affidavit of Paula Yockel, respectfully showing the Court as follows:

Defendant Wilson objects to and moves to strike Paula Yockel's affidavit on the basis that it contradicts her previous testimony. In support of her Response Brief in Opposition to the Motion for Summary Judgment filed by Wilson & Sons, Ms. Yockel submitted an affidavit stating that the "Tri-State tragedy has impacted me

---

[1] Several judges in the Northern District of Georgia have held that a notice of objection, not a motion to strike, is the proper method for challenging the admissibility of evidence in an affidavit. See, e.g., Morgan v. Sears, Roebuck and Co., 700 F. Supp. 1574, 1576 (N.D. Ga. 1988)(Forrester, J.); Pinkerton and Laws Co. v. Roadway Express, Inc., 650 F. Supp. 1138, 1141 (N.D. Ga. 1986)(Ward, J.); but see So. Concrete Co. v. United States Steel Corp., 394 F.Supp. 362, 380 (N.D.Ga.1975), aff'd, 535 F.2d 313 (5th Cir.1976).



physically." (Yockel Aff., ¶ 4). Plaintiff Yokel further testified that she has "suffered from sleep problems," "nightmares," "loss of appetite" and "stomach problems." (Yockel Aff., ¶ 5). Obviously, Plaintiff Yokel submitted her affidavit in order to demonstrate a "physical injury" and avoid an adverse judgment on her emotional distress damages stemming from the alleged mishandling of the remains of her father, Gilbert Schuchman.[2]

However, this affidavit testimony contradicts Ms. Yockel's own earlier testimony at her deposition, which was taken on September 30, 2002. In her deposition, Ms. Yokel was asked whether she had suffered a physical injury:

> Q. Are you claiming any medical - strike that - any physical injury as a result of -
> A. No.
> Q. - this happening? Okay. Have you sought any treatment of any type as the result of what happened at Tri-States?
> A. I talked with my pastor at church, but that's about it.

(P. Yokel Depo., p. 10, lines 24-25, p. 11, lines 1-6.) Ms. Yockel further testified in her deposition that she did not seek medical attention after learning of the discovery at Tri-State. (P. Yockel Depo., p. 75, lines 8-11). This deposition testimony contradicts the above-cited statement from her affidavit. An affidavit

---

[2] This, of course, assumes that Plaintiff Yockel's tort claims are not time barred by the statute of limitations. Defendant Wilson believes all of Ms. Yockel's claims are time barred.

contradicting previous sworn testimony cannot defeat a motion for summary judgment. <u>Garnac Grain Co. v. Blackley</u>, 932 F.2d 1563 (8th Cir. 1991); <u>Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.</u>, 725 F.2d 566 (2nd Cir. 1991); <u>Van T. Junkins v. U. S. Industries</u>, 736 F.2nd 656 (11th Cir. 1984). Thus, the affidavit of Plaintiff Yockel should be stricken.

**WHEREFORE**, for the above and foregoing reasons, Defendant Wilson requests that its Notice of Objection, or in the Alternative, Motion to Strike, the Affidavit of Paula Yockel be granted in its favor.

This ___15th___ day of September, 2003.

                              SWIFT, CURRIE, McGHEE & HIERS, LLP

                              By: _Stephen L. Cotter (by jdo)_
                                  Stephen L. Cotter
                                  Georgia State Bar No. 189725
                                  Maren R. Frost
                                  Georgia State Bar No. 278448
                                  James D. Johnson
                                  Georgia State Bar No. 394598

                                  Attorneys for Defendant
                                  W. L. Wilson & Sons Funeral Hom

SWIFT, CURRIE, McGHEE & HIERS, LLP
The Peachtree
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309-3238
(404) 874-8800

(signatures continued)

|  |  |
|---|---|
| The Omberg House<br>615 West First Street<br>Post Office Box 5513<br>Rome, GA 30162-5513<br>Phone 706/291-8853<br>Fax 706/234-3574 | BRINSON, ASKEW, BERRY, SEIGLER,<br>RICHARDSON & DAVIS, LLP<br><br>Robert M. Brinson<br>Georgia Bar No. 082900<br><br>By: _____<br>J. Anderson Davis<br>Georgia Bar No. 211077<br><br>Lead and Liaison Counsel for Defendant Funeral Homes |

133719.1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **W. L. Wilson & Sons' Notice of Objection To, or in the Alternative, Motion to Strike, the Affidavit of Plaintiff Paula Yockel** by causing a copy of same to be placed in first class U.S. mail with adequate postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA  30720-1105
Liaison for Plaintiffs

| | |
|---|---|
| McCracken Poston, Jr., Esquire | Frank E. Jenkins, III, Esquire |
| OFFICE McCRACKEN POSTON | JENKINS & OLSON |
| Post Office Box 1130 | 15 Public Square, South |
| Ringgold, GA  30736 | Cartersville, GA  30120-3350 |

Liaison/Lead Counsel for Tri-State Crematory, Inc. and the Marsh Family

This 15th day of September 2003.

_____
J. Anderson Davis
Georgia Bar No. 211077