FILED IN CLERK'S OFFICE
U.S.D.C. Rome

SEP 1 8 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE CREMATORY MDL DOCKET NO. 1467 LITIGATION
This document relates to all cases.

## PUTNAM FUNERAL HOME, INC. (THE)'S
## MOTION FOR RELIEF FROM AUGUST 16, 2002 ORDER

Now come Defendant Putnam Funeral Home, Inc. (The) (hereinafter "Putnam") and moves this Court for relief from its August 16, 2002 Order requiring its contribution toward payment of lead/liaison counsel fees.

This motion is based upon the fact that Putnam has reached an agreement with the plaintiffs herein settling all plaintiffs' claims against Putnam Funeral Home, Inc. (The). The full agreement and all of its terms will be presented to this Court for its approval as soon as the parties finalize all details of the settlement. In light of the settlement, as of September 17, 2003, Putnam does not intend to participate any further in the defense of this action, and therefore requests relief from any further contribution toward payment of lead/liaison counsel fees and expenses and/or any expenses incurred jointly by the funeral home defendants.

The MANUAL FOR COMPLEX LITIGATION, THIRD contemplates and permits the Court to allow parties who reach a partial settlement to withdraw from continued participation in the joint defense of an action and permits relief from continued obligations toward fees and costs incurred by lead/liaison counsel, as long as settling defendants pay their portion for services already rendered.

> If possible, terms and procedures for payment should be established by agreement among counsel, but subject to judicial approval and control [cits. omitted]. Whether or not agreement is reached, the judge has the authority to order reimbursement and compensation and the obligation to ensure that the amounts are reasonable. Terms and procedures should be established before substantial services are rendered and should provide

504

> for, among other things, the following: periodic billings during the litigation or creation of a fund through advance or ongoing assessments of members of the group; *appropriate contributions from parties making partial settlements with respect to services already rendered by designated counsel;* and contributions from parties in later filed or assigned cases who benefit from the earlier work of designated counsel.

Id. at §20.223, p. 30-31 [emphasis added]. Putnam has paid its pro rata share of all lead/liaison counsel fees and joint expenses incurred to date and intends to pay its pro rata share of fees and expenses for services rendered through September 17, 2003 but not yet billed. Putnam simply requests relief from liability for or contribution toward any additional fees or expenses incurred in the joint defense of the funeral home defendants after September 17, 2003.

On August 16, 2002, this Court entered an Order requiring the funeral home defendants to pay a pro rata share of "expenses incurred and fees earned by Liaison and Lead Counsel". (Order of August 16, 2002, attached hereto as "Exhibit A" for the Court's convenience.) Although the August 16, 2002 Order did contemplate and set forth procedures for payment for any funeral home defendant who was *added or joined,* it did not set forth procedures such as those suggested in the MANUAL FOR COMPLEX LITIGATION, THIRD for when a party enters into a partial settlement. See, MANUAL FOR COMPLEX LITIGATION, THIRD, §20.223. Because Putnam has reached a settlement agreement with the plaintiffs and will no longer participate in the joint defense of the funeral home defendants, they should not be required to continue to contribute for the fees and expenses incurred by lead/liaison counsel in this case.

For all of the foregoing reasons, Putnam requests relief from this Court's Order of August 16, 2002 from any further contribution toward payment of lead/liaison counsel fees and expenses and/or any expenses incurred jointly by the funeral home defendants after September 17, 2003.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

BY: _____

DAVID W. NOBLIT, GA BAR NO. 545213
L. BLAIR BENNINGTON, TN BPR No. 21391
Attorneys for Putnam Funeral Home, Inc.
801 Broad Street, Third Floor
Chattanooga, TN 37402
(423) 265-0214
(423) 266-5490 FAX

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing *Defendant Putnam Funeral Home, Inc. (The)'s Motion for Relief from August 16, 2002 Order* has been served by United States Mail, postage prepaid and properly addressed on the following:

Elizabeth J. Cabraser, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West,
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Plaintiffs' Lead Counsel

Robert M. Brinson, Esq.
J. Anderson Davis, Esq.
Brinson, Askew, Berry Seigler, Richardson & Davis
PO Box 5513
Rome, GA 30162-5513

McCracken K. Poston, Jr. Esq.
62 Nance Lane
P. O. Box 1130
Ringgold, Georgia 30736

Robert H. Smalley, III, Esq.
McCamy, Phillips, Tuggle & Fordhman, LLP
P. O. Box 1105
Dalton, Georgia
Plaintiffs' Liaison Counsel

Frank E. Jenkins, Esq.
Jenkins & Olson, PC
15 South Public Square
Cartersville, Georgia 30120

This ___18___ day of ___September___ 2003.

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

BY: _____

DAVID W. NOBLIT, GA BAR NO. 545213
L. BLAIR BENNINGTON, TN BPR NO. 21391

FILED IN CLERK'S OFFICE
U.S.D.C. - Rome

AUG 1 6 2002

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

In re:                                    )
                                          )        **MDL DOCKET**
        TRI-STATE CREMATORY               )        **NO: 1467**
        LITIGATION                        )

---

### ORDER

The Court held a conference with all parties on the 8th day of August, 2002, in the above-referenced matter for the purpose of an initial conference, and to determine a case management order. In its Order of July 17, 2002, the Court requested attorneys interested in serving as Lead Counsel or Liaison Counsel for Plaintiffs or Defendants to submit information to the Court, showing how and at what rates they will be expected to be compensated and disclosing any plans, agreements, or commitments they have made respecting the role and responsibility of other attorneys in conducting pre-trial proceedings, discovery and trial. Robert M. Brinson and J. Anderson Davis of the law firm of Brinson, Askew, Berry, Seigler, Richardson & Davis, LLP, Rome, Georgia, submitted their names as Liaison and Lead Counsel on behalf of the funeral home defendants. The Court has reviewed the information submitted by Mr. Brinson and Mr. Davis and their law firm and finds that they are competent and capable of serving in the roles of Liaison and Lead Counsel in this case. The Court hereby appoints Mr. Brinson and Mr. Davis as Liaison and Lead Counsel for the funeral home defendants. As Liaison Counsel, the funeral home defendants' Liaison Counsel shall:

