UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Rome

SEP 3 0 2003

LUTHER D. THOMAS, Clerk

By: _____
Deputy Clerk

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

## STATUS REPORT REGARDING DISCOVERY

Class Counsel submits this status report to apprise the Court of the status of discovery and of Class Counsel's efforts to comply with this Court's Orders.

On September 25, 2003, the deposition of Mark Grissom was taken. Relevant portions of his deposition will be submitted in response to the W.L.Wilson & Sons motion for summary judgment as soon as the transcript is received. The deposition of Walter Spearman is scheduled for Monday, September 29, 2003. Relevant portions of his deposition, as well, will be submitted in response to the pending motion for summary judgment as soon as the deposition has been transcribed. Other important depositions, such as that of Laura Fulginetti, who assisted in the G.B.I. recovery efforts, are being scheduled in the coming weeks. A large number of additional depositions of class members have been scheduled and taken by the defendants and will continue by agreement into October.

284152.1

524

On Saturday, September 27, 2003, what were represented to be the final class member files needed for notice were delivered to Class Counsel by the defendants. The notice database should be completed by Monday, September 29, 2003 and will be served on the defendants.

On September 24, 2003, pursuant to this Court's Order, Class Counsel served extensive amended and supplemental discovery responses on the defendants. The responses included signed "Class Member Data Sheets" for more than 190 decedents. (See Exhibit A, blank form Class Member Data Sheet). Additional Class Member Data Sheets will be prepared and produced as that information becomes available. The responses also contained explicit citations to documents by bates stamp numbers and to deposition testimony by page and line. The responses listed the common proof and provided a separate chart for each of the thirty-four individual funeral homes, listing the responsive documents and deposition testimony, and explaining the relevance of each cited item. An example of the individual funeral homes charts is attached hereto as Exhibit B for the Court's reference. (Exhibit B).

Of note, while each funeral home was supplied an individualized response with reference to the documents each funeral home produced, there are a small number of form documents that were used by and apply to each funeral home. These key documents will govern the jury's ultimate

determinations about the mixed fact and law questions of the nature of the

funeral home's relationships with Tri-State and of agency.

For instance, nearly every funeral home used a "Cremation

Authorization" form that was supplied by Tri-State.   (Exhibit C).  This form

expressly authorized the funeral home – not Tri-State – to make arrangements

for cremation and listed the funeral home's specific requirements for manner

in which the work was to be performed.    Specifically, the form contract

between each funeral home and the class members states that:  "The

cremation authorized herein shall be performed in accordance with all

governing laws, the rules, regulations and policies of the Crematory and

Funeral Home and the following conditions:…"  The form thus establishes

that Tri-State was required to adhere to the funeral home's rules, policies and

regulations regarding the manner in which the work was to be performed.

The form agreement also establishes that statutory provisions governed the

manner in which the work was to be performed and the duties undertaken by

the funeral home were, therefore, non-delegable.

Prior to use of the form Cremation Authorization that is attached

hereto as Exhibit C, the funeral home defendants used a less detailed

Authorization, which stated that, "I/we authorize _____ Funeral

Home to cremate the remains of _____."  (Exhibit D).  While less

detailed, this Authorization, as well, establishes that the funeral homes were the entities authorized to by the class members to cremate their loved ones' remains, and that the class member's contracts expressly provided for the funeral home to perform the cremation. The funeral homes' duties were therefore non-delegable, making Tri-State their agent. Some versions of the form expressly authorized the funeral home "and/or its agents" to perform the cremations. (Exhibit E). Every funeral home, except two of the thirty-four, used an identical or substantially similar version of one of these Cremation Authorization forms.

Likewise, the Tennessee funeral homes executed a State of Tennessee, Permit for Final Disposition of Human Remains, in which the funeral home signed the following: "I agree to abide by all laws and rules of the Tennessee Department of Health and all other laws pertaining to the preparation, container, transportation, burial and/or cremation of same." (Exhibit F). These permits reflect that the state permit for disposition under regulations and applicable laws was issued to funeral home, not Tri-State, making disposition duties undertaken non-delegable. Moreover, the permits establish that statutory provisions governed the manner in which the work was to be performed and the duties undertaken by the funeral home were, therefore, non-delegable.

