**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

OCT - 6 2003

_____ THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE           :
                           :
CREMATORY LITIGATION       :    MDL DOCKET NO. 1467
                           :
_____:

### FUNERAL HOME DEFENDANTS'
### MOTION FOR PROTECTIVE ORDER
### OF W. LEROY WILSON

The Funeral Home Defendants in the above-styled action, pursuant to Fed. R. Civ. P. 26(c), file this their Motion for Protective Order as to Plaintiffs' Notice of Taking Videotaped Deposition of W. Leroy Wilson, respectfully showing the Court as follows:

1.

For the <u>second time</u> in this action, Plaintiffs have served a notice for the videotaped deposition of W. Leroy Wilson. (See Exhibit "A", attached hereto).

2.

Plaintiff's first deposed Mr. Wilson on October 3, 2002, in Rome, Georgia, from approximately 10:10 a.m. until 1:25 p.m. (See Exhibit "B," attached hereto).

527

3.

When Plaintiffs' counsel deposed Mr. Wilson on October 3, 2002, the discovery deposition was not limited in scope or subject area, and Plaintiffs were free to explore any and all areas of legitimate discovery at that time.

4.

Plaintiffs seek to re-depose Mr. Wilson only because his funeral home, W.L. Wilson and Son's, has filed a motion for summary judgment along with a supporting affidavit from Mr. Wilson. However, Plaintiffs have not filed a notice of objection or motion to strike the Wilson affidavit as is permitted under federal procedure.[1]

5.

Plaintiffs should not be permitted to depose Mr. Wilson for a second time in these circumstances where there is no legitimate or legal basis for doing so, and to permit Plaintiffs to depose Mr. Wilson again will add unnecessary time and

---

[1] Several judges in the Northern District of Georgia have held that a notice of objection, not a motion to strike, is the proper method for challenging the admissibility of evidence in an affidavit. See, e.g., Morgan v. Sears, Roebuck and Co., 700 F. Supp. 1574, 1576 (N.D. Ga. 1988)(Forrester, J.); Pinkerton and Laws Co. v. Roadway Express, Inc., 650 F. Supp. 1138, 1141 (N.D. Ga. 1986)(Ward, J.); but see So. Concrete Co. v. United States Steel Corp., 394 F.Supp. 362, 380 (N.D.Ga.1975), aff'd, 535 F.2d 313 (5th Cir.1976).

expense to these proceedings and create a precedent that promotes inefficiency and unpreparedness.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully pray that this Court grant the instant Motion for Protective Order of W. Leroy Wilson.

* * *

This is to certify that the foregoing pleading was prepared using Times New Roman 14 point font in accordance with LR 5.1(B).

Respectfully submitted this __6th__ day of October, 2003.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP**

Robert M. Brinson
Georgia Bar No. 082900

By: _____
Anderson Davis
Georgia Bar No. 211077

P.O. Box 5513
Rome, GA 30162-5513
Phone: 706/291-8853
Fax: 706/234-3574

Lead and Liaison Counsel for
Defendant Funeral Homes

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

In re: Tri State Crematory Litigation     *     MDL File Number: 1467

This applies to all actions              *

## NOTICE OF TAKING OF VIDEOTAPED DEPOSITION

**TO:** **W. Leroy Wilson**, By and through counsel of record, Stephen L. Cotter, and to other counsel through Lead/Liaison Counsel for the Funeral Home Defendants, J. Anderson Davis and Frank E. Jenkins, III, Lead/Liason Counsel for Marsh Defendants.

**YOU ARE HEREBY NOTIFIED** that, commencing on the tenth day of October, 2003, 2003, at 2:00 p.m., and continuing from day to day until complete, Plaintiffs will reconvene the video taped deposition, upon oral examination, pursuant to all applicable provisions of the Federal Rules of Civil Procedure, including, but not limited to F.R.Civ. P. 26 and 30, of W. Leroy Wilson for the limited purpose of inquiring into new matters contained within the affidavit submitted by the deponent in connection with the Motion for Summary Judgment filed by W.L. Wilson & Sons. Said deposition shall be taken before an officer duly

EXHIBIT A

authorized by this court to take depositions and shall be utilized for all purposes allowable pursuant to the Federal Rules of Civil Procedure or other applicable law. The depositions will occur at the law offices of Brinson, Askew & Berry, in Rome, Georgia. You are invited to attend and to participate.

