IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE

CREMATORY LITIGATION : MDL DOCKET NO. 1467

**FUNERAL HOME DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' "STATUS REPORT REGARDING DISCOVERY," AMENDED RESPONSE TO STATEMENT OF MATERIAL FACTS, AND SUPPLEMENTAL RESPONSE TO SUMMARY JUDGMENT**

Come now the Funeral Home Defendants in the above-styled action and hereby file this their Motion to Strike (1) Plaintiffs' Status Report Regarding Discovery, (2) Amended Response to Statement of Material Facts, and (3) Plaintiffs' Supplemental Response to Summary Judgment Motion, respectfully showing the Court as follows:

I. **PROCEDURAL BACKGROUND**

W.L. Wilson & Sons Funeral Home, Inc. (hereinafter referred to as Wilson) filed its Motion for Summary Judgment on August 7, 2003. In response to this Motion for Summary Judgment, Plaintiffs filed their Response on September 5, 2003. Wilson filed, inter alia., its Reply Brief on September 15, 2003, which is allowed by the Local Rules of this Court.

Without first seeking this Court's permission, Plaintiffs then filed their

Amended Response to Statement of Material Facts and Plaintiffs' Supplemental Response to Summary Judgment Motion on September 22, 2003. Neither of these filings is allowed by the rules of this Court.

Now, on September 29, 2003, Plaintiffs have filed a new document entitled "Status Report Regarding Discovery," (hereinafter referred to as Status Report).

## II. **PLAINTIFFS SHOULD BE PROHIBITED FROM CIRCUMVENTING THE RULES OF THIS COURT.**

The status report was not ordered or requested by this Court. Rather, this document is nothing more than a transparent attempt on the part of the Plaintiffs to add to the record and to provide additional arguments respecting the Wilson's pending Motion for Summary Judgment. There is no other reason for this document. Plaintiffs' submission of this Status Report is clearly a blatant end run on the Federal Rules of Civil Procedure, the Federal Rules of Evidence and the Local Rules of this Court. Therefore, this Status Report should be stricken from the record, and Plaintiffs' Counsel should be sanctioned for their inappropriate conduct.

Throughout this litigation, this Court has been constantly kept apprised of all discovery issues by liaison and lead counsels. At no time has this Court ever requested that any party present a written "status report" regarding discovery to the Court. In addition, no such Status Report is called for by the Manual for

*Complex Litigation* nor permitted by the procedural or professional rules. Therefore, there is no legitimate reason or excuse for Plaintiffs having filed this Status Report.

A review of this Status Report reveals that the document is nothing more than a transparent and inappropriate attempt by the Plaintiffs to supplement their earlier Response to W.L. Wilson & Sons Motion for Summary Judgment. In fact, the substance of the Status Report does not even address discovery issues at all. Beginning on page two of the Status Report and continuing through page five, Plaintiffs present legal and factual arguments regarding the alleged evidence in this litigation. Plaintiffs have a duty to present their case in required time frames and appropriate means as set forth by the Federal Rules of Civil Procedure, Federal Rules of Evidence and Local Rules of this Court.

Despite this duty, Plaintiffs have made a habit of submitting documents that are not contemplated by the applicable rules. For example, after W.L. Wilson & Sons Funeral Home filed its Motion for Summary Judgment and submitted the supporting affidavit of W. Leroy Wilson, Plaintiffs sought to take a second deposition of Mr. Wilson. See Notice to Take Video Deposition of W. Leroy Wilson, filed September 30, 2003. This Court has accommodated Plaintiffs by allowing them to have the opportunity to take a thirty (30) minute deposition of Mr. Wilson regarding new issues included in his Affidavit. As the Court is well

aware, Plaintiffs failed to object or move to strike the affidavit, as is proper under the Federal Rules of Civil Procedure.

Again, on September 22, 2003, Plaintiffs filed their Amended Response to Statement of Material Facts To Which There Is No Genuine Issue for Trial along with Plaintiffs' Supplemental Response to Summary Judgment Motion Regarding Status of Discovery. Neither of these documents are proper or contemplated by the Federal Rules of Civil Procedure. By presenting these latest documents to the Court, Plaintiffs have failed to comply with the applicable Federal Rules. Plaintiffs' attempt to submit legal arguments via a "Status Report" should not be allowed.

Plaintiffs have repeatedly voiced their concern to the Court regarding their ability to adequately respond and address the arguments of the forty-nine (49) funeral homes that Plaintiffs have chosen to sue. Plaintiffs have also repeatedly suggested and urged Funeral Home Defendants to simplify and unify their briefings. Ironically, Plaintiffs are now presenting Funeral Home Defendants with documents that are unnecessary, inappropriate and not contemplated by the applicable rules, while seeking simplicity and uniformity from the Funeral Home Defendants. Plaintiffs' actions are inconsistent and hypocritical and should not be allowed to continue.

Therefore, Funeral Home Defendants respectfully request that this Court

strike Plaintiffs' recent filings from the record, especially the Status Report, impose sanctions on Plaintiffs' counsel for their willful violation of the Federal Rules of Civil Procedure, the Federal Rules of Evidence and Local Rules of this Court. In addition, Funeral Home Defendants request that they be reimbursed for the attorney's fees incurred in having to respond to these filings.

Respectfully submitted this 7th day of October 2003.

> BRINSON, ASKEW, BERRY, SEIGLER,
> RICHARDSON & DAVIS, LLP
>
> By: _____
> Robert M. Brinson
> Georgia Bar No. 082900
> J. Anderson Davis
> Georgia Bar No. 211077
>
> Liaison and Lead Counsel for
> Defendant Funeral Homes

Post Office Box 5513
Rome, Georgia 30162-5513
Telephone: 706.291.8853
Facsimile: 706.234.3574

134936.1

# CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **Funeral Home Defendants' Motion to Strike Plaintiffs' "Status Report Regarding Discovery," Amended Response to Statement of Material Facts, and Supplemental Response to Summary Judgment** by causing a copy of same to be placed in first class U.S. mail with adequate postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA  30720-1105
Liaison for Plaintiffs

McCracken Poston, Jr., Esquire
OFFICE of McCRACKEN POSTON
Post Office Box 1130
Ringgold, GA  30736-1130
Lead Counsel for
Tri-State Crematory, Inc.

Frank E. Jenkins, III, Esquire
JENKINS & OLSON
15 Public Square, South
Cartersville, GA  30120-3350
Lead Counsel for
the Marsh Family

This 7th day of October, 2003.

_____
J. Anderson Davis

134936.1