ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

OCT 09 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE  :
CREMATORY LITIGATION  :   MDL DOCKET NO. 14
_____  :

### FUNERAL HOME DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING A "COMMON BENEFIT" FUND

The Funeral Home Defendants respectfully submit this Response to Pl

Motion for Entry of an Order Establishing a "Common Benefit" Fund.

### I. ARGUMENT AND CITATIONS OF AUTHORITY

The Plaintiffs' Steering Committee ("PSC") has requested that th

establish a "Common Benefit" Fund to pay for the cost of services and e

incurred by the PSC on behalf of the class. The Funeral Home Defendants

object to the creation of such a fund, but the Defendants raise one notable o

to the proposed procedure for implementing the fund.

The Funeral Home Defendants object to the role that they are required t

with respect to the "Common Benefit" Fund. Specifically, paragraph 5

Proposed Case Management Order provides as follows:

> All amounts paid pursuant to this Order are to be withheld
> by the defendants from any payments made by or on behalf
> of defendants to settle claims or to satisfy judgments. The
> withheld sums are to be deposited into an account to be
> established by Plaintiffs' Liaison Counsel in this MDL
> litigation. When the account is established, Plaintiffs'

537

information to Defendants' Liaison Counsel.

The Funeral Home Defendants object to serving as the buffer between t and counsel for individual Plaintiffs. The Funeral Home Defendants should n the responsibility of calculating the amount of money that should be w withholding the money and depositing it in a separate account. If any proble between Plaintiffs' counsel on this issue, the Funeral Home Defendants will in the middle of the dispute.

Instead, the Funeral Home Defendants propose that any settlement be settling Plaintiffs' counsel with that counsel having the responsibility of de the correct amount in the "Common Benefit" Fund. Alternatively, the Funera Defendants could deposit the entire settlement amount in the "Common Fund with the escrow agent disbursing the funds as agreed between Plaintiffs' counsel.

## II. CONCLUSION

For the reasons discussed herein, the Funeral Home Defendants respe request that the Court, when establishing the PSC's proposed "Common Be Fund, require Plaintiffs' counsel, not Funeral Home Defendants, to insure t proper amount of any gross monetary recovery is deposited in the "Commo Benefit" Fund.

Respectfully submitted this __9th__ day of October, 2003.

|  |  |
|---|---|
| The Omberg House<br>615 West First Street<br>Post Office Box 5513<br>Rome, GA 30162-5513<br>Phone 706/291-8853<br>Fax 706/234-3574 | **BRINSON, ASKEW, BERRY, SEI RICHARDSON & DAVIS, LLP**<br><br>By: _/s/ Robert M. Brinson_<br>Robert M. Brinson<br>Georgia Bar No. 082900<br><br>By: _/s/ J. Anderson Davis_<br>J. Anderson Davis<br>Georgia Bar No. 211077 |

Lead and Liaison Counsel for
Defendant Funeral Homes

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties wit copy of the within and foregoing **Funeral Home Defendants' Response to Plaintiffs' Motion for Entry of an Order Establishing a "Common Ben Fund** by causing a copy of same to be placed in first class U.S. mail with a postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA 30720-1105
Liaison for Plaintiffs

McCracken Poston, Jr., Esquire
OFFICE McCRACKEN POSTON
Post Office Box 1130
Ringgold, GA 30736
Liaison/Lead Counsel for Tri-State
Crematory, Inc. and the Marsh Family

Frank L. Jenkins, Esquire
JENKINS & OLSON, P.C.
15 South Public Square
Cartersville, GA 30120-3350

This __9th__ day of October, 2003.

_____
J. Anderson Davis