FILED IN OPEN COURT
OCT 1 7 2003
Luther D. Thomas, Clerk

By: _____

Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

## PARTIAL SETTLEMENT AGREEMENT REGARDING CLAIMS AGAINST PUTNAM FUNERAL HOME, INC., dba PUTNAM-REED FUNERAL HOME, AND PUTNAM-STANDEFER-REED FUNERAL HOME

## I.   RECITALS

Subject to Court approval as provided herein, the Parties to this Agreement hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a Final Order and Judgment approving this Agreement and directing its implementation, the claims in this Action against Putnam-Reed Funeral Home, Inc., dba Putnam-Reed Funeral Home, and Putnam-Standefer-Reed Funeral Home (hereinafter collectively referred to as "Putnam Funeral Home, Inc.") shall be settled and compromised upon the terms and conditions contained in this Agreement.

WHEREAS, a class action complaint is pending in the United States District Court for the Northern District of Georgia, Rome Division

285592.1

1

624

against Putnam Funeral Home, Inc., alleging that Putnam Funeral Home, Inc. breached contracts with Settlement Class Members and mishandled the human remains entrusted to Putnam Funeral Home, Inc. by Class Members by negligently engaging Tri-State Crematory and thereafter negligently failing to monitor and supervise Tri-State Crematory to cremate the remains;

WHEREAS, Putnam Funeral Home, Inc. has denied, and continues to deny, any wrongdoing or liability to Class Members in this Action, and has raised numerous defenses;

WHEREAS, based upon extensive analysis of the facts and the law applicable to Class Members' claims, and taking into account the burdens and expenses of litigation, including the risks and uncertainties associated with a potentially protracted trial and appeal, and the fair, cost-effective and assured method of resolving by agreement Plaintiffs' claims and the claims of the Settlement Class, Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate and in the bests interests of the Settlement Class as a whole;

WHEREAS, Putnam Funeral Home, Inc. has similarly concluded that this Agreement is desirable in order to avoid the time, risks and expense of defending protracted litigation, and to resolve finally and

completely the claims of Plaintiffs and the Settlement Class;

WHEREAS, the Parties have engaged in extensive, arms'-length settlement negotiations via in-person meetings, telephone conferences, and correspondence;

WHEREAS, the Parties hereto are in agreement that this Settlement provides a fair and just resolution of the Class Representatives' and Settlement Class Members' claims arising from the alleged mishandling of human remains at Tri-State Crematory between January 1, 1988 and February 15, 2002;

WHEREAS, Plaintiffs and Putnam Funeral Home, Inc. intend by this Agreement to resolve, terminate and finally conclude any and all Settled Claims under the terms of this Agreement; and

WHEREAS, the Parties agree that all Settlement Class Members shall have the right to be excluded ("opt out") from the Settlement as provided in this Agreement;

NOW, THEREFORE, the Parties stipulate and agree that any and all Settled Claims shall be finally settled, resolved, and dismissed with prejudice on the terms and conditions set forth in this Agreement, subject to Court approval of this Agreement as a fair, reasonable and adequate settlement pursuant to Federal Rule of Civil Procedure 23(e), and entry of a

Final Order and Judgment accordingly.

## II.   __DEFINITIONS__

As used in this Agreement and any exhibits hereto, and in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

__Action__ means the above-captioned matter, <u>In re: Tri-State Crematory Litigation</u>, MDL Docket No. 1467.

__Agreement__ means this Settlement Agreement, including any exhibits attached hereto.

__Award__ means the cash sum to be paid to individual Eligible Claimants pursuant to the Claims Process set forth in Section VI of this Agreement.

__Business Day__ means any day except a Saturday, Sunday or other day on which commercial banks in Georgia are authorized by law to close.

__Claim Form__ means a form, substantially in accordance with Exhibit A, as referred to in Section VI of this Agreement, and submitted by a Settlement Class Member to the Claims Administrator, during the Claims Period.

__Claims Period__ means the period commencing upon the Notice

Date and ending 35 days thereafter.

