# ORIGINAL

FILED

OCT

LUTHER

By:

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

IN RE:  **TRI-STATE**        :
       **CREMATORY LITIGATION**      :     **MDL DOCKET NO. 1467**
                        :
_____ :

## MOTION TO SUBSTITUTE SUPPORTING AFFIDAVIT

Come Now Dean Lay d/b/a Cumberland Funeral Home, Cumberland Funeral

Services, Inc., Cumberland Funeral Home-Tracey City, Foster & Lay Funeral Home

and Bob Foster, f/d/b/a Foster & Son (hereinafter Defendants Lay and Foster), named

Funeral Home Defendants in the above-styled action, and hereby files this their

Motion to Substitute the previously filed affidavit of Dean Lay for the original

affidavit of Mr. Lay that is attached hereto as Exhibit A.   These Defendants.

previously filed a photocopy of Mr. Lay's affidavit as Exhibit B to their Motion for

Summary Judgment.   These Defendants now seek to substitute that photocopied

affidavit with Mr. Lay's original affidavit. These Defendants affirmatively state that

the affidavits are identical, with the exception that the previously filed affidavit is a

photocopy of the original.

623

Therefore, these Defendants respectfully request that this Court grant its Motion and enter the attached consent order allowing it to substitute the previously filed affidavit of Dean Lay.

Respectfully submitted this 20th day of October, 2003.

                                      **BRINSON, ASKEW, BERRY, SEIGLER,**
                                      **RICHARDSON & DAVIS, LLP**

                                      By: _____
The Omberg House                           J. Anderson Davis
615 West First Street                      Georgia Bar No. 211077
Post Office Box 5513
Rome, GA  30162-5513
Phone  706/291-8853
Fax 706/234-3574

                                      Lead and Liaison Counsel for Defendant Funeral
                                      Homes

135653.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE CREMATORY
    LITIGATION

MDL DOCKET NO. 1467

This Order relates to:

ALL CASES

<u>AFFIDAVIT OF DEAN LAY</u>

STATE OF TENNESSEE

COUNTY OF GRUNDY

    PERSONALLY APPEARED before the undersigned attesting officer
duly authorized by law to administer oaths in this state DEAN LAY
who, after being duly sworn, deposes and says under oath as
follows:

1.

    My name is Dean Lay.  I have been licensed as a funeral
director for approximately 25 years.  When my father died in 1975,
I took over his business of Cumberland Funeral Home.  Our main
office is in Monteagle, Tennessee.  In the past we had a branch
office in Tracy City, Tennessee and a branch office in Altamont,
Tennessee.  At all times material hereto, Cumberland Funeral Home
has been a sole proprietorship, which I own.  I graduated from
Mortuary School in Atlanta in approximately 1975 and thereafter
immediately went to work at Cumberland Funeral Home.

2.

    Between 1989 and 1994, I visited Tri-State Crematory a number
of times to deliver bodies.  However, some time after October 24,
1994, I stopped using Tri-State purely for logistical reasons and
began using a crematory which was closer.  That decision had

nothing to do with any problem or dissatisfaction with Tri-State. I never visited Tri-State Crematory after October 24, 1994 for any reason until I heard about the situation which had occurred some time in February, 2002. I never met Brent Marsh. I dealt only with Ray Marsh or his daughter, LaShay, when I visited Tri-State between March 20, 1989 and October 24, 1994.

3.

Prior to February, 2002 I was unaware of any fact which would have put me on notice of the alleged situation at Tri-State or any of the alleged conduct at Tri-State as claimed in this lawsuit.

4.

Prior to February, 2002, no one nor anything put me on notice of the alleged situation at Tri-State or any of the alleged conduct at Tri-State as claimed in this lawsuit.

5.

I had no knowledge that Tri-State was, might or could commit any act or engage in any activity as alleged in this lawsuit.

6.

Neither I nor any of my employees controlled or had the right to control the time, manner or method of the operation of the Tri-State Crematory or any act of any of its owners, or employees, including, but not limited to, Brent Marsh, Ray Marsh or any member of the Marsh family.

7.

I have worked as a funeral director in a small town my entire adult life. My business depends in large part on its and my reputation. I did not nor would I ever intentionally or knowingly

- 2 -

subject any of my customers, including any members of the Plaintiffs' class, to the circumstances complained of in the lawsuit. I certainly did not knowingly or intentionally inflict emotional distress on any member of the Plaintiffs' class. Nor have I at any time interfered or mishandled remains, or ratified or condoned any such conduct. I certainly have not nor would I intentionally, willfully or knowingly do so.

8.

I have not breached any agreement or contract with any member of the Plaintiffs' class. If a body is found, we will willingly see that it is cremated. Of course, if the body is not found, it would be impossible to cremate it.

9.

I have conducted a thorough search of my records. To the best of my knowledge, information and belief, the following is a list of the persons sent to Tri-State Crematory by Cumberland Funeral Home between January 1, 1985 and April 1, 2001, along with their dates of death. The bodies would have been sent to Tri-State no more than a week after the dates of death listed thereon.

| Deceased | Date of Death |
|---|---|
| Gipson, Mattie | 9/1/01 |
| Currier, Ralph Frances | 8/26/01 |
| Yinger, Donald Richard | 8/27/01 |
| Soukup, Clara M. | 7/17/01 |
| Wallace, Jack | 10/24/94 |
| Irice, Sandra Diane | 10/24/94 |
| Morgan, John | 9/23/94 |

| Name | Date |
|---|---|
| Meeks, Louise Adams | 9/14/94 |
| Downes, Francis | 7/18/94 |
| Adams, Robert | 3/2/94 |
| King, Della Lee | 4/18/92 |
| Winters, Bette Lou | 3/26/92 |
| Carlson, John Howard | 3/25/92 |
| Daly, Lavern E. | 3/8/92 |
| Westerfield, Johnny | 10/1/91 |
| Jordan, James L. | 6/3/91 |
| Evans, John Ernest | 6/5/91 |
| Smith, Carl S. | 7/28/90 |
| Petty, James Mitchell | 2/18/90 |
| Clements, Paul Raymond | 2/3/90 |
| Kuhn, Marion Louise Cray | 1/11/90 |
| Hill, Jane | 10/4/89 |
| Gaston, Helen Libby | 3/20/89 |

10.

The facts recited herein are within my own personal knowledge and are given in support of the Motion for Summary Judgment filed on my behalf in the above-referenced matter, and for any and all other reasons set forth herein.

DEAN LAY

SWORN TO AND SUBSCRIBED BEFORE ME,
this 14 day of October , 2003.

NOTARY PUBLIC
My commission expires: 02/03/07

- 4 -

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **Dean Lay d/b/a Cumberland Funeral Home, Cumberland Funeral Services, Inc., Cumberland Funeral Home-Tracey City, Foster & Lay Funeral Home and Bob Foster, f/d/b/a Foster & Son** by causing a copy of same to be placed in first class U.S. mail with adequate postage affixed thereto and addressed as follows:

> Robert H. Smalley, III, Esquire
> McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
> Post Office Box 1105
> Dalton, GA  30720-1105
> Liaison for Plaintiffs

| | |
|---|---|
| McCracken Poston, Jr., Esquire | Frank E. Jenkins, III, Esquire |
| OFFICE McCRACKEN POSTON | JENKINS & OLSON |
| Post Office Box 1130 | 15 Public Square, South |
| Ringgold, GA  30736 | Cartersville, GA  30120-3350 |

Liaison/Lead Counsel for Tri-State Crematory, Inc. and the Marsh Family

This 20th day of October, 2003.

J. Anderson Davis

135653.1