# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

OCT 2 0 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| IN RE: | TRI-STATE | : |
| | CREMATORY LITIGATION | :     MDL DOCKET NO. 1467 |
| | | : |
| _____ | | : |

## GILMORE FUNERAL HOME, LLC'S MOTION TO SUBSTITUTE
## SUPPORTING AFFIDAVIT

Comes Now Gilmore Funeral Home, LLC, a named Funeral Home Defendant in the above-styled action, and hereby files this its this its Motion to Substitute the previously filed affidavit of Wayne Bush for the original affidavit of Mr. Bush that is attached hereto as Exhibit A. This Defendant previously filed a photocopy of Mr. Bush's affidavit as Exhibit A to its Brief in Support of Motion for Summary Judgment. This Defendant now seeks to substitute the photocopied affidavit of Mr. Bush with Mr. Bush's original affidavit. This Defendant affirmatively states that the affidavits are identical, with the exception that the previously filed affidavit is a photocopy of the original.

Therefore, Gilmore Funeral Home, LLC respectfully requests that this Court grant its Motion and enter the attached consent order allowing it to substitute the

624

previously filed affidavit of Wayne Bush.

Respectfully submitted this 20th day of October, 2003.


**BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP**

The Omberg House                    By: _____
615 West First Street                    J. Anderson Davis
Post Office Box 5513                      Georgia Bar No. 211077
Rome, GA  30162-5513
Phone  706/291-8853
Fax 706/234-3574


Lead and Liaison Counsel for
Defendant Funeral Homes

135649.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE    :
CREMATORY LITIGATION  :  MDL DOCKET NO. 1467
_____:

## AFFIDAVIT OF WAYNE BUSH

STATE OF TENNESSEE

COUNTY OF _____

  PERSONALLY APPEARED before me, the undersigned officer, duly authorized to administer oaths, WAYNE BUSH who, after being duly sworn, deposes and states as follows:

1.

  My name is WAYNE BUSH and I am over 21 years of age and am competent to testify to all facts stated herein. This affidavit is based on my personal knowledge.

2.

  I am the manager of Gilmore Funeral Home, LLC located in Manchester, Tennessee. I have been a licensed funeral director in the State of Tennessee since 1996 and a licensed embalmer in the State of Tennessee since 1995.

the transport of Mr. Kamm's body to Tri-State Crematory. I was satisfied by Mr.

Marsh's knowledge of procedures and forms needed, and his professional

demeanor over the telephone. When Mr. Marsh arrived at Gilmore Funeral Home,

LLC we jointly checked the authorizations, the transit permits, and other

paperwork necessary for transfer of the body to Mr. Marsh and transport of the

body to Tri-State Crematory. Mr. Marsh was professional and courteous in all

respects and handled Mr. Kamm's body with dignity and respect when the body

was transferred into Mr. Marsh's vehicle.

7.

Prior to February 15, 2002, I never had any information or belief that there

were any problems at Tri-State Crematory. I had no information or knowledge that

Tri-State was operating illegally or that Tri-State was not doing all tasks necessary

to properly perform cremations.

8.

Prior to February 15, 2002, I had no information that there were uncremated

bodies throughout the Tri-State premises.

9.

Prior to February 15, 2002, I had no information that Tri-State Crematory

had given anyone adulterated or misidentified cremated remains.

3.

Gilmore Funeral Home, LLC was formed March 1, 2001 when Gilmore

Funeral Home, LLC purchased Gilmore Funeral Home from Harold Gilmore.

4.

Gilmore Funeral Home, LLC arranged one cremation with Tri-State

Crematory. The body of Robert W. Kamm, deceased June 13, 2001, was picked up

at Gilmore Funeral Home, LLC and transported to Tri-State Crematory by Brent

Marsh. The cremains were returned via mail days later.

5.

Mr. Kamm's body was cremated at Tri-State Crematory because of a prior

arrangement between the Kamm family and Harold Gilmore. A Tri-State

Crematory cremation authorization was executed on April 15, 1994. Although it

was my custom and practice to use another crematory for the cremations handled

by Gilmore Funeral Home, LLC, I arranged for Tri-State Crematory to handle Mr.

Kamm's cremation based on the pre-arrangement for Tri-State to handle the

cremation and based on assurances I received from Harold Gilmore that Tri-State

Crematory would properly perform the cremation.

6.

I contacted Tri-State Crematory and spoke with Brent Marsh to arrange for

10.

Prior to February 15, 2002 I had no information that Tri-State Crematory or any of the Marsh family members had intentionally or willfully mishandled a corpse or interfered with human remains.

11.

Prior to February 15, 2002, I had no indication of any problems whatsoever with the service provided by Tri-State Crematory.

12.

I have never willfully, intentionally, or otherwise mishandled any corpses or interfered with any human remains, nor am I aware of any Gilmore Funeral Home, LLC employee who has done so.

13.

Tri-State Crematory operated as an independent contractor. Neither Tri-State Crematory, Ray Marsh, Brent Marsh, or any other Marsh Family members has ever been an agent, employee, or servant of Gilmore Funeral Home, LLC.

14.

I have never authorized or otherwise approved of any improper cremation or adulteration of human remains by Tri-State Crematory, nor am I aware that any employee or representative of Gilmore Funeral Home, LLC, has ever given such

authorization or approval.

15.

I was deeply shocked by the discovery at Tri-State Crematory on or about

February 15, 2002. The alleged actions of Brent Marsh or any other Marsh family

members were in no way in furtherance of Gilmore Funeral Home, LLC's business

and practices, and indeed have been a detriment and sadness to me and the other

employees and/or principals of Gilmore Funeral Home, LLC.

This 14 day of October, 2003.


_____
WAYNE BUSH
on behalf of Gilmore Funeral Home, LLC


Sworn to and subscribed before
me this 14th day of

October , 2003.

_____
NOTARY PUBLIC

My Commission Expires July 21, 2008

1182428v1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy

of the within and foregoing **Gilmore Funeral Home, LLC's Motion to Substitute**

**Supporting Affidavit** by causing a copy of same to be placed in first class U.S. mail

with adequate postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA 30720-1105
Liaison for Plaintiffs

McCracken Poston, Jr., Esquire          Frank E. Jenkins, III, Esquire
OFFICE McCRACKEN POSTON               JENKINS & OLSON
Post Office Box 1130                   15 Public Square, South
Ringgold, GA 30736                     Cartersville, GA 30120-3350
Liaison/Lead Counsel for Tri-State Crematory, Inc. and the Marsh Family

This 20th day of October, 2003.


                                        _____
                                        J. Anderson Davis


135649.1