# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

OCT 2 0 2003

LUTHER D. THOMAS, Clerk
By _____ Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

IN RE:  TRI-STATE           :
                                :

    CREMATORY LITIGATION  :     MDL DOCKET NO. 1467
                                :

_____:

### FUNERAL HOME DEFENDANTS'
### MOTION FOR PROTECTIVE ORDER
### OF FIRST PLAINTIFFS' REQUESTS FOR ADMISSIONS, FIRST
### INTERROGATORY AND FIRST REQUESTS FOR PRODUCTION TO
### EACH FUNERAL HOME DEFENDANT
### and BRIEF IN SUPPORT THEREOF

The Funeral Home Defendants in the above-styled action, pursuant to Fed.

R. Civ. P. 26(c), file this their Motion for Protective Order as to "Plaintiffs' First

Requests for Admissions," "First Interrogatory," First Requests for Production,"

and Brief in Support Thereof, respectfully showing the Court as follows:

1.

On September 17, 2003, Plaintiffs served "Plaintiffs' First Requests for

Admissions," "First Interrogatory," First Requests for Production," to Defendant

W. L. Wilson & Sons Funeral Home. (See Exhibit "A", attached hereto).

2.

On September 29, 2003 and September 30, 2003, Plaintiffs served a similar

625

package on each named defendant funeral home.

3.

Discovery expired on October 1, 2003.

4.

Plaintiffs waited 18 months before serving any Requests for Admission, and then served a document containing 62 Requests for Admission, 1 Interrogatory, asking the funeral home defendant to explain any denial in the 62 requests, and a similar document request.

5.

Plaintiffs should not be permitted to wait until the last moment to serve written discovery and Defendant Funeral Homes should not be required to respond to such a late submission. This will add unnecessary time and expense to these proceedings and allowing such promotes inefficiency, tardiness and dilatory practices.

6.

The Funeral Home Defendants respectfully request that the Court not allow such late submitted written discovery, because it exceeds the number of interrogatories permitted under the Rules of this Court; it allows the scope of discovery to be expanded at the last moment; and it allows discovery which is not

limited in time or in its scope.

7.

The Funeral Home Defendants object to the Request for Admissions because they are untimely and were served directly prior to the expiration of discovery in this case. Discovery has now closed. The prevailing view among district courts is that "[r]equests for admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure are generally bound by fact discovery deadlines." *Fournier v. Erickson*, 242 F.Supp.2d 318, 334 (S.D.N.Y. 2003); *see also Coram Health Care Corp. of Ill. V. MCI Worldcom Communications. Inc.*, 2001 WL 1467681 (N.D. Ill. 2001).

8.

In addition, Local Rules 5.4 and 26.3 of the United States District Court for the Northern District of Georgia treat requests for admissions as discovery material. Accordingly, Plaintiffs' requests for admissions are untimely since they were filed 12 days before the expiration of discovery and 27 days before dispositive motions are due.

9.

The practice of submitting requests for admissions to a party shortly before discovery closes was addressed and condemned in *Gluck v. Ansett Australia LTD.*,

204 F.R.D. 217 (D.C. 2001). In *Gluck*, the plaintiff had submitted requests for admissions a matter of days before the discovery period ended. The Defendant Funeral Homes sought and obtained a protective order due to plaintiff's failure to timely submit these requests. Plaintiff appealed the lower court's ruling. The Court held that the lower court committed no error "in protecting the defendant from plaintiff's sharp practice." *Id.* at 218 -220. Therefore, the Funeral Home Defendants should be excused from answering such requests at this late hour, after discovery has closed.

10.

The Funeral Home Defendants object to these Request for Admissions because all the Funeral Home Defendants, and Plaintiffs alike, have been denied access to all information and evidence that exists because of the pending criminal cases against Brent Marsh. The State of Georgia secured, and still holds, evidence of an unknown quantity and nature, and Brent Marsh has understandably invoked his Fifth Amendment right. Accordingly, the information necessary for responding to many of Plaintiffs' requests is not known or readily obtainable by Funeral Home Defendants and is insufficient to enable the Funeral Home Defendants to respond.

11.

The undersigned Counsel certifies that he has conferred with Liaison Counsel for Plaintiffs and that a resolution could not be reached.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully pray that this Court grant the instant Motion for Protective Order

\*    \*    \*

This is to certify that the foregoing pleading was prepared using Times New Roman 14 point font in accordance with LR 5.1(B).

