UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Rome
OCT 3 0 2003
LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

In re: Tri-State            )
Crematory Litigation        )        MDL Docket No. 1467
_____)

## ORDER ESTABLISHING PLAINTIFFS' LITIGATION EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR COMMON BENEFIT

This Order is entered pursuant to the "common benefit" doctrine. See e.g. *In re: Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006 (5th Cir. 1977.) Its purpose is to provide for the fair and equitable sharing among all beneficiaries of the cost of the services performed and expenses incurred by plaintiffs' attorneys acting for the common benefit in this complex litigation.

All persons (and/or their attorneys) who, after the date of this Order, either agree (for monetary compensation) to settle, compromise, or dismiss a claim, or recover a judgment for monetary damages or other monetary relief (including both compensatory and punitive damages) related to or arising from the February 15, 2002 discovery of human remains at the Tri-State Crematory premises are hereby assessed 6% (six percent) of the "gross monetary recovery."

"Gross monetary recovery" means all monetary compensation paid by or on behalf of any defendant, including the present value of any fixed and certain future payments.

This Assessment Order shall apply:

a. to all cases now pending, or later filed in, transferred to, or removed to this court and treated as part of the coordinated proceeding known as In re Tri-State Crematory Litigation, MDL Docket No. 1467;

b. to all persons who come within the class definition approved by this Court in its Class Certification Order of March 17, 2003, and to all persons who come within the definition of any settlement class certified by this Court;

c. to all actions and persons for whom an attorney has obtained the documents and information through investigation or discovery in this litigation, or the related work-product of the members of Plaintiffs' Steering Committee;

d. to all actions in which a plaintiff's attorney has agreed in writing or on the record to be bound by this Order, whether those actions are pending in state or federal court;

e. to all actions pending in state court in which a plaintiff's attorney has a joint representation or fee-sharing agreement with any other attorney who

is subject to this Order; and

f. to all actions in a state court to the extent so ordered by the judges presiding over such actions.

The 6% assessment will be divided between the attorney and his or her client as follows:

g. The attorney will pay 2% (two percent) of the gross monetary recovery from his or her attorney's fees.

h. The client will pay 4% (four percent) of the gross monetary recovery as litigation expenses.

i. In the event that the attorney's contingent fee agreement does not provide for reimbursement of expenses, then the full amount of the assessment will be paid by the attorney.

j. The Court reserves the right to relieve, wholly or partly, a plaintiff from the obligations of this order upon a showing of exceptional circumstances.

All amounts paid pursuant to this Order shall be withheld directly by the insurer(s) for any defendant paying any such amount from any payments made by or on behalf of defendants to settle claims or to satisfy judgments.

AO 72A
(Rev.8/82)

The withheld sums are to be deposited into an account to be established by Plaintiffs' Liaison Counsel in this MDL litigation. When the account is established, Plaintiffs' Liaison Counsel shall provide the relevant routing information to Defendants' Lead/Liaison Counsel.

Application for disbursements from the common benefit account may be made by attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients. No amounts will be disbursed without review and approval by the Court. If deemed necessary, the Court may appoint a Special Master for the purpose of reviewing and making recommendations concerning applications for disbursement.

If the amount in the common benefit account, after payment of all approved applications, exceeds the amount of money needed for those payments, the Court will order a refund to those who have contributed.

This Court may modify the terms of this Order at any time the Court shall deem appropriate.

The Court observes that this Order resolves the issues raised in Plaintiffs' Motion for Entry of Order Establishing a "Common Benefit" Fund by the consent of counsel. The Court therefore **GRANTS** Plaintiffs'

AO 72A
(Rev.8/82)

Motion for Entry of Order Establishing a "Common Benefit" Fund [515].

This the 30th day of October, 2003.

_____
Honorable Harold L. Murphy
United States District Judge