FILED IN CLERK'S OFFICE
U.S.D.C. Rome
D-3mcf
NOV 17 2003
LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: Tri-State Crematory Litigation | MDL Docket No. 1467 |
| Carol A. Bechtel, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO.   4:02-CV-041-HLM |
| Tri-State Crematory, Inc., et. al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT MARSH'S

## MOTION TO LIFT PROTECTIVE ORDER

COMES NOW T. Ray Brent Marsh, Clara Marsh and the Estate of Tommy Ray Marsh, Defendants in the above-styled civil action, and moves this Court to lift the Protective Order attached as exhibit "one" hereto. This motion is made in accordance with F.R.C.P. 26(c). The Marsh defendants assert that the need for the protective order no longer exists, and that the protective order is now impeading litigation pending in the State of Tennessee, such litigation not being a part of this action. Moreover, the Protective Order is impeading the use of materials being produced in the criminal court action pending in Walker County, Georgia. The reasons for lifting the protective order include:

1. Paragraph 12 of the Protective Order provides "Nothing in this order shall prevent any party or the Georgia Bureau of Investigation from seeking modification of this order or from objecting to discovery that it believes is otherwise improper." The order can be lifted by this court.

2. The Georgia Bureau of Investigation and the District Attorney of Walker County, Georgia have made their entire investigative files available to McCracken Poston for use in the criminal proceedings in Walker County, Georgia. At the time this court entered its protective order, the criminal investigation was not completed; moreover, the materials covered by the protective order were materials used by Dr. Sperry in a "seminar" he gave regarding the criminal investigation. When the Georgia Bureau of Investigation sought this order, they participated in oral argument stating that the completion of the criminal investigation would take away the need for the order. Finally, the production of the materials now make this a situation where the Georgia Bureau of Investigation can no longer claim that the materials are protected by the argument they are a state secret; particularly since the criminal investigation is now complete.

3. There are numerous cases that are opting out of this case. Many of the "opt outs" are pending in the State of Tennessee. The materials produced in this litigation, and the depositions taken in this case, are highly relevant to the Tennessee claims. Moreover, the documentation produced by the Georgia Bureau of Investigation, and

the District Attorney General's Office of Walker County, are highly relevant in the Tennessee litigation. The removal of the protective order will allow the use of this evidence in both the Georgia Criminal cases and in the Tennessee Civil cases.

4. The purpose of the protective order no longer exists. The use of this evidence, including the evidence produced by the Georgia Bureau of Investigation and the District Attorney or Walker County, no longer needs the protection requested by the Georgia Bureau of Investigation. The material is now being produced in the criminal action, and must be used in that action, and other actions, in Tennessee without the impediments of this protective order.

5. The funeral home defendants sought a partial lifting of the protective order as it applies to Dr. Kris Sperry, and entered the agreed order attached as exhibit "two" to this Motion. This partial lifting of the protective order clearly demonstrates that there is no need to keep the protective order in place, allowing the use of the documentation in the Georgia Criminal cases and in the Tennessee claims. Moreover, the parties can seek protective orders in either the criminal or the civil cases as the need arises.

WHEREFORE, the Marsh defendants seek a court order lifting the Protective Order attached as exhibit "one." The Marsh defendants seek a complete lifting of the order as it applies to all evidence, including discovery documents, protected by the terms and conditions of said order.

Respectfully submitted,

JENKINS & OLSON, P.C.

*/s/ Frank E. Jenkins, III w/perm*
FRANK E. JENKINS, III
Georgia Bar No. 390550

*/s/ Jennifer Joy Walker w/perm*
JENNIFER JOY WALKER
Georgia Bar No. 732263

*/s/ McCracken K. Poston w/perm*
McCRACKEN K. POSTON
Georgia Bar No. 585606

GOINS, CARPENTER & JAMES

*/s/ Stuart F. James*
STUART F. JAMES
Georgia Bar No. 389355

Counsel for T. Ray Marsh,
Clara Marsh, and T. Ray Brent Marsh and
Tri State Crematory, Inc.

-4-

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ***Defendants' Motion and Brief in Support of Protective Order*** upon all parties to this matter by depositing a true copy of same in the United States Mail, proper postage prepaid, addressed to counsel of record as follows:

J. Anderson Davis
Mark Maynard Jackson Webb
Brinson Askew Berry Siegler
Richardson & Davis
Post Office Box 5513
Rome, GA 30162-5513

Robert Harris Smalley, III
McCamy Phillips Tuggle & Fordham
Post Office Box 1105
Dalton, Georgia 30720-1105

This 17th day of November, 2003.

Jenkins & Olson, P.C.

