ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION      :      MDL DOCKET NO. 1467

## J. AVERY BRYAN FUNERAL HOME'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1(B)(2) for the United States District Court for the Northern District of Georgia, the Defendant J. Avery Bryan Funeral Home submits the following statement of material facts to which it contends that there is no genuine issue to be tried, as follows:

1.

J. Avery Bryan Funeral Home ("J. Avery Bryan") started operations under its current name in 1926 in Chattanooga, Tennessee. The funeral home was owned and operated by the Bryan family until Mrs. Bryan's death in 1993; it is currently owned and operated by Joe Lehman. Deposition of Joe Lehman ("Lehman Depo.," p. 10.)

2.

Mr. Lehman has been a licensed funeral director in Georgia and Tennessee since 1968 (*Id.*, p. 15.)

3.

Ray Marsh and J. Avery Bryan had a long-standing and successful working relationship which began when the funeral home utilized the grave opening and closing services owned and operated by Ray Marsh. In 1982, Ray Marsh contacted the Bryans and informed them he was installing a crematory on his property, and suggested that J. Avery Bryan use its crematory in Noble, Georgia. (Lehman Depo., p. 24.)

4.

In June 1982, while an employee of J. Avery Bryan, Mr. Lehman was instructed by Mrs. Bryan to begin transporting bodies for cremation to Tri-State Crematory. (*Id.*).

5.

From 1988 to 2002, J. Avery Bryan sent 75 bodies to Tri-State for cremation, with the last body sent in 2002.

6.

Between 1982 and 1996, Joe Lehman and other J. Avery Bryan employees - including other licensed funeral directors - personally visited the Tri-State property to deliver a body for cremation and/or to pick up cremated remains. (Lehman Depo., p. 11.).

7.

In 1996, Mr. Marsh informed Mr. Lehman that Mr. Marsh's son would be wiling to transport bodies for cremation and return the cremains to J. Avery Bryan. (Lehman Depo., p. 40.)

8.

Therefore, from 1996 forward, a representative of J. Avery Bryan would contact Mr. Marsh to request a cremation, and Mr. Marsh's son would transport those bodies from J. Avery Bryan.

9.

Plaintiff Opal Craze retained J. Avery Bryan to handle the funeral arrangements for her husband, John Craze. Plaintiff's husband died on October 6, 1999.

10.

With regard to the arrangements for her husband, Plaintiff Craze coordinated with J. Avery Bryan for her husband's funeral service and cremation. (Plaintiff Craze's Depo., p.21-22).

11.

Plaintiff Craze executed an authorization for cremation and made arrangements for funeral services and cremation, expenses which were covered by an insurance policy purchased by her husband before his death. (Plaintiff Craze's Depo., p. 24.)

12.

Plaintiff Craze's husband was one of the bodies identified at the Tri-State crematory in 2002. (Plaintiff Craze Depo., p. 34-39).

13.

Plaintiff Shirley's father retained J. Avery Bryan to handle the funeral arrangements for her mother, Dorothy Jean Ledford. Plaintiff's mother died on January 19, 2001.

14.

With regard to the arrangements for her mother, Plaintiff Shirley's father coordinated with J. Avery Bryan and paid for her mother's funeral service and cremation. (Plaintiff Shirley's Depo., p. 25).

15.

Plaintiff Shirley's father executed an authorization for cremation and made the arrangements for her mother's funeral services and cremation. (*Id.*).

16.

Plaintiff Shirley's mother was one of the bodies identified at the Tri-State crematory in 2002. (Plaintiff Shirley's Depo., p. 43).

17.

Plaintiff Oldaker's ex-wife and her family retained J. Avery Bryan to handle the funeral arrangements for their son, James Keith Oldaker. Plaintiff's son died on June 16, 2000.

18.

With regard to the arrangements for his son, Plaintiff Oldaker's ex-wife and her family coordinated with J. Avery Bryan and paid for their son's funeral service and cremation. (Plaintiff Oldaker's Depo., p. 19).

