FILED IN OPEN COURT
DEC - 4 2003
Luther D. Thomas, Clerk
By: [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: TRI-STATE CREMATORY LITIGATION | MDL DOCKET NO. 1467 |

## ORDER AND JUDGMENT OF FINAL APPROVAL OF BUCKNER-RUSH SETTLEMENT

On March 17, 2003, this Court certified, for all purposes, a plaintiff class consisting of, and defined as:

> All those who are or were next of kin of any decedents delivered for cremation to Defendant Tri-State Crematory from the years 1988 to 2002; all persons or entities who were parties to any contract with any Defendant regarding funeral arrangements for a decedent who was delivered for cremation to Defendant Tri-State Crematory from 1988 to 2002 whose claim is not barred by the applicable statute of limitations; and a subclass defined as the next of kin of decedents whose uncremated or otherwise desecrated remains have been recovered from the property of Defendant Tri-State Crematory or the property surrounding Defendant Tri-State.

(Class Certification Order at 106.)

On October 17, 2003, this Court entered its Order Granting

736

Preliminary Approval of Partial Settlement with Buckner-Rush Funeral Home Defendants and Putnam Funeral Home, Inc. and Approving and Directing Notice Thereof.

For the sole purpose of conducting the settlement approval process contemplated under Fed. R. Civ. P. 23(e,) this Court designated a settlement subclass of the previously certified class, the Buckner-Rush Subclass, defined as:

> All those who are or were next of kin of any decedents delivered to Buckner-Rush Enterprises, Inc. d/b/a Buckner-Rush Funeral Homes for cremation and sent to Defendant Tri-State Crematory from January 1,1988 to February 15, 2002; and
>
> All persons or entities who were parties to any contract with Buckner-Rush Enterprises, Inc. d/b/a Buckner-Rush Funeral Homes or Prime Succession, Inc. d/b/a Buckner-Rush Funeral Homes funeral arrangements for any decedent who was delivered for cremation to Defendant Tri-State Crematory from January 1, 1988 to February 15, 2002.

Plaintiffs Linda Hamil, Michael Bell, Norman Jenson and Diane Ballew were appointed to serve as Buckner-Rush Settlement Subclass representatives.

The law firms of McCamy, Phillips, Tuggle & Fordham, LLP;

Lieff, Cabraser, Heimann & Bernstein, LLP; Shumaker, Witt, Gaither & Whitaker; Law Offices of David Randolph Smith; Fleissner & Associates; Coppedge & Leman; Doffermyre, Shields, Canfield, Knowles & Devine; Mabry & McClelland, LLP; Barrett Law Office; and Sims, Graddick & Dodson P.C., having previously been appointed to serve as Class Counsel in this action, were appointed to serve as Settlement Class Counsel.

Kathy Kinsella, of Kinsella Communications, Washington, D.C., was appointed to serve as Notice Administrator for the Buckner-Rush Settlement Subclass and the Putnam Settlement Subclass.

Forms of "Notice of Class Action and Proposed Partial Class Action Settlement" were approved for dissemination, as specified in the approved Class Notice Plan, commencing no later than October 20, 2003. Settlement Class Members were allowed to exclude themselves from the Class ("opt out") by submitting their exclusion requests, in the manner specified in the Class Action Notice, no later than the postmarked date of November 24, 2003.

This Court has conducted a Final Approval Hearing on December 4, 2003, at the hour of 3:00 pm, at the United States District Court for the Northern District of Georgia, in Rome, Georgia, to hear from the settling parties and any Buckner-Rush Settlement Subclass member who

wished to be heard, and to determine whether the proposed settlement should be granted final approval.

The Court has reviewed and considered the reports and presentations of the Notice Administrator and Class Counsel as submitted in writing, and as made at the Final Approval Hearing, has noted that only nine members of the Buckner-Rush Settlement Subclass have timely excluded themselves, and that no members have submitted written objection to any aspect of the proposed settlement, and hereby finds and orders as follows:

1. Notice has been given as directed by this Court, and such notice complies, in form and content, with all applicable requirements of Fed. R. Civ. P. 23(c)(2) and 23(e). Specifically, this Court finds that the notice provided in connection with the Buckner-Rush settlement approval process constitutes "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B.)

2. The certification of the Buckner-Rush Settlement Subclass is hereby confirmed, for purposes of the approval, implementation, and enforcement of the Buckner-Rush settlement. The designations and appointments of subclass representatives and Settlement Class Counsel set forth herein are hereby also confirmed for purposes of implementation and enforcement of the Settlement Agreement.

3. The Buckner-Rush settlement is hereby granted final approval, and the Court directs and orders the parties to effectuate its terms,

in all respects, for the benefit of the members of the Buckner-Rush Settlement Subclass and the settling parties.

4. The Court hereby finds that the Buckner-Rush settlement is fair, reasonable, and adequate, within the meaning of Fed. R. Civ. P. 23(e)(1)(C,) and that it is in the best interests of the settling parties.

5. This Order and Judgment constitutes the final approval of the Buckner-Rush settlement pursuant to the provisions of Fed. R. Civ. P. 23(e.)

6. The persons included in the foregoing Buckner-Rush Settlement Subclass definition who have not timely requested exclusion therefrom, are found to be members of the Buckner-Rush Settlement Subclass for purposes of this Order and the settlement it approves and implements, and are hereby bound by this Judgment, pursuant to the provisions of Fed. R. Civ. P. 23(b)(3,) 23(c)(3,) and 23(e.)

7. Without affecting the finality of this Order and Judgment, this Court retains continuing and exclusive jurisdiction over the Buckner-Rush Settlement Agreement, the parties thereto, and the members of the Buckner-Rush Settlement Subclass, as defined above, for purposes of implementation, administration, interpretation, and enforcement of said Settlement. Plaintiffs' Lead and Liaison Counsel are hereby directed to proceed with the implementation of said Settlement, pursuant to its terms, and to seek such further Orders and directions from this Court as may be necessary and appropriate in so doing.

8. In consideration of ongoing performance and satisfaction of the terms and conditions of the Buckner-Rush Settlement Agreement, the Buckner-Rush Defendants are hereby dismissed from these proceedings with

prejudice, and shall be, and hereby are, released from the claims of the Buckner-Rush Settlement Subclass as set forth in the Settlement Agreement.

IT IS SO ORDERED, the ____ day of December, 2003.

_____
Honorable Harold L. Murphy
UNITED STATES DISTRICT JUDGE