**ORIGINAL**



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| In Re: | § § | MDL DOCKET NO: 1467 |
| TRI-STATE CREMATORY LITIGATION | § § | |

### DEFENDANT JULIAN PEEPLES MEMORIAL CHAPEL, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO ITS STATEMENT OF UNDISPUTED MATERIAL FACTS

COMES NOW Julian Peeples Memorial Chapel, Inc. (hereinafter referred to as "JPMC"), named as Defendant in the above-styled action, and files this Reply to Plaintiffs' Response to its Statement of Material Facts of Which There is No Genuine Dispute, respectfully showing the court as follows:

Several paragraphs of Plaintiffs' Response to Julian Peeples Memorial Chapel, Inc.'s Statement of Material Facts to Which There Is No Genuine Dispute (hereinafter referred to as "Plaintiffs' Response") fail to specifically controvert JPMC's undisputed material facts as required under the Local Rules. Local Rule 56.1(B) (2) provides that "[r]esponse should be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement *shall be deemed to have been admitted*." (Emphasis

added).

Many facts were not "specifically controverted" and the law is clear: facts not specifically controverted are deemed admitted. *Jones v. Gerwens*, 874 F.2d 1534, 1537 n. 3 (11th Cir. 1989) (treating facts as conceded, in accordance with local district court rule, where party opposing summary judgment failed to controvert facts described in the movant's statement of undisputed material facts); *Shah v. Clark Atlanta University, Inc.*, 1999 WL 1042979, *1 n.1 (N.D. Ga. 1999)(Brill, Magistrate J.) ("This court must accept as admitted those facts in the defendant's statement that plaintiff has not 'specifically controverted' with citation to relevant portions of the record. Local Rule 56.1 B(2), (3), N.D. Ga."). And, as this Court has specifically found:

> Courts in the Northern District have interpreted the Rule to require a respondent to:
>
>> set out *specific facts, supported by competent evidence*, which show that a genuine issue of material fact remains for resolution at trial.... [M]ere *denials or allegations by the respondent*, in the form of legal conclusions *unsupported by specific facts*, [do not] suffice to create issues of material fact to preclude summary judgment.

*Doe v. Walker County Bd. of Educ.*, 1997 WL 866983, *1 (N.D. Ga. 1997) (Murphy, J.) (emphasis in original)(*quoting Sanders v. Nunley*, 634 F.Supp. 474, 476 (N.D. Ga. 1985).

JPMC notes that the following Paragraphs of its Statement of Material Facts have been admitted by operation of law:

- Paragraph 4: Plaintiffs state that the accuracy of the contention is "unknown and unknowable." This "reply" does not in anyway contradict or controvert the statement made, thereby making the statement admitted.

- In response to Paragraph 5, Plaintiffs fail to address the statement and then put forth an argument relating to standard of care, never actually addressing the factual statement contained in Paragraph 5. This Paragraph of the Statement of Materials Facts is, therefore, admitted.

- In response to Paragraphs 6 through 9, 17 and 18, Plaintiffs admit that the contention is not disputed and then make an argument without any factual or legal support. These Paragraphs are deemed by Local Rule to be admitted.

- Plaintiffs' response to Paragraph 10 is incorrect as it relates to JPMC. As referenced in JPMC's Motion for Summary Judgment, none of cremation authorization forms utilized by JPMC specifically authorized JPMC to perform the cremation. One of the forms, the short form, was simply on Tri-State Crematory letterhead and stated that the next of kin authorized the cremation, thereby implying that Tri-State Crematory would be performing the cremation. There was no reference to JPMC on this form. The longer

3

- form specifically authorized Tri-State Crematory to perform the cremation. Because Plaintiffs' response lacks any factual support or citation to the record, JPMC's statement must be deemed admitted.

- Similarly, in response to Paragraph 11, Plaintiffs do not dispute the statement and then discuss general practices employed by other funeral homes or funeral homes in Tennessee (JPMC is located in Dalton, Georgia). These were not the practices or documents utilized by JPMC and, therefore, this statement should be deemed admitted.

- Plaintiffs' response to Paragraph 12 does not address the contention except to state that Plaintiffs do not dispute that this is JPMC's contention. Without a specific statement and factual evidence controverting this Paragraph, however, Paragraph 12 should stand admitted.

- In response to Paragraph 14, which states in part that Plaintiffs have no evidence that twenty-nine decedents were not cremated as planned, Plaintiffs fail to rebut this assertion or provide any evidence as to these decedents. As such, this statement should be admitted.

- In response to Paragraphs 19 and 20, Plaintiffs dispute these statements solely to the extent the Marsh Defendants may be deemed agents of JPMC. The extent of the agency relationship is a question of law for the Court.

Accordingly, Plaintiffs have failed to dispute these statements relating to any employee of JPMC and the statement is deemed admitted to that extent.

- Plaintiffs' response to Paragraph 21 disputes the contention that there were physical injuries by referencing injuries which are clearly not physical. Plaintiffs also wholly ignore the statement that there have been no adulterated remains claims against JPMC. Accordingly, having failed to specifically controvert the statement, Plaintiffs have admitted Paragraph 21.

Accordingly, for the foregoing reasons, JPMC respectfully requests that the Court deem Paragraphs 4 through 12 and 17 through 21 of JPMC's Statement of Material Facts of Which There is No Genuine Dispute to be admitted.

This ___ day of December, 2003.

|  |  |
|---|---|
|  | WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC |
| 950 East Paces Ferry Road<br>Suite 3000<br>Atlanta, Georgia 30326<br>(404) 876-2700 | John M. Hawkins<br>Georgia Bar No. 338698 |
|  | BOVIS, KYLE & BURCH, LLC |
| 53 Perimeter Center East<br>3rd Floor<br>Atlanta, Georgia 30346-2298<br>(770) 391-9100 | John H. Peavy, Jr. (by John M. Hawkins with express permission)<br>Georgia Bar No. 569610<br>Attorneys for Julian Peeples Memorial Chapel, Inc. |

5

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **Defendant Julian Peeples Memorial Chapel, Inc.'s Reply to Plaintiffs' Response to Its Statement of Undisputed Material Facts** by causing a copy of same to be placed in first class U.S. mail with adequate postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE
& FORDHAM, LLP
Post Office Box 1105
Dalton, GA 30720-1105

J. Anderson Davis, Esquire
BRINSON, ASKEW, BERRY,
SEIGLER, RICHARDSON
& DAVIS, LLP
P.O. Box 5513
Rome, Georgia 30162-5514

McCracken Poston, Jr., Esquire
OFFICE of McCRACKEN POSTON
Post Office Box 1130
Ringgold, GA 30736

Frank E. Jenkins, III, Esquire
JENKINS & OLSON
15 Public Square, South
Cartersville, GA 30120-3350

This 5 day of December, 2003.

John M. Hawkins
Georgia Bar No. 338698