# ORIGINAL



FILED IN CLERKS OFFICE
U.S.D.C.
DEC 09 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

IN RE: TRI-STATE        :

CREMATORY LITIGATION     :     **MDL DOCKET NO. 1467**

                :

_____ :

## REPLY TO PLAINTIFFS' RESPONSE TO STATEMENT
## OF UNDISPUTED MATERIAL FACTS
## FOR
## SCI GEORGIA FUNERAL SERVICES, INC. d/b/a
## JENNINGS-FUNERAL HOME a/k/a JENNINGS
## HERITAGE CHAPEL FUNERAL HOME AND PARNICK JENNINGS
## FUNERAL HOME AND f/d/b/a KENEMER BROTHERS FUNERAL
## HOME, J. AVERY BRYAN OF CHICKAMAUGA AND
## WALLIS-STEWART FUNERAL HOME

COMES NOW, SCI GEORGIA FUNERAL SERVICES, INC. d/b/a Jennings-

Funeral Home a/k/a Jennings Heritage Chapel Funeral Home and Parnick Jennings

Funeral Home and f/d/b/a Kenemer Brothers Funeral Home, J. Avery Bryan of

Chickamauga and Wallis-Stewart Funeral Home (hereinafter collectively "SCI

Georgia" or "SCI Georgia Funeral Homes") and files this Reply to Plaintiffs'

Response to its Statement of Undisputed Material Facts, showing the Court as

follows:

177

# I.  ARGUMENT AND CITATION OF AUTHORITY

Numerous paragraphs of Plaintiffs' Response to SCI Georgia Funeral Homes' Statement of Material Facts as to Which There is No Genuine Dispute ("Plaintiffs' Response") fail to specifically controvert the facts stated therein, as required under the Local Rules for the Northern District of Georgia.  Local Rule 56.1B(2) dictates that "[r]esponse should be made to each of the movant's numbered material facts.  All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement **shall be deemed to have been admitted.**" (Emphasis added).

When facts are not "specifically controverted," the law is clear: these facts are deemed admitted.  Jones v. Gerwens, 874 F.2d 1534, 1537 n.3 (11th Cir. 1989)(treating facts as conceded, in accordance with local district court rule, where party opposing summary judgment failed to controvert facts described in the movant's statement of undisputed material facts); Shah v. Clark Atlanta University, Inc., 1999 WL 1042979, *1 n.1 (N.D. Ga. 1999)(Brill, Magistrate J.) ("This court must accept as admitted those facts in the defendant's statement that plaintiff has not 'specifically controverted' with citation to relevant portions of the record.  Local Rule 56.1B(2), (3), N.D. Ga.").  And, as this Court has specifically found:

Courts in the Northern District have interpreted the Rule to require a respondent to:

> set out **specific facts, supported by competent evidence**, which show that a genuine issue of material fact remains for resolution at trial . . . . [M]ere **denials or allegations by the respondent**, in the form of legal conclusions, **unsupported by specific facts**, [do not] suffice to create issues of material fact to preclude summary judgment.

Doe v. Walker County Bd. Of Educ., 1997 WL 866983, *1 (N.D. Ga. 1997) (Murphy, J.)(emphasis in original)(quoting Sanders v. Nunley, 634 F.Supp. 474, 476 (N.D. Ga. 1985)).

Accordingly, the following Paragraphs of SCI Georgia Funeral Homes' Statement of Material Facts have been admitted by Plaintiffs by operation of law:

1.  Paragraph 2: This paragraph reviews the procedure for Jennings Funeral Home when sending a body to Tri-State for cremation. In response, Plaintiffs state: "It is not disputed that this is the contention of SCI Georgia." Plaintiffs fail to address the facts in this statement. Therefore, this paragraph is admitted.

2.  Paragraph 3: This paragraph states that Jennings Funeral Home sent two bodies to Tri-State for cremation from 1988 to 1989, with the last body sent on or about August 31, 1988. In response, Plaintiffs state: "It is not disputed that

Jennings Funeral Home has contended that it sent two decedents to Tri-State for cremation during the class period.   However, the accuracy of such contention is unknown and unknowable as any such records, if existing, are within the control of Jennings Funeral Home."   This statement is not only troubling, but offensive.  No one on behalf of Plaintiffs has ever complained about the document production by this Defendant or its attorneys. Although Plaintiffs insinuate that  Jennings Funeral Home has hidden information, Plaintiffs provide no facts to support this position.[1]   Accordingly, this paragraph is deemed admitted.

