UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

This Order relates to:

ALL CASES

## ORDER

This case is before the Court on the SCI Funeral Home Defendants' Motion for Reconsideration.

### I.   Background

On December 19, 2003, the Court entered Orders addressing the Motions for Summary Judgment filed by the SCI Defendants collectively and individually. (Orders of Dec. 19, 2003.) On January 6, 2004, the Funeral Home Defendants filed their Motion for Reconsideration.

### II.   Standard Governing a Motion for Reconsideration

A motion for reconsideration seeks to invoke a district court's authority to modify or vacate its prior orders. Such a motion, however, "shall not be filed as a matter of routine practice." L.R.N.D. Ga. 7.2E. Indeed, even in the case of a non-

1

final order, the Court must balance its duty to render just decisions with the need for finality. McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222 (M.D. Ga. 1997). Parties therefore may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind. Id. at 1223; Paper Recycling v. Amoco Oil Co., 856 F. Supp. 671, 678 (N.D. Ga. 1993). Further, "[a] motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time." Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc., 972 F. Supp. 665, 674 (N.D. Ga. 1997) (quoting Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)). "Rather, the motion should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent a manifest injustice." Id. Applying this standard, the Court finds that the SCI Defendants are not entitled to reconsideration of the Court's December 19, 2003, Orders. The Court will, however, correct the December 19, 2003, Order pertaining to Defendant SCI Georgia f/d/b/a J. Avery Bryan to provide that Defendant SCI Georgia f/d/b/a J. Avery Bryan last sent a decedent to Tri-State Crematory

2

on or about March 11, 1998.


### III. Conclusion

ACCORDINGLY, the Court **DENIES** the SCI Funeral Home Defendants' Motion for Reconsideration.  The Court **AMENDS** the December 19, 2003, Order pertaining to Defendant SCI Georgia f/d/b/a J. Avery Bryan to provide that Defendant SCI Georgia f/d/b/a J. Avery Bryan last sent a decedent to Tri-State Crematory on or about March 11, 1998 (Docket Number 875).

IT IS SO ORDERED, this the _____ day of January, 2004.

_____
UNITED STATES DISTRICT JUDGE

A TRUE COPY

JAN 1 2 2004

U.S.T. CLERK
DEPUTY CLERK

3