FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

This Order relates to:

ALL CASES

## ORDER

This case is before the Court on Funeral Home Defendants' Motion for Reconsideration or, in the Alternative, Motion for Certification of Immediate Appellate Review.

### I. Background

On December 19, 2003, the Court entered Orders addressing the Motions for Summary Judgment filed by the Funeral Home Defendants collectively and individually. (Orders of Dec. 19, 2003.) On January 6, 2004, the Funeral Home Defendants filed their Motion for Reconsideration, or, in the Alternative, Motion for Certification of Immediate Appellate Review.

### II. Motion for Reconsideration

Funeral Home Defendants seek reconsideration of the following determinations: (1) when the four-year statute of limitations

1

AO 72A
(Rev.8/82)

897

applicable to Plaintiffs' tort claims began to run; (2) whether Plaintiffs can recover for fear and uncertainty without satisfying the physical impact requirements for emotional distress damages; and (3) whether Funeral Home Defendants are vicariously liable for the alleged misconduct of the Marsh Defendants and Tri-State Crematory. Funeral Home Defendants also have requested clarification of two issues: (1) whether the Court found that Tri-State Crematory was an independent contractor, not an agent, of the Funeral Home Defendants; and (2) whether the Court is not imposing liability on Funeral Home Defendants for the actions of Tri-State Crematory in connection with Plaintiffs' claims for intentional interference with a corpse.

**A.  Standard Governing a Motion for Reconsideration**

A motion for reconsideration seeks to invoke a district court's authority to modify or vacate its prior orders. Such a motion, however, "shall not be filed as a matter of routine practice." L.R.N.D. Ga. 7.2E. Indeed, even in the case of a non-final order, the Court must balance its duty to render just decisions with the need for finality. McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222 (M.D. Ga. 1997). Parties therefore may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind. Id. at 1223; Paper

Recycling v. Amoco Oil Co., 856 F. Supp. 671, 678 (N.D. Ga. 1993). Further, "[a] motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time." Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc., 972 F. Supp. 665, 674 (N.D. Ga. 1997) (quoting Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)). "Rather, the motion should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent a manifest injustice." Id. The Court applies this standard when addressing the Funeral Home Defendants' Motion for Reconsideration.

**B.   Discussion**

**1.   Statute of Limitations for Plaintiffs' Tort Claims**

Funeral Home Defendants appear to believe that the Court did not consider the Georgia Supreme Court's decision in Board of Regents v. Oglesby, No. A03A137, 2003 WL 22746216 (Ga. Ct. App. Nov. 21, 2003), simply because the Court did not reference that decision in its December 19, 2003, Orders. The Court assures Funeral Home Defendants that the Court indeed considered Oglesby. The Court simply did not, and does not, accept Funeral Home Defendants' argument that Oglesby mandates a conclusion that the statute of limitations for Plaintiffs' tort claims began to run at

3

AO 72A
(Rev.8/82)

the date of alleged mishandling of Plaintiffs' decedents. Specifically, the Court finds that Plaintiffs did not, and could not, have suffered damage for purposes of their tort claims until the February 2002 discoveries at the Tri-State Crematory. The statute of limitations thus did not begin to run until the February 15, 2002, discoveries at Tri-State Crematory, and the Court denies the Funeral Home Defendants' Motion for Reconsideration on this issue.

### 3. Fear and Uncertainty Damages

Funeral Home Defendants now argue that damages based on fear and uncertainty necessarily are damages for emotional distress, and that Plaintiffs must show evidence of a physical impact to recover those damages. In the December 19, 2003, Orders, the Court found that Plaintiffs could not recover emotional distress damages relating to their negligence claims, because Plaintiffs did not satisfy the impact rule or fall within any exceptions to the impact rule.

The Court, however, did not find that Plaintiffs could not recover any emotional distress damages at all. Plaintiffs may indeed be able to recover emotional distress damages based on the Funeral Home Defendants' alleged intentional misconduct. The Court, however, did not address that issue in its December 19, 2003, Orders, and the Court will not address it now. However, to the extent that Plaintiffs' fear and uncertainty damages relate

4

solely to Plaintiffs' negligence claims, Plaintiffs may not recover for those damages as emotional distress damages.

### 4. Actions of Tri-State Crematory

The Court understands and appreciates Funeral Home Defendants' argument that Tri-State Crematory's actions were outside the scope of its employment with Funeral Home Defendants, and that Funeral Home Defendants consequently may not be held liable for Tri-State Crematory's conduct. The Court, however, concludes that Funeral Home Defendants still may be liable for Tri-State Crematory's conduct based on the evidence presented in connection with the Motions for Summary Judgment.

### 5. Tri-State Crematory as an Independent Contractor

Funeral Home Defendants request that the Court clarify whether the Court found that Tri-State Crematory was an independent contractor, and not an agent, of Funeral Home Defendants for all Plaintiffs' claims. In its December 19, 2003, Orders, the Court clearly found that Tri-State Crematory was an independent contractor, rather than an agent, of Funeral Home Defendants. This ruling applies to all of Plaintiffs' claims.

### 6. Liability for Intentional Interference Claims

Funeral Home Defendants next seek an Order stating that the Court is not imposing liability on Funeral Home Defendants pursuant to Plaintiffs' claims for intentional interference with remains and mishandling of a corpse. Funeral Home Defendants are incorrect;

the Court's December 19, 2003, Orders indeed intended to state that a genuine dispute remains whether Funeral Home Defendants may be held liable for the conduct of the Marsh Defendants and Tri-State Crematory in connection with Plaintiffs' claims for intentional interference with remains and mishandling of a corpse. The Court rejects Funeral Home Defendants' arguments that this finding imposes strict liability on Funeral Home Defendants for allegedly intentional conduct of Tri-State Crematory and the Marsh Defendants.

### III. Motion for Certification of Immediate Appellate Review

Alternatively, Funeral Home Defendants request that the Court certify the issues involved in Funeral Home Defendants' Motion for Reconsideration for interlocutory appellate review pursuant to 28 U.S.C.A. § 1292(b). 28 U.S.C.A. § 1292(b) provides, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C.A. § 1292(b). The Court finds that the issues involved in Funeral Home Defendants' Motion for Reconsideration do not present

6

questions of law that satisfy § 1292(b)'s requirements. The Court therefore declines to certify the issues involved in Funeral Home Defendants' Motion for Reconsideration for immediate appellate review.

## IV. Conclusion

ACCORDINGLY, the Court **DENIES** Funeral Home Defendants' Motion for Reconsideration. The Court **DENIES** Funeral Home Defendants' Motion for Certification of Immediate Appellate Review.

IT IS SO ORDERED, this the 7th day of January, 2004.

_____
UNITED STATES DISTRICT JUDGE

JAN 1 2 2004

L.D.T., CLERK
BY
DEPUTY CLERK

7

AO 72A
(Rev.8/82)