UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN OPEN COURT
JAN 1 5 2004
Luther D. Thomas, Clerk

By: *Sam M Johls*

Deputy Clerk

| | |
|---|---|
| IN RE: TRI-STATE CREMATORY LITIGATION | MDL DOCKET NO. 1467 |
| This Order relates to all actions. | |

## ORDER GRANTING PRELIMINARY APPROVAL OF PARTIAL SETTLEMENT WITH CAGLE FUNERAL HOME, INC. AND APPROVING AND DIRECTING NOTICE THEREOF

Plaintiffs' Liaison counsel and counsel for Funeral Home Defendant Cagle Funeral Home, Inc. advised this Court, at a hearing on December 23, 2003, that they have reached tentative resolution of all issues for a partial settlement of a portion of the class members in this matter, and described the essential terms thereof. On January 15, 2004, the written form of the proposed agreement was submitted to the court for consideration.

Upon final approval, pursuant to class notice and a formal fairness hearing, this settlement would resolve certain claims asserted in this action against Cagle Funeral Home, Inc., by certain members of the plaintiff class previously certified by this Court on March 17, 2003, for all claims for decedents sent to Defendant Tri-State Crematory from January 1, 1988 through January 1, 1998.

279975.1
286179.1

*909*

Having previously determined and ruled that class certification was appropriate under Fed. R. Civ. P. 23(b)(3) in this action and having considered the essential terms of the proposed settlement under the recommended standards for preliminary settlement approval set forth in § 30.41 of the *Manual for Complex Litigation, Third* (Federal Judicial Center, 1995,) the Court finds that those class members whose claims against Cagle Funeral Home, Inc. would be settled, released, and dismissed pursuant to the proposed settlement should have notice and an opportunity to be heard regarding its final approval.

Counsel has submitted the Notice Plan for the Settlement Subclasses. This Court has reviewed and considered the proposed forms of "Notice of Class Action and Proposed Partial Class Action Settlement," attached hereto as Exhibits A and B respectively, and hereby finds that these satisfy the requirements of Fed. R. Civ. P. Rule 23(c)(2) for notice in Rule 23(b)(3) class actions.

This Court has reviewed and considered the program for dissemination of Class Notice, as set forth in the Class Notice Plan attached hereto as Exhibit C, and hereby approves it, finding that it constitutes the best notice practicable under the circumstances of this action.

Accordingly, IT IS HEREBY ORDERED that

1.      This Court's preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such

as unduly preferential treatment of segments of the class or excessive compensation for attorneys, and appears to fall within the range of possible final approval. Accordingly, the proposed partial settlement with Calge Funeral Home, Inc. is hereby granted preliminary approval;

2.     For the sole purpose of conducting the settlement approval process contemplated under Fed. R. Civ. P. 23(e,) this Court designates a partial settlement subclass of the previously certified class ("Cagle Subclass,") defined as:

> All those who are or were next of kin of any decedents delivered to Cagle Funeral Home, Inc. for cremation and sent to Defendant Tri-State Crematory from January 1,1988 to January 1, 1998; and

> All persons or entities who were parties to any contract with Cagle Funeral Home, Inc. for funeral arrangements for any decedent who was delivered for cremation to Defendant Tri-State Crematory from January 1, 1988 to January 1, 1998.

3.     The law firms of McCamy, Phillips, Tuggle & Fordham, LLP; Lieff, Cabraser, Heimann & Bernstein, LLP; Shumaker, Witt, Gaither & Whitaker; Law Offices of David Randolph Smith; Fleissner & Associates; Coppedge & Leman; Doffermyre, Shields, Canfield, Knowles & Devine; Mabry & McClelland, LLP; Barrett Law Office; and Sims, Graddick & Dodson P.C., having previously been appointed to serve as Class Counsel in this action, are appointed to serve as Settlement Class Counsel.

279975.1
286179.1

4.     Kathy Kinsella, of Kinsella Communications, Washington, D.C., is hereby appointed to serve as Notice Administrator for the Cagle Funeral Home Settlement Subclass.

5.     The attached forms of "Notice of Class Action and Proposed Partial Class Action Settlement" shall be disseminated, as specified in the attached Class Notice Plan, commencing not later than January 19, 2004.  Settlement Class Members may exclude themselves from the Class ("opt out") by submitting their exclusion requests, in the manner specified in the Class Action Notice, not later than the postmarked date of February 23, 2004.

6.     This Court shall conduct a Formal Fairness Hearing on February 27, 2004, at the hour of 10:30 a.m., at the United States District Court for the Northern District of Georgia, in Rome, Georgia, to hear from the settling parties and any Cagle Funeral Home Settlement Subclass member who wishes to be heard, to determine whether the proposed settlement shall be granted final approval.

