FILED IN OPEN COURT
JAN 1 5 2004
Luther D. Thomas, Clerk
By:
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

## PARTIAL SETTLEMENT AGREEMENT REGARDING CLAIMS AGAINST FRANKLIN-STRICKLAND FUNERAL HOME, INC.

**I.   RECITALS**

Subject to Court approval as provided herein, the Parties to this Agreement hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a Final Order and Judgment approving this Agreement and directing its implementation, the claims in this Action against Defendant Franklin-Strickland Funeral Home, Inc. (hereinafter "Franklin-Strickland Funeral Home") shall be settled and compromised upon the terms and conditions contained in this Agreement.

WHEREAS, a class action complaint is pending in the United States District Court for the Northern District of Georgia, Rome Division against Franklin-Strickland Funeral Home, alleging that Franklin-Strickland Funeral Home breached contracts with Settlement Subclass Members and mishandled the human remains delivered to Franklin-Strickland Funeral Home by Class Members by

1

*911*

negligently engaging Tri-State Crematory and thereafter negligently failing to monitor and to supervise Tri-State Crematory to cremate the remains;

WHEREAS, Franklin-Strickland Funeral Home has denied and objected to, and continues to deny and object to, any wrongdoing or liability to Class Members in this Action, and has raised numerous defenses;

WHEREAS, based upon extensive analysis of the facts and the law applicable to Class Members' claims, and taking into account the burdens and expenses of litigation, including the risks and uncertainties associated with a potentially protracted trial and appeal, and the fair, cost-effective and assured method of resolving by agreement Plaintiffs' claims and the claims of the Settlement Subclass, Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Subclass and is fair, reasonable, adequate and in the best interests of the Settlement Subclass as a whole;

WHEREAS, Franklin-Strickland Funeral Home has similarly concluded that this Agreement is desirable in order to avoid the time, risks and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Subclass;

WHEREAS, the Parties hereto have engaged in extensive, arms'-length settlement negotiations for a period of several months via in-person meetings, telephone conferences, and correspondence;

WHEREAS, the Parties hereto are in agreement that this Settlement provides a fair and just resolution of the Class Representatives' and Settlement Subclass Members' claims arising from the alleged mishandling of human remains at Tri-State Crematory between January 1, 1988 and February 15, 2002;

WHEREAS, Plaintiffs and Franklin-Strickland Funeral Home intend by this Agreement to resolve, terminate and finally conclude any and all Settled Claims under the terms of this Agreement; and

WHEREAS, the Parties agree that all Settlement Subclass Members shall have the right to be excluded ("opt out") from the Settlement as provided in this Agreement;

NOW, THEREFORE, the Parties stipulate and agree that any and all Settled Claims shall be finally settled, resolved, and dismissed with prejudice on the terms and conditions set forth in this Agreement, subject to Court approval of this Agreement as a fair, reasonable and adequate settlement pursuant to Federal Rule of Civil Procedure 23(e), and entry of a Final Order and Judgment accordingly.

## II.   **DEFINITIONS**

As used in this Agreement and any exhibits hereto, and in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

**Action** means the above-captioned matter, In re: Tri-State Crematory Litigation, MDL Docket No. 1467.

**Agreement** means this Settlement Agreement, including any exhibits attached hereto.

**Award** means the cash sum to be paid to individual Eligible Claimants pursuant to the Claims Process set forth in Section VI of this Agreement.

**Business Day** means any day except a Saturday, Sunday or other day on which commercial banks in Georgia are authorized by law to close.

**Claim Form** means a form, substantially in accordance with Exhibit A, as referred to in Section VI of this Agreement, and submitted by a Settlement Class Member to the Claims Administrator, during the Claims Period.

**Claims Period** means the period commencing upon the Notice Date and ending on a date certain not sooner than forty-five (45) days thereafter, such date to be set by the Court.

**Claims Process** means the procedures for obtaining an Award set forth in Section VI of this Agreement.

**Class Counsel** means the law firms of McCamy, Phillips, Tuggle & Fordham, LLP; Lieff, Cabraser, Heimann & Bernstein, LLP; Shumaker, Witt, Gaither & Whitaker; Law Offices of David Randolph Smith; Fleissner &

Associates; Coppedge & Leman; Doffermyre, Shields, Canfield, Knowles & Devine; Mabry & McClelland, LLP; Barrett Law Office; and Sims, Graddick & Dodson, P.C.

**Class Notice** means the Court-approved direct mail and publication notice referred to in Section V of this Agreement, and substantially in the form of Exhibit B.

**Court** means the United States District Court for the Northern District of Georgia, Rome Division.

**Covenant Not to Sue** means the agreement not to pursue any legal action against Released Persons, or against T. Ray Brent Marsh or against Rhames L. Marsh for their alleged acts or omissions conducted within the course and scope of their employment by Released Persons. This agreement does not include and has no impact on the ability of Settlement Class Members to pursue claims against T. Ray Brent Marsh and Rhames L. Marsh for all of their acts and omissions not committed within the course and scope of their employment with Released Persons, including all acts and omissions associated with and/or on the premises of Tri-State Crematory.

**Defense Counsel** means David C. Higney, Grant, Konvalinka & Harrison, P.C., 633 Chestnut Street, 9th Floor, Chattanooga, Tennessee 37450, and Mary Katherine Greene, Carlock, Copeland, Semler & Stair, LLP, 2600 Marquis

Two Tower, 285 Peachtree Center Avenue, Atlanta, Georgia 30303-1235.

**Eligible Claimant** means a Settlement Class Member who submits a Claim Form within the Claims Period that is properly completed and executed, and who satisfies the requirements for receiving an Award under this Agreement.

**Fairness Hearing** means the hearing to be conducted by the Court in connection with a determination of the fairness, adequacy and reasonableness of this Agreement, and to consider Class Counsel's application for an award of attorneys' fees and costs.

**Final Order and Judgment** means the Final Order and Judgment dismissing Franklin-Strickland Funeral Home with Prejudice pursuant to Federal Rule of Civil Procedure 23(e) to be entered by the Court, approving this Agreement without material alterations as fair, adequate and reasonable; confirming the certification of the Settlement Subclass for purposes of entry of judgment; and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement.

**GBI** means the Georgia Bureau of Investigation.

**Next of Kin** means the next of kin under the provision of Georgia law regarding intestate succession.  For instance, next of kin means:

> (a)  surviving spouse;
> (b)  if there is no surviving spouse, the child or children;
> (c)  if there is no surviving spouse and no surviving child, the parent;

(d)    if there is no surviving spouse, no surviving child and no surviving parent, then sibling.

The determination of next of kin is at the time the claim is made for an Award under this Agreement.

**Notice Administrator** means Kinsella Communications, the person jointly selected by the Parties, for whom the Parties shall seek the appointment of the Court to disseminate Class Notice to the Settlement Subclass accordance with Section V of this Agreement.

**Notice Date** means the date upon which Class Notice is mailed to the Settlement Class in accordance with Section V of this Agreement.

**Opt Out Period** means the period commencing on the Notice Date and ending on a date certain not sooner than thirty-five (35) days thereafter, such date to be set by the Court.

**Parties** means Plaintiffs and Franklin-Strickland Funeral Home, Inc.

**Preliminary Approval** means the Court's conditional certification of the Settlement Subclass, appointment of Class Counsel, preliminary approval of this Agreement, appointment of the Notice Administrator, and approval of the forms of the Class Notice, and the Claim Form, substantially the same as those attached hereto as Exhibits A and B.

**Related Class Actions** means other state court class actions related to the Tri State Crematory situation, Lee v. Tri State Crematory, et al.;  Ballew v. Tri

State Crematory, et al., and Kitchens v. Tri State Crematory, et al.;  Oden v. Tri State Crematory, et al.

**Released Persons** or Released Parties means Franklin-Strickland Funeral Home, Inc. and Wilson Financial Group, Inc., Franklin-Strickland/Amistad, Inc., Franklin-Strickland-Lomax Funeral Home, Inc., Franklin-Strickland Funeral Home,  and their current or former parent, subsidiary and affiliate companies; their current and former officers, directors, shareholders, owners, employees (except Rhames L. Marsh, T. Ray Brent Marsh, T. Ray Marsh, and Clara C. Marsh,) attorneys, licensed or apprentice funeral directors and embalmers and, for all of the above, their insurers, including but not limited to Assurance Company of America, Inc.; Royal Insurance Company of America; Fireman's Fund Insurance Company; and Bankers Standard Insurance Company (ACE Group) and specifically including any and all other insurance carriers providing coverage to any and all of the above during the class period, and their heirs, successors and assigns.  Released Persons does not include Rhames L. Marsh, Clara C. Marsh, T. Ray Marsh, or T. Ray Brent Marsh in any capacity.

