FILED IN CLERK'S OFFICE
U.S.D.C. Rome

JAN 16 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: Tri-State Crematory Litigation ) MDL Docket No. 1467
)
This relates to all actions. )

## NOTICE OF TAKING DEPOSITION

TO: Plaintiffs' Counsel
Defendant Funeral Homes' Counsel
All Parties

Pursuant to Federal Rule of Civil Procedure 30, you are hereby notified that on Tuesday, February 10, 2004, at 10:00 a.m.. in the offices of Brinson, Askew, Berry, Seigler, Richardson & Davis, 615 West First Street, Rome, Georgia, before an officer duly authorized by law to administer oaths, counsel will proceed to take the deposition of **Greg Ramey,** a non-party deponent, for cross-examination of a non-party deponent, to be used as evidence at trial, and for all other purposes allowed by law. The deposition will be video-taped and recorded stenographically. The deposition will continue from day-to-day until examination is complete.

The Deponent is requested, pursuant to Fed. R. Civ. P. 30(b)(1), to produce at said deposition those documents and things listed as Exhibit "A" to the Subpoena for Appearance at Deposition and for Production of Documents, a copy of which is attached hereto and incorporated herein.

914

You are invited to attend and participate.

This 14th day of January, 2004.

                        JENKINS & OLSON, P.C.


                        Frank E. Jenkins, III
                        Ga. State Bar No. 390550
                        Jennifer Joy Walker
                        Ga. State Bar No. 732263
                        *Attorneys for Defendants T. Ray Brent Marsh and Clara C. Marsh, individually and as the Administratrix of the Estate of T. Ray Marsh*

15 South Public Square
Cartersville, Georgia 30120
(770)387-1373

# EXHIBIT "A"

1. Any and all documents, photographs, or videos in your possession or control related to the discovery, recovery effort and investigation of the incident at Tri-State Crematory. (The discovery, recovery effort and investigation of the incident at Tri-State Crematory includes the time period from when the discovery at Tri-State was first made by law enforcement and continues up through and including the conclusion of the investigation of the Tri-State incident.)

2. Any and all correspondence in your possession or control related to the discovery, recovery effort, and investigation of the incident at Tri-State Crematory. ("Correspondence" includes any letters, memoranda, or emails sent by you to any other person, and any letters, memoranda or emails received by you from any other person. "Correspondence" includes both intra-office letters, memoranda and emails within the G.B.I. as well as any letter, memorandum or email sent to or received from any person outside the G.B.I., including but not limited to family members, state officials, and the media.)

3. Any and all emails regarding the discovery, recovery effort and investigation at Tri-State Crematory received or generated by *any* G.B.I. employee.

4. Any lists or records of any person involved in the discovery, recovery effort and investigation of the incident at Tri-State Crematory, including but not limited to law enforcement officials, clerical personnel, volunteers, members of other organizations such as G.E.M.A. and D.M.O.R.T. and any other person who assisted in any way with the efforts made by the G.B.I.

5. Any lists or records of any person permitted to come onto the premises of Tri-State Crematory during the recovery effort and investigation period.

# United States District Court

NORTHERN **DISTRICT OF** GEORGIA
ROME DIVISION

IN RE: Tri-State Crematory Litigation     **SUBPOENA IN A CIVIL CASE**

CASE NUMBER: MDL Docket No. 1467

This relates to all actions.

TO:   **Mr. Greg Ramey**
c/o Christopher S. Brasher
State of Georgia, Dept. Of Law
40 Capitol Square, S. W.
Atlanta, GA 30334-1300

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Brinson, Askew, Berty, Seigler, Richardson, & Davis<br>615 West First Street; The Omberg House<br>Rome, GA 30162-5513 | February 10, 2004<br>at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Exhibit A, attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Marsh Defendants<br>JENNIFER JOY WALKER | 1/14/04 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jennifer Joy Walker, Jenkins & Olson, P.C., 15 South Public Square, Cartersville, Georgia 30120 (770) 387-1373

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

   (i) fails to allow reasonable time for compliance;

   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

   (iv) subjects a person to undue burden.

(B) If a subpoena

   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

|   |   |
|---|---|
| IN RE: Tri-State Crematory Litigation ) | MDL Docket No. 1467 |
| This relates to all actions. ) | |

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 26, I hereby certify that I have this day served a copy of the within and foregoing **Notice of Taking Deposition of Greg Ramey and Subpoena for Appearance at Deposition** upon all parties to this matter by depositing a true copy of same in the United States Mail, proper postage prepaid, addressed to counsel of record as follows:

J. Anderson Davis
Brinson, Askew, Berry, Seigler, Richardson & Davis
P.O. Box 5513
Rome, GA 30162-5513

Robert Harris Smalley, III
McCamy Phillips Tuggle & Fordham
Post Office Box 1105
Dalton, Georgia 30720-1105

McCracken Poston
Post Office Box 1130
Ringgold, Georgia 30736

This 14th day of January, 2004.

_____
Jennifer Joy Walker
Ga. State Bar No. 732263