FILED IN OPEN COURT
FEB - 5 2004
Luther D. Thomas, Clerk
By: *[signature]*
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

## PARTIAL SETTLEMENT AGREEMENT
## REGARDING CLAIMS AGAINST
## THOMAS & SON FUNERAL HOME, INC.

**I.   RECITALS**

Subject to Court approval as provided herein, the Parties to this

Agreement hereby stipulate and agree that, in consideration of the promises

and covenants set forth in this Agreement and upon the entry by the Court of

a Final Order and Judgment approving this Agreement and directing its

implementation, the claims in this Action against Defendant Thomas & Son

Funeral Home, Inc., (hereinafter "Thomas & Son Funeral Home), regarding

decedents sent to Tri-State Crematory between January 1, 1988 and October

7, 1991, shall be settled and compromised upon the terms and conditions

contained in this Agreement.

WHEREAS, a class action complaint is pending in the United

States District Court for the Northern District of Georgia, Rome Division

against Thomas & Son Funeral Home, alleging that Thomas & Son Funeral

*938*

Home breached contracts with Settlement Subclass Members and

mishandled the human remains delivered to Thomas & Son Funeral Home

by Class Members by negligently engaging Tri-State Crematory and

thereafter negligently failing to monitor and supervise Tri-State to cremate

the remains;

WHEREAS, Thomas & Son Funeral Home has denied and

objected to, and continues to deny and object to, any wrongdoing or liability

to Class Members in this Action, and has raised numerous defenses;

WHEREAS, based upon extensive analysis of the facts and the

law applicable to Class Members' claims, and taking into account the

burdens and expenses of litigation, including the risks and uncertainties

associated with a potentially protracted trial and appeal, and the fair, cost-

effective and assured method of resolving by agreement Plaintiffs' claims

and the claims of the Settlement Subclass, Class Counsel have concluded

that this Agreement provides substantial benefits to the Settlement Subclass

and is fair, reasonable, adequate and in the bests interests of the Settlement

Subclass as a whole;

WHEREAS, Massachusetts Bay Insurance Co. (Hereafter

referred to as Hanover), Thomas & Son Funeral Home's liability insurer

between January 1, 1988 andOctober 7, 1991, has similarly concluded that

2

this Agreement is desirable in order to avoid the time, risks and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Subclass;

WHEREAS, the Parties hereto have engaged in extensive, arms'-length settlement negotiations for a period of several months via in-person meetings, telephone conferences, and correspondence;

WHEREAS, the Parties hereto are in agreement that this Settlement provides a fair and just resolution of the Class Representatives' and Settlement Subclass Members' claims against Thomas & Son Funeral Home arising from the alleged mishandling of human remains at Tri-State Crematory between January 1, 1988 and October 7, 1991;

WHEREAS, Plaintiffs and Hanover Insurance Company, Thomas & Son Funeral Home's insurer between October 7, 1988 and October 7, 1991, intend by this Agreement to resolve, terminate and finally conclude any and all Settled Claims under the terms of this Agreement; and

WHEREAS, the Parties agree that all Settlement Subclass Members shall have the right to be excluded ("opt out") from the Settlement as provided in this Agreement;

NOW, THEREFORE, the Parties stipulate and agree that any and all Settled Claims shall be finally settled, resolved, and dismissed with

3

prejudice on the terms and conditions set forth in this Agreement, subject to Court approval of this Agreement as a fair, reasonable and adequate settlement pursuant to Federal Rule of Civil Procedure 23(e,) and entry of a Final Order and Judgment accordingly.

## II.   **DEFINITIONS**

As used in this Agreement and any exhibits hereto, and in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

**Action** means the above-captioned matter, In re: Tri-State Crematory Litigation, MDL Docket No. 1467.

**Agreement** means this Settlement Agreement, including any exhibits attached hereto.

**Award** means the cash sum to be paid to individual Eligible Claimants pursuant to the Claims Process set forth in Section VI of this Agreement.

**Business Day** means any day except a Saturday, Sunday or other day on which commercial banks in Georgia are authorized by law to close.

**Claim Form** means a form, substantially in accordance with Exhibit A, as referred to in Section VI of this Agreement, and submitted by a

Settlement Class Member to the Claims Administrator, during the Claims
Period.

**Claims Period** means the period commencing upon the Notice
Date and ending on a date certain no sooner than 45 days thereafter, such
date to be set by the Court.

**Claims Process** means the procedures for obtaining an Award
set forth in Section VI of this Agreement.

**Class Counsel** means the law firms of McCamy, Phillips,
Tuggle & Fordham, LLP; Lieff, Cabraser, Heimann & Bernstein, LLP;
Shumaker, Witt, Gaither & Whitaker; Law Offices of David Randolph
Smith; Fleissner & Associates; Coppedge & Leman; Doffermyre, Shields,
Canfield, Knowles & Devine; Mabry & McClelland, LLP; Barrett Law
Office; and Sims, Graddick & Dodson, P.C.

**Class Notice** means the Court-approved direct mail and
publication notice referred to in Section V of this Agreement, and
substantially in the form of Exhibit B.

**Court** means the United States District Court for the Northern
District of Georgia, Rome Division.

**Eligible Claimant** means a Settlement Class Member who
submits a Claim Form within the Claims Period that is properly completed

and executed, and who satisfies the requirements for receiving an Award under this Agreement.

**Fairness Hearing** means the hearing to be conducted by the Court in connection with a determination of the fairness, adequacy and reasonableness of this Agreement, and to consider Class Counsel's application for an award of attorneys' fees and costs.

**Final Order and Judgment** means the Final Order and Judgment dismissing only claims against Thomas & Son Funeral Home arising from the alleged mishandling of remains at Tri-State Crematory between January 1, 1988 and October 7, 1991 with prejudice, pursuant to Federal Rule of Civil Procedure 23(e) to be entered by the Court, approving this Agreement without material alterations as fair, adequate and reasonable; confirming the certification of the Settlement Subclass for purposes of entry of judgment; and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement.

