IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: TRI-STATE ) | |
| CREMATORY LITIGATION ) | MDL DOCKET NO. 1467 |
| ) | |

# FUNERAL HOME DEFENDANTS' SUPPLEMENT TO THE PRE-TRIAL ORDER

The FUNERAL HOME DEFENDANTS respectfully supplement the Pre-Trial Order, by including the attached **Funeral Home Defendants' Objections to Plaintiffs' Jury Verdict Form and Funeral Home Defendants' Special Interrogatories, to be included as ATTACHMENT "I-2."**

Respectfully submitted, this 29th day of January, 2004.

BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP

By: _____
Robert M. Brinson
Georgia Bar No. 082900

By: _____
J. Anderson Davis
Georgia Bar No. 211077

The Omberg House
615 West First Street
Post Office Box 5513
Rome, GA 30162-5513
Phone 706/291-8853
Fax 706/234-3574

Lead and Liaison Counsel for Defendant
Funeral Homes



# EXHIBIT / ATTACHMENT

I

(To be scanned in place of tab)

## Funeral Home Defendants' Objections to Plaintiffs' Jury Verdict Form and Funeral Home Defendants' Special Interrogatories

1. Funeral Home Defendants object to Plaintiffs' proposed Question 1 on the grounds that same asks jurors to draw a legal conclusion without first laying the proper factual basis for such a conclusion. Interrogatories should pose to jurors specific questions regarding the underlying facts as applied to each element required to prove breach of contract. The interrogatory is further objectionable on the basis that in addition to inserting each individual Funeral Home Defendant's name in the space provided, it should also include the specific individuals with whom each Funeral Home Defendant allegedly breached a contract.

   Do you find from a preponderance of the evidence:

   1. That [Funeral Home] entered into a contract for the provision of funeral services with [Class Member]?

   Answer Yes or No _____

   **[If your answer is No to Question No. 1, then go to Question 3.]**

   2. That [Funeral Home] failed to provide the funeral services in accordance with the contract between [Funeral Home] and [Class Member]?

   Answer Yes or No _____

2. Funeral Home Defendants object to Plaintiffs' proposed Question 2 on the grounds that it too asks jurors to draw a legal conclusion without first laying the proper factual basis. Like breach of contract, the terms "negligence"and "negligent" go to the ultimate question. In this instance, the interrogatories should pose to jurors specific questions regarding the underlying facts as applied to each element required to prove negligence. At a minimum, said interrogatories should be limited to the elements constituting negligence. The interrogatory is also objectionable in that it should specify to whom each

individual Funeral Home Defendant was allegedly negligent.

3. Did [Funeral Home ] owe a duty of reasonable care to [Class Member] with regard to [Funeral Home]'s provision of funeral services to [Class Member]?

Answer Yes or No _____

4. Did [Funeral Home] breach a duty of reasonable care to [Class Member] with regard to [Funeral Home]'s provision of funeral services to [Class Member]?

Answer Yes or No _____

**[If you answer No to either Question 3 or 4, then go to Question 9.]**

5. Did [Class Member] sustain an injury with regard to [Funeral Home]'s provision of funeral services to [Class Member]?

Answer Yes or No _____

6. Were the acts or omissions of [Funeral Home] were the proximate or legal cause of the injury sustained by [Class Member] with regard to [Funeral Home]'s provision of funeral services to [Class Member]?

Answer Yes or No _____

7. Would [Class Member] have sustained any injury but for the acts or omissions of Tri-State Crematory/Marsh?

**[If you answered No to any one of Question Nos. 5-7, then you need not answer Question No. 8.]**

8. Could [Funeral Home] have foreseen that Tri-State Crematory would not cremate or properly handle the body sent to [Funeral Home] by [Class

Member]?

Answer Yes or No _____

3. Funeral Home Defendants object to Plaintiffs' proposed Question 3 on the grounds that it asks jurors to draw a legal conclusion without first laying the proper factual basis. Whether Funeral Home Defendants negligently handled a body is a legal issue to be determined via the application of the facts to the Court's charge. Again, interrogatories should pose to jurors the bases for the ultimate question. The interrogatory is further objectionable in that it should specify each body allegedly mishandled by each Funeral Home Defendant.

   9. Did [Funeral Home] owe a duty of reasonable care to [Class Member] with regard to [Funeral Home]'s handling of the body sent to [Funeral Home] by [Class Member]?

   Answer Yes or No _____

   **[If your answer is No, go to question 15.]**

   10. Did [Funeral Home] breach a duty of reasonable care to [Class Member] with regard to [Funeral Home]'s handling of the body sent to [Funeral Home] by [Class Member]?

   Answer Yes or No _____

   11. Did [Class Member] sustain an injury with regard to [Funeral Home]'s handling of the body sent to [Funeral Home] by [Class Member]?

   Answer Yes or No _____

   **[If your answer to Questions 10 or 11 is No, then go to Question 15.]**

   12. Were the acts or omissions of [Funeral Home] were the proximate or legal cause of the injury sustained by [Class Member] with regard to

[Funeral Home]'s handling of the body sent to [Funeral Home] by [Class Member]?

Answer Yes or No _____

13. Would [Class Member] have sustained any injury but for the acts or omissions of Tri-State Crematory/Marsh?

Answer Yes or No _____

**[If you answered No to Question Nos. 12 or 13, then you need not answer Question No. 14.]**

14. Could [Funeral Home] have foreseen that Tri-State Crematory would not cremate or properly handle the body sent to [Funeral Home] by [Class Member]?

