ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

)
IN RE: TRI-STATE            )
CREMATORY LITIGATION        )
                            )       MDL DOCKET NO. 1467
This relates to all actions )
                            )

## DEFENDANT ERWIN-PETITT FUNERAL HOME, INC.'S
## MOTION TO QUASH SUBPOENA AND BRIEF IN SUPPORT THEREOF

**COMES NOW** Defendant Erwin-Petitt Funeral Home, Inc., one of the named

Defendant Funeral Homes in the above-captioned matter (hereinafter, "Defendant

Petitt"), and pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, makes

this its Motion to Quash Subpoena and Brief in Support Thereof, and respectfully

shows this Honorable Court as follows, to-wit:

1.

On January 28, 2004, and pursuant to Fed.R.Civ.P. 45, Plaintiff improperly

served a subpoena upon Lead and Liaison Counsel directed at Defendant Petitt  and

mailed a copy of the same to Defendant Petitt's Counsel.  Said subpoena purports to

command Petitt's presence and the production of multiple documents for the trial of

this action set to begin on March 1, 2004.  A copy of the subpoena directed at

988

Defendant Petitt, and the corresponding exhibits, is attached hereto and made a part

hereof as EXHIBIT A.

2.

Federal Rule of Civil Procedure 45 provides in pertinent part as follows:

> (b)(1) A subpoena may be served by any person who is not
> a party and is not less than 18 years of age. Service
> of a subpoena upon a person named therein shall be
> made by delivering a copy thereof to such person
> and, if the person's attendance is commanded, by
> tendering to that person the fees for one day's
> attendance and the mileage allowed by law . . .

* * *

> (c)     A party or an attorney responsible for the issuance
> and service of a subpoena shall take reasonable steps
> to avoid imposing undue burden or expense on a
> person subject to that subpoena.

With regard to the subpoena in question, Plaintiffs have not followed the

appropriate procedure as set forth via Fed.R.Civ.P. 45. That is to say, in serving said

subpoena, Plaintiffs failed to serve the proper entity and failed to tender the

applicable witness fees and mileage. Most importantly, however, Plaintiffs failed to

serve said subpoena within the Court-ordered discovery period. As these deficiencies

render the subpoena a nullity, same should be quashed.

-2-

3.

By its terms and as espoused in case law, proper service of a subpoena pursuant to Fed.R.Civ.P. 45 requires that the person to whom the subpoena is directed be personally served. <u>Harrison v. Prather</u>, 404 F.2d 267 (5th Cir. 1968).[1]  Indeed, service of a subpoena by any other means is insufficient as a matter of law. <u>See</u> <u>Tidwell-Williams v. Northwest Georgia Health System, Inc.</u>, 1998 U.S. Dist. *LEXIS* 23134, *26 (N.D. Ga. 1998)(service of subpoena via facsimile or mail insufficient) citing <u>Harrison</u>, <u>supra</u> (service of subpoena on plaintiff's counsel, as opposed to plaintiff himself, was a nullity); <u>see also</u> <u>Klockner Namasco Holdings Corporation v. Daily Access.com, Inc.</u>, 211 F.R.D. 685, 687 (N.D. Ga. 2002)(In finding service upon witness' spouse to be ineffective, the Court noted that the provisions of Rule 5 are insufficient for purposes of Rule 45.).

As noted <u>supra</u>, in serving the instant subpoena upon Lead and Liaison Counsel for Defendant Funeral Homes and then mailing a copy to Defendant Petitt's Counsel via United States mail, Plaintiffs simply have not satisfied Fed.R.Civ.P. 45's mandate

---

[1]  See <u>Bonner v. Pritchard</u>, 661 F.2d 1206 (11th Cir. 1981)(en banc)(the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.).

that personal service be effected. As such and based on the foregoing authorities, service of said subpoena was not proper and thus its issuance is of no force and should be given no effect by this Court.

4.

