IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: Tri-State Crematory Litigation | MDL Docket No. 1467 |

| | |
|---|---|
| Carol A. Bechtel, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO.   4:02-CV-041 |
| ) | HLM |
| Tri-State Crematory, Inc., et. al., ) | |
| ) | |
| Defendants. ) | |

## TRIAL BRIEF REGARDING PLAINTIFFS' CLAIMS FOR UNCERTAINTY

COME NOW, the Marsh Defendants, and file this Trial Brief Regarding the Plaintiffs' Claims for Uncertainty, showing the Court as follows:

### INTRODUCTION

Plaintiffs have made claims in this litigation for damages resulting from their fear and uncertainty regarding whether certain decedents, whose human remains were not recovered from the Tri-State premises, were actually cremated. In the Court's Order on Class Certification, the negligence issues which are common to all Plaintiffs, and thus appropriate

for class treatment, include "whether 'uncertainty' is an actionable injury." (Class Certification Order, March 17, 2003, p. 72, 79.) This brief will highlight the elements that Plaintiffs must prove to show that uncertainty, under this set of facts and circumstances, is actionable.

## ARGUMENT & CITATION OF AUTHORITY

### I. Plaintiffs must prove that any negligent act by Defendants created a consequence that is probable, not just possible.

"A wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience." Johnson v. American Nat. Red Cross, 276 Ga. 270, 273, 578 S.E.2d 106, 108 (2003) (quoting Dry Storage Corp. v. Piscopo, 249 Ga.App. 898, 900 (2001)). That is, in order to be able to recover for an alleged negligent act, the plaintiff must show that the injury he suffered was due to an event that is *likely* to have happened based on the facts, not just something that *could* have happened based on the circumstances.

In Johnson v. American Red Cross, plaintiff's decedent, Ms. Mantooth, received a blood transfusion that was later discovered to be non-compliant with the Red Cross' standards for accepting blood. The blood donor had stayed in Africa for one month longer than was acceptable to the

Red Cross, which led to a very small chance that the donor may have been exposed to a rare strain of HIV. Ms. Mantooth was notified of the irregularity and tested constantly for the HIV virus. Although Mantooth was apparently very upset by the possibility that she had been exposed to HIV, there was not any evidence that she was ever *actually* exposed. As such the Georgia Supreme Court upheld both lower courts' rulings that she was not entitled to any recovery.

The reasoning behind the appeals court's ruling, and the Supreme Court's affirmation is that "to allow the plaintiff recovery for emotional injuries and mental anguish without any proof that she was actually exposed. . .was 'per se unreasonable'." Id. at 274 (citing Russaw v. Martin, 221 Ga.App. 683, 686(1), 472 S.E.2d 508 (1996)). Moreover, ". . . [i]t is axiomatic that for recovery, there must be some reasonable connection between the act or omission of a defendant and the damages which a plaintiff has suffered." Id., see also, Dry Storage Corp. v. Piscopo, 249 Ga.App. 898, 550 S.E.2d 419 (2001).

In our case, Plaintiffs with decedents whose remains were not recovered from the Tri-State premises claim that they will never know whether their loved one was properly cremated. However, the property has been thoroughly searched, and it has been established that there are no

further remains to locate. Moreover, none of the recovered remains predate 1997. In fact, the only evidence plaintiffs have of any alleged negligence prior to 1997 is the affidavits regarding allegedly "adulterated" cremains on which the Court relied to certify the class back to 1988. Even assuming, *arguendo*, that those few sets of cremains did contain some non-human matter, there is not enough of a causal link between that and the plaintiffs' alleged injuries to show that plaintiffs' decedents were not properly cremated. Again, for plaintiffs to recover for these "uncertainty" claims, they must show not that it is possible that their unrecovered decedents were not properly cremated, but that such an occurrence is more likely than not. The Marshes contend that Plaintiffs will not be able to prove this at trial through the minimal circumstantial evidence they will present.

## II. **Plaintiffs must prove that their "uncertainty" claims are a direct and proximate result of each defendant's alleged wrongdoing.**

"Plaintiff's claim will fail as a matter of law where proximate cause is left to speculation and conjecture." Flanders v. Garlock, Inc., 2003 WL 22697241 at *2 (S.D. Ga.). Throughout this litigation, the plaintiffs have attempted to shift their burden of proving negligence and proximate cause onto the defendants in attempting to require that defendants prove that

decedents were, in fact, properly cremated.  However, such burden-shifting is impermissible in this case. Plaintiffs must show that their decedents were "actually exposed" to improper cremation practices, not just that they fear that their loved one was not cremated, based on the discovery of other uncremated bodies.  See Russaw, 221 Ga.App. at 686, Grijalva v. U.S., 289 F.Supp.2d 1372, 1381 (2003)(". . .A plaintiff must prove that the defendant's conduct was either the sole cause of the plaintiff's injury or put in operation other causal forces that were the direct and probable consequences of her acts or omissions.")

    The Marsh defendants recognize that causation and damages will be tried separately at the conclusion of the liability phase, should liability be determined.  However, since the viability of plaintiffs' uncertainty claims have been certified for class treatment under the issue of negligence, it is appropriate to address these claims, and the elements plaintiffs must prove to prevail, at this juncture.  Plaintiffs cannot relate their claims for uncertainty to any specific act of the defendants, because they cannot show that the pre-1997 decedents were not cremated.  As such, their claims for negligence resulting in "uncertainty" will fail at trial.

-6-

## CONCLUSION

To recover on their claims for uncertainty, plaintiffs will have to show that each defendant acted or failed to act in such a way that made it probable that the plaintiffs would experience these damages. Moreover, plaintiffs must prove, beyond speculation, that their injuries were directly or proximately caused by each defendants' actions or omissions.

Respectfully submitted,

JENKINS & OLSON, P.C.

Frank E. Jenkins III
Georgia Bar Number 390550
Jennifer Joy Walker
Georgia Bar Number 732263
*Attorney for Marsh Defendants*

15 South Public Square
Cartersville, Georgia  30120
(770) 387-1373

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing *Trial Brief Regarding Plaintiffs' Claims for Uncertainty* upon all parties to this matter by depositing a true copy of same in the United States Mail, proper postage prepaid, addressed to counsel of record as follows:

Jesse Anderson Davis
Mark Maynard Jackson Webb
Brinson Askew Berry Siegler
Richardson & Davis
Post Office Box 5513
Rome, GA  30162-5513

Robert Harris Smalley, III
McCamy Phillips Tuggle & Fordham
Post Office Box 1105
Dalton, Georgia  30720-1105

McCracken Poston
Post Office Box 1130
Ringgold, Georgia 30736

This the 23rd day of February, 2004.

JENKINS & OLSON, P.C.

Jennifer Joy Walker
Georgia Bar Number 732263

15 South Public Square
Cartersville, Georgia  30120
(770) 387-1373