# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| IN RE: | TRI-STATE CREMATORY ) | |
| | LITIGATION ) | **MDL DOCKET NO. 1467** |
| | ) | |

---

## FUNERAL HOME DEFENDANTS' REQUESTS TO CHARGE

Funeral Home Defendants respectfully request the Court to give the following requests to charge annexed hereto and being headed Funeral Home Defendants' Request to Charge Nos. 1 through 30.

This 25th day of February, 2004.

BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP

ROBERT M. BRINSON
Georgia Bar No. 082900

By: _____

J. ANDERSON DAVIS
Georgia Bar No. 211077

Post Office Box 5513
Rome, GA 30162-5513
Phone - 706/291-8853
Fax - 706/234-3574

Lead/Liaison Counsel for
Defendant Funeral Homes

142782.1

-1-

**<u>Funeral Home Defendants' Request to Charge No. 1</u>**
**Breach of Contract Elements**

"The elements for a breach of contract claim in Georgia are merely 'the breach and the resultant damages to the party who has the right to complain about the contract being broken.'"

<u>Odem  v. Pace Academy</u>, 235 Ga. App. 648, 654, 510 S.E.2d 326, 331 (1998)(quoting <u>Budget Rent-A-Car of Atlanta v. Webb</u>, 220 Ga. App. 278, 279, 469 S.E.2d 712, 713 (1996)).

**<u>Funeral Home Defendants' Request to Charge No. 2</u>**
**Privity of Contract**

Under privity of contract, only the parties signing the  funeral services contract with each of the Funeral Home Defendants may sue for breach of contract.

<u>Sofet v.  Roberts</u>, 185 Ga.  App.  451, 452, 364 S.E.2d 595, 596 (1987).

## **Funeral Home Defendants' Request to Charge No. 3**
## **Third Party Beneficiaries**

The funeral service contracts at issue do not provide any benefit to a third party beneficiary. Third parties who were not parties to the funeral services contracts with the Funeral Home Defendants cannot recover for breach of contract.

Satilla Community Serv. Board v. Satilla Health Servs., Inc., 275 Ga. 805, 810, 573 S.E.2d 31, 35 (2002).

**<u>Funeral Home Defendants' Request to Charge No. 4</u>**
**Negligence Elements**

For a negligence claim in Georgia, a party must prove the following: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

<u>Wilson v. Mallard Creek Holdings</u>, 238 Ga. App. 746, 747, 519 S.E.2d 925, 926 (1999);

<u>Davis v. Blockbuster, Inc.</u>, 258 Ga. App. 677, 678, 575 S.E.2d 1, 2 (2002).

**<u>Funeral Home Defendants' Request to Charge No. 5</u>**
**Ordinary Care**

A key element of a negligence claim is a party's failure to exercise ordinary care. "[O]rdinary [care] is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances."

O.C.G.A. § 51-1-2.

"'Exactly what constitutes 'ordinary care' varies with the circumstances and the magnitude of the danger to be guarded against. Since it is impossible to prescribe definite rules in advance for every combination of circumstances which may arise, the details of the standard must be filled in each particular case. But, to be negligent, the conduct must be unreasonable in light of the recognizable risk of harm.'"

<u>Jackson v. Post Properties, Inc.</u>, 236 Ga. App. 701, 702, 513 S.E.2d 259, 262 (1999)(citations omitted).

**<u>Funeral Home Defendants' Request to Charge No. 6</u>**
**Standard of Care**

Standard of care requires a person performing professional or skilled services to exercise a reasonable degree of care, skill and ability, which generally is taken and considered to be such degree of care and skill, as under similar conditions and like surrounding circumstances, is ordinarily employed by that respective profession.

<u>Marquis Towers, Inc. v. Highland Group</u>, 2004 WL 178596 (Ga. App. Jan 30, 2004) at *2.

**<u>Funeral Home Defendants' Request to Charge No. 7</u>**
**Occurrence of an Unfortunate Event**

The mere occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.

<u>Walker v. Metropolitan Atlanta Rapid Transit Authority</u>, 226 Ga. App. 793, 798, 487 S.E.2d 498 (1997).

**<u>Funeral Home Defendants' Request to Charge No. 8</u>**
**Defendant Must Breach Some Duty**

No matter how innocent a plaintiff, he may not recover unless the defendant did something he should not have done or failed to do something he should have done.

