

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: TRI-STATE CREMATORY LITIGATION | MDL DOCKET NO. 1467 |
| This document relates to all cases. | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Plaintiffs respectfully submit this initial set of proposed jury instructions prior to the commencement of trial pursuant to the Pre Trial Order in this action. Plaintiffs respectfully request the right pursuant to Fed.R.Civ.P. 51 (a) (2) (A) and (B) to submit additional requests or to amend these requests to address unanticipated issues arising during trial.

Respectfully Submitted, this 25th day of February, 2004.

*[signature]*

McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
Robert H. Smalley, III
P.O. Box 1105
Dalton, Georgia 30722
Telephone: (706) 278-4499
Facsimile: (706) 278-5002

*Plaintiffs'/Respondents' Liaison Counsel*

BARRETT LAW OFFICE
Don Barrett
Charles Barrett
3319 West End Avenue, 6th Floor
Nashville, Tennessee 37203

SIMS, GRADDICK & DODSON, PC
Charles Graddick
Todd Strohmeyer
205 St. Emanuel Street
Mobile, Alabama 36602

MABRY & McCLELLAND, LLP
Robert M. Darroch
Tenth Floor, 2200
Century Parkway, N.E.
Atlanta, Georgia 30345

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Elizabeth J. Cabraser
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Plaintiffs'/Respondents' Lead Counsel*

Kathryn E. Barnett
Elizabeth A. Alexander
3319 West End Avenue, Suite 600
Nashville, Tennessee 37203
Telephone: (615) 313-9000
Facsimile: (615) 313-9965q

DOFFERMYRE, SHIELDS, CANFIELD, KNOWLES & DEVINE
Leslie Bryan
Suite 1600, 1355 Peachtree Street
Atlanta, Georgia 30309

SHUMAKER, WITT, GAITHER & WHITAKER
William G. Colvin
Suite 500, First Tennessee Building
701 Market Street
Chattanooga, Tennessee 37402

THE FLEISSNER FIRM
Phillip A. Fleissner
600 Georgia Avenue
Chattanooga, Tennessee 37402

291656.1                           -2-

| | |
|---|---|
| DAVID RANDOLPH SMITH & ASSOCIATES<br>David Randolph Smith<br>Hillsboro Village, 1910 Acklen Avenue<br>Nashville, Tennessee 37212 | COPPEDGE & LEMAN, PC<br>Joe Leman<br>508 South Thornton Avenue<br>Dalton, Georgia 30720 |

*Plaintiffs' Steering Committee*

**PROOF OF SERVICE BY MAIL**

I hereby certify that a copy of the foregoing was served by postage prepaid United States mail on the 25th of February, 2004 addressed to those listed below:

Robert H. Smalley, III

J. Anderson Davis, Esq.
Brinson, Askew, Berry, Seigler,
Richardson & Davis, LLP
PO Box 5513
Rome, GA 30162

*Funeral Home Defendants*
*Lead/Liaison Counsel*

Frank E. Jenkins, III
Jenkins & Olson, PC
15 South Public Square
Cartersville, GA 30120

McCracken K. Poston, Jr., Esq.
Attorney at Law
62 Nance Lane
PO Box 1130
Ringgold, GA 30736

303193.4                    4

## Plaintiffs' First Proposed Jury Instruction
## Breach of Contract

A contract is a written or oral agreement in which two or more parties agree to do or not do a specified thing.[1] There is no dispute in this case that the contracts between the class members and the funeral homes were valid. The only issue for you to decide with respect to the contracts is whether the defendants breached them as the class members allege.

Every contract includes a duty to perform it skillfully and carefully. When a person agrees to perform services that require skill, the law requires that he or she use the same reasonable degree of care, skill, and ability that others in the same business or profession would use.[2] There is a legal duty, enforceable by the next of kin, which requires that a party contractually obligated to handle a corpse do so with utmost dignity.[3]

If you find that the defendants did not completely perform all of the terms of the contracts they made with class members, or if you find that the defendants did not use a reasonable degree of care, skill and ability in

---

[1] Suggested Pattern Jury Instructions, Civil Cases, Third Ed., Council of Superior Court Judges of Georgia (1991) § X (A) (citing O.C.G.A. § 13-1-1) (modified).
[2] Id. at § X (I) (modified).
[3] Mayer v. Turner, 142 Ga. App. 63, 64, 234 S.E.2d 853 (Ga. Ct. App. 1977) ("[T]here exists a legal duty enforceable to the next of kin, which requires that a party contractually obligated to handle a corpse, do so non-negligently and with utmost dignity.").

performing their duties under the contracts, you may find that the defendants breached their contracts with the class members.

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

MODIFIED:_____

## Plaintiffs' Second Proposed Jury Instruction
## Negligence

In this case, the class members have alleged that the funeral home defendants were negligent in their failure to act reasonably and carefully in selecting, supervising and monitoring the Marshes in carrying out cremations for the benefit of class members. Class members also allege that Tri-State and the Marshes were negligent in performing cremations.

