FILED IN OPEN COURT
FEB 27 2004
Luther D. Thomas, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

## ORDER AND JUDGMENT OF FINAL APPROVAL OF FRANKLIN-STRICKLAND FUNERAL HOME, INC. AND JULIAN PEEPLES MEMORIAL CHAPEL, INC., D/B/A JULIAN PEEPLES FUNERAL HOME PARTIAL SETTLEMENTS

On March 17, 2003, this Court certified, for all purposes, a plaintiff class consisting of, and defined as:

> All those who are or were next of kin of any decedents delivered for cremation to Defendant Tri-State Crematory from the years 1988 to 2002; all persons or entities who were parties to any contract with any Defendant regarding funeral arrangements for a decedent who was delivered for cremation to Defendant Tri-State Crematory from 1988 to 2002 whose claim is not barred by the applicable statute of limitations; and a subclass defined as the next of kin of decedents whose uncremated or otherwise desecrated remains have been recovered from the property of Defendant Tri-State Crematory or the property surrounding Defendant Tri-State.

(Class Certification Order at 92.)

On January 15, 2004, this Court entered its Order Granting Preliminary Approval of Partial Settlement with Franklin-Strickland Funeral

Home, Inc. and Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home and Approving and Directing Notice Thereof.

For the sole purpose of conducting the settlement approval process contemplated under Fed. R. Civ. P. 23(e,) this Court designated two settlement subclasses of the previously certified class, [1] Franklin-Strickland Funeral Home, Inc. Settlement Subclass and [2] Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Subclass, defined as to Franklin-Strickland Funeral Home, Inc. as:

> All those who are or were next of kin of any decedents delivered to Franklin-Strickland Funeral Home, Inc. for cremation and sent to Defendant Tri-State Crematory from January 1,1988 to February 15, 2002; and

> All persons or entities who were parties to any contract with Franklin-Strickland Funeral Home, Inc. for funeral arrangements for any decedent who was delivered for cremation to Defendant Tri-State Crematory from January 1, 1988 to February 15, 2002.

Plaintiffs Jim Shirley, Marcia Jenison, Myrtlene Mooney, Thomas G. Conyers, June McReynolds, James Greer, Robert Charles Walton, Ronald Puryear, and Marcia Bryant were appointed to serve as Franklin-Strickland Funeral Home, Inc. settlement subclass representatives.

As to Julian Peeples Memorial Chapel, Inc. d/b/a Julian Peeples Funeral Home, the settlement subclass was defined as:

> All those who are or were next of kin of any decedents delivered to Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home for cremation and sent to Defendant Tri-State Crematory from January 1,1988 to February 15, 2002; and

> All persons or entities who were parties to any contract with Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home funeral arrangements for any decedent who was delivered for cremation to Defendant Tri-State Crematory from January 1, 1988 to February 15, 2002.

Plaintiffs Tom Edkins, Karen Lepard, John Edkins, and Diane Brookshire were appointd to serve as Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Subclass representatives.

The law firms of McCamy, Phillips, Tuggle & Fordham, LLP; Lieff, Cabraser, Heimann & Bernstein, LLP; Shumaker, Witt, Gaither & Whitaker; Law Offices of David Randolph Smith; Fleissner & Associates; Coppedge & Leman; Doffermyre, Shields, Canfield, Knowles & Devine; Mabry & McClelland, LLP; Barrett Law Office; and Sims, Graddick & Dodson P.C., having previously been appointed to serve as Class Counsel in this action, were appointed to serve as Settlement Class Counsel.

Kathy Kinsella, of Kinsella Communications, Washington, D.C., was appointed to serve as Notice Administrator for the Franklin-Strickland Funeral Home, Inc. Settlement Subclass and the Julian Peeples

Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Subclass.

Forms of "Notice of Class Action and Proposed Partial Class Action Settlement" were approved for dissemination, as specified in the approved Class Notice Plan, commencing not later than January 19, 2004. Settlement Class Members were allowed to exclude themselves from the Class ("opt out") by submitting their exclusion requests, in the manner specified in the Class Action Notice, no later than the postmarked date of February 23, 2004.

This Court has conducted a Final Approval Hearing on February 27, 2004, at the hour of 10:30 a.m., at the United States District Court for the Northern District of Georgia, in Rome, Georgia, to hear from the settling parties and any Franklin-Strickland Funeral Home, Inc. Settlement Subclass member or Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Subclass member who wished to be heard, and to determine whether the proposed partial settlements should be granted final approval.

