# ORIGINAL

FILED IN CLERK'S OFFICE

APR 1 2 2004

LUTHER D. [illegible], Clerk

By: /s/ [signature] Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

## PARTIAL SETTLEMENT AGREEMENT REGARDING CLAIMS AGAINST DEAN LAY, d/b/a CUMBERLAND FUNERAL HOME

### I.   RECITALS

Subject to Court approval as provided herein, the Parties to this Agreement hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a Final Order and Judgment approving this Agreement and directing its implementation, the claims in this Action against Defendant Dean Lay, d/b/a Cumberland Home (hereinafter "Cumberland") shall be settled and compromised upon the terms and conditions contained in this Agreement.

WHEREAS, a class action complaint is pending in the United States District Court for the Northern District of Georgia, Rome Division against Cumberland, alleging that Cumberland breached contracts with Settlement Subclass Members and mishandled the human remains delivered to Cumberland by

Class Members by negligently engaging Tri-State Crematory and thereafter negligently failing to monitor and supervise Tri-State to cremate the remains;

WHEREAS, Cumberland has denied and objected to, and continues to deny and object to, any wrongdoing or liability to Class Members in this Action, and has raised numerous defenses;

WHEREAS, based upon extensive analysis of the facts and the law applicable to Class Members' claims, and taking into account the burdens and expenses of litigation, including the risks and uncertainties associated with a potentially protracted trial and appeal, and the fair, cost-effective and assured method of resolving by agreement Plaintiffs' claims and the claims of the Settlement Subclass, Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Subclass and is fair, reasonable, adequate and in the best interests of the Settlement Subclass as a whole;

WHEREAS, Cumberland has similarly concluded that this Agreement is desirable in order to avoid the time, risks and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Subclass;

WHEREAS, the Parties hereto have engaged in extensive, arms'-length settlement negotiations for a period of several months via in-person meetings, telephone conferences, and correspondence;

WHEREAS, the Parties hereto are in agreement that this Settlement provides a fair and just resolution of the Class Representatives' and Settlement Subclass Members' claims arising from the alleged mishandling of human remains at Tri-State Crematory between January 1, 1988 and February 15, 2002;

WHEREAS, Plaintiffs and Cumberland intend by this Agreement to resolve, terminate and finally conclude any and all Settled Claims under the terms of this Agreement; and

WHEREAS, the Parties agree that all Settlement Subclass Members shall have the right to be excluded ("opt out") from the Settlement as provided in this Agreement;

NOW, THEREFORE, the Parties stipulate and agree that any and all Settled Claims shall be finally settled, resolved, and dismissed with prejudice on the terms and conditions set forth in this Agreement, subject to Court approval of this Agreement as a fair, reasonable and adequate settlement pursuant to Federal Rule of Civil Procedure 23(e), and entry of a Final Order and Judgment accordingly.

## II.   **DEFINITIONS**

As used in this Agreement, and in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

**Action** means the above-captioned matter, <u>In re: Tri-State Crematory Litigation</u>, MDL Docket No. 1467.

**Agreement** means this Settlement Agreement.

**Award** means the cash sum to be paid to individual Eligible Claimants pursuant to the Claims Process set forth in Section VI of this Agreement.

**Business Day** means any day except a Saturday, Sunday or other day on which commercial banks in Georgia are authorized by law to close.

**Claim Form** means a form, as referred to in Section VI of this Agreement, and submitted by a Settlement Class Member to the Claims Administrator, during the Claims Period.

**Claims Administrator** means Rust Consulting, the person jointly selected by the Parties, for whom the Parties shall seek the appointment of the Court to administer the claims of the members of the Settlement Subclass in accordance with Section VI of this Agreement.

**Claims Period** means the period commencing upon the Notice Date and ending on a date certain no sooner than 35 days thereafter, such date to be set by the Court.

