FILED IN CLERK'S OFFICE
U.S.D.C. - Rome

MAY 13 2004

LUTHER B. THOMAS, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE                          MDL DOCKET NO. 1467
CREMATORY LITIGATION

## ORDER

Plaintiffs' Liaison counsel and counsel for Funeral Home Defendants
Alvis Miller & Son Funeral Home, Inc.; Collins Funeral Home, Inc.;  Hay-Gantt
Funeral Home, Inc.;  and Turner Funeral Home, Inc. have advised this Court that
they have reached tentative resolution of all issues for a settlement in this matter
and described the essential terms thereof.  On May 3, 2004, the written form of the
proposed settlement agreement with Turner Funeral Home, Inc. was submitted to
the Court for consideration and on May 11, 2004, the written form of the proposed
settlement agreement with Alvis Miller & Son Funeral Home, Inc.;  Collins
Funeral Home, Inc.; and Hay-Gantt Funeral Home, Inc. were submitted to the
court for consideration.

Upon final approval, pursuant to class notice and a formal fairness
hearing, this settlement would resolve the claims asserted in this action against
Alvis Miller & Son Funeral Home, Inc.; Collins Funeral Home, Inc.; Hay-Gantt
Funeral Home, Inc.;  and Turner Funeral Home, Inc. by those members of the
plaintiff class previously certified by this Court on March 17, 2003, and previously

1146

amended by agreement of the parties to include Alvis Miller & Son Funeral Home, Inc.; Collins Funeral Home, Inc.;  and Hay-Gantt Funeral Home, Inc.

Having previously determined and ruled that class certification was appropriate in this action pursuant to Fed. R. Civ. P. 23(b)(3,) and having considered the essential terms of each proposed settlement under the recommended standards for preliminary settlement approval set forth in §21.63 of the *Manual for Complex Litigation, Fourth* (Federal Judicial Center, 2004,) those class members whose claims against Alvis Miller & Son Funeral Home, Inc.; Collins Funeral Home, Inc.; Hay-Gantt Funeral Home, Inc.;  and Turner Funeral Home, Inc. would be settled, released, and dismissed pursuant to the proposed settlement should have notice and an opportunity to be heard regarding its final approval.

This Court has reviewed and considered the proposed form of "Notice of Class Action and Proposed Partial Class Action Settlement," and proposed claim form, attached hereto as Exhibits A and B, respectively, and hereby finds that these satisfy the requirements of Fed. R. Civ. P. Rule 23(c)(2) for notice in Rule 23(b)(3) class actions.

This Court has reviewed and considered the program for dissemination of Class Notice, as set forth in Class Notice Plan attached hereto as Exhibit C, and hereby approves it, finding that it constitutes the best notice practicable under the circumstances of this action.

Accordingly, IT IS HEREBY ORDERED that:

1.     This Court's preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness nor does this Court's preliminary evaluation disclose obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible final approval. Accordingly, the proposed settlements with Alvis Miller & Son Funeral Home, Inc.; Collins Funeral Home, Inc.; Hay-Gantt Funeral Home, Inc.;  and Turner Funeral Home, Inc. are, separately and individually, hereby granted preliminary approval;

2.     For the sole purpose of conducting the settlement approval process contemplated pursuant to Fed. R. Civ. P. 23(e,) this Court designates settlement subclasses of the previously certified class (the "Alvis Miller & Son Funeral Home, Inc. Settlement Subclass; the Collins Funeral Home, Inc. Settlement Subclass; the Hay-Gantt Funeral Home, Inc. Settlement Subclass; and the Turner Funeral Home, Inc. Settlement Subclass") defined, respectively, as:

> All those who are or were next of kin of any decedents delivered to Alvis Miller & Son Funeral Home, Inc.; Collins Funeral Home, Inc.; Hay-Gantt Funeral Home, Inc.; or Turner Funeral Home, Inc., for cremation and sent to Defendant Tri-State Crematory from January 1, 1988 to February 15, 2002; and

> All persons or entities who were parties to any contract with Alvis Miller & Son Funeral Home, Inc.; Collins Funeral Home, Inc.; Hay-Gantt Funeral Home, Inc.; or Turner Funeral Home, Inc., for funeral arrangements for

any decedent who was delivered for cremation to Defendant Tri-State Crematory from January 1, 1988 to February 15, 2002.