    (a)    maintain and distribute to co-counsel and to Plaintiffs' Liaison Counsel an up-to-date service list;



(b)    receive and, as appropriate, distribute to co-counsel orders from the Court;

(c)    maintain and make available to co-counsel, at reasonable hours, a complete file of all documents served by or upon each party, except such documents as may be available at a document depository to be established;

(d)    as the need arises establish and maintain a document depository; and

(e)    call meetings of co-counsel for purpose of coordinating discovery, presentations at pre-trial conferences, and other pre-trial activities.

The funeral home defendants' Lead Counsel shall be generally responsible for coordinating the activities of the defendant funeral homes during pre-trial proceedings and shall:

(a)    determine (after consultation with other members of Defendant Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the funeral home defendants on all matters arising during pre-trial proceedings;

(b)    coordinate the initiation and conduct of discovery on behalf of the funeral home defendants consistent with the requirements of the Fed. R Civ. P. 26, including the preparation of a master set of interrogatories and request for production of documents and the examination of witnesses in depositions;

(c)    conduct settlement negotiations on behalf of the funeral home defendants, but not enter binding agreements except to the extent expressly authorized;

(d)     delegate specific tasks to other counsel in a manner to ensure that pre-trial preparation for the funeral home defendants is conducted effectively, efficiently and economically;

(e)     enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

(f)     prepare and distribute to the parties periodic status reports;

(g)     maintain adequate time and disbursement records covering services as lead counsel;

(h)     monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

(i)     perform such other duties as may be incidental to proper coordination of defendants' pre-trial activities or authorized by further order of the Court.

Counsel for the funeral home defendants who disagree with Lead Counsel (or those acting on behalf of Lead Counsel) or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of Lead Counsel.

The Court finds that the number of funeral home defendants in this case is appropriate to have a Defendant Steering Committee and appoints the following counsel to serve on Defendant Steering Committee to assist Liaison and Lead Counsel with the efficient conduct of this case:

1.     Roger S. Sumrall and Lisa K. Anderson of Hall, Booth, Smith & Slover, representing

-3-

Burt Funeral Home, Jesse Jones Funeral Home, Inc., and Julian Peeples Funeral Home;

2. Bruce A. Taylor of Drew, Eckl & Farnham, representing Buckner-Rush Enterprises, Inc., Prime Succession Holding, Inc., Prime Succession, Inc. and Prime Succession of Tennessee, Inc.;

3. Mary Katherine Greene of Carlock, Copeland, Semler & Stair, LLP and David C. Higney, of Grant, Konvalinka & Harrison, P.C., representing Franklin-Strickland Funeral Home;

4. Steven L. Cotter and Maren Frost of Swift, Currie, McGhee & Hiers, LLP, representing W. L. Wilson & Sons;

5. Edward H. Lindsey, Jr., of Goodman, McGuffey, Aust & Lindsey, representing Erwin Pettit; Ryan Funeral Home, LLC; Sequatchie Valley Memorial Funeral Home & Gardens, Inc.; Taylor Funeral Home; R.D. Moore Funeral Home, Inc.; Vanderwall Funeral Home;

6. Martin Karo, of Nelson Levine deLuca & Horst, LLC, representing Turner Funeral Home, Inc.; and

7. Boyd Patterson, of Campbell & Campbell, Chattanooga, representing Wann Funeral Home, Inc.

The Court notes that this is a large number of attorneys for a Steering Committee and that the Steering Committee for the funeral home defendants may need to agree to a decision making

-4-

process which may not include the entire Committee.

IT IS FURTHER ORDERED,

1.  **Maintenance of Contemporaneous Records.** All counsel shall keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, locations, and particular activity. The failure to maintain such records will be grounds for denying a court-awarded attorneys' fees, as well an insufficient description of the activity.

2.  **Filing.** By the fifteenth day of each month, liaison and lead counsel for the defendant funeral homes may submit information to counsel for the defendant funeral homes for payment. Should liaison and lead counsel encounter a problem with payment by any defendant funeral home, liaison and lead counsel may submit as information to the Court, not for filing with the clerk, a report summarizing, according to each separate activity, the time and expenses spent by its members or associates during the preceding month and the accumulated total of the firm's time, hourly rates, and expenses to date, and the Court will address the problem. Otherwise, liaison and lead counsel need not submit any information to the Court until and unless directed by subsequent Order.

3.  **Payment for Liaison and Lead Counsel.** Each funeral home defendant shall pay a pro rata share of expenses incurred and fees earned by Liaison and Lead Counsel acting in such capacities. Should any defendant funeral homes be later joined or

-5-

added, they will pay their pro rata share of any activity which would have benefitted them and all funeral homes will be credited accordingly.  Defendant funeral homes shall remit payment to liaison and lead counsel within 30 days of submission of the statement for services.

4.       **Privileges preserved.**  No communication among the funeral home defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

IT IS SO ORDERED, this _____ day of August, 2002.

HAROLD L. MURPHY, JUDGE
UNITED STATES DISTRICT COURT

Order prepared by:

J. Anderson Davis
Georgia Bar No. 211077
Post Office Box 5513
Rome, GA   30162-5513

Counsel for SCI Defendants and
Liaison and Lead Counsel for
Defendant Funeral Homes