The parties have worked together efficiently and effectively to bring the discovery phase of this case to a close.  As notice goes out and more information becomes available to Class Counsel, discovery will be supplemented.

Respectfully submitted,

Dated this ___ day of September, 2003.

McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Robert H. Smalley, III
P.O. Box 1105
Dalton, Georgia
Telephone:  (706) 278-4499
Facsimile:  (706) 278-5002

*Plaintiffs' Liaison Counsel*

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Elizabeth J. Cabraser
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Plaintiffs' Lead Counsel*

Kathryn E. Barnett
Alistair E. Newbern
3319 West End Avenue, Suite 600
Nashville, Tennessee  37203
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

BARRETT LAW OFFICE
Don Barrett
P.O. Box 987
Lexington, Mississippi  39095
Telephone:  (662) 834-2376
Facsimile:  (662) 834-2628

Charles Barrett
Marshall H. Smith, Jr.
3319 West End Avenue, 6th Floor
Nashville, Tennessee  37203
Telephone:  (615) 386-8391
Facsimile:  (615) 386-8392

DOFFERMYRE, SHIELDS,
CANFIELD, KNOWLES & DEVINE
Ken Canfield
Ralph I. Knowles, Jr.
Leslie Bryan
Suite 1600, 1355 Peachtree Street
Atlanta, Georgia  30309
Telephone:  (404) 881-8900
Facsimile:  (404) 881-3007

SIMS, GRADDICK & DODSON, PC
Charles Graddick
Todd Strohmeyer
205 St. Emanuel Street
Mobile, Alabama  36602

SHUMAKER, WITT, GAITHER &
WHITAKER
William G. Colvin
Suite 500, First Tennessee Building
701 Market Street
Chattanooga, Tennessee  37402
Telephone:  (423) 265-2214
Facsimile:  (423) 266-1842

MABRY & MCCLELLAND, LLP
Robert M. Darroch
Tenth Floor, 2200
Century Parkway, N.E.
Atlanta, Georgia  30345

THE FLEISSNER FIRM
Phillip A. Fleissner
600 Georgia Avenue
Chattanooga, Tennessee 37402
Telephone: (423) 756-3591
Facsimile: (423) 266-5455

DAVID RANDOLPH SMITH &
ASSOCIATES
David Randolph Smith
Hillsboro Village, 1910 Acklen Avenue
Nashville, Tennessee 37212
Telephone: (615) 742-1775
Facsimile: (615) 742-1223

COPPEDGE & LEMAN, PC
Joe Leman
508 South Thornton Avenue
Dalton, Georgia 30720
Telephone: (706) 226-0040
Facsimile: (706) 226-0040

*Plaintiffs' Steering Committee*

## PROOF OF SERVICE BY MAIL

I hereby certify that a copy of the foregoing was served by postage prepaid United States mail on the 7th of September, 2003 addressed to those listed below:

J. Anderson Davis, Esq.
Brinson, Askew, Berry, Seigler,
Richardson & Davis, LLP
PO Box 5513
Rome, GA  30162

*Funeral Home Defendants' Liaison Counsel*

McCracken K. Poston, Jr., Esq.
Attorney at Law
62 Nance Lane
PO Box 1130
Ringgold, GA  30736

Frank E. Jenkins, III
15 South Public Square
Cartersville, Georgia 30120-3350
Phone: (770) 387-1373
Fax: (770) 387-2396

*Counsel for Defendants T. Ray Brent Marsh & Tri-State Crematory*



# EXHIBIT / ATTACHMENT

*A*

(To be scanned in place of tab)

## CLASS MEMBER DATA SHEET:

| | |
|---|---|
| **DECEDENT:** | |
| **DATE OF DEATH:** | |
| **FUNERAL HOME:** | |
| **STATUS OF REMAINS:** | |
| **NEXT OF KIN** (last known address) **& FAMILIAL RELATIONSHIP:** | |
| **COMMON LAW MARRIAGE** (y/n): | |
| **CONTRACT SIGNATORY** (last known address): | |
| **PERSON(S) WHO PAID FOR FUNERAL SERVICES:** | |

I declare that the foregoing responses are true and correct to the best of my knowledge.