Dated this 30th day of September, 2003

*/s/* [signature]

McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Robert H. Smalley, III
P.O. Box 1105
Dalton, Georgia
Telephone: (706) 278-4499
Facsimile: (706) 278-5002

*Plaintiffs'/Respondents' Liaison Counsel*

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Elizabeth J. Cabraser
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Plaintiffs'/Respondents' Lead Counsel*

Kathryn E. Barnett
Alistair E. Newbern
3319 West End Avenue, Suite 600
Nashville, Tennessee 37203
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

BARRETT LAW OFFICE
Don Barrett
P.O. Box 987
Lexington, Mississippi 39095
Telephone: (662) 834-2376
Facsimile: (662) 834-2628

Charles Barrett
Marshall H. Smith, Jr.
3319 West End Avenue, 6th Floor
Nashville, Tennessee 37203
Telephone: (615) 386-8391
Facsimile: (615) 386-8392

SIMS, GRADDICK & DODSON, PC
Charles Graddick
Todd Strohmeyer
205 St. Emanuel Street
Mobile, Alabama 36602

MABRY & McCLELLAND, LLP
Robert M. Darroch
Tenth Floor, 2200
Century Parkway, N.E.
Atlanta, Georgia 30345

DOFFERMYRE, SHIELDS,
CANFIELD, KNOWLES & DEVINE
Leslie Bryan
Suite 1600, 1355 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-8900
Facsimile: (404) 881-3007

SHUMAKER, WITT, GAITHER &
WHITAKER
William G. Colvin
Suite 500, First Tennessee Building
701 Market Street
Chattanooga, Tennessee 37402
Telephone: (423) 265-2214
Facsimile: (423) 266-1842

THE FLEISSNER FIRM
Phillip A. Fleissner
600 Georgia Avenue
Chattanooga, Tennessee 37402
Telephone: (423) 756-3591
Facsimile: (423) 266-5455

| | |
|---|---|
| DAVID RANDOLPH SMITH & ASSOCIATES<br>David Randolph Smith<br>Hillsboro Village, 1910 Acklen Avenue<br>Nashville, Tennessee 37212<br>Telephone: (615) 742-1775<br>Facsimile: (615) 742-1223 | COPPEDGE & LEMAN, PC<br>Joe Leman<br>508 South Thornton Avenue<br>Dalton, Georgia 30720<br>Telephone: (706) 226-0040<br>Facsimile: (706) 226-0040 |

*Plaintiffs' Steering Committee*

## PROOF OF SERVICE BY MAIL

I hereby certify that a copy of the foregoing was served by postage prepaid United States mail on the $\underline{30}$ of September, 2003 addressed to those listed below:

_____
Robert H. Smalley III

J. Anderson Davis, Esq.
Brinson, Askew, Berry, Seigler,
Richardson & Davis, LLP
PO Box 5513
Rome, GA 30162

Funeral Home Defendants Lead/Liaison Counsel


Stephen L. Cotter
Swift, Currie, McGhee & Heirs, LLP
The Peachtree
1355 Peachtree Street, Northeast
Suite 300
Atlanta, Georgia 30309-3238

Counsel for W.L. Wilson & Sons Funeral Home

| | |
|---|---|
| Frank E. Jenkins, III | McCracken K. Poston, Jr., Esq. |
| Jenkins & Olson, PC | Attorney at Law |
| 15 South Public Square | 62 Nance Lane |
| Cartersville, GA 30120 | PO Box 1130 |
| | Ringgold, GA 30736 |

Counsel for Defendants T. Ray Brent Marsh & Tri-State Crematory

# In The Matter Of:

*TRI-STATE CREMATORY LITIGATION*

*W. LEROY WILSON*
*October 3, 2002*

*VIDEOTAPE*
*DEPOSITION*

*BROWN REPORTING, INC.*
*ATLANTA, AUGUSTA, MACON, ROME & SAVANNAH*
*1740 PEACHTREE STREET, N.W.*
*ATLANTA, GA  USA  30309*
*(404) 876-8979  or  (800) 637-0293*