**Claims Process** means the procedures for obtaining an Award set forth in Section VI of this Agreement.

**Class Counsel** means the law firms of McCamy, Phillips, Tuggle & Fordham, LLP; Lieff, Cabraser, Heimann & Bernstein, LLP; Shumaker, Witt, Gaither & Whitaker; Law Offices of David Randolph Smith; Fleissner & Associates; Coppedge & Leman; Doffermyre, Shields, Canfield, Knowles & Devine; Mabry & McClelland, LLP; Barrett Law Office; and Sims, Graddick & Dodson, P.C.

**Class Notice** means the Court-approved direct mail and publication notice referred to in Section V of this Agreement, and substantially in the form of Exhibit B.

**Court** means the United States District Court for the Northern District of Georgia, Rome Division.

**Eligible Claimant** means a Settlement Class Member who submits a Claim Form within the Claims Period that is properly completed and executed, and who satisfies the requirements for receiving an Award under this Agreement.

**Fairness Hearing** means the hearing to be conducted by the Court in connection with a determination of the fairness, adequacy and

reasonableness of this Agreement, and to consider Class Counsel's

application for an award of attorneys' fees and costs.

**Final Order and Judgment** means the Final Order and

Judgment of Dismissal of Putnam Funeral Home, Inc. with Prejudice

pursuant to Federal Rule of Civil Procedure 23(e) to be entered by the Court,

approving this Agreement without material alterations as fair, adequate and

reasonable; confirming the certification of the Settlement Class for purposes

of entry of judgment; and making such other findings and determinations as

the Court deems necessary and appropriate to effectuate the terms of this

Agreement.

**Next of kin** means the next of kin under the provision of

Georgia law regarding intestate succession.  For instance, next of kin means:

(a)   surviving spouse;
(b)   if there is no surviving spouse, the child or children;
(c)   if there is no surviving spouse and no surviving child, the parent;
(d)   if there is no surviving spouse, no surviving child and no surviving parent, then sibling.

The determination of next of kin is at the time the claim is made for an

Award under this Agreement.

**Notice Account** means the interest-bearing account designated

in writing by Class Counsel and identified in Section IV of this Agreement.

**Notice Administrator** means Kinsella Communications, the

Person jointly selected by the Parties, for whom the Parties shall seek the appointment of the Court to disseminate Class Notice to the Settlement Class in accordance with Section V of this Agreement.

**Notice Date** means the date upon which Class Notice is mailed to the Settlement Class in accordance with Section V of this Agreement.

**Opt Out** Period means the period commencing on the Notice Date and ending 35 days thereafter.

**Person** means an individual, marital community, estate, legal representative, trust, and their respective heirs, predecessors, successors, representatives and assigns.

**Preliminary Approval** means the Court's conditional certification of the Settlement Class, appointment of Class Counsel, preliminary approval of this Agreement, appointment of the Notice Administrator, and approval of the forms of the Class Notice, the Claim Form, substantially in the forms attached hereto as Exhibits A and B.

**Released Persons** means Putnam Funeral Home, Inc., and its insurer, Zurich North America.

**Releasing Persons** means all Settlement Class Members who do not exercise their opt-out rights by timely submitting Requests for Exclusion.

**Request for Exclusion** means a signed, written request by a Settlement Class Member to be excluded from the Settlement Class, setting forth the Settlement Class Member's name and address; the name and address of the Decedent to whom the Class Member is next-of-kin; and the relationship to the Decedent.  To be valid, such a Request for Exclusion must be mailed to Class Counsel, postmarked on or before midnight on the last day of the Opt Out Period.

**Settled Claim** means any claim that a Releasing Person has, had or may have, and which arises out of the same subject matter as the Action against Putnam Funeral Home, Inc.  Specifically, Settled Claim shall not include any claims that a releasing person has, had or may have against any other defendant named in this Action.

**Settlement Account** means an interest-bearing account for the benefit of Class Counsel, to be kept at a federally-insured financial institution to be designated by Class Counsel, as referred to in Section IV of this Agreement.

**Settlement Class** means:

All those who are or were next of kin of any decedents entrusted to Putnam Funeral Home, Inc. for cremation and sent to Defendant Tri-State Crematory for that cremation from the years 1988 to 2002; and

all persons or entities who were parties to any
contract with Putnam Funeral Home, Inc.
regarding funeral arrangements for any decedent
who was delivered for cremation to Defendant Tri-
State Crematory from 1988 to 2002.

**Settlement Class Member** means a member of the Settlement

Class.