Respectfully submitted this ___20th___ day of October, 2003.

> **BRINSON, ASKEW, BERRY, SEIGLER,**
> **RICHARDSON & DAVIS, LLP**
>
> Robert M. Brinson
> Georgia Bar No. 082900
>
> By: _____
>
> J. Anderson Davis
> Georgia Bar No. 211077
> Lead and Liaison Counsel for
> Defendant Funeral Homes

P.O. Box 5513
Rome, GA  30162-5513
Phone:  706/291-8853
Fax: 706/234-3574

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:  TRI-STATE CREMATORY LITIGATION<br><br>This document relates to all cases. | MDL DOCKET NO. 1467 |

## FIRST REQUESTS FOR ADMISSIONS
## TO DEFENDANT W.L.WILSON & SONS FUNERAL HOME

Come Now Plaintiffs and herewith serve Defendant W.L. Wilson &
Sons Funeral Home with a copy of the within and foregoing Requests for
Admissions, pursuant to Fed. R. Civ. P. 36.  All such matters shall stand
admitted unless, within thirty (30) days after service of the request, the party
to whom the request is directed shall serve upon Plaintiffs a written answer
or objection addressed to each such matter, signed by the party or by the
party's attorney.

Please admit the following:

1.     W.L.Wilson & Sons Funeral Home hired Tri-State Crematory
to perform cremations of human remains at times between January 1, 1988
and February 15, 2002.

RESPONSE:

281533.1

2.     W.L.Wilson & Sons Funeral Home is aware of no contemporaneous record created or maintained by Tri-State Crematory and/or the Marsh Defendants to track and preserve a record of the identity of the decedents sent to Tri-State for cremation.

RESPONSE:

3.     W.L.Wilson & Sons Funeral Home is aware of no contemporaneous record created or maintained by Tri-State Crematory and/or the Marsh Defendants to document the date and time decedents' remains were picked up or received by Tri-State.

RESPONSE:

4.     W.L.Wilson & Sons Funeral Home is aware of no contemporaneous record created or maintained by Tri-State Crematory and/or the Marsh Defendants to document the date and time of performing the cremation of decedents' remains.

RESPONSE:

5.     W.L.Wilson & Sons Funeral Home is aware of no contemporaneous record created or maintained by Tri-State Crematory and/or the Marsh Defendants to document the date and time of delivery of decedents' cremated remains back to W.L.Wilson & Sons Funeral Home.

RESPONSE:

6.     Before using Tri-State Crematory for the first time, W.L.Wilson & Sons Funeral Home made no inquiry into whether Tri-State Crematory was licensed as a crematory.

RESPONSE:

7.     Before using Tri-State Crematory for the first time, W.L.Wilson
& Sons Funeral Home made no inquiry into whether Tri-State Crematory
had a licensed funeral director managing its operations.

RESPONSE:

8.     Before using Tri-State Crematory for the first time, W.L.Wilson
& Sons Funeral Home made no inquiry into whether Tri-State Crematory
was a licensed funeral establishment.

RESPONSE:

9.     Before using Tri-State Crematory for the first time, W.L.Wilson
& Sons Funeral Home made no inquiry into whether Tri-State Crematory
had any licensed funeral directors on the premises or conducting cremations.

RESPONSE:

10.     At no point in time while W.L.Wilson & Sons Funeral Home
was using Tri-State Crematory did W.L.Wilson & Sons Funeral Home ever
inquire whether Tri-State Crematory was licensed as crematory.

RESPONSE:

11.     At no point in time while W.L.Wilson & Sons Funeral Home
was using Tri-State Crematory did W.L.Wilson & Sons Funeral Home ever
inquire whether Tri-State Crematory had a licensed funeral director
managing its operations.

RESPONSE:

12.     At no point in time while W.L.Wilson & Sons Funeral Home was using Tri-State Crematory did W.L.Wilson & Sons Funeral Home ever make any inquiry into whether Tri-State Crematory was licensed as a funeral establishment.

RESPONSE:


13.     W.L.Wilson & Sons Funeral Home never had any information that Tri-State Crematory was licensed as crematory.

RESPONSE:


14.     W.L.Wilson & Sons Funeral Home never had any information that Tri-State Crematory had a licensed funeral director managing its operations.