Frank E. Jenkins, III
Georgia Bar Number: 390550
15 South Public Square
Cartersville, Georgia 30120
(770) 387-1373

FILED IN OPEN COURT
SEP 1 2 2002
Luther D. Thomas, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE ) MDL DOCKET NO. 1467
CREMATORY LITIGATION )
)
)

CONSENT CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain sensitive documents, videotapes, photographs and things, to be produced by the Georgia Bureau of Investigation ("GBI"), in this and other civil tort actions arising out of the discovery of deceased bodies on the Tri-State Crematory premises in Noble, Georgia, in February and March of 2002, pursuant to the court's authority under Fed. R. Civ. Pro. 26(c) and with the consent of the parties and the GBI, it is hereby ORDERED:

1. **Nondisclosure of Stamped Confidential Documents:**

Except with prior written consent of the GBI, through the Georgia Attorney General's Office, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

A "stamped confidential document" means any document which bears the legend:

"CONFIDENTIAL - Subject to protective Order in MDL Docket

1

No. 1467, USDC, Northern District of Georgia, Rome Division" to signify that it contains information believed to be subject to protection under Fed. R. of Civ. Pro. 26 (c). For purposes of this order, the term "document" means all written, recorded, electronic or graphic material whether produced pursuant to a Rule 45 Subpoena, by agreement, or otherwise. All pleadings, deposition transcripts and exhibits thereto, motions, affidavits and briefs that quote or summarize or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately and under seal.

### 2. Permissible Disclosures:

Notwithstanding paragraph 1, stamped confidential documents may be disclosed to the following:

**(a) counsel for the parties** in the action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

**(b) persons with prior knowledge**, specifically,

2

employees of the Georgia Bureau of Investigation, employees of the Georgia Law Department and counsel and staff associated with the Walker County District Attorney's office;

**(c) court officials involved in this litigation,** including courtroom staff and Judges' law clerks;

**(d) Court designees,** any person designated by the court in the interest of justice, upon such terms as the court may deem proper;

**(e) Deponents and Experts,** persons noticed for depositions or designated as trial witnesses, to the extent necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation

**PROVIDED,** that in all such cases the ~~deponents and~~ experts to whom the disclosure is to be made has signed and filed with the court a form containing:

(i) a recital that the signatory has read and understands this order;

(ii) a recital that the signatory understands the unauthorized disclosures of the stamped confidential documents constitute contempt of this court; and

3

(iii) a statement that the signatory consents to the exercise of personal jurisdiction by this court. The other individuals to whom the disclosure is made as identified above acknowledge this Confidentiality Agreement and Protective Order and are hereby bond by it.

3. **Use of Confidential Information in Depositions**

   **(a) Showing the Deponent Confidential Information**

   During a deposition if any examination about stamped confidential documents is offered the deponent must be made aware of this Order and ~~agree on the record to~~ *shall* be bound by it. All deponents shall be furnished a copy of this order before being examined about, or asked to produce potentially confidential documents.

   **(b) Deposition Transcripts**

   Parties to the litigation, deponents and the Georgia Bureau of Investigation may, during the deposition, designate pages of the transcript that are confidential and mark such pages with the following legend:

   "Confidential - Subject to Protection Pursuant to Court Order"

   Upon such designation, the entire deposition will be

treated as subject to protection against the disclosure under this order. If there is no timely designation of confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions of the deposition and exhibits not so marked.

## 4. Use of Confidential Information in Court

Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered as evidence at trial or any other judicial proceeding before this Court, provided that the proponent of the evidence gives five (5) days advance notice to opposing counsel and to the Georgia Bureau of Investigation through their counsel, if practicable. If not practicable, the party must inform the Court of the status of the evidence. Any party or the Georgia Bureau of Investigation may then move the court for an order that the evidence be received *in camera* or under other conditions to be designated by the court to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if

5

so, what protection, if any, may be afforded to such information in the trial or other judicial proceeding.

### 5. Subpoena by Other Courts or Agencies

If another court or administrative agency subpoenas or orders the production of stamped confidential documents that a party has obtained under the terms of this order, such party shall promptly notify opposing counsel and the Georgia Bureau of Investigation, through its counsel, of the pendency of such order.

### 6. Filing

Stamped confidential documents need not be filed with the clerk except when required in connection with motions under Fed. R. Civ. Pro. 12 or 56 or other matters pending before the court. If filed, they shall be filed under seal and remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.

### 7. Client Consultation

Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in

rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures in paragraph (2) above.

**8. Use**

Persons obtaining access to stamped confidential documents under this order shall use the information only for the preparation of this litigation, and shall not use such information for any other purpose.

**9. Media Disclosure**

Due to the sensitive nature of the stamped confidential documents, disclosure of any stamped confidential documents to any media source, (including but not limited to newspaper, television, radio or internet web site) during or after the course of this litigation, is forbidden. Such disclosure will be in violation of this order and will constitute contempt of court.

**10. Responsibility of the Attorneys**

The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies stamped confidential documents. Parties shall not duplicate

any stamped confidential document except working copies and for filing in court under seal.