19.

Plaintiff Oldaker's ex-wife or other member of her family, may have executed the authorization for cremation and made the arrangements for their son's funeral services and cremation; Plaintiff Oldaker did not make the arrangements nor did he contract with J. Avery Bryan for said services. (*Id.*).

20.

Plaintiff Oldaker's son was one of the bodies identified at the Tri-State crematory in 2002. (Plaintiff Oldaker's Depo., p. 23-26).

21.

Plaintiff Bonine retained J. Avery Bryan to handle the funeral arrangements for her mother, Evelyn Irene Houseman. Plaintiff's mother died in 1999.

22.

With regard to the arrangements for her mother, Plaintiff Bonine coordinated with J. Avery Bryan. The services executed by J. Avery Bryan for Plaintiff Bonine's mother were paid by proceeds from an insurance policy held by her mother. (Plaintiff Bonine's Depo., p. 25-27).

23.

Plaintiff executed an authorization for cremation and made the arrangements for her mother's funeral services and cremation. (*Id.*).

24.

Plaintiff's mother was not one of the bodies identified at the Tri-State crematory in 2002. (Plaintiff Bonine's Depo., p. 39).

25.

In fact, the cremains of Plaintiff Bonine's mother have been tested and the results have indicated that cremains consist of human cremains. (Plaintiff Bonine's Depo., p. 36-39).

26.

Plaintiff Zuki Hornyak-Ferrell's aunt retained J. Avery Bryan to handle the funeral arrangements for her father, Stephen William Hornyak. Plaintiff's father died on September 30, 2001.

27.

With regard to the arrangements for her father, Plaintiff Hornyak's aunt and her family coordinated with J. Avery Bryan and paid for Plaintiff Hornyak father's funeral service and cremation. (Plaintiff Hornyak's Depo., p. 14-15,18).

28.

Plaintiff Hornyak's aunt executed the authorization for cremation and made the arrangements for Plaintiff Hornyak father's funeral services and cremation; Plaintiff Hornyak did not make the arrangements nor did she contract with J. Avery Bryan for said services. (*Id.*).

29.

Plaintiff Hornyak's father was one of the bodies identified at the Tri-State crematory in 2002. (Plaintiff Hornyak's Depo., p. 21-23).

30.

Plaintiffs Broadrick and Hall's father, Garner Calhoun Pursley, died on July 6, 1994. Plaintiff made arrangements for their father, and retained and coordinated with J. Avery Bryan. The services executed by J. Avery Bryan were paid for by the Plaintiffs. (Plaintiffs Broadrick and Hall's Responses to Request for Production of Documents and Responses to Interrogatories).

31.

Plaintiffs executed an authorization for cremation and made the arrangements for their father's funeral services and cremation. (*Id.*).

32.

Plaintiffs' father was not one of the bodies identified at the Tri-State crematory in 2002. (*Id.*).

33.

Seven years later, on February 15, 2002, uncremated remains from the 1997-2002 era were discovered at the Tri-State location. (Second Aff. of Kris Sperry, ¶¶ 4, 6-9.) Three Hundred and Thirty-Four sets of human remains were found at Tri-State and 211 of those sets of remains have been identified. According to Dr. Kris Sperry, Chief Medical Examiner of the State of Georgia, "based upon the scientific evidence analyzed to date . . . these bodies arrived at Tri-State Crematory no earlier than 1997." (Second Affidavit of Kris Sperry ¶ 2.) Dr. Sperry's opinion is based upon his analysis of the methodology by which these bodies were placed in mass graves, vaults and elsewhere on the property, forensic identification of the bodies and DNA test results." *Id.* at 4-9.

34.

Of the 211 remains identified, *8* of those remains were sent to Tri-State by J. Avery Bryan. (Lehman's Depo., pp. 50-52.)

Respectfully Submitted, this 26th day of November, 2003.