3.      Paragraph 4: This paragraph reviews the procedure for Parnick Jennings when sending a body to Tri-State for cremation.  In response, Plaintiffs state: "It is not disputed that this is a contention of SCI Georgia and it further exemplifies a lack of due care in selecting, supervising and monitoring a third party crematory."  Plaintiffs fail to address the facts in this statement but instead present an argument related to standard of care.  This paragraph is, therefore, admitted.

---

[1] The undersigned counsel sat down with Liaison Counsel for Plaintiffs and specifically went over the Jennings documents.  It is the undersigned's belief that Liaison counsel did not draft the Response.

4

4.    Paragraph 5: This paragraph states that Parnick Jennings sent seventeen bodies

to Tri-State for cremation for the years 1988 through 1993, with the last body

sent on or about April 13, 1993. In response, Plaintiffs state: "It is not disputed

that Parnick Jennings has contended that it sent seventeen decedents to Tri-

State for cremation during the class period.  However, the accuracy of such

contention is unknown and unknowable as any such records, if existing, are

within the control of Parnick Jennings."  Again, this statement is not only

troubling, but offensive.  No one on behalf of Plaintiffs has ever complained

about the document production by this Defendant or its attorneys. Although

Plaintiffs insinuate that  Parnick Jennings has hidden information, Plaintiffs

provide no facts to support this position.  Accordingly, this paragraph is

deemed admitted.

5.    Paragraph 6: This paragraph states that Kenemer Brothers sent thirty-two

bodies to Tri-State for cremation from September 13, 1988 to December 22,

1994. Further, Kenemer Brothers generally followed the same procedure as the

Jennings Funeral Home when sending bodies to Tri-State for cremation.   In

response, Plaintiffs state: "It is not disputed that Kenemer Brothers has

contended that it sent fifty-six decedents to Tri-State for cremation during the

class period.  However, the accuracy of such contention is unknown and unknowable as any such records, if existing, are within the control of Kenemer Brothers." Again, this statement is not only troubling, but offensive.  No one on behalf of Plaintiffs has ever complained about the document production by this Defendant or its attorneys. Although Plaintiffs insinuate that Kenemer Brothers has hidden information, Plaintiffs provide no facts to support this position.  As for the procedure followed by the Kenemer Brothers, Plaintiffs state in response: "It is also not disputed that Kenemer Brothers followed the procedures outlined about to send bodies to Tri-State for cremation; this contention further exemplifies the lack of due care in supervising and monitoring a third party crematory." Plaintiffs fail to address the facts in this statement but instead present an argument related to standard of care. Accordingly, this paragraph is deemed admitted.

6.    Paragraph 7: This paragraph states that J. Avery Bryan and Wallis-Stewart sent only one body each to Tri-State for cremation, with J. Avery Bryan sending a decedent on or about March 11, 1988 while Wallis-Steward sent one decedent on or about March 24, 1988.  In response, Plaintiffs state: "It is not disputed that J. Avery Bryan and Wallis-Stewart have contended that they each sent one

6

decedent to Tri-State during the class period.  However, the accuracy of such contention is unknown and unknowable as any such records, if existing, are within the control of J. Avery Bryan and Wallis-Stewart."   Again, this statement is not only troubling, but offensive.  No one on behalf of Plaintiffs has ever complained about the document production by this Defendant or its attorneys. Although Plaintiffs insinuate that J. Avery Bryan and Wallis-Stewart have hidden information, Plaintiffs provide no facts to support this position. Accordingly, this paragraph is deemed admitted.

7.     Paragraphs 10-11: These paragraphs review Dr. Kris Sperry's expert testimony, including his conclusion, based on a variety of factors, that the bodies on the site only date from 1997 to 2002.  Plaintiffs admit that the statements were made but dispute that the statements are accurate.  Plaintiffs, however, do not present any facts to show that bodies from the site date from prior to 1997. Accordingly, the undisputed facts in these paragraphs should be deemed admitted.

8.     Paragraph 12: This paragraph states that none of the remains identified on the Tri-State site were sent by the SCI Georgia Funeral Homes.  These funeral homes stopped using Tri-State after December 22, 1994, and the bodies found

at the site date from 1997 to 2002. Plaintiffs do not provide any facts in opposition to this paragraph. Therefore, the paragraph is admitted.