7.     This Order shall not affect:  the claims of any plaintiffs or class members against any non-settling defendants, including the one (1) non-settling Cagle Funeral Home Defendant from after January 1, 1998; the defenses of the non-settling defendants with respect to any plaintiffs and class members; the legal

279975.1
286179.1

rights or interests of non-settling parties; or any other dates, deadlines, or proceedings in this action.

IT IS SO ORDERED, this 15 day of January, 2004.

_____
Honorable Harold L. Murphy,
UNITED STATES DISTRICT JUDGE

279975.1
286179.1



# EXHIBIT / ATTACHMENT



(To be scanned in place of tab)

<<Seq>>
<<Name>>
<<Address>>
<<City State Zip Code>>

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE:  TRI-STATE CREMATORY LITIGATION
**This document relates ONLY to the**
**Cagle Settlement Class.**

MDL DOCKET NO. 1467

## Notice of Class Action and
## Proposed Partial Class Action Settlement

To:  Next-of-kin of decedents that were sent to Tri-State Crematory, Inc. for cremation by **Cagle Funeral Home** between January 1, 1988 and January 8, 1999 and those who contracted for the funeral arrangements for those decedents.

THIS NOTICE DESCRIBES A PROPOSED PARTIAL CLASS ACTION SETTLEMENT THAT MAY AFFECT YOUR LEGAL RIGHTS.
PLEASE READ THIS NOTICE CAREFULLY.

## Definition of the Class

1. The proposed partial settlement class is defined to include all persons throughout the United States and its territories who are or were the next-of-kin of any decedents that were delivered to Tri-State Crematory **by Cagle Funeral Home** for cremation from January 1, 1988 through January 8, 1999, and all persons who contracted for the funeral arrangements for those decedents.

2. For purposes of this action, next-of-kin is defined according to the Georgia laws of intestate succession. For instance, for the purposes of this action, the next-of-kin of a decedent is the decedent's spouse, and if there is no living spouse, the decedent's child or children. If there is no living spouse or child(ren), the next-of-kin is the decedent's parent or parents. If there is no living spouse, child(ren) or parent, the next-of-kin is the decedent's brother(s) or sister(s).

3. A number of factual and legal issues, including whether Cagle negligently allowed the mishandling to occur, and whether the Class Members are entitled under the law to recover money damages for breach of contract and emotional distress are in dispute. Many motions have been filed and hearings held in this case, and substantial investigation and discovery has been conducted. There has been no final ruling on the merits of any of the claims and **Cagle denies any wrongdoing whatsoever**.

4. Without admitting legal responsibility, Cagle has agreed to the terms of a proposed settlement regarding decedents who were sent to Tri-State Crematory by Cagle Funeral Home. On December 23, 2003, Judge Murphy granted preliminary approval of the terms of this proposed settlement as a possibly fair, reasonable and adequate resolution of the pending claims against Cagle.

## Terms of the Proposed Settlement

5. The proposed settlement would release claims against Cagle Funeral Home regarding any mishandling of remains at Tri-State Crematory during the period January 1, 1988 and January 8, 1999. This proposed settlement, however, does not release claims regarding any mishandling of remains at Tri-State Crematory during the period January 9, 1999 through February 15, 2002, or any of the claims against Tri-State Crematory or the members of the Marsh family, whom the plaintiffs allege owned and/or operated the crematory. Those claims will automatically be protected by the class action pending before Judge Murphy. You should already have received Notice of the class action, which was dated September 11, 2003. If you did not receive this notice, you may request a copy of it by calling Class Counsel at 1-866-313-1973.

6. The proposed partial settlement provides for creation of a Settlement Fund for distribution among members of the Cagle Settlement Class defined above. Each member of the Settlement Class will be eligible to submit a claim to the Settlement Fund. The Settlement Fund will be distributed to qualified Class Members pursuant to an allocation plan as follows:

    (a) For each decedent sent to Tri-State Crematory by Cagle **from January 1, 1988 through December 31, 1996**, the next of kin shall be entitled to a lump sum of at least $3,100. All unclaimed awards under this subparagraph will be divided equally among the Class Members who are the next of kin of the decedents described under this subparagraph.

    (b) If, for any decedent, **the person(s) who contracted for the funeral services** is not the next-of-kin, that person(s) shall be entitled to recover the amount paid for the services out of the Awards described in paragraph a above.

    (c) The Awards described above are a lump sum per decedent. If there are more than one next-of-kin of equal relationship (multiple children, for instance), the Award to the next-of-kin shall be divided equally among each of the equal next-of-kin.