**Releasing Persons** means all Settlement Subclass Members who do not exercise their opt-out rights by timely submitting Requests for Exclusion.

**Representative Plaintiffs** means Jim Shirley, Marcia Jenison, Myrtlene Mooney, Thomas G. Conyers, June McReynolds, James Greer, Robert

Charles Walton, Ronald Puryear and Marcia Bryant.

**Request for Exclusion** means a written request by a Settlement Subclass Member to be excluded from the Settlement Subclass, setting forth the Settlement Subclass Member's name and address; the name and address of the Decedent to whom the Subclass Member is next-of-kin; and the relationship to the Decedent. To be valid, the original Request for Exclusion must be properly executed and mailed to Class Counsel, postmarked on or before midnight on the last day of the Opt Out Period.

**Settled Claim** means any claim that a Releasing Person has, had or may have, and which arises out of the same or similar subject matter, allegations, facts or causes of action as the Action against the Released Parties . Specifically, a Settled Claim shall not include any claims that a Releasing Person has, had or may have against any other defendant named in this Action.;

In addition, Settled Claim means any claim against any insurer of the Released Parties under which such insurer may be responsible to defend or indemnify Ray Brent Marsh and/or Rhames LaShea Marsh arising out of the actual or alleged employment with Released Persons, or activities conducted within the course and scope of any such employment, which claims are not released but are subject to the Covenant Not to Sue referred to above.

**Settlement Account** means an interest-bearing account for the benefit

of Class Counsel, to be kept at a federally-insured financial institution to be

designated by Class Counsel, as referred to in Section IV of this Agreement.

**Settlement Subclass** means:

All those who are or were next of kin of any decedent(s)
delivered or provided to Franklin-Strickland Funeral
Home, Inc. for cremation and provided to Defendant Tri-
State Crematory from January 1, 1988 to February 15,
2002; and

all persons or entities who were parties to any contract
with Franklin-Strickland Funeral Home, Inc. regarding
funeral arrangements for any decedent who was provided
for cremation to Defendant Tri-State Crematory from
January 1, 1988 to February 15, 2002.

**Settlement Subclass Member** means a member of the Settlement

Subclass, or their next-friend if said subclass member is a minor or otherwise

incapacitated.

**Settlement Consideration** means the total combined costs of Class

Notice, claims administration, Awards to Eligible Claimants, Class Counsels'

attorneys' fees and costs, and all amounts incidental to or necessary for

implementation of any of the foregoing.

**Settlement Date** means the date of entry of the Final Order and

Judgment without material modification.

III.   **REQUIRED EVENTS AND COOPERATION**

A.     Promptly after execution of this Agreement, the Parties shall submit this Agreement to the Court for Preliminary Approval, moving the Court for one or more orders which by their terms shall:

1.     Conditionally certify a Settlement Subclass pursuant to Federal Rule of Civil Procedure 23(b)(3) for settlement purposes, appoint Plaintiffs as Settlement Subclass Representatives, appoint Class Counsel, and preliminarily approve this Agreement;

2.     Appoint Kinsella Communications as Notice Administrator, approve the form and contents of the Settlement Class Notice, the Claim Form, and direct their provision forthwith;

3.     Schedule appropriate opt-out, objection, and other settlement-related dates and deadlines for inclusion in the Class Notice and/or Claim Form;

4.     Schedule the Fairness Hearing to review comments or objections regarding this Agreement; to consider its fairness, reasonableness and adequacy; to determine whether to enter a Final Order and Judgment pursuant to Federal Rule of Civil Procedure 23(e); and to consider Class Counsels' fee application; and

5.     Enjoin Settlement Subclass Members from proceeding against Released Parties with respect to the Settled Claims other than as

allowed or directed by the Court in this Action, pending the Court's entry of the Final Order and Judgment.

B.  At the time of Preliminary Approval, the Parties shall request a date for the Fairness Hearing that is on February 27, 2004.

C.  Plaintiffs and Franklin-Strickland Funeral Home, Inc. and their respective Counsel shall cooperate, assist and undertake all reasonable actions in order to accomplish these required events on the schedule set by the Court.

D.  On the day of entry of Final Order and Judgment, Franklin-Strickland Funeral Home, Inc. and Released Parties shall be dismissed from this Action and Class Counsel shall seek dismissal with court approval from Related Class Actions and from all other individual actions maintained or filed by the Plaintiffs' Steering Committee firms or attorneys not later than March 15, 2004.  Notwithstanding any other provision of this Agreement, however, if the Agreement is terminated for any reason, the Parties hereby stipulate and agree that such dismissal shall be null and void, and the claims against Franklin-Strickland Funeral Home, Inc. may be reinstated *status quo ante* to the date of the execution of this Agreement, with the Parties thereto and all absent class members reinstated to their respective positions status quo ante to the date of the execution of this Agreement.  Further, all statutes of limitation and repose for all claims in the Action shall be deemed to have been

tolled from the date of the execution of this Agreement until the date of reinstatement and reactivation or for such longer period as the law(s) may provide.

E.     In the event this Agreement is disapproved, reversed, vacated, or terminated, the Agreement shall have no effect on the rights of the Parties or the Settlement Subclass Members to prosecute or defend this Action, or any other action. Should this Agreement be disapproved, reversed, vacated, or terminated, the Parties and all Settlement Subclass Members shall be restored to their respective *status quo ante* to the date of execution of this Agreement.

## IV.   PAYMENT OF SETTLEMENT CONSIDERATION

A.     Upon Preliminary Approval, or as soon thereafter as is practicable but in no event later than ten (10) Business Days after Preliminary Approval, insurance carriers for and on behalf of Franklin-Strickland Funeral Home, Inc. shall deposit a total of $4,180,000 into two (2) separate accounts:  $3,929,200 into the Settlement Account and $250,800.00 into the Common Benefit Fund Account. This total sum shall be distributed in Class Member Awards and Class Counsel Fees and Expenses in accordance with Sections VI and VII of this Agreement.

B.     In addition, insurance carriers for and on behalf of Franklin-Strickland Funeral Home, Inc., shall make arrangements with Kinsella Communications to pay directly to Kinsella Communications the Notice costs in full.

C.      In addition, insurance carriers for and on behalf of Franklin-Strickland Funeral Home, Inc., shall make arrangements with Rust Consulting to pay directly the Claims Administration costs in full.

## V.      NOTICE TO THE CLASS

Upon Preliminary Approval, and as the Court directs, the Parties shall instruct the Notice Administrator (1) to cause the Class Notice describing the Fairness Hearing and the Settlement embodied herein, together with Claim Forms, to be mailed directly to all previously identified or reasonably identifiable Settlement Subclass Members and (2) to cause the publication of the Notice described in the Class Notice Plan, which is attached to this Agreement as Exhibit C.

## VI.     CLAIMS PROCESS FOR AWARDS

A.      Eligible Claimants may obtain an Award under this Agreement in accordance with this Section.  The following Claims Process for Awards shall be implemented upon the occurrence of the Settlement Date.

B.      A Settlement Subclass Member who does not seek exclusion shall be an Eligible Claimant and entitled to an Award following the Claims Process if (i) the Settlement Subclass Member (a) is the next of kin of a decedent who was provided by Franklin-Strickland Funeral Home, Inc. to Tri-State Crematory for cremation between January 1, 1988 and February 15, 2002, or (b) entered into a

contract with Franklin-Strickland Funeral Home, Inc. for the cremation of a decedent at Tri-State Crematory between January 1, 1988 and February 15, 2002; and (ii) the Settlement Subclass Member timely submits a properly completed and executed Claim Form in the form attached hereto as Exhibit A prior to the expiration of the Claims Period. If such Settlement Subclass Member is a minor or otherwise incapacitated, then a next-friend shall submit such forms on their behalf.

C.   The payment made on behalf of Franklin-Strickland Funeral Home, Inc. pursuant to this agreement is to be distributed to Class Members as follows:

(1)   For each decedent delivered to Franklin-Strickland Funeral Home, Inc. and provided to Tri-State Crematory for cremation from January 1, 1988 through December 31, 1996 (except for the one (1) claim known to the parties as "Bryant," which is a Dr. Kris Sperry confirmed adulterated remains matter from a date of death in January, 1996, which shall be treated as a claim in subsection (2) hereinbelow,) the next of kin shall be entitled to a minimum sum of $3,100. This figure is based upon a sum of $5,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 37 decedents whose claims fall under this subsection, after the claims period, the unclaimed Awards shall be divided among the Settlement

Subclass Members who are the next of kin of the decedents described under this subsection.