**Next of kin** means the next of kin under the provision of Georgia law regarding intestate succession.  For instance, next of kin means:

        (a)     surviving spouse;
        (b)     if there is no surviving spouse, the child or children;
        (c)     if there is no surviving spouse and no surviving child, the parent;

(d)     if there is no surviving spouse, no surviving child and no surviving parent, then sibling.

The determination of next of kin is at the time the claim is made for an Award under this Agreement.

**Notice Administrator** means Kinsella Communications, the person jointly selected by the Parties, for whom the Parties shall seek the appointment of the Court to disseminate Class Notice to the Settlement Subclass accordance with Section V of this Agreement.

**Notice Date** means the date upon which Class Notice is mailed to the Settlement Class in accordance with Section V of this Agreement.

**Opt Out** Period means the period commencing on the Notice Date on a date certain no sooner than 35 days thereafter, such date to be set by the Court

**Parties**  means Plaintiffs and Thomas & Son Funeral Home Inc..

**Preliminary Approval** means the Court's conditional certification of the Settlement Subclass, appointment of Class Counsel, preliminary approval of this Agreement, appointment of the Notice Administrator, and approval of the forms of the Class Notice, and the Claim Form, substantially the same as those attached hereto as Exhibits A and B.

**Released Persons** means Thomas & Son Funeral Home

7

regarding claims arising from the alleged mishandling of remains at Tri-State Crematory between January 1, 1988 and October 7, 1991, and its insurer for that period, Hanover Insurance Company.  Thomas & Son Funeral Home is not released from all claims in this action under this Partial Settlement Agreement. Specifically, Thomas & Son Funeral Home is not released from claims in this action arising from the alleged mishandling of remains at Tri-State Crematory that occurred after October 7, 1991.

**Releasing Persons** means all Settlement Subclass Members who do not exercise their opt-out rights by timely submitting Requests for Exclusion.

**Request for Exclusion** means a written request by a Settlement Subclass Member to be excluded from the Settlement Subclass, setting forth the Settlement Subclass Member's name and address; the name and address of the Decedent to whom the Subclass Member is next-of-kin; and the relationship to the Decedent.  To be valid, such a Request for Exclusion must be mailed to Class Counsel, postmarked on or before midnight on the last day of the Opt Out Period.

**Settled Claim** means any claim that a Releasing Person has, had or may have against Thomas & Son Funeral Home, which arises out of the alleged mishandling of remains at Tri-State Crematory between January

8

1, 1988 and October 7, 1991.  Specifically, a Settled Claim shall not include

any claims that a releasing person has, had or may have against any other

defendant named in this Action.

       **Settlement Account** means an interest-bearing account for the

benefit of Class Counsel, to be kept at a federally-insured financial

institution to be designated by Class Counsel, as referred to in Section IV of

this Agreement.

       **Settlement Subclass** means:

> All those who are or were next of kin of any
> decedents delivered to Thomas & Son Funeral
> Home for cremation and sent to Defendant Tri-
> State Crematory from January 1, 1988 and October
> 7, 1991; and

> all persons or entities who were parties to any
> contract with Thomas & Son Funeral Home
> regarding funeral arrangements for any decedent
> who was sent for cremation to Defendant Tri-State
> Crematory from January 1, 1988 and October 7,
> 1991.

       **Settlement Subclass Member** means a member of the

Settlement Subclass.

       **Settlement Consideration** means the total combined costs of

Class Notice, claims administration, Awards to Eligible Claimants, Class

Counsel's attorneys' fees and costs, and all amounts incidental to or

necessary for implementation of any of the foregoing.

**Settlement Date** means the date of entry of the Final Order and Judgment without material modification.

III.   **REQUIRED EVENTS AND COOPERATION**

    A.   Promptly after execution of this Agreement, the Parties shall submit this Agreement to the Court for Preliminary Approval, moving the Court for one or more orders which by their terms shall:

    1.   Conditionally certify a Settlement Subclass pursuant to Federal Rule of Civil Procedure 23(b)(3) for settlement purposes, appoint Plaintiffs as Settlement Subclass Representatives, appoint Class Counsel, and preliminarily approve this Agreement;

    2.   Appoint Kinsella Communications as Notice Administrator, approve the form and contents of the Settlement Class Notice, the Claim Form, and direct their provision forthwith;

    3.   Schedule appropriate opt-out, objection, and other settlement-related dates and deadlines for inclusion in the Class Notice and/or Claim Form;

    4.   Schedule the Fairness Hearing to review comments or objections regarding this Agreement; to consider its fairness,

reasonableness and adequacy; to determine whether to enter a

Final Order and Judgment pursuant to Federal Rule of Civil

Procedure 23(e); and to consider Class Counsels' fee

application; and

5.      Enjoin Settlement Subclass Members from proceeding

against Thomas & Son Funeral Home with respect to the

Settled Claims other than as allowed or directed by the Court in

this Action, pending the Court's entry of the Final Order and

Judgment.

B.      At the time of Preliminary Approval, the Parties shall request a

date for the Fairness Hearing that is on March 26, 2004 at 4:00 p.m.

C.      Plaintiffs and Thomas & Son Funeral Home and their

respective Counsel shall cooperate, assist and undertake all reasonable

actions in order to accomplish these required events on the schedule set by

the Court.

D.      Within ten (10) days of entry of Final Order and Judgment, all

claims against Thomas & Son Funeral Home arising from the alleged

mishandling of remains at Tri-State Crematory between January 1, 1988 and

October 7, 1991, shall be dismissed from this Action with prejudice (though

Thomas & Son Funeral Home, Inc. shall remain a party hereto for all claims

from October 8, 1991 through February 15, 2002.)  Notwithstanding any other provision of this Agreement, however, if the Agreement is terminated for any reason, the Parties hereby stipulate and agree that such dismissal shall be null and void, and the claims against Thomas & Son Funeral Home may be reinstated status quo ante to the date of the execution of this Agreement, with the Parties thereto and all absent class members reinstated to their respective positions status quo ante to the date of the execution of this Agreement.  Further, all statutes of limitation and repose for all claims in the Action shall be deemed to have been tolled from the date of the execution of this Agreement until the date of reinstatement and reactivation or for such longer period as the law(s) may provide.