Answer Yes or No _____

4. Funeral Home Defendants object to Plaintiffs' proposed Question 4 on the grounds that it is ill-worded and likely to confuse jurors. Same should be separated into distinct interrogatories. In addition to inserting each individual Funeral Home Defendant's name in the space provided, it should also include the specific individuals with whom each Funeral Home Defendant allegedly undertook an explicit duty to ensure the proper cremation of remains.

    15. As a result of [Funeral Home]'s provision of funeral services to [Class Member], did [Funeral Home ] undertake any duty with regard to the cremation or handling of the body provided to [Funeral Home] by [Class Member] after the body was then sent to Tri-State/Marsh?

    Answer Yes or No _____

    **[If your answer is No, then go to Question 19.]**

-4-

16. That as a result of [Funeral Home]'s provision of funeral services to [Class Member], [Funeral Home] undertook the duty to ensure that the body sent to [Funeral Home] by [Class Member] was cremated?

Answer Yes or No _____

17. Is [Funeral Home] responsible for Tri-State Crematory's failure to cremate/properly handle the body sent to [Funeral Home] by [Class Member]?

Answer Yes or No _____

**[If your answer is No, then go to Question 19.]**

18. Do you find that the acts or omission of Tri-State Crematory /Marshes were outside the scope of work for which they were hired by [Funeral Home]?

Answer Yes or No _____

5. Funeral Home Defendants object to Plaintiffs' proposed Question 5 on the grounds that it asks jurors to draw a legal conclusion without first laying the proper factual basis. In this instance, the interrogatories should pose to jurors specific questions regarding the underlying facts as applied to each element required to prove this tort. At a minimum, said interrogatories should be limited to the elements constituting interference. Because negligent and wilful interference claims remain, both should be addressed in separate interrogatories with appropriate attention given to the requisite culpability. The interrogatory is further objectionable in that it should specify each class member whom each Funeral Home Defendant allegedly interfered with their loved one's remains.

## NEGLIGENT INTERFERENCE WITH REMAINS

19. Did [Funeral Home] interfere with the remains of the body provided to

[Funeral Home] by [Class Member] and sent to Tri-State Crematory/Marshes?

Answer Yes or No _____

**[If your answer is No, then go to question 26.]**

20. Did [Funeral Home] owe a duty to [Class Member] not to interfere with the remains of the body provided to [Funeral Home] by [Class Member] and sent to Tri-State Crematory/Marshes?

Answer Yes or No _____

21. Did [Funeral Home] breach a duty to [Class Member] by interfering with the remains provided to [Funeral Home] by [Class Member] and sent to Tri-State Crematory/Marshes?

Answer Yes or No _____

22. Did [Class Member] sustain any injury with regard to any [Funeral Home]'s interference with the remains provided to [Funeral Home] by [Class Member] and sent to Tri-State Crematory/Marshes?

Answer Yes or No _____

23. Were the acts or omissions of [Funeral Home] the proximate or legal cause of any injury sustained by [Class Member] with regard to any [Funeral Home]'s interference with the remains provided to [Funeral Home] by [Class Member] and sent to Tri-State Crematory/Marshes?

Answer Yes or No _____

24. Would [Class Member] have sustained any injury but for the acts or omissions of Tri-State Crematory/Marshes?

Answer Yes or No _____

25. Could [Funeral Home] have foreseen that Tri-State Crematory would not cremate/properly handle the body provided to [Funeral Home] by [Class Member] and sent to Tri-State Crematory/Marshes?

Answer Yes or No _____

> [If your answer is No to any question for Questions 19-25, then go to Question 26.]

## WILLFUL INTERFERENCE WITH REMAINS

26. Did [Funeral Home] knowingly and deliberately interfere with the remains provided to [Funeral Home] by [Class Member] and sent to Tri-State Crematory/Marshes?

Answer Yes or No _____

> [If your answer is No, you need not answer any additional questions.]

27. Did [Class Member] sustain any injury with regard to any [Defendant Funeral Home]'s knowing and deliberate interference with the remains provided to [Funeral Home] by [Class Member] and sent to Tri-State Crematory/Marshes?

Answer Yes or No _____

28. Were the acts of [Funeral Home] the proximate or legal cause of the injury sustained by [Class Member] with regard to any [Funeral Home]'s knowing and deliberate interference with the remains provided to

        [Funeral Home] by [Class Member] and sent to Tri-State Crematory/Marshes?

        Answer Yes or No _____

6.   Funeral Home Defendants object to Plaintiff's proposed Question No. 6 in that same more appropriately should reiterate the requisite standard for such an award of damages. The interrogatory is also objectionable in that it should specify to which class member each Funeral Home Defendant is allegedly responsible for punitive damages.

        Do you find by clear and convincing evidence:

    29.   Did [Funeral Home]'s actions with regard to [Class Member] show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of said actions?

        Answer Yes or No _____

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **Funeral Home Defendants' Supplement to the Pre-Trial Order** by causing a copy of same to be placed in first class U.S. mail with adequate postage affixed thereto and addressed as follows:

Robert H. Smalley, III, Esquire
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Post Office Box 1105
Dalton, GA 30720-1105
Liaison for Plaintiffs

McCracken Poston, Jr., Esquire
OFFICE McCRACKEN POSTON
Post Office Box 1130
Ringgold, GA 30736
Liaison/Lead Counsel for
Tri-State Crematory, Inc.

Frank E. Jenkins, III, Esquire
JENKINS & OLSON
15 Public Square, South
Cartersville, GA 30120-3350
Liaison/Lead Counsel for
the Marsh Family

This 29th day of January, 2004.

_____
J. Anderson Davis



EXHIBIT / ATTACHMENT

2

(To be scanned in place of tab)