Fed.R.Civ.P. 45 further impresses upon those seeking issuance of the Court's subpoena powers the mandate that individuals be served, simultaneous with said subpoena, the fees for one day's attendance and the mileage allowed by law. Said fees and mileage must be tendered when the subpoena is served. See Klockner Namasco Holdings Corporation, supra. "The rule is clear that a witness is entitled to the fees before appearance is compelled [as a] witness is not required to rely on the good faith of the party who subpoenas him to pay the fees when he appears. When a party subpoenas a witness without tendering the fees, th[at] party is assuming the risk that the witness will not appear[.]" Id.; see also In the Matter of Dennis, 330 F.3d 696, 704 (5th Cir. 2003)("The conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance. 'The plain meaning of Rule 45[(b)(1)] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena.'") citing and quoting

-4-

<u>CF&I Steel Corp. v. Mitsui & Co. (U.S.A.)</u>, 713 F. 2d 494, 496 (9th Cir. 1983)(failure to provide fees and mileage simultaneously with subpoena directed at party-witness defective).

Plaintiffs' failure to render the fees and mileage to those whose testimony they seek to proffer at trial renders the subpoena here in question defective.

5.

Attached to Plaintiffs' subpoena are demands for the production of documents apparently intended to be utilized by Plaintiffs in the trial of the matters herein concerned.  As Exhibits A and A-1 attached to Plaintiffs' subpoena constitute discovery, and as the discovery period in this matter ended in December 2003, same are untimely and thus should be quashed.

Rule 16(b) of the Federal Rules of Civil Procedure requires that courts enter an order whereby deadlines are set at a point early in the litigation process. According to said Rule, the deadlines so imposed may not be modified, except upon a showing of good cause and by leave of court.  Adherence to the schedules set by the court pursuant to said Rule serves several general purposes, including sharpening the preparation and presentation of cases, eliminating trial surprise and facilitating the early settlement of disputes. Circumvention of the deadlines effectively thwarts these

-5-

goals. Rice v. United States, 164 F.R.D. 556, 558 (N.D. Okla. 1995) citing Ghandi v. Police Department of City of Detroit, 747 F.2d 338, 354-55 (6th Cir. 1984)(affirming district court's decision to quash subpoena on the eve of trial seeking documents available during discovery.); Buhrmaster v. Overnite Transportation Company, 61 F.3d 461 (6th Cir. 1995)(affirming district court's decision to quash subpoena of material that could have been produced through normal discovery where Plaintiff used the subpoena to circumvent the discovery deadline).

It is the rule of the majority of jurisdictions that have addressed this issue that subpoenas issued pursuant to Fed.R.Civ.P. 45, to the extent that same purports to compel the production of matters not sought during the discovery period are without force. See Mortgage Information Services, Inc. v. Kitchens, 210 F.R.D. 562 (W.D.N.C. 2002)("After reviewing the relevant case law on both sides of this issue, the Court adopts the rule followed by a majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery.") citing Dreyer v. GACS, Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2001)(noting that most courts hold that a subpoena seeking documents under Rule 45 is a discovery device and is subject to a scheduling order's general discovery deadlines); Integra Lifesciences I. Ltd. v. Merck, 190 F.R.D. 556, 561 (S.D. Cal. 1999)(observing that "case law establishes that subpoenas

under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case."); Marvin Lumber and Cedar Co. v. PPG Industries, Inc., 177 F.R.D. 443, 443-44(D. Minn. 1997)(holding that subpoena duces tecum meet the definition of discovery contained in Rule 26(a)(5), and that they are therefore "subject to the same time constraints that apply to all of the other methods of formal discovery"); Rice, supra ("Rule 45 subpoenas duces tecum . . . constitute discovery."); BASF Corp. v. Old World Trading Co., 1992 U.S. Dist. LEXIS 1111 (N.D. Ill. 1992)(trial subpoenas quashed as improper discovery after close of appropriate time period); 7 Moore's Federal Practice section 24-03[2][a] (stating that, "although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders.").[2]

---

[2]     Defendant Petitt  has uncovered no precedent whereby this Circuit has addressed this issue.  However, deeming Rule 45 subpoenas as "discovery" is fundamentally sound and "is essentially mandated by the text of Rule 26, which expressly incorporates Rule 45 subpoenas into its definition of discovery." Mortgage Information Services, Inc., 210 F.R.D. at 566, citing Dreyer, 204 F.R.D. at 122-23; Rice, 164 F.R.D. at 557.  According to the Mortgage Information Services, Inc., Court:

> [I]it is also mandated by the traditional canons of interpretation regarding the interaction between the various Federal Rules of Civil Procedure, which require that the

The subpoena at issue in the instant matter was served on January 28, 2004,

approximately two months after the close of discovery in this action.  Per same,

Plaintiffs are attempting to extend discovery in this action long after the period within

which to do so has passed.  And to give effect to the subpoenas under such

---

> rules be construed in a manner that is internally consistent.
> See, e.g., Hickman v. Taylor, 329 U.S. 495, 505, 67 S. Ct.
> 385, 391 (1947) [citations omitted] Cooney v. Sun
> Shipbuilding & Drydock Co., 288 F. Supp. 708, 717 (E.D.
> Pa. 1968)(holding that, "with respect to subpoenas to
> parties, Rule 45 must be construed in pari materia with
> Rule 34" because "any other construction would be
> untenable"); see also Wright & Miller, 9A Federal Practice
> and Procedure section 2452 at n. 2, citing Hickman, 329
> U.S. at 505, 67 S. Ct. at 391 [.]  "Allowing a party to use
> Rule 45 to circumvent the requirements of a court-
> mandated discovery deadline would clearly be contrary to
> this approach. See Dreyer, 204 F.R.D. at 123 ("'To allow
> a party to continue with formal discovery . . . whether in
> the guise of Rule 45, or any of the other discovery methods
> recognized by Rule 26(a)(5), after the discovery deadline
> unnecessarily lengthens the discovery process, and diverts
> the parties' attention [ ] from the post-discovery aspects of
> preparing a case for [t]rial.'") quoting Marvin Lumber, 177
> F.R.D. at 445; McLean v. Prudential S.S. Co., 36 F.R.D.
> 421, 425 (E.D. Va. 1965)(holding that a party may not use
> Rule 45 to circumvent a requirement of Rule 34, and
> concluding that "it is unthinkable that the effect of Rule 34
> can be emasculated by the use of Rule 45").

Mortgage Information Services, Inc., supra at 566-67.

circumstances would be to allow (and thereby endorse) Plaintiffs' efforts to "now obtain through one means, Rule 45, what [they] have been precluded from obtaining through another, the expired discovery schedule." Alper v. United States, 190 F.R.D. 281 (D. Mass. 2000). This attempt at circumvention should be disallowed by this Court.

6.

Compliance with the requests for production attached to Plaintiffs' subpoena, at Exhibits A and A-1, would further create an undue burden on Defendant Petitt in that same requests materials the gathering of which, assuming the existence of such materials, cannot be completed within the time period prescribed by the subpoena.[3]

---

[3] Plaintiffs have served the requests approximately one month before trial despite the lengthy discovery period in this action. Defendant Petitt is aware of no new information that has come to light since the close of discovery that would prompt (and perhaps excuse Plaintiffs' delay) Plaintiffs to seek the matters addressed in the subpoena. Plaintiffs do not and credibly could not aver that they were unaware of the possible existence of the subpoenaed documents before the discovery deadline. See McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 588 (W.D.N.Y. 1995)("when a [party] . . . is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied"). It appears that Plaintiffs have simply elected to wait until the eve of trial to complete their discovery, and, in the process, have imposed upon Defendant Petitt an insurmountable burden.

Assuming, <u>arguendo</u>, that said materials exist and that same could be produced prior to March 1, 2004, Plaintiffs' requests are further objectionable in that the requests are vague and overbroad and apparently were served only for the purpose of harassing Defendant Petitt. Fed.R.Civ.P. 45(c) imposes upon Plaintiffs' the duty to avoid the imposition of undue burden and expense on a person subject to that subpoena. Plaintiffs have failed to comply with that duty.

**WHEREFORE**, based upon the above and foregoing, this Court should grant Defendant Petitt's Motion to Quash Subpoena.

This 13th day of February, 2004.

Respectfully Submitted,

GOODMAN, MCGUFFEY, LINDSEY & JOHNSON, LLP

By: _____
EDWARD H. LINDSEY, JR.
Georgia State Bar No. 453075
T. JEFFERY LEHMAN
Georgia State Bar No. 445725
ROBERT A. LUSKIN
Georgia State Bar No. 004383
Attorneys for Defendant
Erwin-Petitt Funeral Home, Inc.