<u>City of Douglasville v. Queen</u>, 217 Ga. 770, 771 (1999),

## **Funeral Home Defendants' Request to Charge No. 9**
## **Duties of Public Officials**

"It is a 'well settled principle that public officials shall be presumed to have performed their duties and acted in good faith unless clearly proven otherwise.'"

Narramore v. The State, 181 Ga. App. 254, 255, 351 S.E.2d 643, 644 (1986)(quoting Richmond County Hosp. Auth. v. Richmond County, 255 Ga. 183, 192, 336 S.E.2d 562, 569 (1985)).

"Unless the contrary appears, it is presumed that a public official performs his duties in a proper manner."

Scott v. DeKalb County Hospital Auth., 169 Ga. App. 257, 258, 312 S.E.2d 154, 155 (1983).

**<u>Funeral Home Defendants' Request to Charge No. 10</u>**
**Foreseeability**

Foreseeability is a requirement of all negligence actions.

<u>Griffin v. Fowler</u>, 260 Ga.App. 443, 448-449, 579 S.E.2d 848 (2003).

Negligence is predicated on what should be anticipated, rather than on what happened, because one is not bound to anticipate or foresee and provide against what is unlikely, remote, slightly probable, or even slightly possible.

<u>Amos v. City of Butler</u>, 242 Ga.App. 505, 506, 529 S.E.2d 420 (2000);
<u>Hodges v. Putzel Electric Contractors</u>, 260 Ga. App. 590, 594-595, 580 S.E.2d 243, 247-248 (2003).

An alleged tortfeaser is not responsible for a consequence which is merely possible, but only for a consequence which is probable according to ordinary, usual experience. The natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be

expected to happen again.  Possible consequences are those which happen so infrequently that they are not expected to happen again.  One is not required to guard against that which only remotely and slightly probable.

Jacobs v. Taylor, 190 Ga. App. 520, 525-26, 379 S.E.2d 563, 567 (1989);

Rust & Statin v. Ray Brothers, 175 Ga.App. 30, 31-32, 332 S.E.2d 341 (1985);

Aretz v. United States, 503 F.Supp. 260, 290 (S.D. Ga. 1977).


A defendant may be held liable for an injury where that person commits a negligent act which puts other forces in motion or operation, which results in the injury, when such other forces are the natural and probable result of the act which the defendant committed and which reasonably should have been foreseen by the defendant.  When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original negligent act, then there can be no recovery.  If the chain reaction which resulted from the defendant's alleged negligence, if any, meets the above tests, then the plaintiff could recover, otherwise, he/she could not.

Georgia Pattern Jury Instruction:

<u>Stern v. Wyatt</u>, 140 Ga. App. 704, 705 (1976);

<u>Stapleton v. Amerson</u>, 96 Ga. App. 471, 472 (1957).

## Funeral Home Defendants' Request to Charge No. 11
### Independent, Intervening Act

A person is not required to anticipate the negligence or unlawful conduct of others.

Herring v. R. L. Mathis, 118 Ga.App. 132, 139, 162 S.E.2d 863, 868 (1968);

Davis v. Blockbuster, 258 Ga.App. 677, 575 S.E.2d 1 (2002).

"Where the intervening criminal acts of third parties are unforeseeable, they will not give rise to liability."

Bradley Ctr., Inc. v. Wessner, 250 Ga. 199, 202, 296 S.E.2d 693, 696 (1982).

Generally an intervening criminal act by a third party, such as the Tri-State Defendants, insulates a Funeral Home Defendant from liability, but even an independent criminal act could render the Funeral Home liable if the Funeral Home had reasonable grounds for apprehending that such criminal act would be committed or is reasonably to be anticipated. Even in such circumstances, however, the true

ground of liability is the *superior* knowledge of the Funeral Home of the existence

of a condition that may subject the Plaintiff to an unreasonable risk of harm.

Griffin v. AAA Auto Club South, Inc., 221 Ga. App. 1, 470 S.E.2d 474 (1996).

A criminal act by a third party may be foreseeable if the incident causing the

injury is substantially similar in type to previous criminal activities occurring on or

near the location at issue so that a reasonable person   would take ordinary

precautions with respect to the risk imposed by that type of activity because the

risk of harm is reasonably foreseeable from such prior acts.

Aldridge v. Tillman, 237 Ga. App. 600, 604, 516 S.E.2d 303, 308 (1999).