In order to prove the essential elements of the class members' negligence claim, the class members must establish by a preponderance of the evidence the following facts: First: that the defendants were negligent in one or more of the particulars alleged; and Second, that the defendants' negligence was a proximate cause of some injury and consequent damage sustained by the class members.[4] As the Court has previously instructed you, damages are not at issue at this time. Therefore, you have not heard any evidence of damages and class members do not need to show damages at this time.

Negligence is the doing of some act a reasonably prudent person would not do, or the failure to do something a reasonably prudent

---

[4] Id. at § 120.03 (modified).

303193.4                                7

person would do, when prompted by considerations that ordinarily regulate the conduct of human affairs. In other words, it is the failure to use ordinary care under the circumstances.[5] Ordinary care is the care reasonably prudent persons exercise in the management of their affairs in order to avoid injury to other people or their property.[6] Ordinary care is not an absolute term, but a relative one. In deciding whether ordinary care was exercised in this case, the defendants' conduct must be viewed in light of all the surrounding circumstances as shown by the evidence in this case.[7] In determining what constitutes "ordinary care," the circumstances and the magnitude of the harm must be considered.[8] The law requires that a party contractually obligated to handle a corpse must do so non-negligently and with the utmost dignity.[9]

What the law calls legal or proximate cause simply means an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result

---

[5] O'Malley, Federal Jury Practice and Instructions: Civil § 120.02 (modified).
[6] Id. at § 120.10 (modified).
[7] Id. at § 120.11 (modified).
[8] Beard v. Audio Visual Serv., Inc., 260 Ga. App. 476, 580 S.E.2d 272, 273 (2003) ; see also O'Malley, Federal Jury Practice and Instructions: Civil § 120.12.
[9] Mayer, 142 Ga. App. at 64 ("[T]here exists a legal duty enforceable to the next of kin, which requires that a party contractually obligated to handle a corpse, do so non-negligently and with utmost dignity.").

or a reasonably probable consequence of the act or omission.[10] This does not mean that the defendants must have foreseen the particular injury or harm; it simply means that the defendants knew or should have known that some harm might result from their conduct.[11]

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

MODIFIED:_____

---

[10] O'Malley, Federal Jury Practice and Instructions: Civil § 120.60.

[11] Smith v. Commercial Transp., Inc. 220 Ga. App. 866, 867, 470 S.E.2d 446 (Ga. Ct. App. 1996) *cert. denied* (May 31, 1996); General Motors Corp. v. Davis, 141 Ga. App. 495, 497, 233 S.E.2d 825 (Ga. Ct. App. 1977); Stern v. Wyatt, 140 Ga. App. 704, 706, 231 S.E.2d 519 (Ga. Ct. App. 1976).

## Plaintiffs' Third Proposed Jury Instruction

## Joint Liability

In this case, the class members allege that the negligence of the funeral home defendants was a cause of the mishandling of their loved ones' remains. An injury may legally result from the separate and distinct acts of negligence of different persons. When this happens, there can be a recovery against one or all of the responsible parties. The mere fact that the injury would not have been sustained if only one of the acts of negligence had occurred does not of itself prevent or limit the other act from constituting the proximate or legal cause. If all acts of negligence contributed in bringing about the injury, they together constitute the proximate or legal cause.[12]

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

MODIFIED:_____

---

[12] Georgia Suggested Pattern Jury Instructions, § XXXII (B) (modified); Tallman v. Green, 74 Ga. App. 731, 734, 41 S.E.2d 339, 341 (1947).

## Plaintiffs' Fourth Proposed Jury Instruction

## Negligent Interference with Remains and Mishandling of a Corpse

The class members allege that the defendants negligently breached their contracts to carry out the disposition of their loved ones' remains, in this case, through cremation.[13] The law imposes on many professions, including funeral homes and funeral directors, the obligation to exercise a reasonable degree of care, skill and ability.[14] Here, the defendants were under a general duty to exercise a reasonable degree of care, skill and ability in cremating or ensuring the cremation of the deceased. This is a separate duty from any express contractual obligation.[15] In other words, the defendants will be liable for negligent mishandling of remains if they breached their general duties to the class members or violated the terms of their contracts.[16]

REFUSED:_____

WITHDRAWN:_____

MODIFIED:_____

---

[13] Board of Regents v. Oglesby, 2003 WL 22746216, at *5 (Ga. Ct. App. 2003).
[14] Maudlin v. Sheffer, 113 Ga. App. 874, 879-80, 150 S.E.2d 150 (Ga. Ct. App. 1966).
[15] Mayer, 142 Ga. App. at 64.
[16] Swann v. Wright, 179 S.E. 86, 88 (1935); Travelers Ins. Co. v. King, 160 Ga. App. 473, 475, 287 S.E.2d 381 (Ga. Ct. App. 1981).