The Court has reviewed and considered the reports and presentations of the Notice Administrator and Class Counsel as submitted in writing, and as made at the Final Approval Hearing, has noted that no

members of either the Franklin-Strickland Funeral Home, Inc. Settlement Subclass or of the Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Subclass has timely excluded himself or herself, and that no member has submitted written objection to any aspect of the proposed settlement, and hereby finds and orders as follows:

1. Notice has been given as directed by this Court, and such notice complies, in form and content, with all applicable requirements of Fed. R. Civ. P. 23(c)(2) and 23(e). Specifically, this Court finds that the notice provided in connection with the Franklin-Strickland Funeral Home, Inc. and the Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home settlement approval process constitutes "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B.)

2. The certification of the Franklin-Strickland Funeral Home, Inc. Settlement Subclass and the Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Subclass are hereby confirmed, for purposes of the approval, implementation, and enforcement of such settlements. The designations and appointments of subclass representatives and Settlement Class Counsel set forth herein are hereby also confirmed for purposes of implementation and enforcement of the respective Settlement Agreements.

3. The Franklin-Strickland Funeral Home, Inc. partial settlement and the Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home partial settlement is hereby granted final approval,

and the Court directs and orders the parties to effectuate its terms, in all respects, for the benefit of the members of the Franklin-Strickland Funeral Home, Inc. Settlement Subclass and the Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Subclass and the settling parties.

4. The Court hereby finds that the Franklin-Strickland Funeral Home, Inc. partial settlement and the Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home partial settlement is fair, reasonable, and adequate, within the meaning of Fed. R. Civ. P. 23(e)(1)(C,) and that it is in the best interests of the settling parties.

5. This Order and Judgment constitutes the final approval of the Franklin-Strickland Funeral Home, Inc. partial settlement and the Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home partial settlement, both pursuant to the provisions of Fed. R. Civ. P. 23(e.)

6. The persons included in the foregoing Franklin-Strickland Funeral Home, Inc. Settlement Subclass definition and the Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Subclass definition who have not timely requested exclusion therefrom, are found to be members of the respective Franklin-Strickland Funeral Home, Inc. Settlement Subclass or the Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Subclass, as appropriate, for purposes of this Order and the settlement it approves and implements, and are hereby bound by this Judgment, pursuant to the provisions of Fed. R. Civ. P. 23(b)(3,) 23(c)(3,) and 23(e.)

7. Without affecting the finality of this Order and Judgment, this Court retains continuing and exclusive jurisdiction over the Franklin-Strickland Funeral Home, Inc. Settlement Agreement and the Julian Peeples

Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Agreement, the parties thereto, and the members of the Franklin-Strickland Funeral Home, Inc. Settlement Subclass and the members of the Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Subclass, as defined above, for purposes of implementation, administration, interpretation, and enforcement of said partial settlement. Plaintiffs' Liaison Counsel is hereby directed to proceed with the implementation of said partial settlement, pursuant to its terms, and to seek such further Orders and directions from this Court as may be necessary and appropriate in so doing.

8. In consideration of ongoing performance and satisfaction of the terms and conditions of the Franklin-Strickland Funeral Home, Inc. Settlement Agreement and the Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Agreement, Franklin-Strickland Funeral Home, Inc. and Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Defendants are hereby dismissed from these proceedings with prejudice, and shall be, and hereby are, released from the claims of the Franklin-Strickland Funeral Home, Inc. Settlement Subclass and Julian Peeples Memorial Chapel, Inc., d/b/a Julian Peeples Funeral Home Settlement Subclass, respectively, as set forth in the respective Settlement Agreements.

9. The parties here by stipulate to Franklin-Strickland Funeral Home, Inc.'s dismissal without prejudice of its cross claims filed in these proceedings against Tri-State Crematory, Inc., T. Ray Brent Marsh, Clara Marsh and Samuel Marsh. As such, this Court hereby dismisses without prejudice Franklin-Strickland's cross-claims filed in these

proceedings against Tri-State Crematory, Inc., T. Ray Brent Marsh, Clara Marsh and Samuel Marsh.

IT IS SO ORDERED, this 27th day of February, 2004.

_____
Honorable Harold L. Murphy
UNITED STATES DISTRICT JUDGE