**Claims Process** means the procedures for obtaining an Award set forth in Section VI of this Agreement.

**Class Counsel** means the law firms of McCamy, Phillips, Tuggle & Fordham, LLP; Lieff, Cabraser, Heimann & Bernstein, LLP; Shumaker, Witt, Gaither & Whitaker, P.C.; Law Offices of David Randolph Smith; Fleissner & Associates; Coppedge & Leman, P.C.; Doffermyre, Shields, Canfield, Knowles & Devine, LLP; Mabry & McClelland, LLP; Barrett Law Office; and Sims, Graddick & Dodson, P.C.

**Class Notice** means the Court-approved direct mail notice referred to in Section V of this Agreement.

**Court** means the United States District Court for the Northern District of Georgia, Rome Division.

**Cumberland** means Defendant Cumberland Funeral Services, Inc., its past, present and future officers, directors, stockholders, predecessors, successors in interest and assigns.

**Eligible Claimant** means a Settlement Class Member who submits a Claim Form within the Claims Period that is properly completed and executed, and who satisfies the requirements for receiving an Award under this Agreement.

**Fairness Hearing** means the hearing to be conducted by the Court in connection with a determination of the fairness, adequacy and reasonableness of this Agreement, and to consider Class Counsels' application for an award of attorneys' fees and costs.

309855.1

**Final Order and Judgment** means the Final Order and Judgment dismissing Cumberland with prejudice pursuant to Federal Rule of Civil Procedure 23(e) to be entered by the Court, approving this Agreement without material alterations as fair, adequate and reasonable; confirming the certification of the Settlement Subclass for purposes of entry of judgment; and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement.

**Insurer or Insurers** means Meridian Mutual Insurance Company, one of the State Auto Insurance Companies (hereinafter "State Auto").

**Next of kin** means the next of kin under the provision of Georgia law regarding intestate succession.  For instance, next of kin means:

    (a)    surviving spouse;
    (b)    if there is no surviving spouse, the child or children;
    (c)    if there is no surviving spouse and no surviving child, the parent;
    (d)    if there is no surviving spouse, no surviving child and no surviving parent, then sibling.

The determination of next of kin is made at the time the claim is made for an Award under this Agreement.

**Notice Administrator** means Kinsella Communications, the person jointly selected by the Parties, for whom the Parties shall seek the appointment of the Court to disseminate Class Notice to the Settlement Subclass in accordance with Section V of this Agreement.

**Notice Date** means April 19, 2004.

**Opt-Out Period** means the period commencing on April 19, 2004 and concluding May 24, 2004.

**Parties** means Plaintiffs and Cumberland.

**Plaintiffs** means the next of kin of those persons whose remains were sent to the Tri-State Crematory for cremation by Cumberland between January 1, 1988 and February 15, 2002, and all persons who contracted with Cumberland for the funeral arrangements of those decedents.

**Preliminary Approval** means preliminary approval of this Agreement, appointment of the Notice Administrator, appointment of the Claims Administrator and approval of the Class Notice and the Claim Form.

**Released Persons** means Cumberland, Dean Lay, Bob Foster (when acting as an employee of Cumberland) and any person acting within his or her course and scope of employment with Cumberland.

**Releasing Persons** means all Settlement Subclass Members who do not exercise their opt-out rights by timely submitting Requests for Exclusion.

**Request for Exclusion** means a written request signed by a Settlement Subclass Member to be excluded from the Settlement Subclass, setting forth the Settlement Subclass Member's name and address; the name and address of the Decedent to whom the Subclass Member is next-of-kin; and the relationship

to the Decedent.  To be valid, such a Request for Exclusion must be mailed to Class Counsel, postmarked on or before midnight on the last day of the Opt Out Period.

**Settled Claim** means any claim that a Releasing Person has, had or may have, and which arises out of the same subject matter as the Action against Cumberland.  Specifically, a Settled Claim shall not include any claims that a releasing person has, had or may have against any other defendant named in this Action.

**Settlement Account** means an interest-bearing account for the benefit of Class Counsel, to be kept at a federally-insured financial institution to be designated by Class Counsel, as referred to in Section IV of this Agreement.

**Settlement Subclass** means:

All those who are or were next of kin of any decedents delivered to Cumberland for cremation and sent to Defendant Tri-State Crematory from January 1, 1988 to February 15, 2002; and all persons or entities who contracted for the cremation of those decedents.