3.      The law firms of McCamy, Phillips, Tuggle & Fordham, LLP; Lieff, Cabraser, Heimann & Bernstein, LLP; Shumaker, Witt, Gaither & Whitaker; Law Offices of David Randolph Smith; Fleissner & Associates; Coppedge & Leman; Doffermyre, Shields, Canfield, Knowles & Devine; Mabry & McClelland, LLP; Barrett Law Office; and Sims, Graddick & Dodson, PC having previously been appointed to serve as Class Counsel in this action, are appointed to serve as Settlement Class Counsel for the Alvis Miller & Son Funeral Home, Inc. Settlement Subclass; the Collins Funeral Home, Inc. Settlement Subclass; the Hay-Gantt Funeral Home, Inc. Settlement Subclass; and the Turner Funeral Home, Inc. Settlement Subclass.

4.      Kathy Kinsella of Kinsella-Novak Communications, Washington, D.C. is hereby appointed to serve as Notice Administrator for the Alvis Miller & Son Funeral Home, Inc. Settlement Subclass; the Collins Funeral Home, Inc. Settlement Subclass; the Hay-Gantt Funeral Home, Inc. Settlement Subclass; and the Turner Funeral Home, Inc. Settlement Subclass. Rust Consulting, Inc. is hereby appointed to serve as Claims Administrator for the Alvis Miller & Son Funeral Home, Inc. Settlement Subclass; the Collins Funeral Home, Inc. Settlement Subclass; the Hay-Gantt Funeral Home, Inc. Settlement Subclass; and the Turner Funeral Home, Inc. Settlement Subclass. .

5.     The attached form of "Notice of Class Action and Proposed Partial Class Action Settlement" and claim form (Exhibits "A" and "B" hereto) shall be modified to reflect the particular funeral home defendant or defendants, along with appropriate information concerning the proposed awards to settlement subclass members by the respective funeral home defendant, and shall be disseminated, as specified in the Class Notice Plan (Exhibit "C,") commencing not later than May 14, 2004.  Settlement Class Members may exclude themselves from the Class ("opt-out") by submitting their exclusion requests, in the manner specified in the Class Action Notice, not later than the postmarked date of June 21, 2004.

6.     This Court shall conduct a Formal Fairness Hearing on July 1, 2004 at the hour of 10:00 a.m., at the United States District Court for the Northern District of Georgia, in Rome, Georgia, to hear from the settling parties and any Alvis Miller & Son Funeral Home, Inc. Settlement Subclass member; any Collins Funeral Home, Inc. Settlement Subclass member; any Hay-Gantt Funeral Home, Inc. Settlement Subclass member; and any Turner Funeral Home, Inc. Settlement Subclass  Settlement Subclass member who wishes to be heard, to determine whether the proposed settlements shall be granted final approval.

7.     This Order shall not affect:  the claims of any plaintiffs or class members against any non-settling defendants; the defenses of the non-settling defendants with respect to any plaintiffs and the class members; the legal rights or

interests of non-settling parties; or any other dates, deadlines, or proceedings in this action.

IT IS SO ORDERED, this 13ᵗʰ day of May, 2004.

_____
Honorable Harold L. Murphy
UNITED STATES DISTRICT JUDGE



# EXHIBIT / ATTACHMENT

## A

(To be scanned in place of tab)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

# If you are the next-of-kin of a deceased person sent to the Tri-State Crematory by the <<FH Name>> Funeral Home in 1988-2002, you may receive compensation from this partial settlement of a class action lawsuit.

*The federal court authorized this notice. It is not from a lawyer.*

- This partial settlement resolves claims in a lawsuit that the <<FH Name>> Funeral Home breached its contract and mishandled deceased persons by sending them to the Tri-State Crematory.

- The settlement will provide cash payments to next of kin and to the people who paid for the funeral.

- You must file a Claim Form to be eligible for a cash payment.

- Your legal rights are affected whether you act or don't act. **Read this Notice carefully.**

| YOUR RIGHTS AND CHOICES | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way for you to get a payment. Your Claim Form must be sent before **July 16, 2004.** |
| **EXCLUDE YOURSELF** | You get no payment. But you keep the right to sue the funeral home on your own. Your request to exclude yourself must be sent before **June 21, 2004.** |
| **COMMENT OR OBJECT** | Write to the Court about why you like or don't like the settlement before **June 21, 2004.** |
| **DO NOTHING** | Get no payment. Give up your right to sue the funeral home or other Defendants about the same claims in this lawsuit. |

- These rights and options—**and the deadlines for each**—are explained in this Notice.