_____



# EXHIBIT / ATTACHMENT

## $B$

(To be scanned in place of tab)

# FRANKLIN-STRICKLAND FUNERAL HOME

In addition to the common proof previously outlined, the following relates specifically to this funeral home:

## RESPONSE TO INTERROGATORY 9

WITNESSES

| Deponent/Title | Date | Relevance | Page, Line |
|---|---|---|---|
| Eugene Williams, General Manager | October 3, 2002 | Ms. Marsh works for Franklin-Strickland | 14:17-14:19 |
| | | | |

DOCUMENTS

| Bates | Description | Relevance |
|---|---|---|
| FSFH 2521 | Bill from Tri-State | Shows funeral home's use of Tri-State during class period. |
| FSFH 1859 | Cremation Authorization | Shows funeral home's use of Tri-State during class period. |
| FSFH 1906 | Cremation Authorization | Shows funeral home's use of Tri-State during class period. |
| FSFH 1907 | Death Certificate | Shows funeral home's use of Tri-State during class period. |
| FSFH 1909 | Disposition Permit | Shows funeral home's use of Tri-State during class period. |

282188.1

**FRANKLIN-STRICKLAND FUNERAL HOME (CONT'D)**
**PAGE 2**

**RESPONSE TO INTERROGATORIES 10, 12 AND 13**

WITNESSES

| Deponent/Title | Date | Relevance | Page, Line |
|---|---|---|---|
| Eugene Williams, General Manager | October 3, 2002 | Never inquired, never knew Tri-State was unlicensed. | 60:25-61:8 |
| | | Visited Tri-Stated maybe a total of seven time, the last time in 1987. | 20:5 – 11 |
| | | Crematory chamber appeared in the 80s looked the same as it did during the inspection after the discoveries at Tri-State, only a little less worn. | 26: 9 – 21 |
| | | Does not recall seeing processing equipment at Tri-State. | 27: 11 – 15 |
| | | Recalls no markings on the containers of remains that were returned by Tri-State.  The remains had no identification records, documents or markings. | 37: 5 - 17 |
| | | Claims "no knowledge" of whether a crematory is required to maintain records. | 58:15 - 17 |
| | | Never saw the identification tags funeral home placed on body returned with cremated remains.  No one from funeral home ever asked what happened to them. | 59:10 - 21 |
| Eugene Williams (in Oden suit) | July 2, 2002 | Knew there was no licensed funeral director at Tri-State. | 52 |
| Eugene Williams (in Oden suit) | July 2, 2002 | Brent Marsh listed Franklin-Strickland as his employer in his application for an apprentice funeral director's license | 39 |

282188.1

**FRANKLIN-STRICKLAND FUNERAL HOME (CONT'D)**
**PAGE** 3

| | | with the Tennessee Board. | |
|---|---|---|---|
| Eugene Williams (in Oden suit) | July 2, 2002 | Mr. Williams signed the form and it was submitted to the State Funeral Board in 1997 and again in 2001. Mr. Williams never signed or filed the required quarterly reports for Brent Marsh. | 40 |
| Eugene Williams (in Oden suit) | July 2, 2002 | LaShea Marsh was hired by Franklin-Strickland in 1991 and began signing death certificates in 1992 and 1993, before she was licensed | 53-54 |
| Eugene Williams (in Oden suit) | July 2, 2002 | Franklin-Strickland permitted its license as a funeral establishment from the State Board to lapse. | 17 |

**DOCUMENTS**

| Bates | Description | Relevance |
|---|---|---|
| FSFH 1412, FSFH 1413 | Letters, 3/11/2002 and 3/18/2002 | Letters describing funeral home's scheme to re-create and falsely back date documents regarding the remains of a decedent which were lost |
| FSFH 1167 | Letter 2/18/2002 | Letter describing funeral home delay in notifying families of Tri-State discoveries and the fact that loved ones' remains were sent there for cremation. Also describing funeral home's delay in providing families with documentation of same. |
| | Tennessee Board of Funeral Directors and Embalmers Inspection | Dated 2/14/1997, lists Brent Marsh as funeral home's apprentice and Rhames Marsh as licensed employee. |
| | Regulatory Boards | Brent Marsh listed as an active apprentice funeral director as of 2/26/2002. His listed "home phone" number is the number for this funeral home. In accepting |