Original File 1003WILS.ASC, 109 Pages
Min-U-Script® File ID: 0382705430

**Word Index included with this Min-U-Script®**

EXHIBIT B

**Page 1**

[1] IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
[2]     ROME DIVISION
[3]
[4]
[5] IN RE: TRI-STATE                )
    CREMATORY LITIGATION  ) MDL DOCKET NO. 1467
[6]
[7]
[8]
[9]
[10]
[11]     VIDEOTAPE DEPOSITION OF
         W. LEROY WILSON
[12]
[13]
[14]     October 3, 2002
[15]     10:10 a.m.
[16]
[17]     The Forum
         2 Government Plaza
[18]     Rome, Georgia
[19]
[20]
         Lisa A. Messina, CCR A-421
[21]
[22]
[23]
[24]
[25]

**Page 2**

[1]           APPEARANCES OF COUNSEL
[2]
[3] On behalf of the Plaintiffs:
[4]     WILLIAM G. COLVIN, Esq.
        Shumacker, Witt, Gaither & Whitaker, P.C.
[5]     Suite 500, First Tennessee Building
        701 Market Street
[6]     Chattanooga, Tennessee 37402-4800
[7]     ALISTAIR E. NEWBERN, Esq.
        Lieff, Cabraser, Heimann & Hernstein, LLP
[8]     Suite 600
        3319 West End Avenue
[9]     Nashville, Tennessee 37203
[10]    J. ALLEN MURPHY, Jr., Esq.
        David Randolph Smith & Associates
[11]    1910 Acklen Avenue
        Hillsboro Village
[12]    Nashville, Tennessee 37212
[13]    CHARLES BARRETT, Esq.
        Barrett Law Office
[14]    3319 West End Avenue
        Suite 600
[15]    Nashville, Tennessee 37203
[16]
[17]
[18] Lead Counsel for Defendant Funeral Homes and
     on behalf of SCI Defendants:
[19]
     J. ANDERSON ("ANDY") DAVIS, Esq.
[20] NATALIE WOODWARD, Esq.
     Brinson, Askew, Berry, Seigler,
[21]    Richardson & Davis, LLP
     The Omberg House
[22] 615 West First Street
     Rome, Georgia 30161
[23]
[24]
[25]

Page 100

[1] cremations performed at your facility or a permanent
[2] written record?
[3] **A:** Yes, sir.
[4] **Q:** Independent from the individual client
[5] files?
[6] **A:** Yes, sir.
[7] **Q:** And have you done that as long as you've
[8] had your cremation facility?
[9] **A:** Yes, sir.
[10] **Q:** What type of information is kept in that
[11] log?
[12] **A:** Of course, you've got the written log with
[13] the date of death, the name and the case number.
[14] Then there is a file that has that person's name,
[15] date of death and case number on it. Inside that
[16] file is the copy of the cremation authorization, the
[17] permit and a copy of the death certificate.
[18] **Q:** Have you, Leroy Wilson, actually performed
[19] a cremation at your facility?
[20] **A:** Yes, sir.
[21] **Q:** On more than one occasion?
[22] **A:** Yes, sir.
[23] **Q:** Did you ever see a log similar to the one
[24] you have kept since 1996 at Tri-State?
[25] **A:** No, sir.

Page 101

[1] **Q:** Where within your facility are the
[2] individual funeral director licenses displayed?
[3] **A:** On the hallway going from the lobby to the
[4] chapel.
[5] **Q:** And is that where they are — are they
[6] required to be displayed there publicly?
[7] **A:** Yes, sir, they're required to be
[8] displayed.
[9] **Q:** Did you ever see any kind of a license
[10] displayed at Tri-State?
[11] **A:** No, sir.
[12] **MR. COLVIN:** Mr. Wilson, I hope you
[13] get over your virus soon.
[14] **THE WITNESS:** Thank you. I hope so,
[15] too.
[16] **MR. COTTER:** Any other questions from
[17] Plaintiffs' counsel? Defense counsel?
[18] **MR. DAVIS:** I've got one.
[19] **THE VIDEOGRAPHER:** Off the record for
[20] a second.
[21] **CROSS-EXAMINATION**
[22] **BY MR. DAVIS:**
[23] **Q:** Mr. Wilson, my name is Andy Davis and I'm
[24] lead counsel for the defendant funeral homes.
[25] You were asked earlier about doing