**Settlement Consideration** means the total combined costs of

Class Notice, claims administration, Awards to Eligible Claimants, Class

Counsel's attorneys' fees and costs, and all amounts incidental to or

necessary for implementation of any of the foregoing.

**Settlement Date** means the date of entry of the Final Order and

Judgment without material modification.

## III.   **REQUIRED EVENTS AND COOPERATION**

A.     Promptly after execution of this Agreement, the Parties shall

submit this Agreement to the Court for Preliminary Approval, moving the

Court for one or more orders which by their terms shall:

1.     Conditionally certify a Partial Settlement Class pursuant

to Federal Rule of Civil Procedure 23(b)(3) for settlement

purposes, appoint Plaintiffs as Settlement Class

Representatives, appoint Class Counsel, and preliminarily

approve this Agreement;

2.     Appoint Kinsella Communications as Notice Administrator, approve the form and contents of the Settlement Class Notice, the Claim Form, and direct their provision forthwith;

3.     Schedule appropriate opt-out, objection, and other settlement-related dates and deadlines for inclusion in the Class Notice and/or Claim Form;

4.     Schedule the Fairness Hearing to review comments or objections regarding this Agreement; to consider its fairness, reasonableness and adequacy; to determine whether to enter a Final Order and Judgment pursuant to Federal Rule of Civil Procedure 23(e); and to consider Class Counsels' fee application; and

5.     Enjoin Settlement Class Members from proceeding against *Putnam Funeral Home, Inc.* with respect to the Settled Claims other than as allowed or directed by the Court in this Action, pending the Court's entry of the Final Order and Judgment.

B.     At the time of Preliminary Approval, the Parties shall request a date for the Fairness Hearing that is on or before December 4, 2003, but at least seven (7) Business Days after the end of the Opt Out Period.

C.     Plaintiffs and Putnam Funeral Home, Inc. and their respective Counsel shall cooperate, assist and undertake all reasonable actions in order to accomplish these required events on the schedule set by the Court.

D.     Within ten (10) days of entry of Final Order and Judgment, Putnam Funeral Home, Inc. shall be dismissed from this Action with prejudice.  Notwithstanding any other provision of this Agreement, however, if the Agreement is terminated for any reason, the Parties hereby stipulate and agree that such dismissal shall be null and void, and the claims against Putnam Funeral Home, Inc. may be reinstated status quo ante to the date of the execution of this Agreement, with the Parties thereto and all absent class members reinstated to their respective positions status quo ante to the date of the execution of this Agreement.  Further, all statutes of limitation and repose for all claims in the Action shall be deemed to have been tolled from the date of the execution of this Agreement until the date of reinstatement and reactivation or for such longer period as the law(s) may provide.

E.     In the event this Agreement is disapproved, reversed, vacated, or terminated, the Agreement shall have no effect on the rights of the Parties

or the Settlement Class Members to prosecute or defend this Action, or any

other action.  Should this Agreement be disapproved, reversed, vacated, or

terminated, the Parties and all Settlement Class Members shall be restored to

their respective status quo ante to the date of execution of this Agreement.

## IV.   **PAYMENT OF SETTLEMENT CONSIDERATION**

A.     Upon Preliminary Approval, or as soon thereafter as is

practicable but in no event later than five (5) Business Days after

Preliminary Approval, Putnam Funeral Home, Inc. shall deposit $65,000.00

into the Settlement Account.  This sum shall be distributed in Class Member

Awards and Class Counsel Fees and Expenses in accordance with Sections

VI and VII of this Agreement.

B.     In addition, Putnam Funeral Home, Inc. shall deposit the Notice

costs into the Notice Account within ten (10) Business Days of Preliminary

Approval or shall arrange to pay such funds directly to Kinsella

Communications.  The amount deposited or paid will be based on a good

faith estimate by Kinsella Communications of the amount required for the

printing and distribution of the Class Notice.  Thereafter, upon reasonable

request by Class Counsel, Putnam Funeral Home, Inc. shall within seven (7)

Business Days deposit any further amounts into the Notice Account or pay

Kinsella Communications directly as needed for the distribution of Class

Notice.  In the event the Court orders notice in addition to the Class Notice

contemplated under this Agreement, Putnam Funeral Home, Inc. shall

deposit an amount in the Notice Account equal to the cost of such additional

notice.  Within three (3) Business Days after the Settlement Date, any

unexpended funds, exclusive of outstanding obligations, if any, in the Notice

Account shall revert to Putnam Funeral Home, Inc.  If this Agreement is

disapproved, reversed, vacated or terminated, all funds remaining in the

Notice Account, exclusive of outstanding obligations, if any, shall promptly

be returned to Putnam Funeral Home, Inc.