RESPONSE:


15.     W.L.Wilson & Sons Funeral Home never had any information that Tri-State Crematory was a licensed funeral establishment.

RESPONSE:


16.     W.L.Wilson & Sons Funeral Home never had any information that Tri-State Crematory was inspected by authorities from any regulatory boards (in Georgia or Tennessee or Alabama).

RESPONSE:

17.    Tri-State Crematory was never licensed as a crematory by any regulatory boards (in Georgia or Tennessee or Alabama.)

RESPONSE:

18.    Tommy Ray Brent Marsh was never licensed as a funeral director by any funeral regulatory boards (in Georgia or Tennessee or Alabama).

RESPONSE:

19.    Ray Marsh (the father of Tommy Ray Brent Marsh) was never licensed as a funeral director by any funeral regulatory boards (in Georgia or Tennessee or Alabama.)

RESPONSE:

20.    Clara Marsh was never licensed as a funeral director by any funeral regulatory boards (in Georgia or Tennessee or Alabama).

RESPONSE:

21.    Rhames LaShea Marsh was never licensed as a funeral director by any funeral regulatory board in Georgia.

RESPONSE:

22.    W.L.Wilson & Sons Funeral Home had no knowledge at the time W.L.Wilson & Sons Funeral Home sent decedent's remains to Tri-State Crematory of the educational training (in funeral directing, embalming, or cremation) of anyone at Tri-State Crematory.

RESPONSE:


23.    W.L.Wilson & Sons Funeral Home had no knowledge at the time W.L.Wilson & Sons Funeral Home sent decedents' remains to Tri-State Crematory of the educational training (in funeral directing, embalming, or cremation) of Ray Marsh.

RESPONSE:


24.    W.L.Wilson & Sons Funeral Home had no knowledge at the time W.L.Wilson & Sons Funeral Home sent decedents' remains to Tri-State Crematory of the educational training (in funeral directing, embalming, or cremation) of Tommy Ray Brent Marsh.

RESPONSE:


25.    In 1997, Tri-State Crematory, Inc. was administratively dissolved as a corporate entity.

RESPONSE:


26.    Dead human bodies pose a human health risk (from potential diseases such as HIV, AIDS, tuberculosis and Creutzfeld-Jacobs) such that precautions are necessary in handling and disposing of dead human bodies.

RESPONSE:


27.    Dead human bodies pose an environmental health risk to air and/or water (from potential diseases such as HIV, AIDS, tuberculosis and Creutzfeld-Jacobs) such that precautions are necessary in handling and disposing of dead human bodies.

RESPONSE:


28.    W.L.Wilson & Sons Funeral Home was not on the premises of Tri-State Crematory in:

    a.    1988
    b.    1989
    c.    1990
    d.    1991
    e.    1992
    f.    1993
    g.    1994
    h.    1995
    i.    1996
    j.    1997
    k.    1998
    l.    1999
    m.    2000
    n.    2001
    o.    2002 (before February 15, 2002).

RESPONSE:


29.    W.L.Wilson & Sons Funeral Home never saw any equipment for processing human remains after cremation at the Tri-State Crematory. For the purposes of this request, "processing" means crushing or pulverizing remains to reduce their volume for placement in an urn.

RESPONSE:


30.    W.L.Wilson & Sons Funeral Home never saw a processing center for reducing cremated human remains at Tri-State Crematory.

RESPONSE:

31.    W.L.Wilson & Sons Funeral Home never saw the interior of the cremation chamber at Tri-State Crematory.

RESPONSE:

32.    Tri-State Crematory, in some instances, returned non-human materials instead of cremated human remains.

RESPONSE:

33.    Tri-State Crematory, in some instances, returned cremated human remains to families whose deceased loved one's body was later found and identified at Tri-State Crematory.

RESPONSE:

34.    The cremated human remains returned to families (who later had the un-cremated remains identified among those recovered from the Tri-State property) in error cannot be identified.

RESPONSE:

35.    Pits containing cremated human remains were found by authorities at the Tri-State Crematory.

RESPONSE:

36.    The identity, dates of death and number of the decedents whose cremated remains were found on the Tri-State property can never be determined.