## 11. Non-Termination

The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after the final conclusion of all aspects of this litigation, stamped confidential documents and all but one copy of same (other than exhibits in the record) shall be returned to the Georgia Bureau of Investigation, or at the Georgia Bureau of Investigation's option (so long as the GBI retains a copy) shall be destroyed.

Counsel for each party shall be entitled to retain one copy of the stamped confidential documents in accordance with their retention policies and under the terms of this agreement and order. Copies shall not be retained by anyone else, including the parties, their consultants, experts, nor any other persons or entities. The one copy of stamped confidential documents per party will remain under the ambit of this agreement and order, which will remain in full force and effect, even upon conclusion of the litigation.

All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel

8


for the Georgia Bureau of Investigation not more that 150 days after the termination of this litigation.

## 12. Modification Permitted

Nothing in this order shall prevent any party or the Georgia Bureau of Investigation from seeking modification of this order or from objecting to discovery that it believes is otherwise improper.

## 13. No Waiver

(a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production thereof.

(b) The inadvertent, unintentional, or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver in whole or in part, of any party's claims of confidentiality.

## 14. Relevancy, Admissibility, Discoverability

Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of the confidential documents and

information sought.

**15. Penalties**

Parties to this litigation who violate the terms of this order are deemed to be in contempt of this court and the court shall order appropriate sanctions, including, but not limited to the dismissal of the complaint (if the violation is made by a party plaintiff or plaintiff's counsel) or the answer of the particular defendant stricken (if the violation is made by a party defendant or defendant's counsel).

Any non-parties to this litigation who violate the terms of this order and/or the Acknowledgment of Protective Order executed in conjunction herewith are deemed to be in contempt of this court and the court shall order appropriate sanctions.

SO ORDERED this 12th day of ____ 2002

_____
United States District Judge

## Acknowledgment of Protective Order and Agreement to be Bound

_____ states as follows:
(Name of individual to whom disclosure will be made)

1. That I reside at _____

   In the city of _____

   In the county of _____

   In the state of _____

2. That I have read and understand the terms of the Consent Confidentiality Agreement and Protective Order filed in the USDC, NDGA, Rome Division, in the matter styled <u>IN RE: Tri-state Crematory Litigation</u>, MDL Docket No. 1467, dated _____.

3. That I

   \_\_\_\_(a) am engaged as a consultant or expert; or

   \_\_\_\_(b) have been interviewed or deposed by _____,
   on behalf of_____, in preparation and conduct of one or more of the cases consolidated under the Transfer Order in MDL No. 1467, <u>In Re: Tri-State Crematory Litigation</u>.

4. That I agree to comply with and be bound by the provision of the protective order;

1

5. That counsel who has retained or consulted with me has explained the terms of the Confidentiality Agreement and Protective Order.

6. That I will not divulge to persons other than those specifically authorized under Paragraph 2 of the protective order, and will not copy or use, except solely for the purposes of this litigation, any confidential document or information contained therein except as provided under the terms of the protective order.

7. That I acknowledge that such unauthorized disclosure will subject me to contempt of court and sanctions thereof and that by this acknowledgment I have subjected myself to the personal jurisdiction of this court.

Signed:_____

Printed Name:_____

Sworn to and subscribed
before me this _____ day
of _____, 2002.


_____ (SEAL)
Notary Public
My Commission Expires:

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE )
CREMATORY LITIGATION ) MDL DOCKET NO. 1467
)
)

## FIRST AMENDMENT TO CONSENT CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The Funeral Home Defense counsel, in order to adequately report to their respective insurance carrier clients must be able to disclose thereto the contents of the documents and photographs produced by the GBI. These persons are not fact witnesses in the case.

Therefore, the following amendment will be incorporated, by reference, as if a part of the Consent Confidentiality Agreement and Protective Order.

**2. Permissible Disclosures:**

**(f) Insurance Representatives for Defendants,** persons who, through an insurance contract have hired counsel for one or more of the named defendants in this action, and are charged with the duty of evaluating the claims filed by the Plaintiffs. These persons will sign the Acknowledgment of Protective Order and

"2"

285

Agreement to be Bound which was attached to Consent Confidentiality Agreement entered September 12, 2002.

This amendment has reviewed by counsel for Plaintiffs, Marsh Defendants, Funeral Home Defendants and the GBI. This Amendment will be incorporated, by reference, as if a part of the Consent Confidentiality Agreement and Protective Order.

SO ORDERED this 29th day of October, 2002

Harold L. Murphy
United States District Judge

Consented to by:

Robert Smalley
Ga. Bar No. 653405
Lead Counsel for Plaintiffs

McCracken Poston
Ga. Bar No. 585606
Lead Counsel for Marsh Defendants

J. Anderson Davis
Ga. Bar No. 211077
Lead Counsel for Funeral Home Defendants

Christopher Brasher
Ga. Bar No. 078330
Counsel for GBI

116967.1