*Charles B. Zirkle, Jr.*
CHARLES B. ZIRKLE, JR. (signed with express permission by J. Anderson Davis)
State Bar No.: 785975
ZIRKLE & HOFFMAN, LLP
Five Concourse Parkway, Suite 2900
Atlanta, Georgia 30328
(770) 551-8700

Attorney for Defendant J. Avery Bryan Funeral Home

BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP

By: *Robert M Brinson (by JAD)*
Robert M. Brinson
State Bar No. 082900

The Ornberg House
615 West First Street
Post Office Box 5513
Rome, GA 30162-5513
(706) 291-8853

*J. Anderson Davis*
J. Anderson Davis
State Bar No. 211077

Lead and Liaison Counsel for Defendant Funeral Homes

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:        TRI-STATE<br>CREMATORY LITIGATION | :<br>:<br>:  MDL DOCKET NO. 1467<br>: |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing J. AVERY BRYAN FUNERAL HOME'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE FOR TRIAL upon all parties by depositing same in the United States mail in a properly-addressed envelope with adequate postage thereon to:

Robert H. Smalley, III, Esq.
McCAMY, PHILLIPS,
TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA 30720-1105
Liaison for Plaintiffs

McCracken Poston, Jr., Esq.           Frank E. Jenkins, III, Esq.
OFFICE McCRACKEN POSTON               JENKINS & OLSON
Post Office Box 1130                  15 Public Square, South
Ringgold, GA 30736                    Cartersville, GA 30120-3350
Liaison/Lead Counsel for Tri-State Crematory, Inc. and the Marsh Family

This 26th day of November, 2003.

_____
J. Anderson Davis
State Bar No. 211077

Lead and Liaison Counsel for
Defendant Funeral Homes



**ORIGINAL**

NOV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE              :
CREMATORY LITIGATION          :      MDL DOCKET NO. 1467
_____:

## CERTIFICATE OF COMPLIANCE

COMES NOW J. Avery Bryan Funeral Home, Defendant in the above-styled civil action, and hereby files its separate and concise Statement of Material Facts As To Which There Is No Genuine Issue for Trial, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1(b)(2) from the Local Rules of Court for the United States District Court for the Northern District of Georgia. Defendant certifies that it has complied with the drafting of its Motions for Summary Judgment and relative pleadings in font Times New Roman at 14 pt.

Respectfully submitted this 26th day of November, 2003.

_____
CHARLES B. ZIRKLE, JR. (signed with
express permission by J. Anderson Davis)
State Bar #785975
Zirkle & Hoffman, LLP
Five Concourse Parkway
Suite 2900
Atlanta, Georgia 30328
(770) 551-8700
ATTORNEY FOR DEFENDANT AVERY FUNERAL HOM

The Omberg House
615 West First Street
Post Office Box 5513
Rome, GA 30162-5513
Phone 706/291-8853
Fax 706/234-3574

BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP

By: _____Robert M. Brinson (by JAD)_____
Robert M. Brinson
Georgia Bar No. 082900

By: _____
J. Anderson Davis
Georgia Bar No. 211077

Lead and Liaison Counsel for Defendant
Funeral Homes

135560

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **J. Avery Bryan Funeral Home's Certificate of Compliance** by causing a copy of same to be placed in first class U.S. mail with adequate postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA  30720-1105
Liaison for Plaintiffs

McCracken Poston, Jr., Esquire           Frank E. Jenkins, III, Esquire
OFFICE McCRACKEN POSTON              JENKINS & OLSON
Post Office Box 1130                              15 Public Square, South
Ringgold, GA   30736                             Cartersville, GA   30120-3350
Liaison/Lead Counsel for Tri-State Crematory, Inc. and the Marsh Family

This 26thth day of November 2003.

_____
J. Anderson Davis
Georgia Bar No. 211077

Lead and Liaison Counsel for Defendant
Funeral Homes

1163889v1

By: bj

4:02-cv-41     DOC #: 726