9. Paragraph 13: This paragraph states that there is no evidence any remains from SCI Georgia Funeral Homes were adulterated or mishandled. Plaintiffs do not provide any facts to disprove this statement but only speculation: "All decedents sent to Tri-State during the class period, 1988-2002, were by definition, mishandled as a result of being sent to an unlicensed crematory in violation of statutory duties. There is additionally common evidence of widespread mishandling throughout the class period." Mr. Herman Lassiter *does not support Plaintiffs' position. He is the only witness they brought* forward to assert a claim against the SCI Georgia Funeral Homes. Therefore, this paragraph should be deemed admitted.

10. Paragraph 15: This paragraph recounts that only Kenemer Brothers sent any decedents to Tri-State after July 1, 1994, with Kenemer sending seven decedents there from July 19, 1994 to December 22, 1994. Plaintiffs respond that "[i]t is not disputed that this is the contention of SCI Georgia." Because Plaintiffs have not cited any facts in opposition, this paragraph is admitted.

11. Paragraph 16: This paragraph notes that Ray Marsh and Brent Marsh had no

8

criminal record, and the SCI Georgia Funeral Homes had no knowledge of any mistreatment of human remains or criminal propensity on the part of the Marshes in 1988 through 1994. In response, Plaintiffs state that due to the condition of the property and no license, "the reasonable funeral home operator should have known to monitor and supervise carefully." Once again, Plaintiffs do not address the facts, much less provide any facts in opposition, and this paragraph should be deemed admitted.

12.     Paragraphs 17-19: These paragraphs reviewed  procedures to show the SCI Georgia Funeral Homes did not control Tri-State. Plaintiffs fail to address the facts in these statements but instead present arguments related to nondelegable duty and standard of care. These paragraphs are, therefore, admitted.

13.     Paragraph 20: This paragraph states neither Tri-State nor a Marsh family member was ever an agent, employee or servant of the SCI Georgia Funeral Homes. Plaintiffs fail to present any facts to contradict this factual statement. Instead, Plaintiffs reference the issue of nondelegable duty and contend  the jury should decide the issue. Because Plaintiffs do not present any facts in opposition, this paragraph is admitted.

## II.  CONCLUSION

For all of the foregoing reasons, the SCI Georgia Funeral Homes  respectfully request that the Court deem Paragraphs 2-7, 10-13, and 15-20 of its Statement of Facts be admitted by Plaintiffs as a matter of law.

Respectfully submitted this  9th  day of December, 2003.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP**

By: _Robert M Brinson_

    Robert M. Brinson
    Georgia Bar No. 082900

By: _J Anderson Davis_

    J. Anderson Davis
    Georgia Bar No. 211077

Lead and Liaison Counsel for Defendant Funeral Homes

Counsel for SCI Georgia Funeral Services, Inc. d/b/a Jennings-Funeral Home a/k/a Jennings Heritage Chapel Funeral Home and Parnick Jennings Funeral Home and f/d/b/a Kenemer Brothers Funeral Home, J. Avery Bryan of Chickamauga and Wallis-Stewart Funeral Home

The Omberg House
615 West First Street
Post Office Box 5513
Rome, GA  30162-5513
Phone  706/291-8853
Fax 706/234-3574

138286.1

10

## CERTIFICATION OF COUNSEL

The undersigned pursuant to this Court's Local Rules hereby certifies that this

brief has been prepared with Times New Roman 14 point.

This __9th__ day of December, 2003.

J. Anderson Davis

138221

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **Reply to Plaintiffs' Response to its Statement of Undisputed Material Facts for SCI Georgia Funeral Services, Inc. d/b/a Jennings-Funeral Home a/k/a Jennings Heritage Chapel Funeral Home and Parnick Jennings Funeral Home and f/d/b/a Kenemer Brothers Funeral Home, J. Avery Bryan of Chickamauga and Wallis-Stewart Funeral Home** by causing a copy of same to be placed in first class U.S. mail with adequate postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA 30720-1105
Liaison for Plaintiffs

McCracken Poston, Jr., Esquire            Frank E. Jenkins, III, Esquire
OFFICE McCRACKEN POSTON            JENKINS & OLSON
Post Office Box 1130            15 Public Square, South
Ringgold, GA 30736            Cartersville, GA 30120-3350
Liaison/Lead Counsel for Tri-State Crematory, Inc. and the Marsh Family

This 9th day of December, 2003.

J. Anderson Davis