    (d) Cagle has alleged that it sent no decedents to Tri-State Crematory from January 1, 1997 through January 8, 1999. If, however, you believe that you are the next-of-kin of any decedent who may have been sent during this period, you should contact Class counsel at the following toll-free number: 1-877-877-4521.

7. The proposed settlement does not impact the ongoing class proceeding against Tri-State Crematory, the Marsh defendants, and/or any non-settling Funeral Home Defendant, nor does it impact claims against Cagle Funeral Home during the period January 9, 1999 through February 15, 2002. The Class Action trial on the remaining claims against the defendants will be "bifurcated," meaning that it will proceed in two parts. Trial is scheduled to begin on March 1, 2004 in Rome, Georgia. The trial date is subject to change. Part one of the trial on Class Members' claims against Tri-State Crematory, the Marsh defendants, and/or any non-settling Funeral Home Defendant will decide the liability of those defendants for negligence, willful or negligent interference with remains, intentional or negligent mishandling of a corpse, and breach of contract, under Georgia law. If the plaintiffs prevail in part one of the trial (the "liability phase"), the issues of causation and the amount of the Class Members' damages will be determined through individual proof in part two of the trial (the "damages phase"). To assert your damages

claim in part two of the trial, you may be required to participate in formal or informal discovery, and may be required to provide information at a deposition, in response to interrogatories, or questionnaires, under the procedures and deadlines to be set by the Court.

## Representation of the Class

8.  If you are a member of the Class described above, your rights and interests under the proposed settlement will be automatically represented by the named plaintiffs in the Settlement Class and the group of law firms for the plaintiffs appointed by the Court as class counsel who are listed on Exhibit A. You do not need to hire an attorney to pursue your claims as a class member. Class Counsel will represent you on your class claims without direct charge. Class Counsel must apply to the Court for award of fees and costs from the settlement fund. These are contingent on obtaining a benefit for class members. You may hire counsel, at your own expense, to enter an appearance in this case if you desire.

9.  To date, class counsel have incurred over $700,000 in out-of-pocket expenses and have invested substantial time on a priority basis to protect and prosecute the Class Members' claims. In class actions, counsel who generate a monetary recovery for the benefit of the class are entitled to an award of attorneys' fees and costs, representing a reasonable percentage of the recovery in recognition of their efforts, expenses, risks and performance.

10. In this case, class counsel are seeking reasonable attorneys' fees of up to 33 percent ($29,700) of the gross amount paid in settlement of the Class Members' claims by Cagle Defendants pursuant to the Agreement. **The Class Member Awards (described in paragraph 6 of the above section) are net minimum Awards from which the maximum possible attorneys' fees have already been deducted.**

11. Class counsel shall seek Court approval to withhold up to five percent ($4,500) of the gross amount paid in settlement of all Class Members' claims to reimburse class counsel for reasonable and necessary expenses incurred for the common benefit of the Class. If at the conclusion of this Action, class counsel has withheld more funds in costs from Awards than has been reasonably and necessarily incurred for the benefit of the Class, all additional funds shall be returned to the Class on a pro-rata basis, if it is practicable and cost-effective to do so. **The Class Member Awards (described in paragraph 6 of the above section) are net minimum Awards from which the maximum possible reimbursement of expenses have already been deducted.**

12. If you entered into written attorney representation/contingent fee agreements with an attorney prior to March 17, 2003 ("private fee agreements"), your lawyer will be paid from the Court Award of attorneys' fees to class counsel. All requests for attorneys' fees and expenses are subject to Court approval.

## Your Rights

13. If you are a member of the Settlement Class, you have the right to make a claim by filling out and signing the Class Member Claim Form and submitting it postmarked no later than March 12, 2004.

14. You also have the right to exclude yourself from the Settlement Class and/or the class proceeding. If you would like to exclude yourself from the Settlement Class and/or the class proceeding, you must personally submit and sign a written "request for exclusion" that includes your full name and current address, your decedent's name, and your relationship to the decedent. Your request for exclusion must be mailed to "Class Counsel, Tri-State Crematory Litigation, 3319 West End Avenue, Suite 600, Nashville, Tennessee 37203" and must be postmarked no later than February 23, 2004.

15. If you decide to leave the Settlement Class and/or the class proceeding,

    (a) you will not participate in any Class recovery of damages from the trial of Class claims in this lawsuit;

    (b) you will not be bound by any further order affecting the Class in this lawsuit;

    (c) you will have to retain your own lawyer at your expense if you wish to pursue individual litigation for money damages against any defendants;

    (d) you will have to present any claims you wish to pursue against the defendants by filing your own lawsuit.