(2)    For each decedent delivered to Franklin-Strickland Funeral Home, Inc. and provided to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002,  whose remains have not been positively identified among the remains recovered from the Tri-State Crematory property as of the date of this Partial Settlement Notice's approval by the Court, the next of kin shall be entitled to a minimum sum of $31,000.   This figure is based upon a sum of $50,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the 43 decedents whose claims fall under this subsection after the expiration of the claims period, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(3)    For each decedent delivered to Franklin-Strickland Funeral Home, Inc. and sent to Tri-State Crematory for cremation, whose remains have been positively identified  among the remains recovered from the Tri-State Crematory property as of the date of this Partial

Settlement Notice's approval by the Court, the next of kin shall be entitled to a minimum sum of $62,000. This figure is based upon a sum of $100,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 18 decedents whose claims would fall under this subsection, after the expiration of the claims period, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(4)    If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Franklin-Strickland Funeral Home, Inc. out of the award described in paragraphs 1 - 3 above. The remainder of the Award described above shall then be paid to the next of kin.

(5)    In the event there is more than one next of kin of equal relationship qualifying as a Settlement Subclass Member, the Award shall be divided equally among each next of kin in the same degree of kinship to the decedent.

(6)   If the Settlement Subclass Member is a minor, or otherwise incapacitated, then the Claims Administrator shall confirm that proper probate court approvals and/or documents are completed and filed in the appropriate court of competent jurisdiction.

D.   Settlement Subclass Members who do not timely submit a Claim Form shall not be considered Eligible Claimants.  However, notwithstanding any other provision of this Agreement, Settlement Subclass Members shall be permitted to remedy deficiencies in their Claim Forms or related documentation during the Claims Period or within thirty (30) days thereafter, provided that such Settlement Subclass Members initially submitted a Claim Form during the Claims Period.

E.   Claim Forms shall be processed and administered by the Claims Administrator pursuant to the following terms.

1.   The Claims Administrator shall administer the relief provided by this Agreement by resolving claims in a rational, responsible, cost-effective and timely manner.

2.   Prior to notifying any Settlement Subclass Member that his/her/its Claim is to be denied or is deficient, the Claims Administrator shall notify Class Counsel accordingly, and allow Class Counsel a reasonable opportunity to review the subject Claim, and to

18

work with the Settlement Subclass Member to cure any defect or deficiency, and/or to raise any objections.

3.      The Claims Administrator shall maintain detailed records of its claims processing activities under this Agreement, including all Claim Forms, denials, and all disbursements to Eligible Claimants, until one (1) year after all Claims are finally resolved and/or Awards paid. The Claims Administrator shall advise Class Counsel and Defense Counsel within a reasonable time after the Claims Administrator believes all claims are finally resolved and/or Awards paid. Such records shall be made available upon request for inspection by Class Counsel and/or Defense Counsel.

4.      Disputed issues between the Parties relating to this Agreement and the Claims Process shall be presented to and resolved by the Court in its continuing jurisdiction.

## VII.  **OPT-OUT RIGHTS**

A.      A Settlement Subclass Member may opt out of the Settlement Class at any time during the Opt Out Period in accordance with this Agreement.

B.      In order to exercise the opt out right, the Settlement Subclass Member must cause to be delivered a written Request for Exclusion to Class Counsel during

the Opt Out Period, and copies of said notices shall be available to Defense Counsel upon request.

C.     Except for those Settlement Subclass Members who have opted out in accordance with this Agreement, every Settlement Subclass Member will conclusively be deemed a Settlement Subclass Member for all purposes under this Agreement; and will be bound by the Final Order and Judgment and the Releases contained in Section VIII of this Agreement as of the Settlement Date.

D.     Any Settlement Subclass Member who elects to opt out of the Settlement Subclass shall not:  (i) be bound by any orders or judgments entered in this Action; (ii) be entitled to relief under or be affected by this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.

E.     A Settlement Subclass Member who timely submits a written Request for Exclusion to Class Counsel may subsequently withdraw the Request for Exclusion by submitting to Class Counsel written notification of such withdrawal; such written notification of withdrawal of the Request for Exclusion must be postmarked or bear other indicia of submission no later than one (1) day prior to the date of the Fairness Hearing.

F.   Class Counsel shall provide Defendant's Counsel with copies of all completed Requests for Exclusion on a weekly basis during the Opt Out Period via facsimile.

## VIII.  **RELEASES AND JURISDICTION OF COURT**

A.   As of the Settlement Date, Plaintiffs and all Settlement Class Members, except those who timely submitted Requests for Exclusion, will be deemed by this Agreement to have, and by operation of the Final Order and Judgment shall have released Released Parties from any and all  Settled Claims.

As of the Settlement Date, Plaintiffs and all Settlement Class Members, except those who timely submitted Requests for Exclusion, will be deemed by this Agreement to have, and by operation of the Final Order and Judgment, shall have entered into a Covenant Not to Sue Released Persons, or T. Ray Brent Marsh or Rhames L. Marsh for their alleged acts or omissions conducted within the course and scope of their employment by Released Persons.  This Covenant Not to Sue does not include and has no impact on the ability of Settlement Class Members to pursue T. Ray Brent Marsh and Rhames L. Marsh for all of their acts and omissions not committed within the course and scope of their employment with Released Persons, including all acts and omissions associated with and/or on the premises of Tri-State Crematory.

B.     This settlement in no way impacts, relates to or diminishes the Subclass Members' claims against the Marsh Defendants and/or Tri-State Crematory, Inc. or any other defendant in the litigation, except as set forth in the Covenant Not to Sue. The release under this Agreement is a limited liability release pursuant to OCGA 33-24-41.1, and it is intended by the parties that the force and effect of such release shall operate as a full and final release only of the Released Parties.   The limited release under this Agreement shall not bar any claims that the Settlement Subclass has against any other defendant, including Clara Marsh, Clara Marsh as administrator of the Estate of Tommy Ray Marsh, Ray Brent Marsh, Rhames L. Marsh, and Tri-State Crematory, Inc., except as otherwise indicated herein.    The limited liability release pursuant to this Agreement shall not operate as a release of any other person or entity not referenced herein.

C.     As of the Settlement Date, the Releasing Persons and anyone claiming through or on behalf of any of them will be forever barred and enjoined from prosecuting any action against the Released Persons that assert Settled Claims.

D.     The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Action, Parties, Settlement Subclass Members, the Notice Administrator, and the Claims Process to interpret and enforce the terms, conditions and obligations under this Agreement.

E.    This release, except as set forth hereinabove with regard to Rhames LaShea Marsh and Tommy R. Brent Marsh, is taken and the consideration stated hereinabove is paid by one or more liability insurance carriers of Franklin Strickland Funeral Home, Inc.  In taking this release, said insurance carriers are acting as independent contractors and not as the agent(s) of any party released hereby.  It is further understood and agreed that the parties released hereunder do not consent to this release, admit no liability, and shall not be estopped from asserting, and expressly reserve the right to assert, any claim or cause of action such parties may have in accordance with OCGA §33-7-12.  Receipt of prior written notice of the lack of consent of Franklin Strickland Funeral Home, Inc. is hereby acknowledged.

## IX.    CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS

A.    Class Counsel shall seek Court approval of an award of attorneys' fees of up to thirty-three (33) percent ($1,364,550.00) of the gross amount paid in settlement of the Class Members' claims by Franklin-Strickland Funeral Home pursuant to the Agreement.

B.    Class counsel shall withhold six (6) percent ($250,800.00) of the gross amount paid in settlement of all Class Members' claims to reimburse Class Counsel for reasonable and necessary expenses incurred for the common benefit of the Class pursuant to the Court's Order of October 30, 2003.  If at the conclusion

23

of this Action, Class Counsel has withheld more funds in costs from Awards than has been reasonably and necessarily incurred for the benefit of the Class, all additional funds shall be returned to the Class on a *pro-rata* basis, if it is practicable and cost-effective to do so.