E.     In the event this Agreement is disapproved, reversed, vacated, or terminated, the Agreement shall have no effect on the rights of the Parties or the Settlement Subclass Members to prosecute or defend this Action, or any other action.  Should this Agreement be disapproved, reversed, vacated, or terminated, the Parties and all Settlement Subclass Members shall be restored to their respective status quo ante to the date of execution of this Agreement.

## IV.   **PAYMENT OF SETTLEMENT CONSIDERATION**

A.      Upon Preliminary Approval, or as soon thereafter as is practicable but in no event later than ten (10) Business Days after Preliminary Approval, Thomas & Son Funeral Home shall deposit a total of $30,000, as follows:  $28,200.00 into the Settlement Account and $1,800.00 into the Common Benefit Fund Account.  This sum shall be distributed in Class Member Awards and Class Counsel Fees and Expenses in accordance with Sections VI and VII of this Agreement.

B.      In addition, Thomas & Son Funeral Home shall make arrangements with Kinsella Communications to pay Kinsella Communications the Notice costs in full directly.

C.      In addition, Thomas & Son Funeral Home also shall make arrangements with Rust Consulting to pay the Claims Administration costs in full directly.

## V.   **NOTICE TO THE CLASS**

Upon Preliminary Approval, and as the Court directs, the Parties shall instruct the Notice Administrator (1) to cause the Class Notice describing the Fairness Hearing and the Settlement embodied herein,

together with Claim Forms, to be mailed directly to all Settlement Subclass

Members and (2) to cause the publication of the Notice described in the

Class Notice Plan, which is attached to this Agreement as Exhibit C.

## VI.   CLAIMS PROCESS FOR AWARDS

A.     Eligible Claimants may obtain an Award under this Agreement

in accordance with this Section.  The following Claims Process for Awards

shall be implemented upon the occurrence of the Settlement Date.

B.     A Settlement Subclass Member shall be an Eligible Claimant

and entitled to an Award following the Claims Process if (i) the Settlement

Subclass Member (a) is the next of kin of a decedent who was sent by

Thomas & Son Funeral Home to Tri-State Crematory for cremation between

January 1, 1988 and October 7, 1991, or (b) entered into a contract with

Thomas & Son Funeral Home for the cremation of a decedent between

January 1, 1988 and October 7, 1991; and (ii) the Settlement Subclass timely

submits a completed and executed Claim Form prior to the expiration of the

Claims Period.

B.     The payment made by Thomas & Son Funeral Home pursuant

to this agreement is to be distributed to Class Members as follows:

(1)     For each decedent delivered to Thomas & Son Funeral

Home and sent to Tri-State Crematory for cremation from

January 1, 1988 and October 7, 1991, the next of kin shall be entitled to a minimum sum of $3,100.00. This figure is based upon a sum of $5,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the six (6) decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)     Thomas & Son Funeral Home, Inc. has warranted that six decedents were sent to Tri State Crematory, Inc. by it between January 1, 1988 and October 7, 1991. Should any such person present a valid claim for such period, then Thomas & Son Funeral Home, Inc. shall pay such claim at rates consistent with prior settlement agreements in this action or it may exercise its right to withdraw from this agreement, upon the conditions as set forth herein.

(3)     If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of

the contract with Thomas & Son Funeral Home out of the award described in paragraph 1 above. The remainder of the Award described above shall be paid to the next of kin.

(4)   In the event there is more than one next of kin of equal relationship, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.

C.   Settlement Subclass Members who do not timely submit a Claim Form shall not be considered Eligible Claimants. However, notwithstanding any other provision of this Agreement, Settlement Subclass Members shall be permitted to remedy deficiencies in their Claim Forms or related documentation during the Claims Period or within thirty days thereafter, provided that such Settlement Subclass Members initially submitted a Claim Form during the Claims Period.

D.   Claim Forms shall be processed and administered by the Claims Administrator pursuant to the following terms.

1.   The Claims Administrator shall administer the relief provided by this Agreement by resolving claims in a rational, responsible, cost-effective and timely manner.

2.   Prior to notifying any Settlement Subclass Member that his/her/its Claim is to be denied or is deficient, the Claims

Administrator shall notify Class Counsel accordingly, and allow Class Counsel a reasonable opportunity to review the subject Claim, and to work with the Settlement Subclass Member to cure any defect or deficiency, and/or to raise any objections.

3.     The Claims Administrator shall maintain detailed records of its claims processing activities under this Agreement, including all Claim Forms, denials, and all disbursements to Eligible Claimants, until one (1) year after all Claims are finally resolved and/or Awards paid.  Such records shall be made available upon request for inspection by Class Counsel.

4.     Disputed issues between the Parties relating to this Agreement and the Claims Process shall be presented to and resolved by the Court in its continuing jurisdiction.

## VII.  OPT-OUT RIGHTS

A.     A Settlement Subclass Member may opt out of the Settlement Class at any time during the Opt Out Period in accordance with this Agreement.

B.      In order to exercise the opt out right, the Settlement Subclass Member must cause to be delivered a written Request for Exclusion to Class Counsel during the Opt Out Period.

C.      Except for those Settlement Subclass Members who have opted out in accordance with this Agreement, every Settlement Subclass Member will conclusively be deemed a Settlement Subclass Member for all purposes under this Agreement; and will be bound by the Final Order and Judgment and the Releases contained in Section VIII of this Agreement as of the Settlement Date.

D.      Any Settlement Subclass Member who elects to opt out of the Settlement Subclass shall not (i) be bound by any orders or judgments entered in this Action; (ii) be entitled to relief under or be affected by this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.

E.      A Settlement Subclass Member who timely submits a written Request for Exclusion to Class Counsel may subsequently withdraw the Request for Exclusion by submitting to Class Counsel written notification of such withdrawal; such written notification of withdrawal of the Request for Exclusion must be postmarked or bear other indicia of submission no later than one (1) day prior to the date of the Fairness Hearing.

## VIII. **RELEASES AND JURISDICTION OF COURT**

A.    As of the Settlement Date, Plaintiffs and all Settlement Class Members, except those who timely submitted Requests for Exclusion, will be deemed by this Agreement to have, and by operation of the Final Order and Judgment shall have released Thomas & Son Funeral Home, and its insurers, from any and all of the Settled Claims.