-10-

## <u>CERTIFICATE OF FONT AND POINT SIZE</u>

The font and point style used in this **DEFENDANT ERWIN-PETITT FUNERAL HOME, INC.'S MOTION TO QUASH SUBPOENA AND BRIEF IN SUPPORT THEREOF** is Times New Roman 14 Point.

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### DISTRICT OF _____

IN RE:
TRI-STATE CREMATORY LITIGATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]
MDL DOCKET NO. 1467

TO: ERWIN-PETTITT, SUMMERVILLE, GA.

AND ITS RULE 30(b)(6) REPRESENTATIVE(S) WHO HAVE KNOWLEDGE OF INFORMATION REQUESTED
IN EXHIBITS A AND A-1 ATTACHED HERETO

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| UNITED STATES DISTRICT COURT, NORTHERN DIST. OF GA. ROME DIV. 600 EAST FIRST STREET ROME, GA. 30161 | THIRD FLOOR MAIN |
| | DATE AND TIME MARCH 1, 2004 @ 9:00AM |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE THE ATTACHED EXHIBITS "A" and "A-1"

| PLACE | DATE AND TIME |
|---|---|
| UNITED STATES DISTRICT COURT, NORTHERN DIST. OF GA., ROME DIV. 600 EAST FIRST STREET, ROME GA. 30161 | MARCH 1, 2004 @ 9:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) WARREN N. COPPEDGE, JR. ATTORNEY FOR PLAINTIFFS | DATE JANUARY 20, 2004 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER WARREN N. COPPEDGE, JR. 508 S. THORNTON AVENUE DALTON, GA. 30720  (706-226-0040) | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# EXHIBIT A

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | Attorney for Funeral Home Listed on Reverse | By Certfied Mail/Return Receipt Requested |

SERVED ON (PRINT NAME)                                                    MANNER OF SERVICE

Warren N. Coppedge, Jr., Attorney for Plaintiff

SERVED BY (PRINT NAME)                                                   TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     January 30, 2004                    /s/ Warren N. Coppedge, Jr.

                  DATE                          SIGNATURE OF SERVER

                                  508 South Thornton Avenue

                                  ADDRESS OF SERVER

                                  Dalton, Georgia   30720

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

1.  All inter-company correspondence, memos, e-mails, writings, electronic reports or documents of any kind related to Tri-State Crematory.

2.  All ledgers, billing statements, cancelled checks, receipts or other evidence of payment to the Tri-State Crematory, including its owners and operators, T. Ray Brent Marsh, Clara C. Marsh, Rhames L. Marsh, Ray Marsh reference the decedents listed on Exhibit "A-1".

3.  All documents relating to funeral arrangements or any other aspect of the business by which the following were entrusted to your funeral home and that relate or refer to the decedents listed on Exhibit "A-1", specifically including but not limited to contracts for service, Federal Trade Commission Disclosures, transit permits, cremation permits, invoices and reciepts.

4.  All documents, including but not limited to all contracts, agreements, brochures, prospectus, advertisements, bills of sale, literature, advertising, etc., evidencing funeral arrangements for bodies taken to Tri-State Crematory. This request is limited to every piece of paper given to or seen by any person who made or arranged for funeral or cremation services in connection with a body sent to the Tri-State Crematory referencing the decedents listed on Exhibit "A-1"

5.  All documents that relate or refer to any  transit permit in connection with the decedents listed on Exhibit "A-1" or any cremains of a decedent to or from Tri-State Crematory including copies of all burial transit permits.

6.  All death certificates, (official or unofficial), of all decedents sent to the Tri-State Crematory referenced  in Exhibit "A-1".

7.  All documents that relate to tags, identification, or any form of identification placed upon the decedents listed in Exhibit "A-1" prior to being sent to Tri-State Crematory.

8.  All documents relating to any inspection of the Tri-State Crematory, including the facilities, equipment, property, offices, vehicular equipment or grounds, or other inquiry or notations made while on the premises by the Defendant or any of its representatives.

9.  All documents relating to transportation of bodies sent to the Tri-State Crematory, including, but not limited to, delivery of bodies or pick up of cremains by the Defendant or its employees, and any other records of trips in association with transportation of bodies/cremains listed in Exhibit "A-1".