For a criminal act to be substantially similar, it does not have to be identical.

However, the prior crimes should have put an ordinarily prudent person on notice

of the increased risks.

Aldridge v. Tillman, 237 Ga. App. 600, 604, 516 S.E.2d 303, 308 (1999).

**<u>Funeral Home Defendants' Request to Charge No. 12</u>**
**Liability for Independent Contractor**

Tri-State Crematory and the Marsh Defendants were independent contractors, not agents of the Funeral Home Defendants.  As a general rule an employer is not liable for the torts of an independent contractor.

O.C.G.A. § 51-2-4;

<u>Widner v. Brookins, Inc.</u>, 236 Ga. App. 563, 564, 512 S.E.2d 405, 406 (1999).

**<u>Funeral Home Defendants' Request to Charge No. 13</u>**
**Liability for Negligence of Independent Contractor**

The Funeral Home Defendants could be liable for the negligence of

independent contractors Tri-State Crematory and the Marsh Defendants only if the

following is applicable:

<table>
<tr><td>(3)</td><td>If the wrongful act is the violation of a duty imposed by express contract upon the employer; or</td></tr>
<tr><td>(4)</td><td>If the wrongful act is the violation of a duty imposed by statute.</td></tr>
</table>

O.C.G.A. § 51-2-5(3) and (4).

**<u>Funeral Home Defendants' Request to Charge No. 14</u>**
**Violation of Duty Imposed By Express Contract**

O.C.G.A. § 51-2-5(3) requires "an express obligation by the employer to be responsible for the independent contractor's conduct."

<u>Toys 'R' Us, Inc. v. Atlanta Economic Dev. Corp.</u>, 195 Ga. App. 195, 196, 393 S.E.2d 44, 47 (1990).

In construing this statutory provision regarding "violation of a duty imposed by express contract," the word "express" must be emphasized  and the necessity that such contractual obligation be placed upon the particular employer as opposed to any independent contractor.

<u>Fields v. B&B Pipeline Co.</u>, 147 Ga. App. 875, 876-877, 250 S.E.2d 582, 583 (1978).

**Funeral Home Defendants' Request to Charge No. 15**
**Elements of Willful Interference with Remains Claim**

The spouses of the decedents or, if there is no spouse, the next of kin, are the only parties permitted to raise a claim for willful interference with remains and intentional mishandling of remains.

Habersham Memorial Park, 164 Ga. App. at 678, 297 S.E.2d at 318 (1982);

Pollard v. Phelps, 56 Ga. App. 408, 193 S.E. 102 (1937).

**<u>Funeral Home Defendants' Request to Charge No. 16</u>**
**Elements of Willful Interference with Remains Claim**


In Georgia, a willful interference with remains claim is based in the "quasi-property right" in the body of the deceased by the next of kin.


<u>Hill v. City or Fort Valley</u>, 251 Ga. App. 615 (2001);

<u>McCoy v. Georgia Baptist Hospital</u>, 167 Ga. App. 495, 306 S.E.2d 746 (1983);

<u>Rivers v. Greenwood Cemetery</u>, 194 Ga. 524, 22 S.E.2d 134 (1942).

**Funeral Home Defendants' Request to Charge No. 17**
**Elements of Willful Interference with Remains Claim**

This quasi-property right is not pecuniary in nature; it only encompasses the power to ensure that a corpse is "orderly handled and laid to rest, nothing more."

Bauer v. North Fulton Medical Center, 241 Ga. App. 568, 571, 527 S.E.2d 240, 244 (1999).

**<u>Funeral Home Defendants' Request to Charge No. 18</u>**
**Elements of Willful Interference with Remains Claim**

For an intentional mishandling of a corpse claim, "[a] demonstration of mere negligence is not sufficient to show wilful or wanton behavior. In order to prove wilful or wanton conduct, a plaintiff must demonstrate that a defendants' acts were 'such as to evidence a wilful intention to inflict the injury, or else [were] so reckless or so charged with indifference to the consequences . . . to justify . . . finding a wantonness equivalent in spirit to actual intent.'"

<u>McNeal Loftis, Inc. v. Helmey</u>, 218 Ga. App. 628, 629, 462 S.E.2d 789, 790 (1995).

### **Funeral Home Defendants' Request to Charge No. 19**
### **Elements of Willful Interference with Remains Claim**

There is no evidence that the Funeral Home Defendants willfully interfered with remains.