303193.4                              11

## Plaintiffs' Fifth Proposed Jury Instruction
## Willful Interference with Remains and Intentional Mishandling of a Corpse

A claim for intentional mishandling of a corpse requires malicious, willful or wanton conduct by the defendants.[17] The class members allege that the defendants failed to carry out the respectful and careful disposition of their decedents' remains. To show willful or wanton conduct, class members must demonstrate that the defendants' acts evidenced a willful intention to inflict the injury, or else were so charged with indifference to the consequences as to justify finding a wantonness equivalent in spirit to actual intent.[18] An act may be malicious, not because of personal hate or ill-will, but because the defendants' state of mind is reckless of the law and of the legal rights of citizens.[19]

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

MODIFIED:_____

---

[17] Bauer v. North Fulton Med. Ctr., Inc., 241 Ga. App. 568, 574, 527 S.E. 2d 240 (Ga. Ct. App. 1999).
[18] Pyle v. Pyle, 243 Ga. App. 398, 400, 531 S.E.2d 738 (Ga. Ct. App. 2000); McNeal Loftis, Inc. v. Helmey, 2118 Ga. App. 628, 629, 462 S.E.2d 789 (Ga. Ct. App. 1995).
[19] Moody v. Dykes, 269 Ga. App. 217, 221, fn5, 496 S.E.2d 907 (Ga. Ct. App. 1998).

## Plaintiffs' Sixth Proposed Jury Instruction

## Adverse Inference from Asserting the 5th Amendment Privilege Against Self-Incrimination

You have heard one of the defendants decline to answer questions on the grounds of his Fifth Amendment privilege against self-incrimination. The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he believes that the answers may tend to incriminate him. However, in civil cases such as this one, you are permitted, but not required, to draw the inference that the information withheld would have been unfavorable to the defendant. Any inference you may draw should be based upon all of the facts and circumstances in this case as you may find them.[20]

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

MODIFIED:_____

---

[20] L. Sand, et al., Modern Federal Jury Instructions, §75.01, Instruction 75-5.

## **Plaintiffs' Seventh Proposed Jury Instruction**
## **Adverse Inference Arising from Lost or Destroyed Evidence**

The class members allege that the funeral home defendants failed to maintain evidence of the identification of the decedents' remains, and that the Marshes destroyed or failed to preserve evidence of the manner in which they performed cremations and the identification of the remains. In the law, the failure to preserve evidence or the destruction of evidence raises a presumption that the evidence would have been harmful to the one who failed to preserve the evidence or destroyed it. [21]

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

MODIFIED:_____

---

[21] Bridgestone/Firestone N. Am. Tire, LLC v. Campbell, 258 Ga. App. 767, 768, 574 S.E.2d 923 (Ga. Ct. App. 2002) (*cert denied*, Feb. 24, 2003); Lane v. Montgomery Elevator Co., 225 Ga. App. 523, 525, 484 S.E.2d 249 (Ga. Ct. App. 1997); Bennett v. Assoc. Food Stores, 118 Ga. App. 711, 716, 165 S.E.2d 581 (Ga. Ct. App. 1968); Greer v. Andrew, 75 S.E. 1050, 1051 (1912).

303193.4                                    14

## Plaintiffs' Eighth Proposed Jury Instruction
## Non-Delegable Duty

The class members entered into contracts with the funeral home defendants for the cremation of their loved ones' remains. The funeral homes employed the Marshes to perform those cremations. The class members allege that the funeral homes are fully responsible for any failure of the Marshes to perform the cremations properly.

In the law, the responsibility for performing some duties cannot be delegated to others. A person who undertakes these duties cannot avoid responsibility for them, even if he or she hires others to perform some of the duties. For example, duties imposed by statute may not be delegated to others.[22] By statute, only licensed funeral directors can arrange for and direct the cremation of human remains.[23]

Additionally, duties imposed by express contract may not be delegated to others.[24] The class members contend that the funeral homes' contracts with class members expressly imposed upon them a duty to provide for the lawful cremation of remains.

---

[22] O.C.G.A. §51-2-5
[23] Smith v. Poteet, 127 Ga. App. 735, 738, 195 S.E.2d 213 (1972) (construing provisions relating to funeral directors in Code §§84-801, 84-803, 84-404, 84-809, 105-501, 105-502 subd. 5).
[24] O.C.G.A. §51-2-5

Finally, responsibility for work may not be delegated when the work to be done is, in its nature, dangerous to others however carefully performed.[25] The class members allege that handling human remains and performing cremations is, by its nature, dangerous to others.

If any of the duties undertaken by the funeral home defendants could not be delegated, then the funeral homes are liable for any failure of the Marshes to perform those duties

GIVEN:_____

REFUSED:_____

WITHDRAWN:_____

MODIFIED:_____

---

[25] O.C.G.A §51-2-5.