**Settlement Subclass Member** means a member of the Settlement Subclass.

**Settlement Consideration** means the total, combined costs of Class Notice, Claims Administration, Awards to Eligible Claimants, Class Counsels'

attorneys' fees and costs, and all amounts incidental to or necessary for implementation of any of the foregoing.

**Settlement Date** means the date of entry of the Final Order and Judgment without material modification.

## III.   **REQUIRED EVENTS AND COOPERATION**

A.   Promptly after execution of this Agreement, the Parties shall submit this Agreement to the Court for Preliminary Approval, moving the Court for one or more orders which by their terms shall:

(1)   Conditionally certify a Settlement Subclass pursuant to Federal Rule of Civil Procedure 23(b)(3) for settlement purposes, appoint Settlement Subclass Counsel, and preliminarily approve this Agreement;

(2)   Appoint Kinsella Communications as Notice Administrator, approve the form and contents of the Settlement Class Notice, the Claim Form, and direct their provision forthwith;

(3)   Schedule appropriate opt-out, objection, and other settlement related dates and deadlines for inclusion in the Class Notice and/or Claim Form;

(4)     Schedule the Fairness Hearing to review comments or

objections regarding this Agreement; to consider its fairness,

reasonableness and adequacy; to determine whether to enter a

Final Order and Judgment pursuant to Federal Rule of Civil

Procedure 23(e); and to consider Class Counsels' fee

application; and

(5)     Enjoin Settlement Subclass Members from proceeding

against Cumberland with respect to the Settled Claims,

including taking any action to further pursue the Related Class

Actions against Cumberland, other than as allowed or directed

by the Court in this Action, pending the Court's entry of the

Final Order and Judgment.

B.     At the time of Preliminary Approval, the Parties shall request a

date for the Fairness Hearing that is on or before June 4, 2004.

C.     Plaintiffs and Cumberland and their respective Counsel shall

cooperate, assist and undertake all reasonable actions in order to accomplish these

required events on the schedule set by the Court.

D.     Within ten (10) days of entry of Final Order and Judgment,

Cumberland shall be dismissed from this Action with prejudice.  Notwithstanding

any other provision of this Agreement, however, if the Agreement is terminated for

any reason, the Parties hereby stipulate and agree that such dismissal shall be null and void, and the claims against Cumberland may be reinstated status quo ante to the date of the execution of this Agreement, with the Parties thereto and all absent class members reinstated to their respective positions status quo ante to the date of the execution of this Agreement. Further, all statutes of limitation and repose for all claims in the Action shall be deemed to have been tolled from the date of the execution of this Agreement until the date of reinstatement and reactivation or for such longer period as the law(s) may provide.

E.    In the event this Agreement is disapproved, reversed, vacated, or terminated, the Agreement shall have no effect on the rights of the Parties or the Settlement Subclass Members to prosecute or defend this Action, or any other action. Should this Agreement be disapproved, reversed, vacated, or terminated, the Parties and all Settlement Subclass Members shall be restored to their respective status quo ante to the date of execution of this Agreement.

## IV.    PAYMENT OF SETTLEMENT CONSIDERATION

A.    Upon Preliminary Approval, or as soon thereafter as is practicable but in no event later than ten (10) Business Days after Preliminary Approval, Cumberland shall deposit $364,500 into the Settlement Account. This sum shall be distributed in Class Member Awards and Class Counsel Fees and Expenses in accordance with Sections VI and VII of this Agreement.

B.     In addition, Cumberland shall make arrangements with Kinsella Communications to pay Kinsella Communications the Notice costs in full directly.

C.     In addition, Cumberland shall make arrangements with Rust Consulting to pay the Claims Administration costs in full directly.

## V.    **NOTICE TO THE CLASS**

Upon Preliminary Approval, and as the Court directs, the Parties shall instruct the Notice Administrator to cause the Class Notice describing the Fairness Hearing and the Settlement embodied herein, together with Claim Forms, to be mailed directly to all Settlement Subclass Members as described in the Notice Plain.