- The Court still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are ruled on.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ......................................................................................................**PAGE 3**
1.    Why did I get this notice?
2.    What is this lawsuit about?
3.    Why is this a class action?
4.    Why is there a settlement with <<FH Name>> Funeral Home?
5.    Are there settlements with any other Defendants?

**WHO IS IN THE SETTLEMENT**........................................................................................**PAGE 4**
6.    How do I know if I'm part if the settlement?
7.    How do I know if I'm next of kin?
8.    Are there any exceptions to being part of this settlement?
9.    What if I'm still not sure I'm part of this settlement?

**THE LAWSUIT AGAINST THE OTHER DEFENDANTS** ...................................................**PAGE 4**
10.    What happens to the lawsuit against Tri-State Crematory?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ........................................................**PAGE 5**
11.    What benefits can I get from the settlement?
12.    What will I get if there is more than one next of kin?

**HOW YOU GET A PAYMENT - SUBMITTING A CLAIM FORM** .....................................**PAGE 5**
13.    How can I get a payment?
14.    When will I get my payment?
15.    Am I giving anything up in return for my payment?

**YOUR RIGHTS - NOT BEING PART OF THE SETTLEMENT**..........................................**PAGE 6**
16.    What if I don't want to be part of the settlement or the lawsuit?
17.    How do I exclude myself from the settlement or the lawsuit?
18.    If I exclude myself, can I get a payment?
19.    If I don't exclude myself, can I sue the funeral home or other Defendants later?

**YOUR RIGHTS - COMMENT ON OR OBJECT TO THE SETTLEMENT** ...........................**PAGE 6**
20.    How do I tell the Court that I like or don't like the settlement?
21.    What's the difference between objecting and excluding myself?

**IF YOU DO NOTHING** ...................................................................................................**PAGE 7**
23.    What happens if I don't do anything at all?

**THE LAWYERS REPRESENTING YOU** .........................................................................**PAGE 7**
24.    Do I have a lawyer in this case?
25.    How much will Class Counsel be paid?
26.    Can I have my own lawyer to speak for me?
27.    What if I already have my own attorney in this case?

**FINAL APPROVAL HEARING** .......................................................................................**PAGE 8**
28.    When and where will the Court decide about this settlement?
29.    Can I come to the hearing?
30.    Can I speak at the hearing?

**GETTING MORE INFORMATION** ..................................................................................**PAGE 8**
31.    How can I get more information?

**EXHIBIT A** ...................................................................................................................**PAGE 8**
Addresses of counsel

**BASIC INFORMATION**

### 1. WHY DID I GET THIS NOTICE?

You may have a deceased family member who was sent to the Tri-State Crematory between January 1, 1988 and February 15, 2002. Or you may have paid for the funeral services for a deceased person who was sent to the Tri-State Crematory during this time.

The Court sent you this notice because you have a right to know about a partial settlement of a class action lawsuit that can affect you. You have legal rights and choices to make before the Court decides whether or not to approve the settlement.

This notice explains:

- What the lawsuit is about.
- Who is included in the settlement.
- How the settlement will benefit you.
- What your legal rights are.
- How to get the benefits.

### 2. WHAT IS THIS LAWSUIT ABOUT?

In February of 2002, the uncremated remains of over 300 deceased persons were found at the Tri-State Crematory in Noble, Georgia. The lawsuit claims the Tri-State Crematory and its owners, the Marsh family, mishandled the remains of these deceased persons. That lawsuit also claims that funeral homes should not have sent the deceased persons to the Tri-State Crematory. All of the people and companies who were sued say they did not do anything wrong.

The Court in charge of the lawsuit is the United States District Court for the Northern District of Georgia, Rome Division. The name of the lawsuit is *In re Tri-State Crematory Litigation*, MDL Docket No. 1467. The people who sued are called the Plaintiffs. The people and companies they sued – Tri-State Crematory, the Marsh family, and over 50 funeral homes – are called the Defendants. The <<FH Name>> Funeral Home of <<FH Location>> is one of the funeral home Defendants.

### 3. WHY IS THIS A CLASS ACTION?

In a class action lawsuit, one or more people sue on behalf of other people who have the same complaint. All these people together are called a "Class" or "Class Members". One court decides all the issues in the lawsuit for all Class Members.

### 4. WHY IS THERE A SETTLEMENT WITH <<FH NAME>> FUNERAL HOME?

The Court has not decided who is right or wrong in this lawsuit. Instead, the people who sued and the <<FH Name>> Funeral Home agreed to a settlement. That way, they avoid the cost, delay, and risk of a trial, and the people affected will receive compensation.