FRANKLIN-STRICKLAND FUNERAL HOME (CONT'D)
PAGE 4

|  | Information Sheet | Brent Marsh as its apprentice, the funeral home represented to the State that it would oversee Brent Marsh's activities. |
|---|---|---|
|  | Death Certificates 5/12/93; 12/12/92 | Signed by Rhames Marsh for Franklin-Strickland.  She was unlicensed at this time. |

**FRANKLIN-STRICKLAND FUNERAL HOME (CONT'D)**
**PAGE 5**

**RESPONSE TO INTERROGATORY 11**

**WITNESSES**

| Deponent/Title | Date | Relevance | Page, Line |
|---|---|---|---|
| Eugene Williams, General Manager | October 3, 2002 | Bio-hazardous nature of human remains. Precautions are necessary to protect employee and public safety and health. | 68:6 – 69:2 70:23 -24 |
| Eugene Williams (in Oden suit) | July 2, 2002 | Brent Marsh listed Franklin-Strickland as his employer in his application for an apprentice funeral director's license with the Tennessee Board. | 39 |
| Eugene Williams (in Oden suit) | July 2, 2002 | Mr. Williams signed the form and it was submitted to the State Funeral Board in 1997 and again in 2001. MR. Williams never signed or filed the required quarterly reports for Brent Marsh. | 40 |

**DOCUMENTS**

| Bates | Description | Relevance |
|---|---|---|
| FSFH 1858 | Funeral Purchase Agreement | Shows funeral home charging for services performed by its agent, Tri-State. |
| FSFH 1859 | Cremation Authorization | Authorizing funeral home to make arrangements for cremation and listing its specific requirements for manner in which work will be performed. |
| | | "The cremation authorized herein shall be performed in accordance with all governing laws, the rules, regulations and policies of the Crematory and Funeral |

282188.1

**FRANKLIN-STRICKLAND FUNERAL HOME (CONT'D)**
**PAGE 6**

| | | |
|---|---|---|
| | | Home and the following conditions:..."<br><br>--establishes that Tri-State was required to adhere to the funeral home's rules, policies and regulations regarding the manner in which the work was to be performed;<br><br>--establishes that statutory provisions governed the manner in which the work was to be performed and the duties undertaken by the funeral home were, therefore, non-delegable. |
| FSFH 1906 | Cremation Authorization | "I/we authorize Franklin-Strickland Funeral Home to cremate the remains of _____"<br><br>--Reflects that <u>funeral home</u> was the entity authorized to cremate remains, and that the contract expressly provided for funeral home to perform the cremation. Its duties were non-delegable, making Tri-State its agent. |
| FSFH 1907 | Death Certificate | Reflects funeral home's use of its agent, Tri-State. |
| FSFH 1909 | Disposition Permit | "I agree to abide by all laws and rules of the Tennessee Department of health and all other laws pertaining to the preparation, container, transportation, burial and/or cremation of same"<br><br>-- Reflects that state permit for disposition under regulations and applicable laws was issued to funeral home, making disposition duties undertaken non-delegable.<br><br>-- Establishes that statutory provisions governed the manner in which the work was to be performed and the duties undertaken by the funeral home were, therefore, non-delegable. |
| FSFH 2605A | Letter notarized by Rhames Marsh | Funeral home used Rhames Marsh to notarize signature on letter responding to complaint of class member regarding mishandling of remains. |

**FRANKLIN-STRICKLAND FUNERAL HOME (CONT'D)**
**PAGE 7**

|  | Tennessee Board of Funeral Directors and Embalmers Inspection | Dated 2/14/1997, lists Brent Marsh as funeral home's apprentice and Rhames Marsh as licensed employee. |
|---|---|---|
|  | Regulatory Boards Information Sheet | Brent Marsh listed as an active apprentice funeral director as of 2/26/2002. His listed "home phone" number is the number for this funeral home. In accepting Brent Marsh as its apprentice, the funeral home represented to the State that it would oversee Brent Marsh's activities. |
|  | Death Certificate 5/12/93 | Signed by Rhames Marsh for Franklin-Strickland. She was unlicensed at this time. |