Page 102

[1] cremations for other funeral homes other than those
[2] that you own. Do you recall that?
[3] **A:** Yes, sir.
[4] **Q:** What do you charge other funeral homes for
[5] doing cremations for them?
[6] **A:** $200.
[7] **MR. DAVIS:** Thank you. That's all I
[8] have.
[9] **THE VIDEOGRAPHER:** Off the record,
[10] please.
[11]    (Deposition concluded at 1:25 p.m.)
[12]    (Pursuant to Rule 30(e) of the
[13] Federal Rules of Civil Procedure and/or
[14] O.C.G.A. 9-11-30(e), the deponent and/or a
[15] party having requested the right to review
[16] the deposition, making corrections and/or
[17] changes and signing, for that purpose the
[18] errata pages have been annexed hereto.)

Page 103

[1]        INDEX TO EXHIBITS
[3] Plaintiffs'
   Exhibit    Description        Page
[5]  1    Inspection report for W. L.
        Wilson & Sons Funeral Home
[6]     dated May 2001 and November 2001    38
[7]  2    General price list of W. L.
        Wilson & Sons Funeral Home    64

[12] (Photocopies of Exhibits 1 and 2 have been
   attached to the original transcript, the originals
[13] having been retained by Brown Reporting, Inc.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| IN RE: TRI-STATE | : | |
| | : | |
| CREMATORY LITIGATION | : | MDL DOCKET NO. 1467 |
| | : | |
| _____ | : | |

## CERTIFICATION OF COUNSEL PURSUANT TO RULE 26(c) IN SUPPORT OF DEFENDANTS' MOTION TO FOR PROTECTIVE ORDER OF W. LEROY WILSON

J. Anderson Davis, counsel for Defendants hereby certifies that he has conferred with Mr. Robert Smalley, counsel for Plaintiffs, in a good faith effort to resolve a dispute regarding its plans to file a Motion For Protective Order regarding the video-taped deposition notice of W. Leroy Wilson. The parties were not successful in resolving this dispute thus necessitating the filing of the above-referenced motion seeking this Court's protections.

\* \* \*

This is to certify that the foregoing pleading was prepared using Times New Roman 14 point font in accordance with LR 5.1(B).

Respectfully submitted this **6th** day of October, 2003.

[Signature on Next Page]

**BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP**

Robert M. Brinson
Georgia Bar No. 082900

By: _____
J. Anderson Davis
Georgia Bar No. 211077

P.O. Box 5513
Rome, GA 30162-5513
Phone: 706/291-8853
Fax: 706/234-3574

Lead and Liaison Counsel for
Defendant Funeral Homes

134898.1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **Funeral Home Defendants' Motion for Protective Order, and Certificate of Counsel** by causing a copy of same to be placed in first class U.S. mail with adequate postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA  30720-1105
Liaison for Plaintiffs

McCracken Poston, Jr., Esquire
OFFICE of McCRACKEN POSTON
Post Office Box 1130
Ringgold, GA  30736-1130
Lead Counsel for
Tri-State Crematory, Inc.

Frank E. Jenkins, III, Esquire
JENKINS & OLSON
15 Public Square, South
Cartersville, GA  30120-3350
Lead Counsel for
the Marsh Family

This __6th__ day of October, 2003.

_____
J. Anderson Davis

**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C Rome
OCT - 6 2003
THOMAS, Clerk
By: Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| IN RE: TRI-STATE : <br><br> CREMATORY LITIGATION : <br><br> : <br> _____ : | MDL DOCKET NO. 1467 |

## FUNERAL HOME DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER OF W. LEROY WILSON

The Funeral Home Defendants in the above-styled action, pursuant to Fed. R. Civ. P. 26(c), file this their Motion for Protective Order as to Plaintiffs' Notice of Taking Videotaped Deposition of W. Leory Wilson, respectfully showing the Court as follows:

## I. Introduction.

On September 30, 2003, Plaintiffs served Defendants with a second notice to take the video-taped deposition of W. Leroy Wilson. Plaintiffs first deposed Mr. Wilson, without limitation, on October 3, 2002, and the deposition was video-taped. Plaintiffs have no legitimate or legal basis for seeking to depose Mr. Wilson a second time, and only seek to re-depose Mr. Wilson because W.L. Wilson and Son's funeral home has a pending motion for summary judgment.