   C.  In addition, Putnam Funeral Home, Inc. shall deposit the

Claims Administration costs into the Claims Administration Account within

thirty (30) Business Days of Preliminary Approval.  Thereafter, upon

reasonable request by Class Counsel, Putnam Funeral Home, Inc. shall

within seven (7) Business Days deposit any further amounts into the Claims

Administration Account as needed.  Within three (3) Business Days after the

Settlement Date, any unexpended funds, exclusive of outstanding

obligations, if any, in the Claims Administration Account shall revert to

Putnam Funeral Home, Inc.  If this Agreement is disapproved, reversed,

vacated or terminated, all funds remaining in the Notice Account, exclusive

of outstanding obligations, if any, shall promptly be returned to Putnam

Funeral Home, Inc.

## V.   **NOTICE TO THE CLASS**

Upon Preliminary Approval, and as the Court directs, the

Parties shall instruct the Notice Administrator (1) to cause the Class Notice

describing the Fairness Hearing and the Settlement embodied herein,

together with Claim Forms, to be mailed directly to all Settlement Class

Members and (2) to cause the publication of the Notice described in the

Class Notice Plan, which is attached to this Agreement as Exhibit C.

## VI.   **CLAIMS PROCESS FOR AWARDS**

A.   Eligible Claimants may obtain an Award under this Agreement

in accordance with this Section.  The following Claims Process for Awards

shall be implemented upon the occurrence of the Settlement Date.

B.   A Settlement Class Member shall be an Eligible Claimant and

entitled to an Award following the Claims Process if (i) the Settlement Class

Member (a) is the next of kin of a decedent who was sent by Putnam Funeral

Home, Inc. to Tri-State for cremation between January, 1988 and February,

2002, or (b) entered into a contract with Putnam Funeral Home, Inc. for the

cremation of a decedent between January 1, 1988 and February 15, 2002;

and (ii) the Settlement Class Member timely submits a completed and

executed Claim Form in the form attached hereto as Exhibit A prior to the expiration of the Claims Period.

B.    The payment made by Putnam Funeral Home, Inc. pursuant to this agreement is to be distributed to Class Members as follows:

(1)    For each decedent entrusted to Putnam Funeral Home, Inc. and delivered to Tri-State Crematory for cremation from January 1, 1988 through December 31, 1996, the next of kin shall be entitled to a minimum sum of $3100. This figure is based upon a sum of $5000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Class Members claim Awards for fewer than 13 decedents under this subsection, the unclaimed Awards shall be divided equally among the Settlement Class Members who are the next of kin of the decedents described under this subsection.

(2)    If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Putnam Funeral Home, Inc. out of the award

described above.  The remainder of the Award described above shall be paid to the next of kin.

(3)     In the event there is more than one next of kin of equal relationship, the Award to the next of kin shall be divided among each next of kin of equal kinship equally.

C.     Settlement Class Members who do not timely submit a Claim Form shall not be considered Eligible Claimants.  However, notwithstanding any other provision of this Agreement, Settlement Class Members shall be permitted to remedy deficiencies in their Claim Forms or related documentation during the Claims Period or within thirty (30) days thereafter, provided that such Settlement Class Members initially submitted a Claim Form during the Claims Period.

D.     Claim Forms shall be processed and administered by the Claims Administrator pursuant to the following terms.

1.     The Claims Administrator shall administer the relief provided by this Agreement by resolving claims in a rational, responsible, cost-effective and timely manner.

2.     Prior to notifying any Settlement Class Member that his/her/its Claim is to be denied or is deficient, the Claims Administrator shall notify Class Counsel accordingly, and

allow Class Counsel a reasonable opportunity to review the subject Claim, and to work with the Settlement Class Member to cure any defect or deficiency, and/or to raise any objections.