RESPONSE:


37.    W.L.Wilson & Sons Funeral Home prepared Georgia death certificates for decedents sent to Tri-State crematory.

RESPONSE:


38.    The official Georgia death certificate includes an item or entry for "Burial, Cremation Disposition Date."

RESPONSE:


39.    W.L.Wilson & Sons Funeral Home entered a disposition date on Georgia death certificates for decedents sent to Tri-State Crematory without actually knowing the date of disposition (cremation.)

RESPONSE:


40.    W.L.Wilson & Sons Funeral Home was required by law to sign an official cremation permit prior to disposition of a human body by cremation.

RESPONSE:

41.     After cremation, the law required that the cremation permit to be filed with a local governmental authority, such as a county health department.

RESPONSE:


42.     W.L.Wilson & Sons Funeral Home  used Tri-State Crematory for the cremation of the decedents listed on the document attached to these requests as Exhibit A.

RESPONSE:


43.     Regarding each decedent listed on Exhibit A, W.L.Wilson & Sons Funeral Home is aware of no contemporaneously created record which reflects what befell the decedents' remains at Tri-State Crematory.

RESPONSE:


44.     Regarding each decedent listed on Exhibit A, when W.L. Wilson & Sons Funeral Home received materials from Tri-State that were represented to be the cremated remains of the decedent, W.L.Wilson & Sons Funeral Home received no documentation demonstrating the identity of the decedent or the date and time of the cremation.

RESPONSE:


45.     W.L.Wilson & Sons Funeral Home procured or caused to be prepared an official cremation permit from a state or county health authority prior to sending each decedent listed on Exhibit A to Tri-State Crematory. For the purposes of this request, "official cremation permit" means a permit issued by a state or county health department (or issued by a person authorized to issue such permits) that provides for  cremation.

RESPONSE:


46.    W.L.Wilson & Sons Funeral Home has no information, knowledge, facts or records that would indicate that any cremation permit was ever filed concerning any decedent listed on Exhibit A.

RESPONSE:


47.    W.L.Wilson & Sons Funeral Home procured or caused to be prepared an official transit permit from a state or county health authority prior to sending each decedent listed on Exhibit A to the Tri-State Crematory. For the purposes of this request, "official  transit permit" means a permit issued by a state or county health department (or issued by a person authorized to issue such permits) that provides for transit of a dead human body.

RESPONSE:


48.    W.L.Wilson & Sons Funeral Home is aware of no record of the date, time and manner of the delivery of the remains of any decedent listed on Exhibit A to Tri-State Crematory.

RESPONSE:


49.    W.L.Wilson & Sons Funeral Home is aware of no record of the date, time, and manner of receiving the cremated remains of any decedent listed on Exhibit A from Tri-State Crematory.

RESPONSE:

50.    W.L.Wilson & Sons Funeral Home has no receipt, document or other record indicating that W.L.Wilson & Sons Funeral Home delivered the body of any decedent listed on Exhibit A to Tri-State Crematory.

RESPONSE:


51.    W.L.Wilson & Sons Funeral Home did not file an official cremation permit with any governmental body or department after sending or delivering the body of each decedent listed on Exhibit A to Tri- State Crematory.

RESPONSE:


52.    W.L.Wilson & Sons Funeral Home did not see a permanent identification tag or metal disc in the returned cremated remains of any decedent listed on Exhibit A.

RESPONSE:


53.    W.L.Wilson & Sons Funeral Home never inspected the cremated remains of any decedent listed on Exhibit A.

RESPONSE:


54.    Regarding each decedent listed on Exhibit A, W.L.Wilson & Sons Funeral Home has no receipt, document or record indicating who picked up the body for transportation to Tri-State Crematory.

RESPONSE:

55.    W.L. Wilson & Sons Funeral Home has no records, documents or evidence that would indicate who delivered the cremated remains of any decedent listed on Exhibit A to W.L. Wilson & Sons Funeral Home.

RESPONSE:


56.    W.L. Wilson & Sons Funeral Home is aware of no documents, records or evidence indicating that the dead human body of any decedent listed on Exhibit A and cremated remains of those decedents were properly handled by the Tri-State Crematory.

RESPONSE:


57.    W.L. Wilson & Sons Funeral Home is aware of no records, documents or other evidence indicating that the body of any decedent listed on Exhibit A was in fact cremated at the Tri-State Crematory.

RESPONSE:


58.    For each decedent listed on Exhibit A, W.L. Wilson & Sons Funeral Home cannot state with certainty that Tri-State Crematory cremated the decedent.