    If you decide to leave the Settlement Class, you will not share in the Settlement Fund, and may not pursue any claims against Cagle Funeral Home in the certified class action, but must initiate and pursue your own individual claims, at your own expense.

### Final Approval Hearing

16. The Court will conduct a final approval hearing to consider all comments on the settlement and to decide whether to approve the settlement. You have the right, but are not required, to comment on the proposed settlement and to appear at the final approval hearing, either in person or through your attorney. The final approval hearing will be held on February 27, 2004, at 10:30 a.m. at the federal courthouse in Rome, Georgia. Any comments to the settlement must be submitted in writing to the Court with copies to class counsel, by no later than February 23, 2004.

### For More Information

17. If you wish to communicate with class counsel as your lawyers in this litigation, you may do so by writing:

> Class Counsel
> Tri-State Crematory Litigation
> 3319 West End Avenue, Suite 600
> Nashville, Tennessee  37203

You may also call the following toll-free number: 1-866-313-1973. For further information and updates regarding the ongoing class action against Tri-State Crematory and the Marsh defendants, you may call the following toll-free number: 1-877-877-4521 or visit the interactive, informational website for Class Members: www.crematoryclassaction.com.

Dated:  January 19, 2004

/s/ _____
Hon. Harold L. Murphy
United States District Court
Northern District of Georgia, Rome Division

---

**Si usted desea obtener una copia de este documento legal en Espanol, favor de actuar immediatamente y escribir a**

**Class Counsel**
**Tri-State Crematory Litigation**
**3319 West End Avenue, Suite 600**
**Nashville, Tennessee  37203**

---

**Class Counsel**

*Plaintiffs' Lead Counsel*
Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

*Plaintiffs' Liaison Counsel*
Robert H. Smalley, III
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
P.O. Box 1105
Dalton, GA 30722-1105
Telephone:  (706) 278-4499
Facsimile:   (706) 278-5002

**EXHIBIT A**

Kathryn E. Barnett
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3319 West End Avenue, Suite 600
Nashville, TN 37203
Telephone:  (615) 313-9000
Facsimile:   (615) 313-9965



# EXHIBIT ATTACHMENT

**(To be scanned in place of tab)**

# Did You Make Arrangements for Cremation of a Loved One through the Cagle Funeral Home?

## You May Be Entitled to a Recovery in the Tri-State Crematory Class Action.

There is a partial settlement of certain claims involving Cagle Funeral Home in the class action *In re: Tri-State Crematory Litigation*, MDL No. 1467, (N.D. GA, Rome Div.). Please read this Court-ordered notice to understand your legal rights.

### What is This About?

Beginning on February 15, 2002, the uncremated remains of at least 334 decedents were discovered at Tri-State Crematory in Noble, Georgia.

A class action lawsuit against Tri-State Crematory, members of the Marsh family who are alleged to have owned and operated it, and the funeral homes that sent bodies to Tri-State Crematory between 1988 and 2002 asserts that the defendants are all legally responsible for damages caused by their alleged failure to dispose of human remains properly and respectfully.

Judge Harold L. Murphy certified the class action lawsuit, *In re: Tri-State Crematory Litigation*, MDL No. 1467, (N.D. GA, Rome Div.) for trial on the plaintiffs' claims of negligence, willful interference with remains and intentional mishandling of a corpse; negligent interference with remains and mishandling of a corpse; and breach of contract under Georgia law. Cagle Funeral Home denies any liability on these claims but has entered into a settlement to avoid the time, risks and exposure of defending protracted litigation.

Phase one of the trial on the remaining claims against Tri-State Crematory, the Marsh defendants and any non-settling funeral home defendants will begin on March 1, 2004.

### Who is Involved?

You are automatically a Settlement Class Member if you fit the Cagle Funeral Home Settlement Class description below:

*Cagle Funeral Home Settlement Class*
All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by Cagle Funeral Home between January 1, 1988 to January 8, 1999, or all persons who were parties to any contract for funeral arrangements with Cagle Funeral Home for any decedent sent to Tri-State Crematory between January 1, 1988 and January 8, 1999.

For purposes of this action, next-of-kin is defined according to the Georgia laws of intestate succession.

### Terms of the Proposed Settlement

The proposed partial settlement provides for the creation of a Settlement fund for distribution among members of the Cagle Settlement Class. Each member of the Settlement Class will be eligible to submit a claim to the Settlement Fund. The Settlement will be distributed to qualified Class Members according to a Court-approved allocation plan. Complete information on the terms and amount of the Settlements is available by calling 1-866-313-1973.

### What are My Rights?

The rights and interests of the Class Members are automatically protected by the named plaintiffs in the lawsuit and by Class Counsel. Class Counsel have agreed to represent the Class on a contingent fee basis, with any fees and costs to be awarded by the Court from the Settlement Fund.