C.    Counsel who entered into written attorney representation/contingent fee agreements with individual members of the Settlement Class prior to March 17, 2003 ("private fee agreements") shall be entitled to payment from the Court Award of attorneys' fees to Class Counsel, upon application to Lead and Liaison Class Counsel, a reasonable amount, presumptively at thirty-three (33) percent, under the prevailing practice and the circumstances of this Action, with any disagreement regarding payment to be decided by the Court.   Fees to be paid under private fee agreements shall be calculated upon the amount of the Settlement Class Member Award, less two percent (2%) of the Award.

D.    Franklin-Strickland Funeral Home, Inc. shall not object to Class Counsel's application to the Court for attorneys' fees and costs as provided in this Section and its subparts.

E.    Lead and Liaison Class Counsel shall be entitled to withdraw funds from the Settlement Account up to the amount awarded by the Court for attorneys' fees and to distribute same among Class counsel and other counsel pursuant to Section IX of this Agreement upon entry of the Court's Award of Fees and Costs.

F.     In the event the Final Order and Judgment is reversed on appeal, in whole or in part, then, the full amount of the attorneys' fees and costs paid by or on behalf of Franklin-Strickland Funeral Home, Inc. to Class Counsel shall be refunded to Franklin-Strickland Funeral Home, Inc., or the appropriate entity, within twenty (20) Business Days after the order reversing the Final Order and Judgment, in whole or in part, becomes final.  In the event the Final Order and Judgment is not reversed on appeal, in, whole or in part, but the attorneys' fees and costs awarded by the Court are vacated or modified on appeal, the attorneys' fees and costs in the amount vacated or modified shall be returned to Franklin-Strickland Funeral Home, Inc. within twenty (20) Business Days after the order vacating or modifying the award of attorneys' fees and costs becomes final.

G.     Notwithstanding the foregoing, Settlement Subclass Members and their counsel may enter into individual releases to enable payment of applicable Awards, attorneys' fees and costs, regardless of Court approval of, or appeals from, this Subclass Settlement.

## X.     <u>SETTLEMENT APPROVAL ORDER</u>

This Agreement is subject to and conditioned upon the issuance by the Court, following the Fairness Hearing, of a Final Order and Judgment granting final approval of the Agreement and providing the below-specified relief, which relief shall be subject to the terms and conditions of this Agreement and the

Parties' performance of their continuing rights and obligations hereunder.   Such Final Order and Judgment shall:

1.      Certify a Settlement Subclass under Fed. R. Civ. P. 23(b)(3) and 23(e) for settlement purposes;

2.      Dismiss the Settlement Subclass Members' claims against Franklin-Strickland Funeral Home, Inc. with prejudice while preserving the rights of Settlement Subclass Members who exercised their opt-out rights pursuant to Section VII of this Agreement;

3.      Determine under Fed. R. Civ. P. 23(e) that this Agreement is fair, reasonable, adequate and in the best interests of the Settlement Subclass;

4.      Enjoin the Releasing Persons from asserting against the Released Persons any and all Settled Claims which the Plaintiffs, Settlement Subclass Members, and/or the Releasing Persons had, has, or may have; and

5.      Reserve the Court's continuing exclusive jurisdiction over the Parties to this Agreement, including Franklin-Strickland Funeral Home, Inc. and all Settlement Subclass Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties and the Settlement Subclass.

## XI.   <u>SETTLEMENT PURPOSES ONLY</u>

A.     This Agreement, whether or not consummated, and any proceedings taken pursuant to this Agreement, are for settlement purposes only.  Neither the fact of, nor any provision contained in, this Agreement or its exhibits, nor any action taken hereunder shall be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession or an admission of any kind by any of the Parties of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted.

B.     Any certification of a preliminary or final Settlement Subclass pursuant to the terms of this Agreement shall not constitute, and shall not be construed as, an admission on the part of Franklin-Strickland Funeral Home, Inc. that this Action, or any other action, is appropriate for litigation class treatment under Federal Rule of Civil Procedure 23, or any similar federal or state class action statute or rule.

C.     The performance of this Agreement is expressly contingent upon entry of the Final Order and Judgment.  If the Court fails to issue such Final Order and Judgment, the Agreement will be terminated, having no force or effect whatsoever, null and void, *ab initio*, and will not be admissible as evidence for any purpose in any pending or future litigation involving any of the Parties.

27

D.     The performance of this Agreement is also expressly contingent upon reasonable participation of Settlement Subclass Members.   If so many class members Opt Out, or other events arise so that Franklin-Strickland and/or the Released Person's purposes in entering this Agreement are frustrated, Franklin-Strickland Funeral Home, in the exercise of its reasonable good faith and discretion, may withdraw from this Agreement.

E.     Neither this Agreement, nor any of its provisions, nor evidence of negotiations or proceedings related to this Agreement, nor any proceedings under this Agreement, shall be offered or received in evidence in this or any other action or proceeding as an admission or concession of liability or wrongdoing of any nature on the part of any of Released Person, or anyone acting on their behalf, and Franklin-Strickland Funeral Home specifically denies any such liability or wrongdoing.   Nothing herein shall prevent any party from seeking to offer this Stipulation into evidence after the Approval Date for enforcement purposes.

## XII.   MISCELLANEOUS PROVISIONS

A.     This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject of this Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject matter of this Agreement.   This Agreement may not be changed, modified, or amended except in

writing signed by all Parties, subject to Court approval, provided, however, the Class Notice, and Claim Form, attached as exhibits to this Agreement, may be modified by subsequent agreement of the Parties prior to their dissemination.

B.     This Agreement shall be construed under and governed by the laws of the State of Georgia, applied without regard to any other potentially applicable laws.

C.     This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Signatures by facsimile shall be as effective as original signatures.

D.     This Agreement shall be binding upon and inure to the benefit of the Settlement Subclass, the Parties, the Released Persons and their respective heirs, predecessors, successors and assigns.

E.     The headings of the sections of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

## XIII. TERMINATION OF THIS AGREEMENT

A.     This Agreement shall be automatically terminated if the Final Order and Judgment is not entered, or if the Final Order and Judgment is reversed on appeal and the reversal becomes final.    In the event of termination, and

notwithstanding any other provision of this Agreement, (i) all Parties and Settlement Subclass Members shall be restored to their respective positions immediately prior to the date on which this Agreement is signed by all Parties, (ii) dismissal of Franklin-Strickland Funeral Home from the Action shall be deemed null and void, and those cases shall be reinstated status quo ante; (iii) all statutes of limitation and/or repose for all claims asserted in such cases shall be deemed to have been tolled from the date of signature of this Agreement by all Parties until the date of reinstatement and reactivation, or for such longer period as the law may provide without reference to this Agreement.

B. In the event of termination or frustration of purpose, as set forth herein, this Agreement shall have no further force or effect and all amounts paid hereunder shall be promptly returned to Defense Counsel or as directed by the Court.

C. Until the term of this Agreement has expired in that each Party has satisfied all of its obligations under the Agreement, Franklin-Strickland Funeral Home agrees to use its best efforts to preserve all records and evidence which are or could be relevant to, or could lead to the discovery of relevant evidence.

## XIV. REPRESENTATIONS AND WARRANTIES

A. Franklin-Strickland Funeral Home represents and warrants (i) that they have all requisite corporate power and authority to execute, deliver and

30

perform this Agreement and to consummate the transactions contemplated hereby; (ii) that the execution, delivery, and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of Franklin-Strickland Funeral Home; and (iii) that this Agreement has been duly and validly executed and delivered by or on behalf of Franklin-Strickland Funeral Home and constitutes its legal, valid, and binding obligation.

B.   This agreement is premised upon the understanding of Franklin-Strickland Funeral Home that a total of ninety-nine (99) decedents delivered to Franklin Strickland Funeral Home were provided to Tri-State Crematory during the class period.  Next of Kin for one (1) such decedent has previously excluded himself, having separately entered a settlement agreement, and shall not participate in the Settlement Subclass.  Of the remaining ninety-eight (98) decedents, sixty-one (61) were provided to Tri State Crematory for cremation from January 1, 1997 to February 15, 2002 and, according to the GBI, eighteen (18) decedents' remains were positively identified and forty-three (43) decedents' remains have not been identified as of the execution of this agreement.  The remaining thirty-seven (37) decedents were provided for cremation by Franklin-Strickland Funeral Home to Tri State Crematory between January 1, 1988 and December 31, 1996, and none of those remains has been identified as of the execution of the execution of this

agreement.  Should Eligible Claimants submit Claims regarding a greater number of decedents in any of the above categories, Franklin-Strickland Funeral Home contemplates compensating each additional approved claimant at the rate others similarly situated are compensated pursuant to the terms of this Agreement, subject to and without waiving all of its rights pursuant to Section XI (D) above.