B.    This settlement in no way impacts, relates to or diminishes the Subclass Members' claims against the Marsh Defendants and/or Tri-State Crematory, Inc. or any other defendant in the litigation. The release under this Agreement is a limited liability release pursuant to OCGA 33-24-41.1 and it is intended by the parties that the force and effect of such release shall operate as a full and final release only of Thomas & Son Funeral Home and its insurer for the Settled Claims specified herein. The limited release under this Agreement shall not bar any claims that the Settlement Subclass has against any other defendant, including Clara Marsh, Clara Marsh as administrator of the Estate of Tommy Ray Marsh, Ray Brent Marsh, Rhames L. Marsh, and Tri-State Crematory, Inc. The limited liability release pursuant to this Agreement shall not operate as a release of any other person or entity not specifically named herein.

C.    As of the Settlement Date, the Releasing Persons and anyone claiming through or on behalf of any of them will be forever barred and enjoined from prosecuting any action against Thomas & Son Funeral Home that assert the Settled Claims.

D.    The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Action, Parties, Settlement Subclass Members, the Notice Administrator, and the Claims Process to interpret and enforce the terms, conditions and obligations under this Agreement.

## IX.    CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS

A.    Class Counsel shall seek Court approval of an award of attorneys' fees of up to 33 percent ($9,900.00) of the gross amount paid in settlement of the Class Members' claims by Thomas & Son Funeral Home pursuant to the Agreement.

B.    Class counsel may seek Court approval to withhold up to five) percent ($1,500.00) of the gross amount paid in settlement of all Class Members' claims to reimburse Class Counsel for reasonable and necessary expenses incurred for the common benefit of the Class.  If at the conclusion of this Action, Class Counsel has withheld more funds in costs from Awards than has been reasonably and necessarily incurred for the benefit of the

Class, all additional funds shall be returned to the Class on a pro-rata basis, if it is practicable and cost-effective to do so.

C.      Counsel who entered into written attorney representation/contingent fee agreements with individual members of the Settlement Class prior to March 17, 2003 ("private fee agreements") shall be entitled to payment from the Court Award of attorneys' fees to Class Counsel, upon application to Lead and Liaison Class Counsel, a reasonable amount, presumptively at 33 percent, under the prevailing practice and the circumstances of this Action, with any disagreement regarding payment to be decided by the Court.  Fees to be paid under private fee agreements shall be calculated upon the amount of the Settlement Class Member Award, less two percent of the Award.

D.      Thomas & Son Funeral Home shall not object to Class Counsel's application to the Court for attorneys' fees and costs as provided in this Section and its subparts.

E.      Lead and Liaison Class Counsel shall be entitled to withdraw funds from the Settlement Account up to the amount awarded by the Court for attorneys' fees and to distribute same among Class counsel and other counsel pursuant to Section IX of this Agreement upon entry of the Court's Award of Fees and Costs and Final Order and Judgment.

F.    In the event the Final Order and Judgment is reversed on appeal, in whole or in part, then, the full amount of the attorneys' fees and costs paid by Thomas & Son Funeral Home to Class Counsel shall be refunded to Thomas & Son Funeral Home within twenty (20) Business Days after the order reversing the Final Order and Judgment, in whole or in part, becomes final.  In the event the Final Order and Judgment is not reversed on appeal, in, whole or in part, but the attorneys' fees and costs awarded by the Court are vacated or modified on appeal, the attorneys' fees and costs in the amount vacated or modified shall be returned to Thomas & Son Funeral Home within twenty (20) Business Days after the order vacating or modifying the award of attorneys' fees and costs becomes final.

G.    Notwithstanding the foregoing, Settlement Subclass Members and their counsel may enter into individual releases to enable payment of applicable Awards, attorneys' fees and costs, regardless of Court approval of, or appeals from, this Subclass Settlement.

IX.    **SETTLEMENT APPROVAL ORDER**

This Agreement is subject to and conditioned upon the issuance by the Court, following the Fairness Hearing, of a Final Order and Judgment granting final approval of the Agreement and providing the below-specified relief, which relief shall be subject to the terms and conditions of this

Agreement and the Parties' performance of their continuing rights and obligations hereunder.  Such Final Order and Judgment shall:

1.      Certify a Settlement Subclass under Fed. R. Civ. P. 23(b)(3) and 23(e) for settlement purposes;

2.      Dismiss the Settlement Subclass Members' claims against Thomas & Son Funeral Home with prejudice while preserving the rights of Settlement Subclass Members who exercised their opt-out rights pursuant to Section VII of this Agreement;

3.      Determine under Fed. R. Civ. P. 23(e) that this Agreement is fair, reasonable, adequate and in the best interests of the Settlement Subclass;

4.      Enjoin the Releasing Persons from asserting against the Released Persons any and all Settled Claims which the Plaintiffs, Settlement Subclass Members, and/or the Releasing Persons had or has; and

5.      Reserve the Court's continuing exclusive jurisdiction over the Parties to this Agreement, including Thomas & Son Funeral Home and all Settlement Subclass Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties and the Settlement Subclass.

## XI.   **SETTLEMENT PURPOSES ONLY**

A.      This Agreement, whether or not consummated, and any proceedings taken pursuant to this Agreement, are for settlement purposes only.  Neither the fact of, nor any provision contained in, this Agreement or its exhibits, nor any action taken hereunder shall be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession or an admission of any kind by any of the Parties of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted.

B.      Any certification of a preliminary or final Settlement Subclass pursuant to the terms of this Agreement shall not constitute, and shall not be construed as, an admission on the part of Thomas & Son Funeral Home that this Action, or any other action, is appropriate for litigation class treatment under Federal Rule of Civil Procedure 23, or any similar federal or state class action statute or rule.

C.      The performance of this Agreement is expressly contingent upon entry of the Final Order and Judgment.  If the Court fails to issue such Final Order and Judgment, the Agreement will be terminated, having no force or effect whatsoever, null and void, ab initio, and will not be admissible as evidence for any purpose in any pending or future litigation involving any of the Parties.