10. All documents relating to any correspondence from any regulatory authorities (whether state or federal) relating to the Tri-State Crematory and its inspection or

licensing, including any State Board of Funeral Service with respect to the transportation of bodies or the cremation of bodies.

11.   All documents in your possession regarding training, credentials, education and licensing and other qualifications, if any, of Tommy Ray Marsh and Brent Marsh.

12.   All documents, including any procedures, standards, or operating manuals for transporting bodies, receipt of cremains to and from a crematory, including the Tri-State Crematory, that relate to or refer to any procedures, standards or operating manuals for transporting bodies to and cremains from a crematory.

13.   All documents that relate or refer to the inspection of any cremains when received from the Tri-State Crematory.

14.   All documents that relate to the method of inventory, control or accounting for bodies and cremains sent to and received from the Tri-State Crematory.

15.   All documents received from or sent to any state or federal regulatory authority relating to the Tri-State Crematory. This would include the TBI, GBI, GMEA and any other State or Federal organization.

16.   All documents relating to phone calls to Tri-State Crematory and/or Tommy Ray Marsh, Clara Marsh, Rhames Marsh or Brent Marsh.

17.   All advertisements for your business from 1988 - 2002.

18.   All yellow pages ads for your business from 1988 - 2002.

19.   All records relating to any trips to Tri-State Crematory.

20.   All documents that relate, refer to, or establish as a record the date of cremation for decedents sent to Tri-State Crematory as listed in Exhibit "A-1".

21.   All written, printed procedures, protocols or other documents relating to safety procedures at Tri-State Crematory.

22.   All documents that relate or refer to any permits for cremation of decedents listed in Exhibit "A-1" in connection with Tri-State Crematory, including copies of any cremation permits.

23.   All documents that relate or refer to any permits for disposition of human remains of the decedents listed on Exhibit "A-1" in connection with Tri-State Crematory, including copies of all permits for disposition of human remains.

24.   All receipts for bodies delivered to Tri-State Crematory.

25.   All receipts or other documents evidencing date or receipt of cremated remains of the decedents listed on Exhibit "A-1" received from Tri-State Crematory.

26.   All documents that relate, refer to or evidence any complaints to your business regarding Tri-State Crematory.

/tn

EXHIBIT _A-1_

# Erwin-Petitt

| Deceased | Date of Death |
|---|---|
| Hale, Kindness | 07/14/88 |
| Hudgins, Ray Eunice | 05/05/89 |
| Holden, Edward Fowler | 07/27/90 |
| Hale, Ralph William | 04/05/91 |
| Hudgins, Addison B. | 07/15/92 |
| Thomas, James Lee | 12/12/92 |
| Kuhne, Robert Alexander | 09/22/97 |
| Farr, Sr., Thomas | 05/15/01 |
| Pledger, Joyce Ann | 06/22/01 |
| Miller, William Boyd | 12/17/01 |
| Cook, Gertrude Effie | 07/25/88 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: TRI-STATE | ) | |
| CREMATORY LITIGATION | ) | |
| | ) | MDL DOCKET NO. 1467 |
| This relates to all actions. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel in the above captioned lawsuit a copy of the foregoing **DEFENDANT ERWIN-PETITT FUNERAL HOME, INC.'S MOTION TO QUASH SUBPOENA AND BRIEF IN SUPPORT THEREOF** by depositing same in the United States Mail with proper postage affixed thereon and addressed to:

Robert H. Smalley, III, Esq.
McCamy, Phillips, Tuggle &
  Fordham, LLP
P.O. Box 1105
Dalton, GA 30720

J. Anderson Davis, Esq.
Brinson, Askew, Berry, Seigler,
  Richardson & Davis, LLP
P.O. Box 5513
Rome, GA 30162-5513

McCracken K. Poston, Jr.,Esq.
Office of McCracken Poston
PO Box 1130
Ringgold, GA 30736

Warren N. Coppedge, Jr., Esq.
Coppedge & Leman, P.C.
508 South Thornton Avenue
Dalton, GA 30720

-12-

This _13_ day of February, 2004.

ROBERT A. LUSKIN
Georgia State Bar No. 004383
Attorneys for Defendant
Erwin-Petitt Funeral Home, Inc.