**<u>Funeral Home Defendants' Request to Charge No. 20</u>**
**Elements of Negligent Interference with Remains Claim**

There are two elements for a claim of negligent mishandling of a corpse.

"'The first is the 'quasi-property' right that exists in the dead body of a relative.

The second is the negligent breach of a contract to carry out the expressed wishes

of the next of kin regarding the disposition of that dead body[, i.e., burial,

cremation, or anatomical donation.'"

<u>Wages v. Amisub of Georgia</u>, 235 Ga. App. 156, 157, 508 S.E.2d 783, 784 (1998)

(quoting <u>McCoy v. Ga. Baptist Hosp.</u>, 167 Ga. App. 495, 497, 306 S.E.2d 746,

746 (1983)).

**<u>Funeral Home Defendants' Request to Charge No. 21</u>**
**Elements of Negligent Interference with Remains Claim**


In such a case, "the next of kin must be known and have asserted some proprietary interest in the corpse, and the defendant must have had a reasonable opportunity to comply with such expressed wishes after pronouncement of the cause of death, autopsy, postmortem investigation, or embalming."


<u>Wages v. Amisub of Georgia</u>, 235 Ga. App. 156, 158, 508 S.E.2d 783, 785 (1998).

**<u>Funeral Home Defendants' Request to Charge No. 22</u>**
**Elements of Negligent Interference with Remains Claim**

The next of kin must prove the existence of some agreement or contract whereby they expressed their wishes regarding the disposition of the decedent's body.

<u>Wages v. Amisub of Georgia</u>, 235 Ga. App. 156, 157-158, 508 S.E.2d 783, 785 (1998).

## Funeral Home Defendants' Request to Charge No. 23

**Eleventh Circuit Pattern Jury Instruction**
**2.1**
**Consideration Of The Evidence**
**Duty To Follow Instructions**
**No Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## Funeral Home Defendants' Request to Charge No. 24

### Eleventh Circuit Pattern Jury Instruction
### 2.2
### Consideration Of The Evidence
### Duty To Follow Instructions
### Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Funeral Home Defendants' Request to Charge No. 25

**Eleventh Circuit Pattern Jury Instruction**
**3**
**Credibility Of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

## **Funeral Home Defendants' Request to Charge No. 26**

### **Eleventh Circuit Pattern Jury Instruction**
### **4.1**
### **Impeachment Of Witnesses**
### **Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**<u>Funeral Home Defendants' Request to Charge No. 27</u>**

**Eleventh Circuit Pattern Jury Instruction
4.2
Impeachment Of Witnesses**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

## Funeral Home Defendants' Request to Charge No. 28

### Eleventh Circuit Pattern Jury Instruction
### 5.1
### Expert Witnesses
### General Instruction

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

<u>**Funeral Home Defendants' Request to Charge No. 29**</u>

**Eleventh Circuit Pattern Jury Instruction**
**5.2**
**Expert Witnesses**
**When Expert Witness Fees Represent A**
**Significant Portion Of The Witness' Income**

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

### Funeral Home Defendants' Request to Charge No. 30

**Eleventh Circuit Pattern Jury Instruction**
**6.1**
**Burden Of Proof**
**When Only Plaintiff Has Burden Of Proof**

In this case it is the responsibility of the Plaintiffs to prove every essential part of the Plaintiffs' claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendants,[whether Funeral Home Defendant or Tri-State Defendants,]* as to that claim.

*ADDED

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy

of the within and foregoing **Funeral Home Defendants' Requests to Charge** by

causing a copy of same to be placed in first class U.S. mail with adequate postage

affixed thereto and addressed as follows:

> Robert H. Smalley, III, Esquire
> McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
> Post Office Box 1105
> Dalton, GA  30720-1105
> Liaison for Plaintiffs

| | |
|---|---|
| McCracken Poston, Jr., Esquire | Frank E. Jenkins, III, Esquire |
| OFFICE McCRACKEN POSTON | JENKINS & OLSON |
| Post Office Box 1130 | 15 Public Square, South |
| Ringgold, GA   30736 | Cartersville, GA   30120-3350 |
| Liaison/Lead Counsel for | Liaison/Lead Counsel for |
| Tri-State Crematory, Inc. | the Marsh Family |

This 25th day of February, 2004.

J. Anderson Davis

142782.1

-36-