## VI.   **CLAIMS PROCESS FOR AWARDS**

A.     Eligible Claimants may obtain an Award under this Agreement in accordance with this Section.  The following Claims Process for Awards shall be implemented upon the occurrence of the Settlement Date.

B.     A Settlement Subclass Member shall be an Eligible Claimant and entitled to an Award following the Claims Process if (i) the Settlement Subclass Member (a) is the next of kin of a decedent who was sent by Cumberland to Tri-State Crematory for cremation between January 1, 1988 and February 15, 2002, or (b) entered into a contract with Cumberland for the cremation of a decedent between January 1, 1988 and February 15, 2002; and (ii) the Settlement

Subclass timely submits a completed and executed Claim Form prior to the expiration of the Claims Period.

      C.    The payment made by Cumberland pursuant to this agreement is to be distributed to Class Members as follows:

      (1)    For each decedent delivered to Cumberland and sent to Tri-State Crematory for cremation from January 1, 1988 through December 31, 1996, the next of kin shall be entitled to a minimum sum of $2,170. This figure is based upon a sum of $3,500 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 17 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

      (2)    For each decedent delivered to Cumberland and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, but whose body has not been recovered from the Tri-State Crematory grounds and identified by the Georgia Bureau of Investigation, the next of kin shall be

309855.1

entitled to a minimum sum of $21,700.  This figure is based upon a sum of $35,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the 1 decedent whose claims fall under this subsection, the unclaimed Award shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under subsection (3) of this section.

(3)     For each decedent delivered to Cumberland and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $55,800.  This figure is based upon a sum of $90,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the 3 decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass

Members who are the next of kin of the decedents described under this subsection.

(4)    If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Cumberland out of the award described in paragraphs 1-3 above.  The remainder of the Award described above shall be paid to the next of kin.

(5)    In the event there is more than one next of kin of equal relationship, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.

D.    Settlement Subclass Members who do not timely submit a Claim Form shall not be considered Eligible Claimants.  However, notwithstanding any other provision of this Agreement, Settlement Subclass Members shall be permitted to remedy deficiencies in their Claim Forms or related documentation during the Claims Period or within thirty days thereafter, provided that such Settlement Subclass Members initially submitted a Claim Form during the Claims Period.

E.    Claim Forms shall be processed and administered by the Claims Administrator pursuant to the following terms.

(1)     The Claims Administrator shall administer the relief provided by this Agreement by resolving claims in a rational, responsible, cost-effective and timely manner.

(2)     Prior to notifying any Settlement Subclass Member that his or her Claim is to be denied or is deficient, the Claims Administrator shall notify Class Counsel accordingly, and allow Class Counsel a reasonable opportunity to review the subject Claim, and to work with the Settlement Subclass Member to cure any defect or deficiency, and/or to raise any objections.

(3)     The Claims Administrator shall maintain detailed records of its claims processing activities under this Agreement, including all Claim Forms, denials, and all disbursements to Eligible Claimants, until one (1) year after all Claims are finally resolved and/or Awards paid.  Such records shall be made available upon request for inspection by Class Counsel.

(4)     Disputed issues between the Parties relating to this Agreement and the Claims Process shall be presented to and resolved by the Court in its continuing jurisdiction.

## VII.  **OPT-OUT RIGHTS**

A.      A Settlement Subclass Member may opt out of the Settlement Class at any time during the Opt-Out Period in accordance with this Agreement.

B.      In order to exercise the opt-out right, the Settlement Subclass Member must cause to be delivered a written Request for Exclusion to Class Counsel during the Opt-Out Period.

C.      Except for those Settlement Subclass Members who have opted out in accordance with this Agreement, every Settlement Subclass Member will conclusively be deemed a Settlement Subclass Member for all purposes under this Agreement; and will be bound by the Final Order and Judgment and the Releases contained in Section VIII of this Agreement as of the Settlement Date.