### 5. ARE THERE SETTLEMENTS WITH ANY OTHER DEFENDANTS?

This notice is only about the settlement with the <<FH Name>> Funeral Home. Final settlements have been reached with the other funeral home Defendants. The Tri-State Crematory, the Marsh family, and the remaining funeral homes have also entered into proposed settlements. If you did not deal with the <<FH Name>> Funeral Home and want to know if the funeral home you did deal with has settled the lawsuit, you should visit the website, www.crematoryclassaction.com, or call 1-877-877-4521.

### WHO IS IN THE SETTLEMENT

*To see if you may claim compensation from this settlement, you first have to decide if you're a Class Member.*

### 6. HOW DO I KNOW IF I'M PART OF THE SETTLEMENT?

You are a Class Member and part of the settlement with the <<FH Name>> Funeral Home if either of the following applies to you:

- You are the next of kin to a deceased person sent by the <<FH Name>> Funeral Home to the Tri-State Crematory between January 1, 1988 and February 15, 2002.

  *- or -*

- You are not the next of kin, but you paid for the funeral services for a deceased person sent by the <<FH Name>> Funeral Home to the Tri-State Crematory between January 1, 1988 and February 15, 2002.

### 7. HOW DO I KNOW IF I'M NEXT OF KIN?

For this settlement, next of kin are the people who would inherit from a deceased person under the laws of Georgia when there is no will. You are the next of kin if:

- You are the **spouse** of the deceased person sent to the Tri-State Crematory.
- ~~You are a child (natural or adopted) of the deceased person sent to the Tri-State Crematory, if the spouse is~~ also deceased.
- You are the **parent** of the deceased person sent to the Tri-State Crematory, if the spouse and any children are also deceased (or if there were no children).
- You are the **brother or sister** of the deceased person sent to the Tri-State Crematory, if the spouse, any children, and the parents are also deceased.

### 8. ARE THERE ANY EXCEPTIONS TO BEING PART OF THIS SETTLEMENT?

Remember, this settlement is with the <<FH Name>> Funeral Home, not with the other people and companies sued. That is why it is called a partial settlement. If you are next of kin to a deceased person who was sent to the Tri-State Crematory by any other funeral home, or paid for services by any other funeral home, this settlement does not apply to you.

### 9. WHAT IF I'M STILL NOT SURE I'M PART OF THIS SETTLEMENT?

If you're still not sure if you are a part of this settlement Class, you can ask for help. You can call 1-877-877- 4521, or visit the website, www.crematoryclassaction.com.

### THE LAWSUIT AGAINST THE OTHER DEFENDANTS

### 10. WHAT HAPPENS TO THE LAWSUIT AGAINST TRI-STATE CREMATORY AND THE OTHER FUNERAL HOMES?

You should have already received a Notice about the lawsuit dated December 23, 2003. If you didn't receive this notice, you can request a copy by calling the lawyers for the Class at 1-866-313-1973.

The Tri-State Crematory, the Marsh family, and the other funeral homes have also entered into proposed settlements to resolve the litigation.

## The Settlement Benefits – What You Get

### 11.   What benefits can I get from the settlement?

The settlement will create a fund that will be paid out to eligible settlement Class Members. The amount you will be paid will depend on whether the remains of the deceased person have been identified, and the date the person was sent to the Tri-State Crematory. The following chart should help you determine what your payment will be:

| If you: | Then your payment will be: |
|---|---|
| *Are the next of kin of a deceased person sent by the <<FH Name>> Funeral Home to Tri-State Crematory between January 1, 1988 through December 31, 1996...* | At least $#####.00. If someone who is not next of kin paid for the funeral services, that amount will be subtracted from this award. |
| *Are the next of kin of a deceased person sent by the <<FH Name>> Funeral Home to Tri-State Crematory between January 1, 1997 through February 15, 2002, and, the deceased's remains have not been positively identified...* | At least $####.00. If someone who is not next of kin paid for the funeral services, that amount will be subtracted from this award. |
| *Are the next of kin of a deceased person sent by the <<FH Name>> Funeral Home to Tri-State Crematory between January 1, 1988 through February 15, 2002, and, the deceased's remains have been recovered and positively identified...* | At least $#####.00. If someone who is not next of kin paid for the funeral services, that amount will be subtracted from this award. |
| *Are not the next of kin, but you paid for the funeral services...* | The amount you paid for the funeral services. |

Because not all Class Members may make claims for their awards, any unclaimed money in each of the three next of kin groups above will be divided equally among those who do make claims.