282188.1



# EXHIBIT / ATTACHMENT

(To be scanned in place of tab)

# TRI-STATE CREMATORY
## AUTHORIZATION FOR CREMATION AND DISPOSITION

> **NOTICE: THIS IS A LEGAL DOCUMENT. IT CONTAINS IMPORTANT PROVISIONS CONCERNING CREMATION. CREMATION IS IRREVERSIBLE AND FINAL. READ THIS DOCUMENT CAREFULLY BEFORE SIGNING.**

I/We, the undersigned, certify, warrant and represent that I/we have the full legal right and authority to authorize the cremation, processing and disposition of the remains of _____ (Hereinafter referred to as the "Deceased").

I/We hereby request and authorize **FRANKLIN-STRICKLAND** _____ (hereinafter referred to as the "Funeral Home") to take possession of and make arrangements for the cremation of the remains of the Deceased at Tri-State Crematory (hereinafter referred to as the "Crematory"). I/We authorize the Crematory to return the cremated remains of the Deceased to the possession and custody of the Funeral Home. I/We understand that the services and obligations of the Crematory shall be fulfilled when the cremated remains of the Deceased are returned to the possession and custody of the funeral home. I/We hereby authorize the funeral home to arrange for the disposition of the cremated remains of the Deceased as follows:

Is special handling required?  ☐ Yes  ☐ NO    Describe _____

Description of urn or container selected: _____    Suitable for shipping: ☐ Yes   ☐ No

☐ Deliver to _____ Cemetery

☐ Release to _____

☐ Scattering at Sea by Funeral Home or Funeral Home's agent

☐ Ship via _____

To: Name _____  Address _____

☒ Other _____

The cremation, processing and disposition of the remains of the Deceased authorized herein shall be performed in accordance with all governing laws, the rules, regulations and policies of the Crematory and Funeral Home, and the following terms and conditions:

1. The remains of the Deceased will not be accepted for cremation unless received by the Crematory in a combustible, leak resistant, rigid cremation container. The crematory is authorized to remove and dispose of all handles, ornaments, and any other non-combustible items attached to the cremation container prior to cremation. In the event the remains of the Deceased are received by the Crematory in a casket or other container constructed of metal, fiberglass, or other noncombustible materials, I/We authorize the remains of the Deceased to be removed prior to cremation and placed in a combustible cremation container. I/We further authorize the Funeral home or Crematory to make disposition of any such noncombustible casket in any lawful manner it deems appropriate.

2. Mechanical or radioactive devices implanted in the remains of the Deceased (such as pacemakers, etc.) may create a hazard when placed in the cremation chamber. The Crematory will not cremate any human remains which contain any type of implanted mechanical or radioactive device. In the event the remains of the Deceased contain such a device, I/We hereby authorize the Funeral home, its agents or employees, to remove any such mechanical device from the remains of the Deceased prior to cremation, and dispose of such items at its discretion. I/WE HEREBY CERTIFY THAT THE REMAINS OF THE DECEASED ☐DO ☒DO NOT CONTAIN ANY TYPE OF IMPLANTED OR RADIOACTIVE DEVICE.

   Listed below are all implanted mechanical or radioactive devices which the funeral home is authorized to remove from the remains of the Deceased prior to cremation, and dispose of as indicated.

   _____    _____
   _____    _____

   If no instruction for disposition is given, such items may be disposed at the discretion of the Funeral Home.

3. The cremation container containing the remains of the Deceased will be placed in the cremation chamber and will be totally and irreversibly destroyed by prolonged exposure to intense heat and direct flame. I/We authorize the Crematory to open the cremation chamber during the cremation process and reposition the remains of the deceased in order to facilitate a complete and thorough cremation.

4. Certain items, including, but not limited to, body prostheses, dentures, dental bridgework, dental fillings, jewelry and other personal articles accompanying the remains of the Deceased, may be destroyed during the cremation process. I/We further authorize that if any items, other that the cremated remains of the Deceased are recovered from the cremation chamber; they may be separated from the cremated remains of the Deceased and disposed of by the Crematory.