134877.1

527

Plaintiffs cannot seek to re-depose every deponent who may submit a supplementary supporting affidavit[1] in support of a motion for summary judgment, and Plaintiffs cannot seek to re-depose every person whose deposition they forgot to make certain inquiries of or for which they simply did not adequately prepare. To permit Plaintiffs to do so would unnecessarily further escalate costs and expenses and would serve to only delay the proceedings.

This Court should grant the instant motion for protective order and thus protect Mr. Wilson from being subjected to a second video-taped deposition within the past twelve (12) months.

## II. Argument and Citation of Authority.

Rule 26 and case law clearly indicate that a protective order may be sought in these circumstances. Courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." Johnson v. Bd. of Regents of Univ. of Georgia, 263 F.3d 1234, 1269 (11th Cir.2001). Further, Courts may "make any order which justice requires to protect a party or person

---

[1] If Plaintiffs believe that the affidavit is either a sham or directly contradictory to Mr. Wilson's prior deposition testimony, then it has an adequate remedy under the law. See Tippens v. Celotex Corp., 815 F.2d 66, 68 (11th Cir. 1987); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1529 (11th Cir. 1987). The solution or remedy is not to permit Plaintiffs to re-depose each such deponent.

from annoyance, embarrassment, oppression, or undue burden or expense" Fed.R.Civ.P. Rule 26(c). Rule 26 also provides that:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. Rule 26(b)(2). And, Courts "retain[] the power to grant a protective order when the information sought in a deposition clearly would be irrelevant". Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1420 (11th Cir. 1994) (citing Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir.1979)).

In this case, a protective order would promote the efficient "management of pre-trial activities". This Court should not enable an inefficient and expensive practice of permitting Plaintiffs to re-depose deponents or parties which file motions for summary judgment. Plaintiffs already had this opportunity, and if Plaintiffs believe that the subject affidavit is, truly, a sham or inconsistent, then it may move to object and/or strike the affidavit as has been established under Eleventh Circuit authority.

The Wilson affidavit filed in support of W.L. Wilson and Son's motion

for summary judgment is neither inconsistent with, nor contradictory of, Mr. Wilson's prior sworn deposition testimony. But, if Plaintiffs disagree, then they had a remedy under to law by objecting to or moving to strike the affidavit. Plaintiffs have not done. Plaintiffs should not be permitted to simply re-depose Mr. Wilson on matters or issues it forgot to cover or failed to explore during the October 3, 2002, video-taped deposition.

Wherefore, for the above and foregoing reasons, Plaintiffs pray that this Court inquire into this Motion for Protective Order and grant same.

Respectfully submitted this  6th  day of October, 2003.

                              **BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP**

                              Robert M. Brinson
                              Georgia Bar No. 082900

                       By: _____

P.O. Box 5513                       J. Anderson Davis
Rome, GA 30162-5513             Georgia Bar No. 211077
Phone: 706/291-8853
Fax: 706/234-3574                  Lead and Liaison Counsel for
                              Defendant Funeral Homes

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **Brief in Support of Funeral Home Defendants' Motion for Protective Order** by causing a copy of same to be placed in first class U.S. mail with adequate postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA 30720-1105
Liaison for Plaintiffs

McCracken Poston, Jr., Esquire
OFFICE of McCRACKEN POSTON
Post Office Box 1130
Ringgold, GA 30736-1130
Lead Counsel for
Tri-State Crematory, Inc.

Frank E. Jenkins, III, Esquire
JENKINS & OLSON
15 Public Square, South
Cartersville, GA 30120-3350
Lead Counsel for
the Marsh Family

This __6th__ day of October, 2003.

_____
J. Anderson Davis