3.     The Claims Administrator shall maintain detailed records of its claims processing activities under this Agreement, including all Claim Forms, denials, and all disbursements to Eligible Claimants, until one (1) year after all Claims are finally resolved and/or Awards paid.  Such records shall be made available upon request for inspection by Class Counsel.

4.     Disputed issues between the Parties relating to this Agreement and the Claims Process shall be presented to and resolved by the Court in its continuing jurisdiction.

## VII.   OPT-OUT RIGHTS

A.     A Settlement Class Member may opt out of the Settlement Class at any time during the Opt Out Period in accordance with this Agreement.

B.     In order to exercise the opt out right, the Settlement Class Member must cause to be delivered a signed, written Request for Exclusion to Class Counsel during the Opt Out Period.

C.      Except for those Settlement Class Members who have opted out in accordance with this Agreement, every Settlement Class Member will conclusively be deemed a Settlement Class Member for all purposes under this Agreement; and will be bound by the Final Order and Judgment and the Releases contained in Section VIII of this Agreement as of the Settlement Date.

D.      Any Settlement Class Member who elects to opt out of the Settlement Class shall not (i) be bound by any orders or judgments entered in this Action; (ii) be entitled to relief under or be impacted by this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.

E.      A Settlement Class Member who timely submits a written Request for Exclusion to Class Counsel may subsequently withdraw the Request for Exclusion by submitting to Class Counsel written notification of such withdrawal; such written notification of withdrawal of the Request for Exclusion must be postmarked or bear other indicia of submission no later than one (1) day prior to the date of the Fairness Hearing.

F.      Class Counsel shall provide Defendant's Counsel with copies of all completed Requests for Exclusion on a weekly basis during the Opt Out Period.

## VIII. <u>RELEASES AND JURISDICTION OF COURT</u>

A.    As of the Settlement Date, Plaintiffs and all Settlement Class Members, except those who timely submitted Requests for Exclusion, will be deemed by this Agreement to have, and by operation of the Final Order and Judgment shall have released Putnam Funeral Home, Inc., and its insurers, from any and all of the Settled Claims.

B.    This settlement in no way impacts, relates to or diminishes the Class Members' claims against the Marsh Defendants and/or Tri-State Crematory, Inc. or any other defendant in the litigation. The release under this Agreement is a limited liability release pursuant to OCGA 33-24-41.1 and it is intended by the parties that the force and effect of such release shall operate as a full and final release only of Putnam Funeral Home, Inc. and its insurers.  The limited release under this Agreement shall not bar any claims that the Settlement Class has against the limited releasees to the extent other insurance coverage is available which covers the claim or claims of the class members against the limited releasees, specifically including, but not limited to, Clara Marsh, Clara Marsh as administrator of the Estate of Tommy Ray Marsh, Ray Brent Marsh, Rhames L. Marsh, and Tri State Crematory, Inc. The limited liability release pursuant to this Agreement shall not operate as a release of any other person or entity not specifically named therein.

C.      As of the Settlement Date, the Releasing Persons and anyone

claiming through or on behalf of any of them will be forever barred and

enjoined from prosecuting any action against Putnam Funeral Home, Inc.

asserting the Settled Claims.

D.      The Parties agree that the Court shall retain exclusive and

continuing jurisdiction over the Action, Parties, Settlement Class Members,

the Notice Administrator, and the Claims Process to interpret and enforce

the terms, conditions and obligations under this Agreement.

## IX.    CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS

A.      Class Counsel shall seek Court approval of an award of

attorneys' fees of up to 33 percent ($21,450.00) of the gross amount paid in

settlement of the Class Members' claims by Putnam Funeral Home, Inc.

pursuant to the Agreement.

B.      Class counsel shall seek Court approval to withhold up to five

percent ($3,250.00) of the gross amount paid in settlement of all Class

Members' claims to reimburse Class Counsel for reasonable and necessary

expenses incurred for the common benefit of the Class.  If at the conclusion

of this Action, Class Counsel has withheld more funds in costs from Awards

than has been reasonably and necessarily incurred for the benefit of the

Class, all additional funds shall be returned to the Class on a pro-rata basis, if it is practicable and cost-effective to do so.