RESPONSE:


60.    For each decedent listed on Exhibit A, W.L. Wilson & Sons Funeral Home cannot state with certainty that Tri-State Crematory returned the cremated remains of the decedent to W.L. Wilson & Sons Funeral Home and/or to the family of the decedent.

RESPONSE:


62.    For each decedent listed on Exhibit A, W.L.Wilson & Sons
Funeral Home could have used a licensed crematory for the cremation.

RESPONSE:


Dated this 18th day of September, 2003     Respectfully submitted,


_____

LIEFF, CABRASER, HEIMANN &          McCAMY, PHILLIPS, TUGGLE &
BERNSTEIN, LLP                      FORDHAM, LLP
Elizabeth J. Cabraser               Robert H. Smalley, III
Embarcadero Center West             P.O. Box 1105
275 Battery Street, 30th Floor      Dalton, Georgia
San Francisco, CA  94111-3339       Telephone:  (706) 278-4499
Telephone:  (415) 956-1000          Facsimile:  (706) 278-5002
Facsimile:  (415) 956-1008

*Plaintiffs' Lead Counsel*           *Plaintiffs' Liaison Counsel*

Kathryn E. Barnett                  DOFFERMYRE, SHIELDS,
Alistair E. Newbern                 CANFIELD, KNOWLES & DEVINE
3319 West End Avenue, Suite 600     Ken Canfield
Nashville, Tennessee  37203         Ralph I. Knowles, Jr.
Telephone:  (615) 313-9000          Leslie Bryan
Facsimile:  (615) 313-9965          Suite 1600, 1355 Peachtree Street
                                    Atlanta, Georgia  30309
                                    Telephone:  (404) 881-8900
                                    Facsimile:  (404) 881-3007

BARRETT LAW OFFICE
Don Barrett
P.O. Box 987
Lexington, Mississippi  39095
Telephone:  (662) 834-2376
Facsimile:  (662) 834-2628

Charles Barrett
Marshall H. Smith, Jr.
3319 West End Avenue, 6th Floor
Nashville, Tennessee  37203
Telephone:  (615) 386-8391
Facsimile:  (615) 386-8392

Charles Graddick
Todd Strohmeyer
SIMS, GRADDICK & DODSON, P.C.
205 St. Emanuel Street
Mobile, Alabama  36602

DAVID RANDOLPH SMITH &
ASSOCIATES
David Randolph Smith
J. Allen Murphy, Jr.
1910 Acklen Avenue
Hillsboro Village
Nashville, Tennessee 37212
(615) 742-1775

*Plaintiffs' Steering Committee*

SHUMAKER, WITT, GAITHER &
WHITAKER
William G. Colvin
Christy Sell
Suite 500, First Tennessee Building
701 Market Street
Chattanooga, Tennessee  37402
Telephone:  (423) 265-2214
Facsimile:  (423) 266-1842

Robert M. Darroch
MABRY & MCCLELLAND, LLP
Tenth Floor, 2200
Century Parkway, N.E.
Atlanta, Georgia  30345

THE FLEISSNER FIRM
Phillip A. Fleissner
600 Georgia Avenue
Chattanooga, Tennessee 37402
(423) 756-3591

COPPEDGE & LEMAN
Warren N. Coppedge, Jr.
Joseph Leman
508 s. Thornton Ave.
Dalton, GA  30720
(706) 226-0040

281533.1

## PROOF OF SERVICE BY MAIL

I hereby certify that a copy of the foregoing was served by postage

prepaid United States mail on the 18th of September, 2003 addressed to those

listed below:

_____

Robert H. Smalley, III
Plaintiffs' Liaison Counsel

J. Anderson Davis, Esq.
Brinson, Askew, Berry, Seigler,
Richardson & Davis, LLP
PO Box 5513
Rome, GA  30162

Funeral Home Defendants Lead/Liaison Counsel

Frank E. Jenkins, III
Jenkins & Olson, PC
15 South Public Square
Cartersville, GA 30120

McCracken K. Poston, Jr., Esq.
Attorney at Law
62 Nance Lane
PO Box 1130
Ringgold, GA  30736

Counsel for Defendants
T. Ray Brent Marsh &
Tri-State Crematory

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:  TRI-STATE CREMATORY LITIGATION | MDL DOCKET NO. 1467 |
| This document relates to all cases. | |

## PLAINTIFFS' FIRST INTERROGATORY
## TO DEFENDANT  W.L.WILSON & SONS FUNERAL HOME

Come Now Plaintiffs and herewith serve Defendant W.L. Wilson &

Sons Funeral Home with a copy of the within and foregoing Interrogatory,

pursuant to Fed. R. Civ. P. 26 and 33.