• If you are a member of the Settlement Class, you have the right to make a claim by filling out and signing the Class Member claim form and submitting it postmarked no later than March 12, 2004. By remaining a Class Member, any claims you may have against Cagle Funeral Home covered in the partial settlement will be released. The settlement does not release your claims against the Tri-State Crematory or the Marsh defendants.

• If you wish to exclude yourself from the Settlement Class and/or the class proceeding, you must personally do so in writing. All written, signed exclusions must be postmarked by 5:00 p.m. ET on February 23, 2004, and sent to Class Counsel, 3319 West End Avenue, Suite 600, Nashville, TN 37203, as described in the Notice of Class Action and Proposed Partial Class Action Settlement. If you decide to leave the Settlement Class you will not share in the class settlement and must pursue your individual claims against Cagle Funeral Home at your own expense.

The court will conduct a final approval hearing to decide whether to approve the Settlement on February 27, 2004, at 10:30 a.m. ET, at the federal courthouse in Rome, Georgia. You have the right, but are not required to comment on the proposed Settlement and to appear at the final approval hearing, either in person or through your attorney. Any comments to the Settlement must be submitted in writing to the Court with copies to Class Counsel, no later than February 25, 2004.

## This is a Summary. For further information, the Notice of Class Action and Proposed Partial Class Action Settlement and a Claim Form, please

### call Toll-Free: 1-866-313-1973

### or write: Class Counsel 3319 West End Avenue, Suite 600, Nashville, TN 37203

**For information regarding the ongoing class action proceedings and claims against Tri-State Crematory and the Marsh defendants, call Toll-Free: 1-877-877-4521 or visit: www.crematoryclassaction.com**



# EXHIBIT / ATTACHMENT

$C$

(To be scanned in place of tab)



**KINSELLA**
COMMUNICATIONS, LTD.
A SOURCECORP COMPANY

### In Re: Tri-State Crematory Litigation
### United States District Court Northern District of Georgia, Rome Division
### MDL Docket No. 1467

## NOTICE PLAN FOR PROPOSED CLASS ACTION SETTLEMENT

This proposal is submitted in connection with *In Re: Tri-State Crematory Litigation* . It outlines procedures to provide fair and adequate notice of a partial settlement of the class action to individuals defined below.

## CLASS DEFINITION

The Class includes the following:

All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by Cagle Funeral Home or the between January 1, 1988, to February 15, 2002, or all persons who were parties to any contract for funeral arrangements with Cagle Funeral Home for any decedent sent to Tri-State Crematory between January 1, 1988, and February 15, 2002.

1920 L STREET, NW | SUITE 700 | WASHINGTON, DC 20036
PHONE:202.686.4111 | FAX:202.293.6961 | EMAIL:INFO@KINSELLA.COM | HTTP://WWW.KINSELLA.COM

*In Re: Tri-State Crematory Litigation – MDL. Docket No. 1467*

## SITUATION ANALYSIS

Plaintiffs allege that the Cagle Funeral Home failed to ensure that cremations were being performed according to all applicable laws and regulations. Cagle Funeral Home, in connection with Tri-State Crematory, are alleged to have failed to follow the basic industry practices by improperly cremating bodies, commingling the remains of the bodies in its custody, and fraudulently returning to families non-human materials such as concrete dust that were represented as being human remains. Cagle Funeral Home denies all allegations.

In February 2002, improperly buried remains of over 330 corpses were found on the property of the Tri-State Crematory. It is not known how many additional bodies, if any, were not properly cremated since 1988.

## NOTICE IMPERATIVES

To provide notice to Settlement Class Members, the following two-part program is recommended:

- Direct notice by first-class mail to all individuals whose names and addresses are readily available.

- Broad notice through the use of paid media in daily newspapers in the geographic areas where the Defendant funeral homes are located, and their surrounding counties.

## DIRECT NOTICE

Direct mail notice is the primary means of notice and will consist of mailing the Notice of Proposed Partial Class Action Settlement to potential Settlement Class Members to inform them of their rights and how they may participate in the Class Action Settlement. The direct notice will be sent to:

- The Settlement Class Members whose names and addresses are derived from the records of the funeral home Cagle Funeral Home. Any return mail will be corrected through the national address database and re-mailed, if possible.

- Settlement Class Members whose names and addresses are provided by Plaintiffs' Counsel.

It is believed that the vast majority of Settlement Class Members can be identified from Cagle Funeral Home and Plaintiff records. Duplicates will be removed from these lists before mailing.