C.     Each   Representative   Plaintiff,   Releasing   Person(s),   Settlement Subclass Members and Class Counsel represents and warrants (i) that he or she agrees not to pursue further litigation concerning Settled Claims; and (ii) that he or she agrees to assist in causing all conditions precedent to the Settlement Date to occur; and (iii) that they are Class Counsel of record and are fully authorized to enter into this Agreement subject to Court approval.

IN  WITNESS  WHEREOF, each  of  the  Parties  hereto  has  caused  this Agreement to be executed on its behalf by its duly authorized officer (in the case of Defendant) or counsel of record (in the case of Plaintiffs), effective as of the day set forth below.

Robert H. Smalley, III
McCAMY, PHILLIPS,
TUGGLE & FORDHAM, LLP
P.O. Box 1105
Dalton, Georgia
*Plaintiffs' Liaison Counsel*

David C. Higney
GRANT, KONVALINKA &
HARRISON, P.C.
633 Chestnut Street, 9th Floor
Chattanooga, Tennessee  37450

Mary Katherine Greene
CARLOCK, COPELAND, SEMLER

& STAIR, LLP
2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia 30303-1235

*Counsel for Franklin-Strickland
Funeral Home, Inc.*

LIEFF, CABRASER, HEIMANN        & BERNSTEIN, LLP
Elizabeth J. Cabraser
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Kathryn E. Barnett
3319 West End Avenue, Suite 600
Nashville, Tennessee 37203
*Plaintiffs' Lead Counsel*



# EXHIBIT / ATTACHMENT

(To be scanned in place of tab)

# FRANKLIN-STRICKLAND SETTLEMENT

## CLASS MEMBER CLAIM FORM
## TRI-STATE CREMATORY LITIGATION

**Name:** _____

**Address:** _____

_____ _____
*First*                                    *MI*

_____
*Last*

_____
*Street Address*

_____
*City*                          *State*           *Zip Code*

**Your Age:** _____  → If under 18, please provide the name of your guardian or an adult who will serve as "Next-Friend" for purposes of obtaining your Award and formalizing a settlement on your behalf: _____

**Telephone:**

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
*Daytime*

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
*Evening*

**Name of the deceased:**

_____ _____
*First*                     *MI*              *Last*

**Date of death:**

___ ___ / ___ ___ / ___ ___ ___ ___

**Your relationship to the deceased (check one): [Order of Kinship]**

- ☐ Spouse
- ☐ Child
- ☐ Parent
- ☐ Sibling
- ☐ Other (please describe): _____
  - → If there are more relatives of equal degree kinship, please check here ☐ and attach additional sheets to indentify.

**Check one:**

- ☐ I <u>am</u> the closest living relative of the deceased
- ☐ I <u>am not</u> the closest living relative of the deceased
  - → List any known closer relatives (see Order of Kinship above):

_____
*Name*

_____
*Name*

_____
*Street Address*

_____
*Street Address*

_____
*City*            *State*           *Zip Code*

_____
*City*            *State*           *Zip Code*

( ___ ___ ___ )___ ___ ___ - ___ ___ ___ ___
*Daytime Telephone Number*

( ___ ___ ___ )___ ___ ___ - ___ ___ ___ ___
*Daytime Telephone Number*

( ___ ___ ___ )___ ___ ___ - ___ ___ ___ ___
*Evening Telephone Number*

( ___ ___ ___ )___ ___ ___ - ___ ___ ___ ___
*Evening Telephone Number*

Was Franklin-Strickland Funeral Home, Inc. used for funeral and/or cremation arrangements for the decedent?      ☐ Yes ☐ No

Did <u>you</u> sign the contract with Franklin-Strickland Funeral Home, Inc. for funeral and/or cremation arrangements?      ☐ Yes ☐ No

→ If no, please state who did: _____   Still Living? ☐ Yes ☐ No
*Name*

_____
*Address*

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
*Telephone*

**I certify under penalty of perjury that the information contained in this Claim Form is true and correct to the best of my personal knowledge, information and belief.**

**Signature:** _____    **Date:** ___ ___ / ___ ___ / ___ ___ ___ ___

Mail to:  Tri-State Crematory, Franklin-Strickland Settlement Class Counsel
3319 West End Avenue, Suite 600
Nashville, Tennessee 37203

**POSTMARK DEADLINE: MARCH 12, 2004**





EXHIBIT ATTACHMENT

𝐵

(To be scanned in place of tab)

<<Seq>>
<<Name>>
<<Address>>
<<City State Zip Code>>

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:  TRI-STATE CREMATORY LITIGATION<br>**This document relates ONLY to the**<br>**Franklin-Strickland Settlement Class.** | MDL DOCKET NO. 1467 |

### Notice of Class Action and
### Proposed Partial Class Action Settlement

To:  Next-of-kin of decedents that were sent to Tri-State Crematory, Inc. for cremation by **Franklin-Strickland Funeral Home, Inc.**
between January 1, 1988 and February 15, 2002 and those who contracted for the funeral arrangements for those decedents.

THIS NOTICE DESCRIBES A PROPOSED PARTIAL CLASS ACTION SETTLEMENT THAT MAY AFFECT YOUR LEGAL RIGHTS.
PLEASE READ THIS NOTICE CAREFULLY.

## Definition of the Class

.. The proposed partial settlement class is defined to include all persons throughout the United States and its territories who are or were the next-of-kin of any decedents that were provided to Tri-State Crematory **by Franklin-Strickland Funeral Home, Inc.** for cremation from January 1, 1988 through February 15, 2002, and all persons who contracted for the funeral arrangements for those decedents.

2.  For purposes of this action, next-of-kin is defined according to the Georgia laws of intestate succession. For instance, for the purposes of this action, the next-of-kin of a decedent is the decedent's spouse, and if there is no living spouse, the decedent's child or children. If there is no living spouse or child(ren), the next-of-kin is the decedent's parent or parents. If there is no living spouse, child(ren) or parent, the next-of-kin is the decedent's brother(s) or sister(s).

3.  A number of factual and legal issues, including whether Franklin-Strickland negligently allowed the mishandling of decedents to occur, and whether the Class Members are entitled under the law to recover money damages for breach of contract and emotional distress are in dispute. Many motions have been filed and hearings held in this case, and substantial investigation and discovery has been conducted. There has been no final ruling on the merits of any of the claims and **Franklin-Strickland denies any wrongdoing whatsoever**.

4.  Without admitting legal responsibility, Franklin-Strickland has agreed to the terms of a proposed settlement regarding decedents who were provided to Tri-State Crematory by Franklin-Strickland Funeral Home, Inc. On December 23, 2003, the United States District Court for the Northern District of Georgia, with presiding judge being the Honorable Harold L. Murphy, who granted preliminary approval of the terms of this proposed settlement as a possibly fair, reasonable and adequate resolution of the pending claims against Franklin-Strickland.

## Terms of the Proposed Settlement

5.  The proposed settlement would release claims against Franklin-Strickland Funeral Home, Inc. regarding any mishandling of remains at or related to Tri-State Crematory. This proposed settlement, however, does not release claims against Tri-State Crematory or the members of the Marsh family, whom the plaintiffs allege owned and/or operated the crematory. Those claims will automatically be protected by the class action pending before Judge Murphy. You should already have received Notice of the class action, which was dated September 11, 2003. If you did not receive this notice, you may request a copy of it by calling Class Counsel at 1-866-313-1973.

6.  The proposed partial settlement provides for creation of a Settlement Fund for distribution among members of the Franklin-Strickland Settlement Class defined above. Each member of the Settlement Class will be eligible to submit a claim to the Settlement Fund. The Settlement Fund will be distributed to qualified Class Members pursuant to an allocation plan as follows:

    (a) For each decedent sent to Tri-State Crematory by Franklin-Strickland **from January 1, 1988 through December 31, 1996**, the next of kin shall be entitled to a lump sum of at least $3,100. All unclaimed awards under this subparagraph will be divided equally among the Class Members who are the next of kin of the decedents described under this subparagraph.

    (b) For each decedent sent to Tri-State Crematory by Franklin-Strickland **from January 1, 1997 through February, 2002**, and whose remains were not positively identified among the remains recovered from the Tri-State Crematory property as of the date of this partial settlement notice, the next-of-kin shall be entitled to a lump sum of at least $31,000. All unclaimed awards under this subparagraph will be divided equally among the Class Members who are the next-of-kin of the decedents described under this subparagraph.