D.     The performance of this Agreement is also expressly contingent upon reasonable participation of Settlement Subclass Members.  If so many class members Opt Out that Thomas & Son Funeral Home's purposes in entering this Agreement are frustrated, Thomas & Son Funeral Home, in the exercise of good faith and reasonable discretion may withdraw from this Agreement.

E.     Neither this Agreement, nor any of its provisions, nor evidence of negotiations or proceedings related to this Agreement, nor any proceedings under this Agreement, shall be offered or received in evidence in this or any other action or proceeding as an admission or concession of liability or wrongdoing of any nature on the part of any of Thomas & Son Funeral Home, Releasees, or anyone acting on their behalf, and Thomas & Son Funeral Home specifically denies any such liability or wrongdoing. Nothing herein shall prevent any party from seeking to offer this Stipulation into evidence after the Approval Date for enforcement purposes.

## XII.   **MISCELLANEOUS PROVISIONS**

A.     This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject of this Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the

25

subject matter of this Agreement.  This Agreement may not be changed,
modified, or amended except in writing signed by all Parties, subject to
Court approval, provided, however, the Class Notice, and Claim Form,
attached as exhibits to this Agreement, may be modified by subsequent
agreement of the Parties prior to their dissemination.

   B.  This Agreement shall be construed under and governed by the
laws of the State of Georgia, applied without regard to any other potentially
applicable laws.

   C.  This Agreement may be executed by the Parties in one or more
counterparts, each of which shall be deemed an original but all of which
together shall constitute one and the same instrument.  Signatures by
facsimile shall be as effective as original signatures.

   D.  This Agreement shall be binding upon and inure to the benefit
of the Settlement Subclass, the Parties, and their respective heirs,
predecessors, successors and assigns.

   E.  The headings of the sections of this Agreement are included for
convenience only and shall not be deemed to constitute part of this
Agreement or to affect its construction.

## XIII. <u>TERMINATION OF THIS AGREEMENT</u>

A.     This Agreement shall be automatically terminated if the Final Order and Judgment is not entered, or if the Final Order and Judgment is reversed on appeal and the reversal becomes final.  In the event of termination, and notwithstanding any other provision of this Agreement, (i) all Parties and Settlement Subclass Members shall be restored to their respective positions immediately prior to the date on which this Agreement is signed by all Parties, (ii) dismissal of claims against Thomas & Son Funeral Home from Action shall be deemed null and void, and those cases shall be reinstated status quo ante; (iii) all statutes of limitation and/or repose for all claims asserted in such cases shall be deemed to have been tolled from the date of signature of this Agreement by all Parties until the date of reinstatement and reactivation, or for such longer period as the law may provide without reference to this Agreement.

B.     In the event of termination, this Agreement shall have no further force or effect.

C.     Until the term of this Agreement has expired in that each Party has satisfied all of its obligations under the Agreement, Thomas & Son Funeral Home agrees to use its best efforts to preserve all records and evidence which are or could be relevant to, or could lead to the discovery of relevant evidence.

## XIV. **REPRESENTATIONS AND WARRANTIES**

A.      Thomas & Son Funeral Home represents and warrants (i) that they have all requisite corporate power and authority to execute, deliver and perform this Agreement and to consummate the transactions contemplated hereby; (ii) that the execution, delivery, and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of Thomas & Son Funeral Home; and (iii) that this Agreement has been duly and validly executed and delivered by Thomas & Son Funeral Home and constitutes its legal, valid, and binding obligation.

B.      This agreement is premised upon the representation of Thomas & Son Funeral Home that a total of six (6) decedents delivered to it were sent to Tri-State Crematory for cremation from January 1, 1988 through October 7, 1991.  Should Eligible Claimants submit Claims regarding a greater number of decedents in any of the above categories, Thomas & Son Funeral Home will compensate each additional approved claimant at the rate others similarly situated are compensated pursuant to the terms of this and other settlement agreements previously approved in this action.

C.      Each Plaintiff and Class Counsel represents and warrants (i) that he or she agrees not to pursue further litigation concerning Settled

Claims; and (ii) that he or she agrees to assist in causing all conditions precedent to the Settlement Date to occur; and (iii) that they are Class Counsel of record and are fully authorized to enter into this Agreement subject to Court approval.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized officer (in the case of Defendant) or counsel of record (in the case of Plaintiffs), effective as of the day set forth below.

This _____ day of February, 2004.

Robert H. Smalley, III
McCAMY, PHILLIPS,
TUGGLE & FORDHAM, LLP
P.O. Box 1105
Dalton, Georgia

*Plaintiffs' Liaison Counsel*

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Elizabeth J. Cabraser
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Kathryn E. Barnett
3319 West End Avenue, Suite 600
Nashville, Tennessee 37203

Edward H. Lindsey, Jr.
GOODMAN, MCGUFFEY,
LINDSEY & JOHNSON, LLP
2100 Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326
*Counsel for Thomas & Son*
*Funeral Home, Inc.*

Signed by T. Juffes, Lehan w/express
permission

*Plaintiffs' Lead Counsel*





EXHIBIT / ATTACHMENT

(To be scanned in place of tab)

# THOMAS & SON FUNERAL HOME, Inc. SETTLEMENT

## CLASS MEMBER CLAIM FORM
## TRI-STATE CREMATORY LITIGATION

**Name:** _____        **Address:** _____

_First_ _____ _MI_ _____          _Street Address_ _____

_Last_ _____          _City_ _____ _State_ _____ _Zip Code_ _____

**Telephone:**

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___          ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

_Daytime_                                              _Evening_

**Name of the deceased:**                              **Date of death:**

_____                       ___ ___ / ___ ___ / ___ ___ ___ ___

_First_ _____ _MI_ _____ _Last_ _____

**Your relationship to the deceased (check one): [Order of Kinship]**

- ☐ Spouse
- ☐ Child
- ☐ Parent
- ☐ Sibling
- ☐ Other (please describe): _____

**Check one:**

- ☐ I am the closest living relative of the deceased
- ☐ I am not the closest living relative of the deceased
  - → List any known closer relatives (see Order of Kinship above):

_Name_ _____          _Name_ _____

_Street Address_ _____          _Street Address_ _____

_City_ _____ _State_ _____ _Zip Code_ _____          _City_ _____ _State_ _____ _Zip Code_ _____