Any Settlement Subclass Member who elects to opt out of the Settlement Subclass shall not (i) be able to continue to pursue claims against Cumberland in this Action or the Related Class Actions, but may institute separate litigation against Cumberland; (ii) be bound by any orders or judgments entered in this Action relating to Cumberland; (iii) be entitled to relief under or be affected by this Agreement; (iv) gain any rights by virtue of this Agreement; or (v) be entitled to object to any aspect of this Agreement.

D.      A Settlement Subclass Member who timely submits a written Request for Exclusion to Class Counsel may subsequently withdraw the Request

for Exclusion by submitting to Class Counsel written notification of such

withdrawal; such written notification of withdrawal of the Request for Exclusion

must be postmarked or bear other indicia of submission no later than one (1) day

prior to the date of the Fairness Hearing.

       E.     Class Counsel shall provide Cumberland's Counsel with copies

of all completed Requests for Exclusion on a weekly basis during the Opt Out

Period via facsimile or electronic mail.

## VIII.  RELEASES AND JURISDICTION OF COURT

       A.     As of the Settlement Date, Plaintiffs and all Settlement Class

Members, except those who timely submitted Requests for Exclusion, will be

deemed by this Agreement to have, and by operation of the Final Order and

Judgment shall have released Cumberland and its Insurers from any and all of the

Settled Claims.

       B.     This settlement in no way impacts, relates to or diminishes the

Subclass Members' claims against the Marsh Defendants and/or Tri-State

Crematory, Inc. or any other defendant in the litigation.  The release under this

Agreement is a limited liability release pursuant to OCGA 33-24-41.1 and it is

intended by the Parties and all those releasing claims pursuant to its terms that the

force and effect of such release shall operate as a full and final release only of

Cumberland and its Insurers.  The limited release under this Agreement shall not

bar any claims that the Settlement Subclass has against any other person or entity, including Clara Marsh, Clara Marsh as executrix of the Estate of Tommy Ray Marsh, Ray Brent Marsh, Rhames L. Marsh, and Tri-State Crematory, Inc.  The limited liability release pursuant to this Agreement shall not operate as a release of any other person or entity not specifically named herein.

        C.      As of the Settlement Date, the Releasing Persons and anyone claiming through or on behalf of any of them will be forever barred and enjoined from prosecuting any action against Cumberland that assert the Settled Claims.

        D.      The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Action, Parties, Settlement Subclass Members, the Notice Administrator, and the Claims Process to interpret and enforce the terms, conditions and obligations under this Agreement.

## IX.    CLASS COUNSELS' ATTORNEYS' FEES AND COSTS

        A.      Class Counsel shall seek Court approval of an award of attorneys' fees of up to 33 percent ($120,285) of the gross amount paid in settlement of the Class Members' claims by Cumberland pursuant to the Agreement.

        B.      Class counsel shall seek Court approval to withhold up to five percent ($18,225) of the gross amount paid in settlement of all Class Members' claims to reimburse Class Counsel for reasonable and necessary expenses incurred

for the common benefit of the Class.  If at the conclusion of this Action, Class

Counsel has withheld more funds in costs from Awards than has been reasonably

and necessarily incurred for the benefit of the Class, all additional funds shall be

returned to the Class on a pro-rata basis, if it is practicable and cost-effective to do

so.

          C.     Counsel who entered into written attorney representation/

contingent fee agreements with individual members of the Settlement Class prior

to March 17, 2003 ("private fee agreements") shall be entitled to payment from the

Court Award of attorneys' fees to Class Counsel, upon application to Lead and

Liaison Class Counsel, a reasonable amount, presumptively at 33 percent, under

the prevailing practice and the circumstances of this Action, with any disagreement

regarding payment to be decided by the Court.  Fees to be paid under private fee

agreements shall be calculated upon the amount of the Settlement Class Member

Award, less two percent of the Award.

          D.     Cumberland shall not object to Class Counsels' application to

the Court for attorneys' fees and costs as provided in this Section and its subparts.

          E.     Lead and Liaison Class Counsel shall be entitled to withdraw

funds from the Settlement Account up to the amount awarded by the Court for

attorneys' fees and to distribute same among Class Counsel and other counsel

pursuant to Section IX of this Agreement upon entry of the Court's Award of Fees and Costs and Final Order and Judgment.