### 12.   What will I get if there is more than one next of kin?

If there is just one next of kin, the payment will be in the amounts described in question number 11 above. For example, if you are the surviving spouse, and the remains have been recovered and identified, you will receive at least $#####.00.

If there are more than one next of kin of the same relationship, then the award will be divided equally among them. Next of kin of the same relationship are:

- children (if the spouse is deceased),
- parents (if both the spouse and children are deceased, or there are no children),
- brothers and sisters (if spouse, children and parents are deceased).

In the example above where the remains have been recovered and identified, if the spouse is deceased and you are one of 3 children, you would receive at least $#####.00 ($#####.00 divided by three).

*Remember*, only the next of kin receives the award. If you are the parent of the deceased, but the spouse is living, the spouse receives the entire reward. If you are the parent and the spouse is deceased, but there is a child, the child receives the entire award.

### How You Get A Payment – Submitting A Claim Form

### 13.   How can I get a payment?

To get a payment, you must complete and send in a Claim Form. A Claim Form is enclosed with this notice, and a postage paid pre-addressed envelope is enclosed for you to use to return your form.

**Your completed Claim Form must be mailed and postmarked by July 16, 2004 to the following address:**

Tri-State Crematory Class Counsel
3319 West End Avenue, Suite 600
Nashville, TN 37203

Questions?  Call toll-free 1-877-877-4521, or visit www.crematoryclassaction.com.       Page 5

### 14.   WHEN WILL I GET MY PAYMENT?

The Court will hold a hearing on July 1, 2004 to decide whether to approve the settlement with <<FH Name>> Funeral Home. If the Court approves the settlement, there may be appeals. An appeal can take many months. You will receive your payment after any appeals are resolved. Please be patient.

### 15.   AM I GIVING ANYTHING UP IN RETURN FOR MY PAYMENT?

Unless you get out of the settlement or the class action lawsuit (which is called "excluding" yourself), you are staying in this settlement. That means you can't sue or be part of any other lawsuit against <<FH Name>> Funeral Home or any other Defendant about the claims or issues in *this* lawsuit. It also means that all of the Court's orders will apply to you.

## YOUR RIGHTS – NOT BEING PART OF THE SETTLEMENT

### 16.   WHAT IF I DON'T WANT TO BE PART OF THE SETTLEMENT OR THE LAWSUIT?

You can get out of the settlement with the <<FH Name>> Funeral Home. This is called excluding yourself. You can exclude yourself from **this settlement only**. If you exclude yourself, that means **you can't get a payment from this settlement**, and you can't comment on or object to the settlement. You do keep the right to file your own lawsuit or join another lawsuit against the <<FH Name>> Funeral Home about the claims in this case. If you want to file your own lawsuit, you will have to do that at your own expense.

### 17.   HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT OR THE LAWSUIT?

To exclude yourself, you must send a signed, written "request for exclusion". This request must include:

- your full name,
- your address,
- the deceased person's name,
- your relationship to the deceased person, *and*
- a clear statement excluding yourself from the settlement.

Your exclusion request **must be postmarked by June 21, 2004** and mailed to:

Class Counsel
Tri-State Crematory Litigation
3319 West End Avenue, Suite 600
Nashville, Tennessee 37203

### 18.   IF I EXCLUDE MYSELF, CAN I GET A PAYMENT?

If you exclude yourself from the settlement, you cannot get any payment from this settlement. You are still a Class Member and eligible to share in the proposed settlement with Tri-State Crematory and the Marsh family.

### 19.   IF I DON'T EXCLUDE MYSELF, CAN I SUE THE FUNERAL HOME OR OTHERS MYSELF?

No. Unless you exclude yourself, you give up the right to sue the <<FH Name>> Funeral Home or any of the other Defendants for the claims in this lawsuit. If you are part of another lawsuit against <<FH Name>>, the Tri-State Crematory, or the Marsh family, you should speak to your lawyer right away. You have to exclude yourself to continue your own lawsuit.

## YOUR RIGHTS – COMMENT ON OR OBJECT TO THE SETTLEMENT

### 20.   HOW DO I TELL THE COURT THAT I LIKE OR DON'T LIKE THE SETTLEMENT?

If you're a settlement Class Member and you don't exclude yourself from the settlement, you can tell the Court what you like or don't like about the settlement with <<FH Name>> Funeral Home. If you like the settlement, you can send a comment about it. If you don't like all or any part of the settlement, you can send what is called an "objection" to the settlement. For example, you can say you don't think the settlement is fair or adequate, or that you object to the amount of the lawyers' attorneys' fees. The Court will consider your views.