5. I/We hereby authorize the Crematory to separate and remove from the cremation chamber all noncombustible materials, including, but not limited to, hinges, latches, nails, jewelry and precious metals, and to dispose of such materials.

6. Following cremation, the cremated remains of the Deceased, consisting primarily of bone fragments, will be mechanically pulverized to an unidentifiable consistency prior to placement in an urn or other container.

7. Unless an urn or container suitable for shipment is purchased, the Crematory will place the cremated remains of the Deceased in a container which is not designed for any type of shipment.

8. In the event the urn or container is insufficient to accommodate all of the cremated remains of the Deceased, any excess cremated remains will be placed in a secondary container and returned to the Funeral Home, together with the primary urn or container.

9. I/We understand and acknowledge, that even with the exercise of reasonable care and the use of the Crematory's best efforts, it is not possible to recover all particles of the cremated remains of the Deceased, and that some particles may inadvertently become commingled with particles of other cremated remains remaining in the cremation chamber and/or other devices utilized to process the cremated remains. I/We hereby authorize the Crematory to dispose of any such residual particles in any lawful manner it deems appropriate.

10. Unless I/we give specific written instructions in this Authorization, the cremation, processing and disposition of the remains of the Deceased will not be performed in accordance with any particular religious or ethnic customs.

11. In the event the cremated remains of the Deceased remain unclaimed for a period of 30 days, the Funeral Home shall give written notice to me/us by certified mail at the address(es) indicated below. I/We agree that in the event the cremated remains of the Deceased remain unclaimed, for a period of 120 days after the date such written notification is mailed, the Funeral home is authorized and directed to dispose of the unclaimed cremated remains of the Deceased in any lawful manner it may deem appropriate.

12. I/We agree to indemnify, release and hold the Crematory, Funeral Home; their affiliated, agents, employees and assigns, harmless from any and all loss, damages, liability or causes of action (including attorney's fees and expenses of litigation) in connection with the cremation and disposition of the cremated remains of the Deceased, as authorized herein, or my/our failure to correctly identify the remains of the Deceased, disclose the presence of any implanted mechanical or radioactive devices, or take possession of, or make permanent arrangements for, the disposition of such remains.

13. Except as set forth in this Authorization, no warranties, expressed or implied, are made by the Funeral Home, Crematory or any of their respective affiliates, agents or employees.

14. I/We understand that this document does not contain a complete and detailed description of every aspect of the cremation process.

## SIGNATURE OF PERSON(S) AUTHORIZING CREMATION AND DISPOSITION

I/We warrant that all representations and statements made herein are true and correct, and that I/we have read and understand the provisions contained in this document.

Signature _____

**FSFH  1859**    Address 6135 RIVERVIEW DR.  INDIANAPOLIS IND.  46208    Tel. No. (317 ) 255-1388

Signature _____

Address _____    Tel. No. ( )

WITNESS _Lawrence K. Brown_    _LAWREN_    Date: 7-18-1998

FRANKLIN-STRICKLAND 812 CENTRAL AVE. CHATTANOOGA TENNESSEE 37403





EXHIBIT / ATTACHMENT

(To be scanned in place of tab)

FSFH 1906

## TRI-STATE CREMATORY

ROUTE 4, BOX 1170         P.O. BOX 58
LAFAYETTE, GA 30728       ROCK SPRING, GA 30739
PHONE 404/764-1577 OR 764-1070

Date __JANUARY 16__, 19 __98__

# Cremation Authorization

I/we authorize __FRANKLIN-STRICKLAND FUNERAL HOME__ to cremate the remains of
FUNERAL HOME

Name ████████████████ Age __67__

who died at __7,23__ __P__.m. on the __16__ day of __JANUARY__ 19 __98__

and certifies that I/we have the right to make such authorization; and agrees to indemnify Funeral Home
and Crematory from any and all liability because of said authorization and cremation.