C.     Counsel who entered into written attorney representation/contingent fee agreements with individual members of the Settlement Class prior to March 17, 2003 ("private fee agreements") shall be entitled to payment from the Court Award of attorneys' fees to Class Counsel, upon application to Lead and Liaison Class Counsel, of the amounts specified in private fee agreements unless they would constitute unreasonable fees under the prevailing practice and the circumstances of this Action, with any disagreement regarding payment to be decided by the Court.  Fees to be paid under private fee agreements shall be calculated upon the amount of the Settlement Class Member Award, less five percent of the Award.

D.     Putnam Funeral Home, Inc. shall not object to Class Counsel's application to the Court for attorneys' fees and costs as provided in this Section and its subparts.

E.     Lead and Liaison Class Counsel shall be entitled to withdraw funds from the Settlement Account up to the amount awarded by the Court for attorneys' fees and to distribute same among Class counsel and other

counsel pursuant to Section IX of this Agreement upon entry of the Court's Award of Fees and Costs and Final Order and Judgment.

F.     In the event the Final Order and Judgment is reversed on appeal, in whole or in part, then, the full amount of the attorneys' fees and costs paid by Putnam Funeral Home, Inc. to Class Counsel shall be refunded to the Putnam Funeral , Inc. within twenty (20) Business Days after the order reversing the Final Order and Judgment, in whole or in part, becomes final. In the event the Final Order and Judgment is not reversed on appeal, in, whole or in part, but the attorneys' fees and costs awarded by the Court are vacated or modified on appeal, the attorneys' fees and costs in the amount vacated or modified shall be returned to Putnam Funeral Home, Inc. within twenty (20) Business Days after the order vacating or modifying the award of attorneys' fees and costs becomes final.

G.     Notwithstanding the foregoing, Settlement Class Members and their counsel may enter into individual releases to enable payment of applicable Awards, attorneys' fees and costs, regardless of Court approval of, or appeals from the Class Settlement.

## IX.   SETTLEMENT APPROVAL ORDER

This Agreement is subject to and conditioned upon the issuance by the Court, following the Fairness Hearing, of a Final Order and Judgment

granting final approval of the Agreement and providing the below-specified relief, which relief shall be subject to the terms and conditions of this Agreement and the Parties' performance of their continuing rights and obligations hereunder.  Such Final Order and Judgment shall:

1.     Finally certify a Settlement Class for entry of Judgment;

2.     Dismiss the Settlement Class Members' claims against Putnam Funeral Home, Inc. without prejudice to the rights of Settlement Class Members who exercised their opt-out rights pursuant to Section VII of this Agreement;

3.     Enjoin the Releasing Persons from asserting against the Released Persons any and all Settled Claims which the Plaintiffs, Settlement Class Members, and/or the Releasing Persons had or has;

4.     Reserve the Court's continuing exclusive jurisdiction over the Parties to this Agreement, including Putnam Funeral Home, Inc. and all Settlement Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties and the Settlement Class.

## XI.    SETTLEMENT PURPOSES ONLY

A.     This Agreement, whether or not consummated, and any proceedings taken pursuant to this Agreement, are for settlement purposes

only.  Neither the fact of, nor any provision contained in, this Agreement or

its exhibits, nor any action taken hereunder shall be construed as, offered in

evidence as, received in evidence as, and/or deemed to be evidence of a

presumption, concession or an admission of any kind by any of the Parties of

the truth of any fact alleged or the validity of any claim or defense that has

been, could have been, or in the future might be asserted.

      B.    Any certification of a preliminary or final Settlement Class

pursuant to the terms of this Agreement shall not constitute, and shall not be

construed as, an admission on the part of Putnam Funeral Home, Inc. that

this Action, or any other action, is appropriate for litigation class treatment

under Federal Rule of Civil Procedure 23, or any similar federal or state

class action statute or rule.

      C.    The performance of this Agreement is expressly contingent

upon entry of the Final Order and Judgment.  If the Court fails to issue such

Final Order and Judgment, the Agreement will be terminated, having no

force or effect whatsoever, null and void, ab initio, and will not be

admissible as evidence for any purpose in any pending or future litigation

involving any of the Parties.

      D.    The performance of this Agreement is also expressly contingent

upon reasonable participation of Settlement Class Members.  If so many

class members Opt Out that Putnam Funeral Home, Inc.'s purposes in entering this Agreement is frustrated, Putnam Funeral Home, Inc., in the exercise of good faith and reasonable discretion may withdraw from this Agreement.