1.     For each request for admission submitted to you in Plaintiffs'
First Requests For Admissions To Defendant W.L.Wilson & Sons Funeral
Home, that you did not unequivocally admit, please fully explain the basis
for your response and list all witnesses and documents that support your
response.

RESPONSE:

Dated this 17th day of September, 2003  Respectfully submitted,

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Elizabeth J. Cabraser
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Plaintiffs' Lead Counsel*

Kathryn E. Barnett
Alistair E. Newbern
3319 West End Avenue, Suite 600
Nashville, Tennessee  37203
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

BARRETT LAW OFFICE
Don Barrett
P.O. Box 987
Lexington, Mississippi  39095
Telephone:  (662) 834-2376
Facsimile:  (662) 834-2628

Charles Barrett
Marshall H. Smith, Jr.
3319 West End Avenue, 6th Floor
Nashville, Tennessee  37203
Telephone:  (615) 386-8391
Facsimile:  (615) 386-8392

McCAMY, PHILLIPS, TUGGLE &
FORDHAM, LLP
Robert H. Smalley, III
P.O. Box 1105
Dalton, Georgia
Telephone:  (706) 278-4499
Facsimile:  (706) 278-5002

*Plaintiffs' Liaison Counsel*

DOFFERMYRE, SHIELDS,
CANFIELD, KNOWLES & DEVINE
Ken Canfield
Ralph I. Knowles, Jr.
Leslie Bryan
Suite 1600, 1355 Peachtree Street
Atlanta, Georgia  30309
Telephone:  (404) 881-8900
Facsimile:  (404) 881-3007

SHUMAKER, WITT, GAITHER &
WHITAKER
William G. Colvin
Christy Sell
Suite 500, First Tennessee Building
701 Market Street
Chattanooga, Tennessee  37402
Telephone:  (423) 265-2214
Facsimile:  (423) 266-1842

Charles Graddick
Todd Strohmeyer
SIMS, GRADDICK & DODSON, P.C.
205 St. Emanuel Street
Mobile, Alabama 36602

DAVID RANDOLPH SMITH &
ASSOCIATES
David Randolph Smith
J. Allen Murphy, Jr.
1910 Acklen Avenue
Hillsboro Village
Nashville, Tennessee 37212
(615) 742-1775

*Plaintiffs' Steering Committee*

Robert M. Darroch
MABRY & MCCLELLAND, LLP
Tenth Floor, 2200
Century Parkway, N.E.
Atlanta, Georgia 30345

THE FLEISSNER FIRM
Phillip A. Fleissner
600 Georgia Avenue
Chattanooga, Tennessee 37402
(423) 756-3591

COPPEDGE & LEMAN
Warren N. Coppedge, Jr.
Joseph Leman
508 s. Thornton Ave.
Dalton, GA 30720
(706) 226-0040

## PROOF OF SERVICE BY MAIL

I hereby certify that a copy of the foregoing was served by postage

prepaid United States mail on the 22nd of August, 2003 addressed to those

listed below:

_____

Robert H. Smalley, III
Plaintiffs' Liaison Counsel

J. Anderson Davis, Esq.
Brinson, Askew, Berry, Seigler,
Richardson & Davis, LLP
PO Box 5513
Rome, GA  30162

Funeral Home Defendants Lead/Liaison Counsel

Frank E. Jenkins, III
Jenkins & Olson, PC
15 South Public Square
Cartersville, GA 30120


McCracken K. Poston, Jr., Esq.
Attorney at Law
62 Nance Lane
PO Box 1130
Ringgold, GA  30736

Counsel for Defendants
T. Ray Brent Marsh &
Tri-State Crematory

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: TRI-STATE CREMATORY LITIGATION<br><br>This document relates to all cases. | MDL DOCKET NO. 1467 |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT W.L. WILSON & SONS FUNERAL HOME

Come Now Plaintiffs and herewith serve Defendant W.L. Wilson &

Sons Funeral Home with a copy of the within and foregoing Requests for

Production of Documents, pursuant to Fed. R. Civ. P. 26 and 34.