*In Re: Tri-State Crematory Litigation – MDL. Docket No. 1467*

## PAID MEDIA METHODOLOGY

The purpose of the paid media notice is to support and enhance the direct mail notice. To design the paid media segment of the Notice Plan, Kinsella used geographic considerations as well as the following assumption to shape the parameters of the program:

- Next of kin and other family relatives of the descendents may live in counties that are contiguous to those in which the funeral homes are located, not just in the funeral home counties.

Therefore, this notice program is designed to reach next of kin and other family relatives in the geographic areas surrounding Pickens County.

## GEOGRAPHIC PARAMETERS

In order to determine the geographic scope of the notice program, Kinsella compiled a list of counties surrounding Pickens County, where Cagle Funeral Home is located. Pickens County is highlighted in the lighter color (yellow). All surrounding counties are highlighted in the darker color (blue).



*In Re: Tri-State Crematory Litigation – MDL. Docket No. 1467*

-The county where Cagle Funeral Home is located:



| FUNERAL HOME COUNTY |
|---|
| Pickens, GA |

Counties contiguous to Pickens County were identified as follows:

| SURROUNDING FUNERAL HOME COUNTIES |
|---|
| Cherokee, GA |
| Dawson, GA |
| Gilmer, GA |
| Gordon, GA |

## TARGET AUDIENCES

### *DEMOGRAPHICS*

All media is purchased based on demographics such as age, gender, education, income and the like. However, due to the nature of this case and the breadth of age and gender that decedent family members exhibit, a broad demographic target is appropriate. Adults 18 years of age and older ("Adults 18+") will be the demographic target.

## PAID MEDIA RECOMMENDATIONS

The paid media program is designed to support the direct mail notice with advertising in major daily newspapers in the counties where funeral homes are located and contiguous counties. Newspapers were selected as the main vehicle because of the size and geographic location of the Settlement Class and because according to Simmons Market Research Bureau[2], 79% of Adults 18+ rely on newspapers to keep them informed.

### *PRINT*

### Notice Design

The Summary Notice (See Exhibit 1.) for this plan is designed as an advertisement to capture and hold the attention of the reader with:

- A bold headline to alert potential Settlement Class Members that the Notice contains information that may affect them. The headline is directed to the next of kin of decedents who were delivered by Defendants, for cremation at Tri-State Crematory.

- Easy to read text providing key information regarding the subject of the litigation, the class definition and the legal rights available to Settlement Class Members as well as a complete list of Defendants listed by geographic location.

- Subheads to direct the reader to specific information.

- A toll-free number and P.O. Box to obtain a complete notice.

Unlike product or consumer ads, the Summary Notice is designed to alert the reader that the message contains important legal information.

---

[2] Simmons Market Research Bureau is a nationally accredited media and marketing research firm providing syndicated data on audience size, composition, and other factors pertaining to major media including broadcast publications, newspapers, and outdoor advertising. It provides a single source measurement of major media, products, services, and in-depth consumer demographic and lifestyle/ psychographics characteristics.

Every Summary Notice in the chosen newspapers will be sized to make it highly visible to Settlement Class Members. The placement requested for the newspaper notice in daily newspapers will be the front section, which is the most read section of newspapers.

**Print Placement**

*DAILY NEWSPAPERS*

The Summary Notice will be placed as a quarter-page ad in the Sunday edition of the following major daily newspapers. These newspapers have circulation in all funeral home counties and contiguous counties.

| STATE | NEWSPAPER | CIRCULATION |
|-------|-----------|-------------|
| GA | *Atlanta Constitution-Journal* | 640,613 |

*In Re: Tri-State Crematory Litigation – MDL. Docket No. 1467*

### Readers Per Copy

Readers per copy ("RPC") are the number of individuals who read a given copy of a publication. This can also be referred to as *pass-along* or *secondary readership*. The number of daily and Sunday newspaper readers is measured nationally and regionally by MRI[3]. This readership is compared to the *circulation of newspapers in the respective geographies to develop estimates of RPC's*. Estimates of readership to local daily newspapers can then be projected using the appropriate regional RPCs.

| PUBLICATION | TARGET | READERS PER COPY OF ADULTS 18+ |
|---|---|---|
| Sunday Newspapers | South Atlantic Census Sub-Region 18+ | 2.04 |

## MEDIA DELIVERY

The population of Adults 18+ in Pickens County and the four surrounding counties is 204,127. Our newspaper advertisements will deliver notice to approximately 50,871 readers.

| | ADULT 18+ POPULATION | SUNDAY NEWSPAPER ADULT 18+ READERSHIP |
|---|---|---|
| Funeral Home County | 20,235 | 3,974 |
| Surrounding Counties | 183,892 | 46,897 |

## TOLL-FREE TELEPHONE SUPPORT

A toll-free number is provided in the Summary Notice for Settlement Class Members to call for the Notice of Proposed Partial Class Action Settlement.