    (c) For each decedent sent to Tri-State Crematory by Franklin-Strickland, **the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified as of the date of this partial settlement notice**, the next-of-kin shall be entitled to a lump sum of at least $62,000. All unclaimed awards under this subparagraph will be divided equally among the Class Members who are the next-of-kin of the decedents described under this subparagraph.

    (d) If, for any decedent, **the person(s) who contracted for the funeral services** is not the next-of-kin, that person(s) shall be entitled to recover the amount paid for the services out of the Awards described in paragraphs a - c above.

    (e) The Awards described above are a lump sum per decedent. If there are more than one next-of-kin of equal relationship (multiple children, for instance), the Award to the next-of-kin shall be divided equally among each of the equal next-of-kin subject to (d) above.

7.  The proposed settlement does not impact the ongoing class proceeding against Tri-State Crematory, the Marsh defendants, and/or any non-settling Funeral Home Defendant. The Class Action suit on the remaining claims against Tri-State Crematory and the Marsh defendants will be "bifurcated," meaning that it will proceed in two parts. Trial is scheduled to begin on March 1, 2004 in Rome, Georgia. The trial date is subject to change. Part one of the trial on Class Members' claims against Tri-State Crematory, the Marsh defendants, and/or any non-settling Funeral Home Defendant will decide the liability of those defendants

for negligence, willful or negligent interference with remains, intentional or negligent mishandling of a corpse, and breach of contract, under Georgia law. If the plaintiffs prevail in part one of the trial (the "liability phase"), the issues of causation and the amount of the Class Members' damages will be determined through individual proof in part two of the trial (the "damages phase"). To assert your damages claim in part two of the trial, you may be required to participate in formal or informal discovery, and may be required to provide information at a deposition, in response to interrogatories, or questionnaires, under the procedures and deadlines to be set by the Court.

## Representation of the Class

8.  If you are a member of the Class described above, your rights and interests under the proposed settlement will be automatically represented by the named plaintiffs in the Settlement Class and the group of law firms for the plaintiffs appointed by the Court as class counsel who are listed on Exhibit A. You do not need to hire an attorney to pursue your claims as a class member. Class Counsel will represent you on your class claims without direct charge. Class Counsel must apply to the Court for award of fees and costs from the settlement fund. These are contingent on obtaining a benefit for class members. You may hire counsel, at your own expense, to enter an appearance in this case if you desire.

9.  To date, class counsel have incurred over $700,000 in out-of-pocket expenses and have invested substantial time on a priority basis to protect and prosecute the Class Members' claims. In class actions, counsel who generate a monetary recovery for the benefit of the class are entitled to an award of attorneys' fees and costs, representing a reasonable percentage of the recovery in recognition of their efforts, expenses, risks and performance.

10. In this case, class counsel are seeking reasonable attorneys' fees of up to 33 percent ($1,364,550) of the gross amount paid in settlement of the Class Members' claims by Franklin-Strickland Defendants pursuant to the Agreement. **The Class Member Awards (described in paragraph 6 of the above section) are net minimum Awards from which the maximum possible attorneys' fees have already been deducted.**

11. Class counsel shall seek Court approval to withhold up to five percent ($206,750) of the gross amount paid in settlement of all Class Members' claims to reimburse class counsel for reasonable and necessary expenses incurred for the common benefit of the Class. If at the conclusion of this Action, class counsel has withheld more funds in costs from Awards than has been reasonably and necessarily incurred for the benefit of the Class, all additional funds shall be returned to the Class on a pro-rata basis, if it is practicable and cost-effective to do so. **The Class Member Awards (described in paragraph 6 of the above section) are net minimum Awards from which the maximum possible reimbursement of expenses have already been deducted.**

12. If you entered into written attorney representation/contingent fee agreements with an attorney prior to March 17, 2003 ("private fee agreements"), your lawyer will be paid from the Court Award of attorneys' fees to class counsel. All requests for attorneys' fees and expenses are subject to Court approval.

## Your Rights

13. If you are a member of the Settlement Class, you have the right to make a claim by filling out and signing the Class Member Claim Form and submitting it postmarked no later than March 12, 2004.

14. You also have the right to exclude yourself from the Settlement Class and/or the class proceeding. If you would like to exclude yourself from the Settlement Class and/or the class proceeding, you must personally submit and sign a written "request for exclusion" that includes your full name and current address, your decedent's name, and your relationship to the decedent. Your request for exclusion must be mailed to "Class Counsel, Tri-State Crematory Litigation, 3319 West End Avenue, Suite 600, Nashville, Tennessee 37203" and must be postmarked no later than February 23, 2004.

15. If you decide to leave the Settlement Class and/or the class proceeding,

    (a) you will not participate in any Class recovery of damages from the trial of Class claims in this lawsuit;

    (b) you will not be bound by any further order affecting the Class in this lawsuit;

    (c) you will have to retain your own lawyer at your expense if you wish to pursue individual litigation for money damages against any defendants;

    (d) you will have to present any claims you wish to pursue against the defendants by filing your own lawsuit.

    If you decide to leave the Settlement Class, you will not share in the Settlement Fund, and may not pursue any claims against Franklin-Strickland Funeral Home Inc. in the certified class action, but would have to initiate and pursue your own individual claims, at your own expense.

### Final Approval Hearing

16. The Court will conduct a final approval hearing to consider all comments on the settlement and to decide whether to approve the settlement. You have the right, but are not required, to comment on the proposed settlement and to appear at the final approval hearing, either in person or through your attorney. The final approval hearing will be held on February 27, 2004, at 10:30 a.m. at the federal courthouse in Rome, Georgia. Any comments to the settlement must be submitted in writing to the Court with copies to Class counsel and Defense counsel, by no later than February 23, 2004.

### For More Information

17. If you wish to communicate with class counsel as your lawyers in this litigation, you may do so by writing:

> Class Counsel
> Tri-State Crematory Litigation
> 3319 West End Avenue, Suite 600
> Nashville, Tennessee 37203

You may also call the following toll-free number: 1-866-313-1973. For further information and updates regarding the ongoing class action against Tri-State Crematory and the Marsh defendants, you may call the following toll-free number: 1-877-877-4521 or visit the interactive, informational website for Class Members: www.crematoryclassaction.com.

Dated:  January 19, 2004

/s/ _____
Hon. Harold L. Murphy
United States District Court
Northern District of Georgia, Rome Division

---

**Si usted desea obtener una copia de este documento legal en Espanol, favor de actuar immediatamente y escribir a**

**Class Counsel**
**Tri-State Crematory Litigation**
**3319 West End Avenue, Suite 600**
**Nashville, Tennessee 37203**

---

### EXHIBIT A

**Class Counsel**

*Plaintiffs' Lead Counsel*
  Elizabeth J. Cabraser
  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
  Embarcadero Center West
  275 Battery Street, 30th Floor
  San Francisco, CA 94111-3339
  Telephone:  (415) 956-1000
  Facsimile:   (415) 956-1008

  Kathryn E. Barnett
  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
  3319 West End Avenue, Suite 600
  Nashville, TN 37203
  Telephone:  (615) 313-9000
  Facsimile:   (615) 313-9965

*Plaintiffs' Liaison Counsel*
  Robert H. Smalley, III
  McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
  P.O. Box 1105
  Dalton, GA 30722-1105
  Telephone:  (706) 278-4499
  Facsimile:   (706) 278-5002

**Defense Counsel**

Franklin-Strickland Funeral Home MDL Defense Counsel
633 Chestnut Street, Suite 900
Republic Centre
Chattanooga, TN 37450-0900

# Did You Make Arrangements for Cremation of a Loved One through Franklin Strickland Funeral Home or Julian Peeples Funeral Home?

## You May Be Entitled to a Recovery in the Tri-State Crematory Class Action.

There is a partial settlement of certain claims involving Franklin Strickland Funeral Home and Julian Peeples Funeral Home in the class action *In re: Tri-State Crematory Litigation*, MDL No. 1467, (N.D. GA, Rome Div.) Please read this Court-ordered notice to understand your legal rights.

### What Is This About?

Beginning on February 15, 2002, the uncremated remains of at least 334 decedents were discovered at Tri-State Crematory in Noble, Georgia.

A class action lawsuit against Tri-State Crematory, members of the Marsh family who are alleged to have owned and operated it, and the funeral homes that sent bodies to Tri-State Crematory between 1988 and 2002 asserts that the defendants are all legally responsible for damages caused by their alleged failure to dispose of human remains properly and respectfully.