( ___ ___ ___ ) ___ - ___ ___ ___ ___          ( ___ ___ ___ ) ___ - ___ ___ ___ ___

_Daytime Telephone Number_                              _Daytime Telephone Number_

( ___ ___ ___ ) ___ - ___ ___ ___ ___          ( ___ ___ ___ ) ___ - ___ ___ ___ ___

_Evening Telephone Number_                              _Evening Telephone Number_

Was Thomas & Son Funeral Home, Inc. used for funeral and/or cremation arrangements for the decedent?   ☐ Yes ☐ No

Did you sign the contract with Thomas & Son Funeral Home, Inc. for funeral and/or cremation arrangements?   ☐ Yes ☐ No

→ If no, please state who did: _____   Still Living? ☐ Yes ☐ No

_Name_

_____          ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

_Address_                                              _Telephone_

Who paid for the funeral arrangements? _____   Still Living? ☐ Yes ☐ No

_Name_

_____          ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

_Address_                                              _Telephone_

**I certify under penalty of perjury that the information contained in this Claim Form is true and correct to the best of my personal knowledge, information and belief.**

**Signature:** _____        **Date:** ___ ___ / ___ ___ / ___ ___ ___ ___

Mail to:  Tri-State Crematory, Thomas & Son Funeral Home Settlement Class Counsel
          3319 West End Avenue, Suite 600
          Nashville, Tennessee 37203                    **POSTMARK DEADLINE: APRIL 5, 2004**





# EXHIBIT ATTACHMENT

(To be scanned in place of tab)

<<Seq>>
<<Name>>
<<Address>>
<<City State Zip Code>>

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:  TRI-STATE CREMATORY LITIGATION<br>**This document relates ONLY to the**<br>**Thomas & Son Funeral Home, Inc. Settlement Class.** | MDL DOCKET NO. 1467 |

### Notice of Class Action and
### Proposed Partial Class Action Settlement

To:  Next-of-kin of decedents that were sent to Tri-State Crematory, Inc. for cremation by **Thomas & Son Funeral Home, Inc.** between January 1, 1988 and October 7, 1991 and those who contracted for the funeral arrangements for those decedents.

THIS NOTICE DESCRIBES A PROPOSED PARTIAL CLASS ACTION SETTLEMENT THAT MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ THIS NOTICE CAREFULLY.

## Definition of the Class

1. The proposed partial settlement class is defined to include all persons throughout the United States and its territories who are or were the next-of-kin of any decedents that were delivered to Tri-State Crematory **by Thomas & Son Funeral Home, Inc.** for cremation from January 1, 1988 through October 7, 1991, and all persons who contracted for the funeral arrangements for those decedents.

2. For purposes of this action, next-of-kin is defined according to the Georgia laws of intestate succession. For instance, for the purposes of this action, the next-of-kin of a decedent is the decedent's spouse, and if there is no living spouse, the decedent's child or children. If there is no living spouse or child(ren), the next-of-kin is the decedent's parent or parents. If there is no living spouse, child(ren) or parent, the next-of-kin is the decedent's brother(s) or sister(s).

3. A number of factual and legal issues, including whether Thomas & Son Funeral Home, Inc. negligently allowed the mishandling to occur, and whether the Class Members are entitled under the law to recover money damages for breach of contract and emotional distress are in dispute. Many motions have been filed and hearings held in this case, and substantial investigation and discovery has been conducted. There has been no final ruling on the merits of any of the claims and **Thomas & Son Funeral Home, Inc. denies any wrongdoing whatsoever**.

4. Without admitting legal responsibility, Thomas & Son Funeral Home, Inc. has agreed to the terms of a proposed settlement regarding decedents who were sent to Tri-State Crematory by Thomas & Son Funeral Home, Inc.. On February 5, 2004, Judge Murphy granted preliminary approval of the terms of this proposed settlement as a possibly fair, reasonable and adequate resolution of the pending claims against Thomas & Son Funeral Home, Inc.

## Terms of the Proposed Settlement

5. The proposed settlement would release claims against Thomas & Son Funeral Home, Inc. regarding any mishandling of remains at Tri-State Crematory during the period January 1, 1988 and October 7, 1991. This proposed settlement, however, does not release claims regarding any mishandling of remains at Tri-State Crematory during the period October 8, 1991 through February 15, 2002, or any of the claims against Tri-State Crematory or the members of the Marsh family, whom the plaintiffs allege owned and/or operated the crematory. Those claims will automatically be protected by the class action pending before Judge Murphy. You should already have received Notice of the class action, which was dated September 11, 2003. If you did not receive this notice, you may request a copy of it by calling Class Counsel at 1-866-313-1973.

6. The proposed partial settlement provides for creation of a Settlement Fund for distribution among members of the Thomas & Son Funeral Home, Inc. Settlement Class defined above. Each member of the Settlement Class will be eligible to submit a claim to the Settlement Fund. The Settlement Fund will be distributed to qualified Class Members pursuant to an allocation plan as follows:

    (a) For each decedent sent to Tri-State Crematory by Thomas & Son Funeral Home, Inc. **from January 1, 1988 through October 7, 1991**, the next of kin shall be entitled to a lump sum of at least $3,100. All unclaimed awards under this subparagraph will be divided equally among the Class Members who are the next of kin of the decedents described under this subparagraph.

    (b) If, for any decedent, **the person(s) who contracted for the funeral services** is not the next-of-kin, that person(s) shall be entitled to recover the amount paid for the services out of the Awards described in paragraph a above.

    (c) The Awards described above are a lump sum per decedent. If there are more than one next-of-kin of equal relationship (multiple children, for instance), the Award to the next-of-kin shall be divided equally among each of the equal next-of-kin.