       F.     In the event the Final Order and Judgment is reversed on appeal, in whole or in part, then the full amount of the attorneys' fees and costs paid by Cumberland to Class Counsel shall be refunded to Cumberland within twenty (20) Business Days after the order reversing the Final Order and Judgment, in whole or in part, becomes final. In the event the Final Order and Judgment is not reversed on appeal, in whole or in part, but the attorneys' fees and costs awarded by the Court are vacated or modified on appeal, the attorneys' fees and costs in the amount vacated or modified shall be returned to Cumberland within twenty (20) Business Days after the order vacating or modifying the award of attorneys' fees and costs becomes final.

       G.     Notwithstanding the foregoing, Settlement Subclass Members and their counsel may enter into individual releases to enable payment of applicable Awards, attorneys' fees and costs, regardless of Court approval of, or appeals from, this Subclass Settlement.

## X.    **SETTLEMENT APPROVAL ORDER**

       This Agreement is subject to and conditioned upon the issuance by the Court, following the Fairness Hearing, of a Final Order and Judgment granting final approval of the Agreement and providing the below-specified relief, which

relief shall be subject to the terms and conditions of this Agreement and the Parties' performance of their continuing rights and obligations hereunder.  Such Final Order and Judgment shall:

1.      Certify a Settlement Subclass under Fed. R. Civ. P. 23(b)(3) and 23(e) for settlement purposes and for purposes of entry of Judgment;

2.      Dismiss the Settlement Subclass Members' claims against Cumberland with prejudice while preserving the rights of Settlement Subclass Members who exercised their opt-out rights pursuant to Section VII of this Agreement;

3.      Determine under Fed. R. Civ. P. 23(e) that this Agreement is fair, reasonable, adequate and in the best interests of the Settlement Subclass;

4.      Enjoin the Releasing Persons from asserting against the Released Persons any and all Settled Claims which the Plaintiffs, Settlement Subclass Members, and/or the Releasing Persons had or has; and

5.      Reserve the Court's continuing exclusive jurisdiction over the Parties to this Agreement, including Cumberland and all Settlement Subclass Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties and the Settlement Subclass.

## XI.   **SETTLEMENT PURPOSES ONLY**

A.     This Agreement, whether or not consummated, and any proceedings taken pursuant to this Agreement, are for settlement purposes only. Neither the fact of, nor any provision contained in this Agreement, nor any action taken hereunder shall be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession or an admission of any kind by any of the Parties of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted.

B.     Any certification of a preliminary or final Settlement Subclass pursuant to the terms of this Agreement shall not constitute, and shall not be construed as, an admission on the part of Cumberland that this Action, or any other action, is appropriate for litigation class treatment under Federal Rule of Civil Procedure 23, or any similar federal or state class action statute or rule.

C.     The performance of this Agreement is expressly contingent upon entry of the Final Order and Judgment.  If the Court fails to issue such Final Order and Judgment, the Agreement will be terminated, having no force or effect whatsoever, null and void, ab initio, and will not be admissible as evidence for any purpose in any pending or future litigation involving any of the Parties.

D.     The performance of this Agreement is also expressly contingent upon reasonable participation of Settlement Subclass Members.  If so many class

members Opt Out that Cumberland's purposes in entering this Agreement are frustrated, Cumberland, in the exercise of good faith and reasonable discretion, may withdraw from this Agreement.

E.      Neither this Agreement, nor any of its provisions, nor evidence of negotiations or proceedings related to this Agreement, nor any proceedings under this Agreement, shall be offered or received in evidence in this or any other action or proceeding as an admission or concession of liability or wrongdoing of any nature on the part of any of Cumberland, Releasees, or anyone acting on their behalf, and Cumberland specifically denies any such liability or wrongdoing. Nothing herein shall prevent any party from seeking to offer this Stipulation into evidence after the Approval Date for enforcement purposes.