To comment or object, you must send a letter to the Court **by June 21, 2004** to the following address:

Clerk, United States District Court
Northern District of Georgia
600 East First Street
Rome, Georgia 30161

Your letter must include the name and number of the lawsuit, *In re Tri-State Crematory* Litigation, MDL Docket No. 1476, *and* state that it applies to the <<FH Name>> settlement.

You must also mail copies of your comments or objection to the lawyers for the Class and for the Defendants. The names and addresses of the lawyers are attached to this notice in Exhibit A.

### 21.   WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF?

Objecting or commenting is the way to tell the Court that you do or don't like the settlement. You must stay in the settlement to comment or object.

Excluding yourself is the way to tell the Court you don't want to be a part of the settlement or the lawsuit, and that you want to keep the right to file your own lawsuit. If you exclude yourself from the settlement, you can't object or comment because the settlement doesn't affect you any more.

## IF YOU DO NOTHING

### 22.   WHAT HAPPENS IF I DON'T DO ANYTHING AT ALL?

If you do nothing, you won't get any money from the settlement. You must file a Claim Form to get your award. And, unless you exclude yourself from the settlement and/or the class lawsuit, you won't be able to sue, or continue in another lawsuit, against the Defendants about the issues and claims in this lawsuit, ever again.

## THE LAWYERS REPRESENTING YOU

### 23.   DO I HAVE A LAWYER IN THIS CASE?

Yes. The Court asked the law firms of Lieff, Cabraser, Heimann & Bernstein, LLP and McCamy, Phillips, Tuggle & Fordham, LLP to represent you and other Class Members. The addresses of these Class Counsel are listed in Exhibit A. You won't be charged for these lawyers. If you want to be represented by your own lawyer, you can hire one at your own expense.

### 24.   HOW MUCH WILL CLASS COUNSEL BE PAID?

Class Counsel will ask the Court for attorneys' fees of up to ## percent of the amount paid by <<FH Name>> Funeral Home, which is $########.00.

So far, Class Counsel have spent out of pocket over $###### in this lawsuit. Class Counsel will ask the Court for up to # percent of the amount paid by <<FH Name>> to reimburse them in part for their costs and expenses in this lawsuit. That amount is $########. If, after the entire lawsuit is over, it is determined that Class Counsel has kept more than is necessary for their costs, the extra money will be refunded to Class members in proportion to their awards, if it's practical to do so.

### 25.   CAN I HAVE MY OWN LAWYER TO SPEAK FOR ME?

As long as you don't exclude yourself, you have a right to hire your own lawyer to appear and speak for you in this lawsuit and settlement. You will have to pay for your lawyer yourself. If you want your own lawyer instead of Class Counsel to speak for you, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance must be filed with the Court **before June 21, 2004**. You should also send copies of your Notice of Appearance to all of the lawyers listed on Exhibit A.

The address of the Court for filing a Notice of Appearance is: Clerk of the Court, United States District Court, Northern District of Georgia, 600 East First St., Rome, Georgia 30161.

**26. WHAT IF I ALREADY HAVE MY OWN ATTORNEY IN THIS CASE?**

If you had a written agreement with an attorney before March 17, 2003, your lawyer will be paid out of the money the Court allows for Class Counsel. The Court must approve all requests for attorney fees and expenses.

### FINAL APPROVAL HEARING

**27. WHEN AND WHERE WILL THE COURT DECIDE ABOUT THIS SETTLEMENT?**

The Court will hold a final approval hearing to consider all comments on or objections to the settlement. This hearing will be held on July 1, 2004, at 10:00 a.m. at the federal courthouse, which is located at 600 East First St., Rome, Georgia 30161. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement.

**28. CAN I COME TO THE HEARING?**

You don't have to come to the hearing. Class Counsel will answer questions the Court has. But you or your lawyer are welcome to come at your own expense. If you send an objection or a comment, you don't have to come to the hearing for the Court to consider it.

**29. CAN I SPEAK AT THE HEARING?**

You can ask the Court to allow you (or your lawyer) to speak at the hearing. To do so, you or your lawyer must send a paper called "Notice of Intention to Appear at Hearing" *before June 21, 2004*, to the Clerk of Court, United States District Court for the Northern District of Georgia, 600 East First St., Rome, Georgia 30161, *and* to each of the addresses listed in Exhibit A.