I/we further authorize you to make the following disposition of the cremains:

_____

Witness _Jessica Dean_____  Signed ████████████████

Witness _____  Address _7032  S. St. Lawrence_

Funeral Home __FRANKLIN STRICKLAND__  Signed _____

Address __812 CENTRAL AVENUE__  Address _____



# EXHIBIT / ATTACHMENT

E

(To be scanned in place of tab)

**Figure 11–15**

**AUTHORIZATION TO CREMATE (NFDA Form 13)**

The undersigned hereby authorize

_Thomas Funeral Home_

Name of Funeral Home

and/or its agents, to arrange for the cremation of the body of

████████████████████

Deceased

I (we) hereby represent that I am (we are) of the same and  nearest degree
of relationship to the deceased and/or are legally authorized or charged with
the responsibility for disposition of his/her body after cremation.

Unless arrangements are made directly with a funeral home/cemetery/cre-
matory for the final disposition of the cremated remains within 30 days, I
(we) shall call for the cremated remains from the

_Thomas Funeral Home | Tri-State Cre._

Name of Funeral Home or Crematory

within 60 days and after that time said funeral home or crematory would
have no responsibility for the cremated remains and may dispose of any said
cremated remains in any lawful manner.

X ████████████████   _Daughter_

Name                                                      Relationship

████████████████████

Name                                                      Relationship

████████████████

Name                                                      Relationship

Witness _Alvin Long_

Date _March 3, 1999_

Thomas 0005 B



# EXHIBIT / ATTACHMENT



(To be scanned in place of tab)

TENNESSEE DEPARTMENT OF HEA~
OFFICE OF VITAL RECORDS
PERMIT FOR FINAL DISPOSITION OF HUMAN REMAINS

| Name of ~edent | | Sex | Date of Birth | Date of Death |
|---|---|---|---|---|
| ▬▬▬▬▬ | | Female | 05/05/1918 | 09/01/2001 |

| Place of Death _ City or Town, County | Name of Informant |
|---|---|
| Sewanee, Franklin County, Tennessee | ▬▬▬▬ |

| Name of Funeral Director (or Person Acting as Such) | Name of Attending Physician |
|---|---|
| Dean Lay | Dr. Diane Petrilla, M.D. |

| Address of Funeral Director (or Person Acting as Such) | |
|---|---|
| P.O. Box 247, Monteagle, Tennessee 37356 | |

| Application for Permit | I hereby apply for a permit for the final disposition of the remains of the above named decedent. I agree to abide by all laws and rules of the Tennessee Department of Health and all other laws pertaining to the preparation, container, transportation, burial and/or cremation of same. The type permit needed is checked below. If I have not been able to submit a properly completed certificate of death for this person at the time of this application, I agree to file within three days the required record with the local registrar in the county where the death occurred.<br><br>Signature *Dean Lay*     Address P.O. Box 247<br>Monteagle, TN 37356 |
|---|---|

TYPE OF PERMIT REQUESTED (Check all that are applicable.)

○ Burial          XⓍX Cremation          ○ Disinterment
ⓍX Transit        ○ Scientific Use        ○ Reinterment

| Burial | Name and Address of Cemetery where Remains are to be Interred |
|---|---|
| Cremation | Name and Address of Crematory where Remains are to be Cremated<br>Tri-State Crematory, LaFayette, Georgia |
| Transit | From          To<br>Sewanee, Tennessee          LaFayette, Georgia |
| Disinterment | Removed From (Name and Address of Cemetery) |
| Reinterment | Place of Reinterment (Name and Address of Cemetery) |
| Scientific Use | Name and Address of Facility Receiving Remains |

| Physician or Medical Examiner | I consent to the issuance of the Permit for Final Disposition<br><br>Signature of Attending Physician or Medical Examiner*          Address<br><br>*Authorization of the Medical Examiner is required for a cremation permit. |
|---|---|

| Permit of Local Registrar | This permit for the final disposition of the remains of the above named is granted for the purpose(s) checked above.<br><br>*Sarah Simmons*     9-4-01<br>Signature of Local Registrar |
|---|---|

FRANKLIN CO HEALTH DEPT.
1025 Dinah Shore Blvd.
Winchester, TN 37398
PHONE (931) 967-3826
FAX (931) 962-0168

| Certification of Person in Charge of Disposition | I certify that the disposition of the remains of the above named was made in accordance with the permit on this ___ day of ___<br><br>_____ at _____<br>Date          Place<br>Signature _____<br>Address _____ |
|---|---|

CUM (DEAN) 0005

PH-1687 (Rev. 8/97)                                                      RDA 1468