## XII.   **MISCELLANEOUS PROVISIONS**

A.   This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject of this Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject matter of this Agreement.  This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval, provided, however, that the Parties contemplate that the forms of Class Notice, and the Claim Form, attached as exhibits to this Agreement may be modified by subsequent agreement of the Parties prior to their dissemination.

B.   This Agreement shall be construed under and governed by the laws of the State of Georgia, applied without regard to any other potentially applicable laws.

C.   This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which

together shall constitute one and the same instrument.  Signatures by

facsimile shall be as effective as original signatures.

D.     This Agreement shall be binding upon and inure to the benefit

of the Settlement Class, the Parties, and their respective heirs, predecessors,

successors and assigns.

E.     The headings of the sections of this Agreement are included for

convenience only and shall not be deemed to constitute part of this

Agreement or to affect its construction.

## XIII.  **TERMINATION OF THIS AGREEMENT**

A.     This Agreement shall be automatically terminated if the Final

Order and Judgment is not entered, or if the Final Order and Judgment is

reversed on appeal and the reversal becomes final.  In the event of

termination, and notwithstanding any other provision of this Agreement, (i)

all Parties and Settlement Class Members shall be restored to their respective

positions immediately prior to the date on which this Agreement is signed by

all Parties, (ii) dismissal of Putnam Funeral Home, Inc. from Action shall be

deemed null and void, and those cases shall be reinstated status quo ante;

(iii) all statutes of limitation and/or repose for all claims asserted in such

cases shall be deemed to have been tolled from the date of signature of this

Agreement by all Parties until the date of reinstatement and reactivation, or

for such longer period as the law may provide without reference to this Agreement.

      B.     In the event of termination, this Agreement shall have no further force or effect.

      C.     Until the term of this Agreement has expired in that each Party has satisfied all of its obligations under the Agreement, Putnam Funeral Home, Inc. agrees to use its best efforts to preserve all records and evidence which are or could be relevant to, or could lead to the discovery of relevant evidence.

## XIV.  REPRESENTATIONS AND WARRANTIES

      A.     Putnam Funeral Home, Inc. represents and warrants (i) that it has all requisite corporate power and authority to execute, deliver and perform this Agreement and to consummate the transactions contemplated hereby; (ii) that the execution, delivery, and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of Putnam Funeral Home, Inc. and (iii) that this Agreement has been duly and validly executed and delivered by Putnam Funeral Home, Inc. and constitutes its legal, valid, and binding obligation.

B.    This agreement is premised upon the representation of Putnam Funeral Home, Inc. that zero (0) decedents entrusted to it were delivered to Tri-State Crematory for cremation from January 1, 1997 through 2002; that a total of thirteen (13) decedents entrusted to it were sent to Tri-State Crematory for cremation from January 1, 1988 through December 31, 1996; and that the remains of zero (0) decedents entrusted to Tri-State have been positively identified among the remains removed from the Tri-State property. Should Eligible Claimants submit Claims regarding a greater number of decedents in any of the above categories, Putnam Funeral Home, Inc. will compensate each additional approved claimant at the rate others similarly situated are compensated pursuant to the terms of this Agreement.

C.    Each Plaintiff and Class Counsel represents and warrants (i) that he or she agrees not to pursue further litigation concerning Settled Claims, and (ii) that he or she agrees to assist in causing all conditions precedent to the Settlement Date to occur.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized officer (in the case of Defendant) or counsel of record (in the case of Plaintiffs), effective as of the day set forth below.

October 17, 2003

_Robert H. Smalley, III_

Robert H. Smalley, III
McCAMY, PHILLIPS,
TUGGLE & FORDHAM, LLP
P.O. Box 1105
Dalton, Georgia
*Plaintiffs' Liaison Counsel*

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Elizabeth J. Cabraser
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339

Kathryn E. Barnett
3319 West End Avenue, Suite 600
Nashville, Tennessee  37203

*Plaintiffs' Lead Counsel*

_H. Blair Bennington_

Blair Bennington
LEITNER, WILLIAMS,
DOOLEY & NAPOLITAN,
PLLC
801 Broad Street, Third Floor
Chattanooga, TN 37402
*Counsel for Putnam Funeral
Home, Inc.*

285592.1