    1.    For each request for admission submitted to you in the First Set
Of Requests For Admissions To Defendant W.L. Wilson & Sons Funeral
Home, that you did not unequivocally admit, please produce all documents
that support your response.

    RESPONSE:

281533.1

Dated this 18th day of September, 2003     Respectfully submitted,

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Elizabeth J. Cabraser
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Plaintiffs' Lead Counsel*

Kathryn E. Barnett
Alistair E. Newbern
3319 West End Avenue, Suite 600
Nashville, Tennessee  37203
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965


BARRETT LAW OFFICE
Don Barrett
P.O. Box 987
Lexington, Mississippi  39095
Telephone:  (662) 834-2376
Facsimile:  (662) 834-2628

Charles Barrett
Marshall H. Smith, Jr.
3319 West End Avenue, 6th Floor
Nashville, Tennessee  37203
Telephone:  (615) 386-8391
Facsimile:  (615) 386-8392

McCAMY, PHILLIPS, TUGGLE &
FORDHAM, LLP
Robert H. Smalley, III
P.O. Box 1105
Dalton, Georgia
Telephone:  (706) 278-4499
Facsimile:  (706) 278-5002

*Plaintiffs' Liaison Counsel*

DOFFERMYRE, SHIELDS,
CANFIELD, KNOWLES & DEVINE
Ken Canfield
Ralph I. Knowles, Jr.
Leslie Bryan
Suite 1600, 1355 Peachtree Street
Atlanta, Georgia  30309
Telephone:  (404) 881-8900
Facsimile:  (404) 881-3007


SHUMAKER, WITT, GAITHER &
WHITAKER
William G. Colvin
Christy Sell
Suite 500, First Tennessee Building
701 Market Street
Chattanooga, Tennessee  37402
Telephone:  (423) 265-2214
Facsimile:  (423) 266-1842

Charles Graddick
Todd Strohmeyer
SIMS, GRADDICK & DODSON, P.C.
205 St. Emanuel Street
Mobile, Alabama  36602

DAVID RANDOLPH SMITH &
ASSOCIATES
David Randolph Smith
J. Allen Murphy, Jr.
1910 Acklen Avenue
Hillsboro Village
Nashville, Tennessee 37212
(615) 742-1775

*Plaintiffs' Steering Committee*

Robert M. Darroch
MABRY & MCCLELLAND, LLP
Tenth Floor, 2200
Century Parkway, N.E.
Atlanta, Georgia  30345

THE FLEISSNER FIRM
Phillip A. Fleissner
600 Georgia Avenue
Chattanooga, Tennessee 37402
(423) 756-3591

COPPEDGE & LEMAN
Warren N. Coppedge, Jr.
Joseph Leman
508 s. Thornton Ave.
Dalton, GA  30720
(706) 226-0040

281533.1

## PROOF OF SERVICE BY MAIL

I hereby certify that a copy of the foregoing was served by postage prepaid United States mail on the 17th day of September, 2003 addressed to those listed below:

_____
Robert H. Smalley, III
Plaintiffs' Liaison Counsel

J. Anderson Davis, Esq.
Brinson, Askew, Berry, Seigler,
Richardson & Davis, LLP
PO Box 5513
Rome, GA  30162

Funeral Home Defendants Lead/Liaison Counsel

Frank E. Jenkins, III
Jenkins & Olson, PC
15 South Public Square
Cartersville, GA 30120

McCracken K. Poston, Jr., Esq.
Attorney at Law
62 Nance Lane
PO Box 1130
Ringgold, GA  30736

Counsel for Defendants
T. Ray Brent Marsh &
Tri-State Crematory

281533.1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy

of the within and foregoing **Funeral Home Defendants' Motion for Protective**

**Order** by causing a copy of same to be placed in first class U.S. mail with adequate

postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA 30720-1105
Liaison for Plaintiffs

McCracken Poston, Jr., Esquire          Frank E. Jenkins, III, Esquire
OFFICE of McCRACKEN POSTON          JENKINS & OLSON
Post Office Box 1130                          15 Public Square, South
Ringgold, GA 30736-1130                 Cartersville, GA 30120-3350
Lead Counsel for                              Lead Counsel for
Tri-State Crematory, Inc.                    the Marsh Family

This __20th__ day of October, 2003.

J. Anderson Davis