---

[3] **MediaMark Research Inc.** ("MRI") is a nationally accredited media and marketing research firm that provides syndicated data on audience size, composition, and other relevant factors pertaining to major media including broadcast, magazines, newspapers, and outdoor advertising. MRI provides a single source measurement of major media, products, services, and in-depth consumer demographic and lifestyle/psychographic characteristics.

# Did You Make Arrangements for Cremation of a Loved One through Franklin Strickland Funeral Home or Julian Peeples Funeral Home?

## You May Be Entitled to a Recovery in the Tri-State Crematory Class Action.

There is a partial settlement of certain claims involving Franklin Strickland Funeral Home and Julian Peeples Funeral Home in the class action *In re: Tri-State Crematory Litigation*, MDL No. 1467, (N.D. GA, Rome Div.). Please read this Court-ordered notice to understand your legal rights.

### What is This About?
Beginning on February 15, 2002, the uncremated remains of at least 334 decedents were discovered at Tri-State Crematory in Noble, Georgia.

A class action lawsuit against Tri-State Crematory, members of the Marsh family who are alleged to have owned and operated it, and the funeral homes that sent bodies to Tri-State Crematory between 1988 and 2002 asserts that the defendants are all legally responsible for damages caused by their alleged failure to dispose of human remains properly and respectfully.

Judge Harold L. Murphy certified the class action lawsuit, *In re: Tri-State Crematory Litigation*, MDL No. 1467, (N.D. GA, Rome Div.) for trial on the plaintiffs' claims of negligence, willful interference with remains and intentional mishandling of a corpse; negligent interference with remains and mishandling of a corpse; and breach of contract under Georgia law. Defendants deny any liability on these claims but have entered into a settlement to avoid the time, risks and exposure of defending protracted litigation.

Phase one of the trial on the remaining claims against Tri-State Crematory, the Marsh defendants and any non-settling funeral home defendants will begin on March 1, 2004.

### Who is Involved?
You are automatically a Settlement Class Member if you fit either of two Settlement Class descriptions below:

*Franklin Strickland Settlement Class*
All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by Franklin Strickland Funeral Home between January 1,1988 to February 15, 2002, or all persons who were parties to any contract for funeral arrangements with Franklin Strickland Funeral Home for any decedent sent to Tri-State Crematory between January 1, 1988 and February 15, 2002.

*Julian Peeples Settlement Class*
All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by Julian Peeples Funeral Home between January 1, 1988 to February 15, 2002, or all persons who were parties to any contract for funeral arrangements with Julian

Peeples Funeral Home for any decedent sent to Tri-State Crematory between January 1, 1988 and February 15, 2002.

For purposes of this action, next-of-kin is defined according to the Georgia laws of intestate succession.

### Terms of the Proposed Settlement
The proposed partial settlement provides for the creation of Settlement funds for distribution among members of the Franklin Strickland Settlement Class and the Julian Peeples Settlement Class. Each member of the Settlement Class will be eligible to submit a claim to the Settlement Funds. The Settlement will be distributed to qualified Class Members according to a Court-approved allocation plan. Complete information on the terms and amount of the Settlements is available by calling 1-866-313-1973.

### What are My Rights?
The rights and interests of the Class Members are automatically protected by the named plaintiffs in the lawsuit and by Class Counsel. Class Counsel have agreed to represent the Class on a contingent fee basis, with any fees and costs to be awarded by the Court from the Settlement Fund.

* If you are a member of the Settlement Class, you have the right to make a claim by filling out and signing the Class Member claim form and submitting it postmarked no later than March 12, 2004. By remaining a Class Member, any claims you may have against the Defendants covered in the partial settlement will be released. The settlement does not release your claims against the Tri-State Crematory or the Marsh defendants.

* If you wish to exclude yourself from the Settlement Class and/or the class proceeding, you must personally do so in writing. All written, signed exclusions must be postmarked by 5:00 p.m. ET on February 23, 2004, and sent to Class Counsel, 3319 West End Avenue, Suite 600, Nashville, TN 37203, as described in the Notice of Class Action and Proposed Partial Class Action Settlement. If you decide to leave the Settlement Class you will not share in the class settlement and must pursue your individual claims against the Defendants at your own expense.

The court will conduct a final approval hearing to decide whether to approve the Settlement on February 27, 2004, at 10:30 a.m. ET, at the federal courthouse in Rome, Georgia. You have the right, but are not required to comment on the proposed Settlement and to appear at the final approval hearing, either in person or through your attorney. Any comments on the Settlement must be submitted in writing to the Court with copies to Class Counsel, no later than February 25, 2004.