Judge Harold L. Murphy certified the class action lawsuit, *In re: Tri-State Crematory Litigation*, MDL No. 1467, (N.D. GA, Rome Div.) for trial on the plaintiffs' claims of negligence, willful interference with remains and intentional mishandling of a corpse; negligent interference with remains and mishandling of a corpse; and breach of contract under Georgia law. Defendants deny any liability on these claims but have entered into a settlement to avoid the time, risks and exposure of defending protracted litigation.

Phase one of the trial on the remaining claims against Tri-State Crematory, the Marsh defendants and any non-settling funeral home defendants will begin on March 1, 2004.

### Who Is Involved?

You are automatically a Settlement Class Member if you fit either of two Settlement Class descriptions below:

*Franklin Strickland Settlement Class*
All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by Franklin Strickland Funeral Home between January 1,1988 to February 15, 2002, or all persons who were parties to any contract for funeral arrangements with Franklin Strickland Funeral Home for any decedent sent to Tri-State Crematory between January 1, 1988 and February 15, 2002.

*Julian Peeples Settlement Class*
All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by Julian Peeples Funeral Home between January 1, 1988 to February 15, 2002, or all persons who were parties to any contract for funeral arrangements with Julian Peeples Funeral Home for any decedent sent to Tri-State Crematory between January 1, 1988 and February 15, 2002.

For purposes of this action, next-of-kin is defined according to the Georgia laws of intestate succession.

### Terms of the Proposed Settlement

The proposed partial settlement provides for the creation of Settlement funds for distribution among members of the Franklin Strickland Settlement Class and the Julian Peeples Settlement Class. Each member of the Settlement Class will be eligible to submit a claim to the Settlement Funds. The Settlement will be distributed to qualified Class Members according to a Court-approved allocation plan. Complete information on the terms and amount of the Settlements is available by calling 1-866-313-1973.

### What are My Rights?

The rights and interests of the Class Members are automatically protected by the named plaintiffs in the lawsuit and by Class Counsel. Class Counsel have agreed to represent the Class on a contingent fee basis, with any fees and costs to be awarded by the Court from the Settlement Fund.

• If you are a member of the Settlement Class, you have the right to make a claim by filling out and signing the Class Member claim form and submitting it postmarked no later than March 12, 2004. By remaining a Class Member, any claims you may have against the Defendants covered in the partial settlement will be released. The settlement does not release your claims against the Tri-State Crematory or the Marsh defendants.

• If you wish to exclude yourself from the Settlement Class and/or the class proceeding, you must personally do so in writing. All written, signed exclusions must be postmarked by 5:00 p.m. ET on February 23, 2004, and sent to Class Counsel, 3319 West End Avenue, Suite 600, Nashville, TN 37203, as described in the Notice of Class Action and Proposed Partial Class Action Settlement. If you decide to leave the Settlement Class you will not share in the class settlement and must pursue your individual claims against the Defendants at your own expense.

The court will conduct a final approval hearing to decide whether to approve the Settlement on February 27, 2004, at 10:30 a.m. ET, at the federal courthouse in Rome, Georgia. You have the right, but are not required to comment on the proposed Settlement and to appear at the final approval hearing, either in person or through your attorney. Any comments to the Settlement must be submitted in writing to the Court with copies to Class Counsel, no later than February 25, 2004.

## This is a summary. For further information, the Notice of Class Action and Proposed Partial Class Action Settlement and a Claim Form, please

### call Toll-Free: 1-866-313-1973

### or write: Class Counsel 3319 West End Avenue, Suite 600, Nashville, TN 37203

### For information regarding the ongoing class action proceedings and claims against Tri-State Crematory and the Marsh defendants, call Toll-Free: 1-877-877-4521 or visit: www.crematoryclassaction.com



# EXHIBIT / ATTACHMENT

C

(To be scanned in place of tab)



**KINSELLA**
COMMUNICATIONS, LTD.
A SOURCECORP= COMPANY

### In Re: Tri-State Crematory Litigation
### United States District Court Northern District of Georgia, Rome Division
#### MDL Docket No. 1467

## NOTICE PLAN FOR PROPOSED CLASS ACTION SETTLEMENT

This proposal is submitted in connection with *In Re: Tri-State Crematory Litigation* . It outlines procedures to provide fair and adequate notice of a partial settlement of the class action to individuals defined below.

## CLASS DEFINITION

The Class includes the following:

> All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by either the Franklin Strickland Funeral Home or the Julian Peeples Funeral Home between January 1, 1988, to February 15, 2002, or all persons who were parties to any contract for funeral arrangements with either the Franklin Strickland Funeral Home or the Julian Peeples Funeral Home for any decedent sent to Tri-State Crematory between January 1, 1988, and February 15, 2002.

1920 L STREET, NW | SUITE 700 | WASHINGTON, DC 20036
PHONE: 202.686.4111 | FAX: 202.293.6961 | EMAIL: INFO@KINSELLA.COM | HTTP://WWW.KINSELLA.COM

*In Re: Tri-State Crematory Litigation – MDL. Docket No. 1467*

## SITUATION ANALYSIS

Plaintiffs allege that the Defendants failed to ensure that cremations were being performed according to all applicable laws and regulations. The Defendants, in connection with Tri-State Crematory, are alleged to have failed to follow the basic industry practices by improperly cremating bodies, commingling the remains of the bodies in its custody, and fraudulently returning to families non-human materials such as concrete dust that were represented as being human remains. The Defendants deny all allegations.

In February 2002, improperly buried remains of over 330 corpses were found on the property of the Tri-State Crematory. It is not known how many additional bodies, if any, were not properly cremated since 1988.

## NOTICE IMPERATIVES

To provide notice to Settlement Class Members, the following two part program is recommended:

- Direct notice by first-class mail to all individuals whose names and addresses are readily available.

- Broad notice through the use of paid media in daily newspapers in the geographic areas where the Defendant funeral homes are located, and their surrounding counties.

## DIRECT NOTICE

Direct mail notice is the primary means of notice and will consist of mailing the Notice of Proposed Partial Class Action Settlement to potential Settlement Class Members to inform them of their rights and how they may participate in the Class Action Settlement. The direct notice will be sent to:

- The Settlement Class Members whose names and addresses are derived from the records of the Defendants. Any return mail will be corrected through the national address database and re-mailed, if possible.

- Settlement Class Members whose names and addresses are provided by Plaintiffs' Counsel.

It is believed that the vast majority of Settlement Class Members can be identified from Defendant and Plaintiff records. Duplicates will be removed from these lists before mailing.

*In Re: Tri-State Crematory Litigation – MDL. Docket No. 1467*

## PAID MEDIA METHODOLOGY

The purpose of the paid media notice is to support and enhance the direct mail notice. To design the paid media segment of the Notice Plan, Kinsella used geographic considerations as well as the following assumptions to shape the parameters of the program:

- Next of kin and other family relatives of the descendents may live in counties that are contiguous to those in which the funeral homes are located, not just in the funeral home counties.

Therefore, this notice program is designed to reach next of kin and other family relatives in the geographic areas surrounding the three Defendant funeral homes.

## GEOGRAPHIC PARAMETERS

In order to determine the geographic scope of the notice program, Kinsella compiled a list of counties in which Defendant funeral homes were located. Based on those counties, surrounding counties in which Settlement Class Members may live were also identified. Counties in which funeral homes are actually located are highlighted in light color (yellow). All surrounding counties are highlighted in the darker color (blue).



© October, 2003 Proprietary and Confidential.
Kinsella Communications, Ltd.

The primary counties where the Defendants are located were analyzed to choose where media should be purchased.

| FUNERAL HOME COUNTIES |
|---|
| Hamilton, TN |
| Whitfield, GA |

Counties contiguous to funeral home counties were identified as follows:

| SURROUNDING FUNERAL HOME COUNTIES |
|---|
| Marion, TN |
| Sequatchie, TN |
| Bledsoe, TN |
| Rhea, TN |
| Megis, TN |
| Bradley, TN |
| Dade, GA |
| Murray, GA |
| Gordon, GA |
| Walker, GA |
| Catoosa, GA |

# TARGET AUDIENCES

## DEMOGRAPHICS

All media is purchased based on demographics such as age, gender, education, income and the like.  However, due to the nature of this case and the breadth of age and gender that decedent family members exhibit, a broad demographic target is appropriate.  Adults 18 years of age and older ("Adults 18+") will be the demographic target.