7. The proposed settlement does not impact the ongoing class proceeding against Tri-State Crematory, the Marsh defendants, and/or any non-settling Funeral Home Defendant, nor does it impact claims against Thomas & Son Funeral Home, Inc. during the period October 8, 1991 through February 15, 2002. The Class Action trial on the remaining claims against the defendants will be "bifurcated," meaning that it will proceed in two parts. Trial is scheduled to begin on March 1, 2004 in Rome, Georgia. The trial date is subject to change. Part one of the trial on Class Members' claims against Tri-State Crematory, the Marsh defendants, and/or any non-settling Funeral Home Defendant will decide the liability of those defendants for negligence, willful or negligent interference with remains, intentional or negligent mishandling of a corpse, and breach of contract, under Georgia law. If the plaintiffs prevail in part one of the trial (the "liability phase"), the issues of causation and the amount of the Class Members' damages will be

determined through individual proof in part two of the trial (the "damages phase"). To assert your damages claim in part two of the trial, you may be required to participate in formal or informal discovery, and may be required to provide information at a deposition, in response to interrogatories, or questionnaires, under the procedures and deadlines to be set by the Court.

## Representation of the Class

8.  If you are a member of the Class described above, your rights and interests under the proposed settlement will be automatically represented by the named plaintiffs in the Settlement Class and the group of law firms for the plaintiffs appointed by the Court as class counsel who are listed on Exhibit A. You do not need to hire an attorney to pursue your claims as a class member. Class Counsel will represent you on your class claims without direct charge. Class Counsel must apply to the Court for award of fees and costs from the settlement fund. These are contingent on obtaining a benefit for class members. You may hire counsel, at your own expense, to enter an appearance in this case if you desire.

9.  To date, class counsel have incurred over $700,000 in out-of-pocket expenses and have invested substantial time on a priority basis to protect and prosecute the Class Members' claims. In class actions, counsel who generate a monetary recovery for the benefit of the class are entitled to an award of attorneys' fees and costs, representing a reasonable percentage of the recovery in recognition of their efforts, expenses, risks and performance.

10. In this case, class counsel are seeking reasonable attorneys' fees of up to 33 percent ($9,900) of the gross amount paid in settlement of the Class Members' claims by Thomas & Son Funeral Home, Inc. Defendants pursuant to the Agreement. **The Class Member Awards (described in paragraph 6 of the above section) are net minimum Awards from which the maximum possible attorneys' fees have already been deducted.**

11. Class counsel shall seek Court approval to withhold up to five percent ($1,500) of the gross amount paid in settlement of all Class Members' claims to reimburse class counsel for reasonable and necessary expenses incurred for the common benefit of the Class. If at the conclusion of this Action, class counsel has withheld more funds in costs from Awards than has been reasonably and necessarily incurred for the benefit of the Class, all additional funds shall be returned to the Class on a pro-rata basis, if it is practicable and cost-effective to do so. **The Class Member Awards (described in paragraph 6 of the above section) are net minimum Awards from which the maximum possible reimbursement of expenses have already been deducted.**

12. If you entered into written attorney representation/contingent fee agreements with an attorney prior to March 17, 2003 ("private fee agreements"), your lawyer will be paid from the Court Award of attorneys' fees to class counsel. All requests for attorneys' fees and expenses are subject to Court approval.

## Your Rights

13. If you are a member of the Settlement Class, you have the right to make a claim by filling out and signing the Class Member Claim Form and submitting it postmarked no later than April 5, 2004.

14. You also have the right to exclude yourself from the Settlement Class and/or the class proceeding. If you would like to exclude yourself from the Settlement Class and/or the class proceeding, you must personally submit and sign a written "request for exclusion" that includes your full name and current address, your decedent's name, and your relationship to the decedent. Your request for exclusion must be mailed to "Class Counsel, Tri-State Crematory Litigation, 3319 West End Avenue, Suite 600, Nashville, Tennessee 37203" and must be postmarked no later than March 16, 2004.

15. If you decide to leave the Settlement Class and/or the class proceeding,

   (a) you will not participate in any Class recovery of damages from the trial of Class claims in this lawsuit;

   (b) you will not be bound by any further order affecting the Class in this lawsuit;

   (c) you will have to retain your own lawyer at your expense if you wish to pursue individual litigation for money damages against any defendants;

   (d) you will have to present any claims you wish to pursue against the defendants by filing your own lawsuit.

   If you decide to leave the Settlement Class, you will not share in the Settlement Fund, and may not pursue any claims against Thomas & Son Funeral Home, Inc. in the certified class action, but must initiate and pursue your own individual claims, at your own expense.

### Final Approval Hearing

16. The Court will conduct a final approval hearing to consider all comments on the settlement and to decide whether to approve the settlement. You have the right, but are not required, to comment on the proposed settlement and to appear at the final approval hearing, either in person or through your attorney. The final approval hearing will be held on March 26, 2004, at 4:00 p.m. at the federal courthouse in Rome, Georgia. Any comments to the settlement must be submitted in writing to the Court with copies to class counsel, by no later than March 16, 2004.

### For More Information

17. If you wish to communicate with class counsel as your lawyers in this litigation, you may do so by writing:

> Class Counsel
> Tri-State Crematory Litigation
> 3319 West End Avenue, Suite 600
> Nashville, Tennessee 37203

You may also call the following toll-free number: 1-866-313-1973. For further information and updates regarding the ongoing class action against Tri-State Crematory and the Marsh defendants, you may call the following toll-free number: 1-877-877-4521 or visit the interactive, informational website for Class Members: www.crematoryclassaction.com.

Dated: February 5, 2004

/s/ _____
Hon. Harold L. Murphy
United States District Court
Northern District of Georgia, Rome Division

---

**Si usted desea obtener una copia de este documento legal en Espanol, favor de actuar immediatamente y escribir a**

**Class Counsel**
**Tri-State Crematory Litigation**
**3319 West End Avenue, Suite 600**
**Nashville, Tennessee 37203**

---

**Class Counsel**

*Plaintiffs' Lead Counsel*
Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

*Plaintiffs' Liaison Counsel*
Robert H. Smalley, III
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
P.O. Box 1105
Dalton, GA 30722-1105
Telephone: (706) 278-4499
Facsimile:  (706) 278-5002

**EXHIBIT A**

Kathryn E. Barnett
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3319 West End Avenue, Suite 600
Nashville, TN 37203
Telephone: (615) 313-9000
Facsimile:  (615) 313-9965

Exhibit "B" Continued

As set forth in Exhibit "C" hereto, there is no
Print Notice recommended by the Notice Expert.