## XII.   **MISCELLANEOUS PROVISIONS**

A.      This Agreement shall constitute the entire Agreement among the Parties with regard to the subject of this Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject matter of this Agreement.  This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval, provided, however, the Class Notice, and Claim Form may be modified by subsequent agreement of the Parties prior to their dissemination.

B.    This Agreement shall be construed under and governed by the laws of the State of Georgia, applied without regard to other potentially-applicable laws.

C.    This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

D.    This Agreement shall be binding upon and inure to the benefit of the Settlement Subclass, the Parties, and their respective heirs, predecessors, successors and assigns.

E.    The headings of the sections of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

## XIII.  **TERMINATION OF THIS AGREEMENT**

A.    This Agreement shall be automatically terminated if the Final Order and Judgment is not entered, or if the Final Order and Judgment is reversed on appeal, and the reversal becomes final. In the event of termination, and notwithstanding any other provision of this Agreement, (i) all Parties and Settlement Subclass Members shall be restored to their respective positions immediately prior to the date on which this Agreement is signed by all Parties,

(ii) dismissal of Cumberland from Action shall be deemed null and void, and those cases shall be reinstated status quo ante; (iii) all statutes of limitation and/or repose for all claims asserted in such cases shall be deemed to have been tolled from the date of signature of this Agreement by all Parties until the date of reinstatement and reactivation, or for such longer period as the law may provide without reference to this Agreement.

B.      In the event of termination, this Agreement shall have no further force or effect.

C.      Until the term of this Agreement has expired in that each Party has satisfied all of its obligations under the Agreement, Cumberland agrees to use its best efforts to preserve all records and evidence which are or could be relevant to, or could lead to the discovery of relevant evidence.

## XIV.   REPRESENTATIONS AND WARRANTIES

A.      Cumberland represents and warrants (i) that it has all requisite corporate power and authority to execute, deliver and perform this Agreement and to consummate the transactions contemplated hereby; (ii) that the execution, delivery, and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of Cumberland; and (iii) that this Agreement has been duly and

validly executed and delivered by Cumberland and constitutes its legal, valid, and binding obligation.

B.      This agreement is premised upon the representation of the Cumberland that a total of 4 decedents delivered to it were sent to Tri-State Crematory for cremation from January 1, 1997 through 2002, a total of 17 decedents delivered to it were sent to Tri-State Crematory for cremation from January 1, 1988 through December 31, 1996, and that the remains of a total of 3 of the decedents sent to Tri-State Crematory have been positively identified among the remains removed from the Tri-State Crematory property.  Should Eligible Claimants submit Claims regarding a greater number of decedents in any of the above categories, Cumberland will compensate each additional approved claimant at the rate others similarly situated are compensated pursuant to the terms of this Agreement.

C.      Each Plaintiff and Class Counsel represents and warrants (i) that he or she agrees not to pursue further litigation concerning Settled Claims or any other claim which was asserted or could have been asserted in the Action or Related Class Actions against Cumberland; (ii) that Cumberland shall be dismissed with prejudice from the Related Class Actions within ten (10) days of the entry of the Final Order and Judgment; (iii) that he or she agrees to assist in causing all conditions precedent to the Settlement Date to occur; and (iv) that, regarding

Counsel, they are Class Counsel of record and are fully authorized to enter into this Agreement subject to Court approval.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized officer (in the case of Defendant) or counsel of record (in the case of Plaintiffs), effective as of the day set forth below.

_____
Robert H. Smalley, III
McCAMY, PHILLIPS, TUGGLE &
FORDHAM, LLP
Post Office Box 1105
Dalton, GA

*Plaintiffs' Liaison Counsel*

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111
Kathryn E. Barnett
Elizabeth A. Alexander
3319 West End Avenue, Suite 600
Nashville, TN  37203

*Plaintiffs' Lead Counsel*

_____
Christopher E. Penna, Esq.
PENNA & MENDICINO, PC
1902 Old Covington Hwy
Conyers, GA 30012-3920

*Counsel for Cumberland*

**PARTIAL SETTLEMENT AGREEMENT REGARDING CLAIMS AGAINST
CUMBERLAND FUNERAL SERVICES, INC.**
— Page of 28 of 28 —