### GETTING MORE INFORMATION

**30. HOW CAN I GET MORE INFORMATION?**

This Notice summarizes the settlement. You can get more information on the case by visiting the website for Class Members at www.crematoryclassaction.com, or by calling toll-free: 1-877-877-4521. You can, if you wish, also write Class Counsel. You can send your letter to them at:Class Counsel

Tri-State Crematory Litigation
3319 West End Avenue, Suite 600
Nashville, Tennessee 37203

Dated: May 14, 2004

/s/ _____
Hon. Harold L. Murphy
United States District Court

### EXHIBIT A

**Class Counsel**

*Plaintiff's Lead Counsel*
Elizabeth J. Cabraser
Kathryn E. Barnett
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3319 West End Avenue, Suite 600
Nashville, TN 37203
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

*Plaintiff's Liaison Counsel*
Robert H. Smalley, III
McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP
P.O. Box 1105
Dalton, GA 30722-1105
Telephone: (706) 278-4499
Facsimile: (706) 278-5002

**Defense Counsel**

*Lead Counsel for the Funeral Homes*
J. Anderson Davis
BRINSON, ASKEW, BERRY,
  SEIGLER, RICHARDSON & DAVIS, LLP
P.O. Box 5513
Rome, GA 30162-5513

*Counsel for <<FH Name>>*
<<FH Defense Counsel Name>>
<<Address>>
<<city>> <<State>>  <<Zip>>



# EXHIBIT / ATTACHMENT

## B

(To be scanned in place of tab)

# **<<FH Name>>** SETTLEMENT

## CLASS MEMBER CLAIM FORM
## TRI-STATE CREMATORY LITIGATION

**Name:**                                          **Address:**

_____        _____
First                              MI              Street Address

_____        _____
Last                                              City              State          Zip Code

**Telephone:**

( __ __ __ ) __ __ __ - __ __ __ __        ( __ __ __ ) __ __ __ - __ __ __ __
Daytime                                           Evening

**Name of the deceased:**                         **Date of death:**

_____        __ __ / __ __ / __ __ __ __
First              MI              Last

**Your relationship to the deceased (check one): [Order of Kinship]**

☐  Spouse
☐  Child
☐  Parent
☐  Sibling
☐  Other (please describe): _____

**Check one:**

☐  I am the closest living relative of the deceased
☐  I am not the closest living relative of the deceased
→  List any known closer relatives (see Order of Kinship above):

_____        _____
Name                                              Name

_____        _____
Street Address                                    Street Address

_____        _____
City          State          Zip Code             City          State          Zip Code

( __ __ __ ) __ __ - __ __ __ __        ( __ __ __ ) __ __ - __ __ __ __
Daytime Telephone Number                          Daytime Telephone Number

( __ __ __ ) __ __ - __ __ __ __        ( __ __ __ ) __ __ - __ __ __ __
Evening Telephone Number                          Evening Telephone Number

Was <<FH Name>> used for funeral and/or cremation arrangements for the decedent?        ☐ Yes ☐ No

Did you sign the contract with<<FH Name>> for funeral and/or cremation arrangements?        ☐ Yes ☐ No

→  If no, please state who did: _____  Still Living? ☐ Yes ☐ No
                                                  Name

_____        ( __ __ __ ) __ __ __ - __ __ __ __
Address                                           Telephone

Who paid for the funeral arrangements? _____  Still Living? ☐ Yes ☐ No
                                                  Name

_____        ( __ __ __ ) __ __ __ - __ __ __ __
Address                                           Telephone

**I certify under penalty of perjury that the information contained in this Claim Form is true and correct to the best of my personal knowledge, information and belief.**

**Signature:** _____   **Date:** __ __ / __ __ / __ __ __ __

Mail to:  Tri-State Crematory, Funeral Home Settlement Class Counsel
          3319 West End Avenue, Suite 600
          Nashville, Tennessee 37203

**POSTMARK DEADLINE: JULY 16, 2004**



# EXHIBIT / ATTACHMENT

(To be scanned in place of tab)



**KINSELLA / NOVAK**
COMMUNICATIONS, LTD.
A SOURCECORP™ COMPANY

### *In Re: Tri-State Crematory Litigation*
### *United States District Court Northern District of*
### *Georgia, Rome Division*
### MDL Docket No. 1467

### NOTICE PLAN

This proposal is submitted in connection with *In Re: Tri-State Crematory Litigation.* It outlines procedures to provide notice to Class Members of their legal rights with respect to Rule 23 of the Federal Rules of Civil Procedure regarding the settlement of this Cass Action with (a) the Defendant Funeral Homes that have not previously settled ("Funeral Homes"), and (b) Tri-State Crematory.