**This is a summary. For further information, the Notice of Class Action and Proposed Partial Class Action Settlement and a Claim Form, please**

### call Toll-Free: 1-866-313-1973

**or write: Class Counsel 3319 West End Avenue, Suite 600, Nashville, TN 37203**

**For information regarding the ongoing class action proceedings and claims against Tri-State Crematory and the Marsh defendants, call Toll-Free: 1-877-877-4521 or visit: www.crematoryclassaction.com**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA, ROME DIVISION

In Re: Tri-State Crematory Litigation )     MDL Docket No. 1467
                                      )
                                      )
                                      )

## DECLARATION OF KATHERINE KINSELLA

Katherine Kinsella, being first duly sworn, states as follows:

1. I am President of Kinsella Communications, Ltd., an advertising and notification consulting firm in Washington, D.C. that specializes in the design and implementation of class action and bankruptcy notification programs to reach unidentified putative class members primarily in consumer and mass tort litigation. My business address is 1920 L Street, NW, Suite 700, Washington, D.C. 20036. My telephone number is (202) 686-4111.

2. I submit this declaration in connection with In Re: Tri-State Crematory Litigation, MDL Docket No. 1467, pending in the United States District Court for the Northern District of Georgia, Rome Division at the request of the Plaintiffs.

3. This declaration is based upon my personal knowledge and upon information provided by Class Counsel, my associates, and staff. The information is of a type reasonably relied upon in the fields of advertising, media, and communications. I have submitted my qualifications in my October 23, 2003 declaration.

4. Kinsella Communications, Ltd. was retained to design and implement the Proposed Partial Class Action Settlement Notice Program with Cagle Funeral Home in this litigation. I submit this declaration to describe the elements of the Notice Program.

5. The objective of the Notice Program is to provide adequate notice of the partial Settlement of this case to Settlement Class Members who are defined as follows:

All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by Cagle Funeral Home between January 1, 1988, to February 15, 2002, or all persons who were parties to any contract for funeral arrangements with Cagle Funeral Home for any decedent sent to Tri-State Crematory between January 1, 1988, and February 15, 2002.

6. The notification program is designed to include:

   - Direct notice by first-class mail to all individuals and entities whose names and addresses are readily available.

   - Broad notice through the use of paid media in daily newspapers in Pickens County, GA, where Cagle Funeral Home is located, and its surrounding counties.

7. Direct mail notice is the primary means of notice and consists of mailing the Notice of Proposed Partial Class Action Settlement to Settlement Class Members to inform them of their rights and how they may participate in the Settlement. In brief, the direct notice will be sent to:

   - The Class Members whose names and addresses were derived from the records of Cagle Funeral Home. Any return mail will be corrected through the national address database and re-mailed, if possible.

   - Class Members whose names and addresses are provided by Class Counsel.

   - All callers to the toll-free information line who request the Notice of Proposed Partial Class Action Settlement. The toll-free number for this information line will appear prominently in the published forms of notice.

8. In designing the paid media segment of the Notice Plan, Kinsella used geographic considerations. Kinsella considered the fact that next of kin and other family relatives of the descendents may live in counties that are contiguous to Pickens County, where Cagle Funeral Home is located. Therefore, this notice program was designed to reach next of kin and other family relatives not only in Pickens County, but also in its contiguous counties.

9. The county where Cagle Funeral Home is located:

| FUNERAL HOME COUNTY |
|---|
| Pickens, GA |

10. Counties contiguous to Pickens County, GA, were identified as follows:

| SURROUNDING FUNERAL HOME COUNTIES |
|---|
| Cherokee, GA |
| Dawson, GA |
| Gilmer, GA |
| Gordon, GA |

11. The Summary Notice will be placed as a quarter-page ad in the Sunday edition of the following major daily newspaper. This newspaper has circulation in Pickens County and its contiguous counties.

| STATE | NEWSPAPER | CIRCULATION |
|---|---|---|
| GA | Atlanta Constitution-Journal | 640,613 |

12. All print advertising and media will carry a toll-free telephone number, a website address, and a mailing address for Settlement Class Members to request or access the Notice of Proposed Partial Class Action Settlement.

13. It is my opinion that the direct mail notice and supporting published notice is reasonable, adequate and the best possible under the circumstances and is fully compliant with Rule 23 of the Federal Rules of Civil Procedure.

I solemnly affirm under the penalty of perjury of the laws of the District of Columbia and the United States of America, and upon personal knowledge that the contents of the foregoing paper are true.

_Katherine Kinsella_
Katherine Kinsella

_January 12, 2004_
Date

4