# PAID MEDIA RECOMMENDATIONS

The paid media program is designed to support the direct mail notice with advertising in major daily newspapers in the counties where funeral homes are located and contiguous counties.  Newspapers were selected as the main vehicle because of the size and geographic location of the Settlement Class and because according to Simmons Market Research Bureau[2], 79% of Adults 18+ rely on newspapers to keep them informed.

## PRINT

### Notice Design

The Summary Notice (See Exhibit 1.) for this plan is designed as an advertisement to capture and hold the attention of the reader with:

- A bold headline to alert potential Settlement Class Members that the Notice contains information that may affect them.  The headline is directed to the next of kin of decedents who were delivered by Defendants, for cremation at Tri-State Crematory.

- Easy to read text providing key information regarding the subject of the litigation, the class definition and the legal rights available to Settlement Class Members as well as a complete list of Defendants listed by geographic location.

- Subheads to direct the reader to specific information.

- A toll-free number and P.O. Box to obtain a complete notice.

Unlike product or consumer ads, the Summary Notice is designed to alert the reader that the message contains important legal information.

---

[2] **Simmons Market Research Bureau** is a nationally accredited media and marketing research firm providing syndicated data on audience size, composition, and other factors pertaining to major media including broadcast publications, newspapers, and outdoor advertising.  It provides a single source measurement of major media, products, services, and in-depth consumer demographic and lifestyle/ psychographics characteristics.

*In Re: Tri-State Crematory Litigation – MDL. Docket No. 1467*

Every Summary Notice in the chosen newspapers will be sized to make it highly visible to Settlement Class Members. The placement requested for the newspaper notice in daily newspapers will be the front section, which is the most read section of newspapers.

## Print Placement

### DAILY NEWSPAPERS

The Summary Notice will be placed as a quarter-page ad in the Sunday edition of the following major daily newspapers. These newspapers have circulation in all funeral home counties and contiguous counties.

| STATE | NEWSPAPER | CIRCULATION |
|-------|-----------|-------------|
| TN | *Chattanooga Free Press* | 98,879 |
| TN | *Cleveland Banner* | 16,537 |
| GA | *Dalton Daily Citizen* | 12,772 |

## Readers Per Copy

Readers per copy ("RPC") are the number of individuals who read a given copy of a publication. This can also be referred to as pass-along or secondary readership. The number of daily and Sunday newspaper readers is measured nationally and regionally by MRI[3]. This readership is compared to the circulation of newspapers in the respective geographies to develop estimates of RPC's. Estimates of readership to local daily newspapers can then be projected using the appropriate regional RPCs.

| PUBLICATION | TARGET | READERS PER COPY OF ADULTS 18+ |
|---|---|---|
| Sunday Newspapers | East South Central Census Sub-Region 18+ | 2.25 |
| Sunday Newspapers | South Atlantic Census Sub-Region 18+ | 2.04 |

# MEDIA DELIVERY

The population of Adults 18+ in the funeral home counties, and their 11 surrounding counties, is 610,103. Our newspaper advertisements will deliver notice to approximately 266,036 readers.

| | ADULT 18+ POPULATION | SUNDAY NEWSPAPER ADULT 18+ READERSHIP |
|---|---|---|
| Funeral Home Counties | 302,606 | 169,567 |
| Surrounding Counties | 307,497 | 96,469 |

# TOLL-FREE TELEPHONE SUPPORT

A toll-free number is provided in the Summary Notice for Settlement Class Members to call for the Notice of Proposed Partial Class Action Settlement.

---

[3] **MediaMark Research Inc.** ("MRI") is a nationally accredited media and marketing research firm that provides syndicated data on audience size, composition, and other relevant factors pertaining to major media including broadcast, magazines, newspapers, and outdoor advertising. MRI provides a single source measurement of major media, products, services, and in-depth consumer demographic and lifestyle/psychographic characteristics.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA, ROME DIVISION

In Re: Tri-State Crematory Litigation )
                                         )
                                         )
                                         )
MDL Docket No. 1467

## DECLARATION OF KATHERINE KINSELLA

Katherine Kinsella, being first duly sworn, states as follows:

1. I am President of Kinsella Communications, Ltd., an advertising and notification consulting firm in Washington, D.C. that specializes in the design and implementation of class action and bankruptcy notification programs to reach unidentified putative class members primarily in consumer and mass tort litigation. My business address is 1920 L Street, NW, Suite 700, Washington, D.C. 20036. My telephone number is (202) 686-4111.

2. I submit this declaration in connection with In Re: Tri-State Crematory Litigation, MDL Docket No. 1467, pending in the United States District Court for the Northern District of Georgia, Rome Division at the request of the Plaintiffs.

3. This declaration is based upon my personal knowledge and upon information provided by Class Counsel, my associates, and staff. The information is of a type reasonably relied upon in the fields of advertising, media, and communications. I have submitted my qualifications in my October 23, 2003 declaration.

4. Kinsella Communications, Ltd. was retained to design and implement the Proposed Partial Class Action Settlement Notice Program for the Franklin Strickland and Julian Peeples Funeral Homes in this litigation. I submit this declaration to describe the elements of the Notice Program.

5. The objective of the Notice Program is to provide adequate notice of the partial Settlement of this case to Settlement Class Members who are defined as follows:

All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by either the Franklin Strickland Funeral Home or the Julian Peeples Funeral Home between January 1, 1988, to February 15, 2002, or all persons who were parties to any contract for funeral arrangements with either the Franklin Strickland or the Julian Peeples Funeral Home for any decedent sent to Tri-State Crematory between January 1, 1988, and February 15, 2002.

1

6. The notification program is designed to include:

  - Direct notice by first-class mail to all individuals and entities whose names and addresses are readily available.

  - Broad notice through the use of paid media in daily newspapers in Hamilton County, TN, and Whitfield County, GA, where Franklin Strickland and Julian Peeples Funeral Homes are located, respectfully, and their surrounding counties.

7. Direct mail notice is the primary means of notice and consists of mailing the Notice of Proposed Partial Class Action Settlement to Settlement Class Members to inform them of their rights and how they may participate in the Settlement. In brief, the direct notice will be sent to:

  - The Class Members whose names and addresses were derived from the records of Franklin Strickland or Julian Peeples Funeral Homes. Any return mail will be corrected through the national address database and re-mailed, if possible.

  - Class Members whose names and addresses are provided by Class Counsel.

  - All callers to the toll-free information line who request the Notice of Proposed Partial Class Action Settlement. The toll-free number for this information line will appear prominently in the published forms of notice.

8. In designing the paid media segment of the Notice Plan, Kinsella used geographic considerations. Kinsella considered the fact that next of kin and other family relatives of the descendents may live in counties that are contiguous to the counties where the Defendants are located. Therefore, this notice program was designed to reach next of kin and other family relatives not only in Hamilton County, TN, and Whitfield County, GA, but also counties contiguous to them.

9. The counties where the Defendants are located:

| FUNERAL HOME COUNTIES |
|---|
| Hamilton, TN |
| Whitfield, GA |

10. Counties contiguous to funeral home counties were identified as follows:

| SURROUNDING FUNERAL HOME COUNTIES |
|---|
| Marion, TN |
| Sequatchie, TN |
| Bledsoe, TN |
| Rhea, TN |
| Megis, TN |
| Bradley, TN |
| Dade, GA |
| Catoosa, GA |
| Gordon, GA |
| Murray, GA |
| Walker, GA |

11. The Summary Notice will be placed as a quarter-page ad in the Sunday edition of the following major daily newspapers. These newspapers have circulation in the funeral home counties as well as their contiguous counties.

| STATE | NEWSPAPER | CIRCULATION |
|---|---|---|
| TN | Chattanooga Free Press | 98,879 |
| TN | Cleveland Banner | 16,537 |
| GA | Dalton Daily Citizen | 12,772 |

12. All print advertising and media will carry a toll-free telephone number, a website address, and a mailing address for Settlement Class Members to request or access the Notice of Proposed Partial Class Action Settlement.

13. It is my opinion that the direct mail notice and supporting published notice is reasonable, adequate and the best possible under the circumstances and is fully compliant with Rule 23 of the Federal Rules of Civil Procedure.


I solemnly affirm under the penalty of perjury of the laws of the District of Columbia and the United States of America, and upon personal knowledge that the contents of the foregoing paper are true.


_Katherine Kinsella_
Katherine Kinsella

_January 9, 2004_
Date