# EXHIBIT / ATTACHMENT

(To be scanned in place of tab)



**KINSELLA**
COMMUNICATIONS, LTD.
A SOURCECORP= COMPANY

## *In Re: Tri-State Crematory Litigation*
## *United States District Court Northern District of Georgia, Rome Division*
### MDL Docket No. 1467

## NOTICE PLAN FOR PROPOSED CLASS ACTION SETTLEMENT WITH THOMAS & SON FUNERAL HOME INC.

This proposal is submitted in connection with *In Re: Tri-State Crematory Litigation* . It outlines procedures to provide fair and adequate notice of a partial settlement of the class action to individuals defined below.

## CLASS DEFINITION

The Proposed Settlement Subclass Class includes the following:

> All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by Thomas & Son Funeral Home Inc. between January 1, 1988, to October 7, 1991, or all persons who were parties to any contract for funeral arrangements with Thomas & Son Funeral Home Inc. for any decedent sent to Tri-State Crematory between January 1, 1988, and October 7, 1991.

## SITUATION ANALYSIS

Plaintiffs allege that the Thomas & Son Funeral Home Inc. failed to ensure that cremations were being performed according to all applicable laws and regulations. Thomas & Son Funeral Home Inc. is alleged to have failed to follow the basic industry practices by sending bodies for cremation to Tri-State Crematory, which is alleged not to have properly cremated bodies sent to it. Thomas & Son Funeral Home Inc. denies all allegations.

In February 2002, non-cremated remains of 334 bodies were found on the property of the Tri-State Crematory. It is not known how many additional bodies, if any, were not properly cremated since 1988.

## NOTICE IMPERATIVES

To provide notice to Settlement Class Members, the following program will be implemented:

- Direct notice by first-class mail to all individuals whose names and addresses are readily available.

## DIRECT NOTICE

Direct mail notice is the primary means of notice and will consist of mailing the Notice of Proposed Partial Class Action Settlement to potential Settlement Class Members to inform them of their rights and how they may participate in the Class Action Settlement. The direct notice will be sent to:

- The Settlement Class Members whose names and addresses are derived from the records of Thomas & Son Funeral Home Inc. Any return mail will be corrected through the national address database and re-mailed, if possible.

- Settlement Class Members whose names and addresses are provided by Class Counsel.

It is believed that the vast majority of Settlement Class Members can be identified from Thomas & Son Funeral Home Inc. and Class Counsel records. Duplicates will be removed from these lists before mailing.

## TOLL-FREE TELEPHONE SUPPORT

A toll-free number is provided in the Notice of Proposed Partial Class Action Settlement for Settlement Class Members to call for further information.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA, ROME DIVISION

In Re: Tri-State Crematory Litigation )       MDL Docket No. 1467
)
)
)

## DECLARATION OF KATHERINE KINSELLA

Katherine Kinsella, being first duly sworn, states as follows:

1. I am President of Kinsella Communications, Ltd., an advertising and notification consulting firm in Washington, D.C. that specializes in the design and implementation of class action and bankruptcy notification programs to reach unidentified putative class members primarily in consumer and mass tort litigation. My business address is 1920 L Street, NW, Suite 700, Washington, D.C. 20036.  My telephone number is (202) 686-4111.

2. I submit this declaration in connection with In Re: Tri-State Crematory Litigation, MDL Docket No. 1467, pending in the United States District Court for the Northern District of Georgia, Rome Division at the request of the Plaintiffs.

3. This declaration is based upon my personal knowledge and upon information provided by Class Counsel, my associates, and staff.  The information is of a type reasonably relied upon in the fields of advertising, media, and communications.  I have submitted my qualifications in my October 23, 2003 declaration.

4. Kinsella Communications, Ltd. was retained to design and implement the Proposed Partial Class Action Settlement Notice Program with the R. Dudley Barton & Son Funeral Home Inc., Ewton Funeral Home Inc., and Thomas & Son Funeral Home Inc. in this litigation.  I submit this declaration to describe the elements of the Notice Program.

5. The objective of the Notice Program is to provide adequate notice of the partial Settlement of this case to Settlement Class Members who are defined as follows:

   R. Dudley Barton & Son Funeral Home Inc. and/or Ewton Funeral Home Inc.

   All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by the R. Dudley Barton & Son Funeral Home Inc., and/or Ewton Funeral Home Inc., between January 1, 1988, to February 15, 2002, or all persons who were parties to any contract for funeral arrangements with the R. Dudley Barton & Son Funeral Home Inc., and/or Ewton Funeral Home Inc. for any decedent sent to Tri-State Crematory between January 1, 1988, and February 15, 2002.

1

<u>Thomas & Son Funeral Home Inc.</u>

All those who are or were next of kin of any person whose remains were sent to Tri-State Crematory by Thomas & Son Funeral Home Inc. between January 1, 1988, to October 7, 1991, or all persons who were parties to any contract for funeral arrangements with Thomas & Son Funeral Home Inc. for any decedent sent to Tri-State Crematory between January 1, 1988, and October 7, 1991.

6.  The notification program is designed to include:

    ▪ *Direct notice by first-class mail to all individuals and entities whose names and addresses are readily available.*

7.  Direct mail notice consists of mailing the Notice of Proposed Partial Class Action Settlement to Settlement Class Members to inform them of their rights and how they may participate in the Settlement. In brief, the direct notice will be sent to:

    ▪ The Class Members whose names and addresses are derived from the records of the Defendant Funeral Homes. Any return mail will be corrected through the national address database and re-mailed, if possible.

    ▪ Class Members whose names and addresses are provided by Class Counsel.

    ▪ All callers to the toll-free information line who request the Notice of Proposed Partial Class Action Settlement.

8.  It is my opinion that the direct mail notice is reasonable, adequate and the best possible under the circumstances and is fully compliant with Rule 23 of the Federal Rules of Civil Procedure.

I solemnly affirm under the penalty of perjury of the laws of the District of Columbia and the United States of America, and upon personal knowledge that the contents of the foregoing paper are true.

_____        _____
Katherine Kinsella                             Date

2