## CLASS DEFINITION

The Class includes the following:

> All those who are or were next of kin of any descendants delivered for cremation to Defendant Tri-State Crematory from the years 1988 to 2002; all persons or entities who were parties to any contract with any Defendant regarding funeral arrangements for a decedent who was delivered for cremation to Defendant Tri-State Crematory from 1988 to 2002 whose claim is not barred by the applicable statute of limitations; and a subclass defined as the next of kin of decedents whose uncremated or otherwise desecrated remains have been recovered from the property of Defendant Tri-State Crematory or the property surrounding Defendant Tri-State.

2120 L STREET, NW | SUITE 205 | WASHINGTON, DC 20037
PHONE: 202.686.4111 | FAX: 202.293.6961 | EMAIL: INFO@KINSELLA-NOVAK.COM | HTTP://WWW.KINSELLA-NOVAK.COM

THE ART & SCIENCE OF LEGAL NOTIFICATION

*In Re: Tri-State Crematory Litigation – MDL. Docket No. 1467*

# NOTICE IMPERATIVES

Two separate notice programs will be undertaken.  The first notice program will be directed to the Class Members whose deceased next of kin was sent to Tri-State Crematory through a previously non-settling Funeral Home Defendant.    The second notice program regarding "Tri-State Crematory" (for the settlement with the Marsh family members) will be directed to all Class Members.

## Funeral Homes Defendants Settlement Notice

The notice will consist of the following:

- Direct notice by first-class mail to all individuals and entities whose names and addresses are readily available.  Class Member names and addresses were derived from Plaintiff and Defendant records.  In addition, Notice will be sent to Class Members who self-identified as a result of seeing the initial published newspaper notice or being exposed to the media coverage in print, radio and television.  Direct mail notice will consist of mailing the *Notice of Class Action Settlement to Class Members* to inform them of their rights and how they may participate in the Settlement.

## "Tri-State Crematory" Settlement Notice

The notice will consist of the following:

- Direct notice by first-class mail to all individuals and entities whose names and addresses are readily available.  Class Member names and addresses were derived from Plaintiff and Defendant records and the public records of public litigation. In addition, Notice will be sent to Class Members who self-identified as a result of seeing the initial published newspaper notice or being exposed to the media coverage in print, radio and television. Direct mail notice will consist of mailing the *Notice of Class Action Settlement to Class Members* to inform them of their rights and how they may participate in the Settlement.

- Notice through the use of free or "earned" national and local media using print, radio and television.

The earned media outreach will consist of a press release, similar to the initial press release used in the certification notice program previously implemented.  It will be tailored for specific local media outreach, based upon a list of region-specific funeral homes.  The press release will include the toll-free number and website address to enable Class Members to request or access the Notice of Class Action Settlement.

In addition to the list of reporters and media outlets who previously covered the litigation, the following key targets will also be contacted:

**Print**
Major Dailies
*Atlanta Journal- Constitution*          *Cincinnati Enquirer*
*Birmingham News Post*                    *Nashville Tennessean*
*Chattanooga Free Press*

*In Re: Tri-State Crematory Litigation – MDL. Docket No. 1467*

Second Tier Newspapers
*Ft. Payne Times-Journal*                    *Cleveland Banner*
*Scottsboro Daily Sun*                        *Cookeville Herald Citizen*
*Dalton Daily Citizen-News*                   *Huntsville Times*

Regional/National Outlets
*Georgia Associated Press*
*Southeastern Bureau New York Times*
*Southeastern Bureau Wall Street Journal*

The news release will also be sent to community newspapers, which in all likelihood will run the press release straight and/or require minimal follow up.

## TV/Radio

The news release will be sent to local network affiliates in:

- Atlanta
- Birmingham
- Chattanooga
- Cincinnati
- Huntsville-Decatur
- Nashville

Radio outlets receiving the news release will include:

- CNN/CNN Radio
- ABC Radio
- CBS Radio
- Urban Radio Networks

# ON-LINE NOTICE

The informational website will be updated to provide information on the settlements with the Funeral Homes Defendants and Tri-Sate Crematory.