FILED IN CLERK'S OFFICE
U.S.D.C. Rome
MAY 24 2004
LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: TRI-STATE CREMATORY LITIGATION, | ] ] ] | MDL DOCKET NO. 1467 |

## MOTION FOR DETERMINATION OF COMMON BENEFIT FUND CONTRIBUTION

COMES NOW, Carol Padgett Hayes, ("HAYES"), surviving spouse of Floyd Padgett, deceased, and files this Motion for determination of common benefit fund contribution.

Floyd Padgett passed away on April 17, 1999. Peeples Funeral Home, Inc. ("PEEPLES"), was contracted with by Floyd Padgett's wife, HAYES, to cremate the body of Floyd Padgett. PEEPLES used Tri-State Crematory to perform the cremation. Subsequent to the February, 2002, discovery, Floyd Padgett's body was recovered from the grounds at Tri-State Crematory. HAYES filed suit against PEEPLES and the Marsh defendants on April 3, 2003, in the State Court of Walker County, Georgia.

PEEPLES filed a motion to stay the proceedings. The State Court of Walker County conducted a hearing on the matter and denied the motion. As part of the discovery process, counsel for HAYES went to Atlanta to the offices of PEEPLES' counsel to review their files for the purposes of choosing the documentation to be produced in response to HAYES request to produce.

HAYES received the notice of the class action in the fall of 2003 and elected to opt out of the class action. Discovery then continued in HAYES' case. In anticipation of being on the January, 2004 trial calendar, depositions of HAYES, her current husband, BILLY

HAYES, and her son, CHRIS PADGETT, were taken. Subsequent to the taking of the depositions, PEEPLES filed a motion for summary judgment. HAYES responded to the motion for summary judgment. PEEPLES then filed a reply brief.

In January, 2004, HAYES offered to settle her claim for $100,000.00. (Exhibit "A"). HAYES received a call from PEEPLES offering to settle the case for $100,000.00. This offer was accepted via a phone call on January 29, 2004. On February 2, 2004, HAYES received a copy of a fax from PEEPLES to Robert Smalley indicating HAYES' settlement money would be included in the class action settlement. (Exhibit "B"). On February 3, a letter was faxed to PEEPLES again stating their offer was accepted and the settlement monies should be paid directly to HAYES as she opted out of the class action. (Exhibit "C").

In response to HAYES' fax on February 3, 2004, Robert Smalley contacted HAYES counsel and informed them of the order establishing Plaintiff's litigation expense fund to compensate and reimburse attorneys for services performed and expenses incurred for common benefit ("Common Benefit Fund Order"). Prior to that date, none of HAYES counsel were aware of or had been served with a copy of the motion for entry of an order establishing the common benefit fund or the common benefit order. The first communication from PEEPLES regarding a common benefit fund was their letter of February 24, 2004. (Exhibit "D"). This letter clearly indicates that PEEPLES was aware of the Common Benefit Fund Order.

HAYES does not contest nor object to the requirement of contribution to the common benefit fund if she is required to contribute to the same under the Common Benefit Fund Order. What HAYES objects to is having to pay a percentage of her settlement to the

common benefit fund when her settlement was entered into by her without knowledge of the required payment while counsel for PEEPLES had knowledge of the common benefit fund and was aware of the requirement. HAYES agreed to accept $100,000.00 to resolve her claim and any requirement to pay to a common benefit fund should be born by PEEPLES who had knowledge of the same. HAYES believes she should receive the $100,000.00 which she accepted and that PEEPLES should be required to pay 6% in addition to the $100,000. This has been communicated to PEEPLES. (Exhibit "E").

Currently, the release between HAYES and PEEPLES is being negotiated. HAYES has agreed to receive $94,000.00 and allow PEEPLES to pay the remaining $6,000.00 into the Court. PEEPLES is aware that HAYES will file with this Court seeking a return of the $6,000.00.

If the Court determines that HAYES is subject to the Common Benefit Fund Order, HAYES is requesting that the Court find that HAYES should receive the settlement she agreed to, that being $100,000.00 and that PEEPLES be required to bear the burden of paying the 5% required under the Common Benefit Fund Order. HAYES would note that while the Common Benefit Fund Order requires the payment of 6%, the settlement notice submitted for the settlement PEEPLES within the class action, reflects a withholding of only 5%.

In the alternative, HAYES would seek reimbursement from the class for her expenses in pursuing her individual case in the amount of $764.50.

                Respectfully submitted,

                CHRISTOPHER A. TOWNLEY
                Ga. Bar No. 714925

                THOMAS F. LINDSAY
                Ga. Bar No. 453028
                Attorneys for Plaintiffs
                P. O. Box 278
                Rossville, GA 30741
                (706) 861-6003

# TOWNLEY LAW OFFICE

1406 S. CREST ROAD
P.O. BOX 278
ROSSVILLE, GEORGIA 30741

CHRISTOPHER A. TOWNLEY
* AMY ABERNATHY PETULLA
* THOMAS F. LINDSAY

TELEPHONE (706) 861-6003
FAX (706) 861-6012

* ALSO LICENSED IN TENNESSEE

January 26, 2004

Roger S. Sumrall
Hall, Booth, Smith & Slover, P.C.
Atlantic Center Plaza
1180 West Peachtree Street, Suite 900
Atlanta, GA 30309

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
RECEIPT NO.: 7000 1530 0004 0707 9991

Re: Carol Padgett Hayes v. Peeples Funeral Home, et al.
~~Walker County State Court~~
Civil Action File No. 03 CV 4829

Dear Mr. Sumrall:

You are hereby notified that Carol Padgett Hayes hereby makes a claim against Peeples Funeral Home, Inc., by and through myself as her attorney, for unliquidated damages in the amount of $100,000.00 arising out of the incident which is the subject of the above-referenced action.

This notice is given to you pursuant to the provisions of O.C.G.A §51-12-14 and will be given to you only on this one occasion. Should Peeples Funeral Home, Inc. fail to pay said $100,000.00 within thirty (30) days from the date of the mailing of this notice, Carol Padgett Hayes will be entitled to receive interest on the sum claimed at the rate of Twelve Per Cent (12%) per annum (from the thirtieth day following the date of mailing of this notice until the date of judgment) if, upon the trial of the case in which this claim is made, the judgment is for an amount not less than said claim.

Sincerely,

THOMAS F. LINDSAY

TFL/tm

EXHIBIT "A"

# H|B|S|S  HALL BOOTH SMITH & SLOVER, P.C.

Roger S. Sumrall | 1180 West Peachtree Street, N.W., Atlantic Center Plaza, Suite 900
Direct: (404) 954-6939 | Atlanta, Georgia 30309-3479
Email: RSumrall@hbss.net | Main: (404) 954-5000  Fax: (404) 954-5020  Web: www.hbss.net

February 2, 2004

*Via Facsimile (706) 278-5002*

Robert H. Smalley, III, Esq.
**McCAMY, PHILLIPS,**
   **TUGGLE & FORDHAM, LLP**
P.O. Box 1105
Dalton, Georgia 30722

   *Re:*   *MDL Tri-State Crematory Litigation*

Dear Robert:

   On behalf Peeples Funeral Home, we hereby offer $1,955,000 in full and complete settlement of all existing and potential claims against Peeples Funeral Home except for claims relating to decedents during the time period from December 9, 1993, through December 9, 1998. In exchange for the $1,955,000 to be paid on behalf of Peeples Funeral Home, plaintiffs will provide a release of all existing and potential claims except those relating to decedents during the time period from December 9, 1993, through December 9, 1998, as well as a dismissal with prejudice of all such claims. Additionally, in exchange for this sum to be paid on behalf of Peeples Funeral Home, plaintiffs will enter into an agreement under which any amounts recovered pursuant to claims relating to decedents during the times period from December 9, 1993, through December 9, 1998, will not be collected against Peeples Funeral Home directly but will only be collected to the extent of available insurance funds.

   The Padgett-Hayes claim is specifically included within this settlement agreement, although that plaintiff has opted out of the class. I understand that you have authority to negotiate the Padgett-Hayes claim on behalf of Thomas Lindsay, Esq. I am forwarding a copy of this letter to Mr. Lindsay for his approval as well.

   Please give me a call to discuss procedures for effectuating this settlement and obtaining court approval. Thank you for your assistance in amicably settling this matter.

Very truly yours,

Roger S. Sumrall

RSS/kdb
cc:   Thomas Lindsay, Esq. *Via Fax (706) 861-6012*
408255.25M0-3845

EXHIBIT "B"

# TOWNLEY LAW OFFICE

1406 S. CREST ROAD
P.O. BOX 278
ROSSVILLE, GEORGIA 30741

CHRISTOPHER A. TOWNLEY
* AMY ABERNATHY PETULLA
* THOMAS F. LINDSAY

TELEPHONE (706) 861-6003
FAX (706) 861-6012

* ALSO LICENSED IN TENNESSEE

February 3, 2004

Roger S. Sumrall
Hall, Booth, Smith & Slover, P.C.
Atlantic Center Plaza
1180 West Peachtree Street, Suite 900
Atlanta, GA 30309

VIA FACSIMILE
(404) 954-5020



Re: Carol Padgett Hayes v. Peeples Funeral Home, et al.
~~Walker County State Court~~
Civil Action File No. 03 CV 4829

Dear Mr. Sumrall:

Based on our conversation last week, it is my understanding that Peeples will settle the claim for Ms. Padgett-Hayes for $100,000. As I indicated to you last week on your voice-mail, my client accepts this offer.

Mr. Smalley was authorized to inform you that we would cooperate in settling for this sum. However, the release, dismissal and payment should go directly through our office and would not be subject to the MDL litigation or approval by Judge Murphy. We opted this case out of the MDL litigation and have invested substantial time and money pursuing the discovery, depositions, and motions in this matter in Walker State Court.

Please forward the settlement documents and payment of the $100,000 directly to me.

Sincerely,

THOMAS F LINDSAY

TFL

pc: David Allen – via fax
    Jim Neal – via fax
    Robert Smalley – via fax

EXHIBIT "C"

# H|B|S|S  HALL BOOTH SMITH & SLOVER, P.C.

**Roger S. Sumrall**  | 1180 West Peachtree Street, N.W., Atlantic Center Plaza, Suite 900
Direct: (404) 954-6939 | Atlanta, Georgia 30309-3479
Email: RSumrall@hbss.net | Main: (404) 954-5000  Fax: (404) 954-5020  Web: www.hbss.net

February 24, 2004

Robert H. Smalley, III, Esq.
McCAMY, PHILLIPS,
  TUGGLE & FORDHAM, LLP
P.O. Box 1105
Dalton, Georgia 30722

Christopher A. Townley, Esq.
1406 South Crest Road
Rossville, GA  30741

> Re: *Tri-State Crematory Litigation*
> *Carol Padgett Hayes v. Peeples Funeral Home*
> *Settlement and Common Benefit Fund*

Dear Robert and Chris:

Now that Peeples Funeral Home has agreed to settle the claim of Carol Padgett Hayes, it raises a question with respect to the Common Benefit fund established in Judge Murphy's Order dated October 30, 2003 (attached). It appears that we have no other option at this point than to interplead the $100,000 settlement proceeds with the Court for this case and allow the two of you to make your case to Judge Murphy as to your respective rights to any of these funds.

However, if the two of you are able to come to some sort of agreement, then this interpleader action can be avoided and all parties will be able to proceed toward final settlement of this and the class action. If you would, please advise us by the close of business February 27 as to your respective intentions.

Very truly yours,

Roger S. Sumrall

RSS/ctw
Attachment
cc:    Mr. John W. Peeples

480121
2580-3845

EXHIBIT "D"

# TOWNLEY LAW OFFICE

1406 S. CREST ROAD
P.O. BOX 278
ROSSVILLE, GEORGIA 30741

CHRISTOPHER A. TOWNLEY
* AMY ABERNATHY PETULLA
* THOMAS F. LINDSAY

TELEPHONE (706) 861-6003
FAX (706) 861-6012

* ALSO LICENSED IN TENNESSEE

February 27, 2004

Roger S. Sumrall
Hall, Booth, Smith & Slover, P.C.
Atlantic Center Plaza
1180 West Peachtree Street, Suite 900
Atlanta, GA 30309

VIA FACSIMILE
(404) 954-5020

Re: Tri-State Crematory Litigation
~~Carol Padgett Hayes v. Peeples Funeral Home~~
Settlement and Common Benefit Fund

Dear Mr. Sumrall:

Thank you for your letter of February 24. When we settled our case, we did so based upon our agreement of $100,000.00 to compromise the Plaintiff's claim. We did not do so based upon $94,000.00.

I now understand that Judge Murphy entered an order in October concerning a Common Benefit fund. However, while you and Mr. Smalley were a party to that action, I was not. We received no notice of these terms prior to our settlement.

To accomplish the settlement which was agreed between us, a check is owing to my client for $100,000.00. To resolve the Common Benefit question, an additional 6% should be paid by the Defendant which would be applied according to the Court Order of Judge Murphy.

Based upon discussions I have had with Mr. Smalley, I believe that he would be in agreement with this procedure.

Sincerely,

CHRISTOPHER A. TOWNLEY

CAT/tm
pc: Robert Smalley
    Thomas Lindsay
    Jim Neal
    David Allen

EXHIBIT "E"

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true copy of the within and foregoing Motion For Determination of Common Benefit Fund Contribution by mailing same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to carry same to its destination upon the following:

Kathryn E. Barnett
3319 West End Ave., Suite 600
Nashville, TN 37203

Robert H. Smalley, III
McCamey, Phillips, Tuggle, & Fordham, LLP
P.O. Box 1105
Dalton, GA 30722-1105

Frank E. Jenkins, III
15 Public Square
Cartersville, GA 30120-3350

Rhames L. Marsh
P. O. Box 58
Rock Spring, GA 30739

Robert M. Brinson
J. Anderson Davis
The Omberg House
P.O. Box 5513
Rome, GA 30162-5513

McCracken Poston, Jr.
P.O. Box 1130
Ringgold, GA 30736

Roger Sumrall
Hall, Booth, Smith & Slover, P.C.
Atlantic Center Plaza
1180 West Peachtree Street, Suite 900
Atlanta, GA 30309

This the 24th day of May, 2004.

THOMAS F. LINDSAY

FILED IN CLERK'S OFFICE
U.S.D.C. - Rome

MAY 24 2004

LUTHER D. THOMAS, Clerk
By: _____
    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE CREMATORY ] MDL DOCKET NO.
LITIGATION, ] 1467
 ]

### AFFIDAVIT OF THOMAS F. LINDSAY

PERSONALLY APPEARED BEFORE ME, the undersigned officer duly authorized to administer oaths, THOMAS F. LINDSAY, who, after first being duly sworn, on oath deposes and says:

1.

Affiant is over 18 years of age and otherwise competent to testify to the matters contained herein, which are stated upon the personal knowledge of affiant.

2.

My name is THOMAS F. LINDSAY.

3.

I am one of MS. CAROL PADGETT HAYES' attorneys in the case styled Carol Padgett Hayes v. Tri-State Crematory, Inc., Rhames L. Marsh, T. Ray Brent Marsh, Clara C. Marsh, T. Ray Marsh and Peeoples Funeral Home, Inc. which was filed in the State Court of Walker County, Georgia on April 3, 2003.

4.

PEEPLES FUNERAL HOME, INC. filed a motion to stay that proceeding. A hearing was held and the Court denied the motion.

5.

Discovery was conducted and I, along with co-counsel, went to the offices of Hall, Booth, Smith and Slover to determine which documents we wished to receive in response to our request to produce.

6.

Depositions were then taken of my client, her current husband, and her son.

7.

The discovery was conducted in anticipation of being on the January, 2004, trial calendar in the State Court of Walker County, Georgia.

8.

After discovery was completed, PEEPLES filed a motion for summary judgment to which Ms. Hayes filed a response.

9.

On January 26, 2004, I sent a letter, pursuant to O.C.G.A. § 51-12-14, demanding that PEEPLES settle the case for $100,000.00. Subsequent to that, PEEPLES offered to settle for $100,000.00. This offer was accepted via phone call.

10.

On February 2, 2004, I received a copy of a letter from Roger Sumrall to Robert Smalley indicating Ms. Hayes money would be paid into PEEPLES portion of the he class action settlement.

11.

On February 3, 2004, I sent Mr. Sumrall a letter indicating Ms. Hayes had opted out of the MDL litigation and the settlement monies should be paid directly to our office. A copy was sent to Robert Smalley.

12.

In response to my letter of February 3, 2004, Robert Smalley informed me of the Order establishing Plaintiff's litigation expense fund to compensate and reimburse attorneys for services performed and expenses incurred for common benefit. This was the first time I or any of my co-counsel were aware that there was such an Order.

13.

At the time the settlement for $100,000.00 was negotiated, it was done so without the knowledge of the Common Benefit Fund Order and was negotiated based on the belief Ms. Hayes would receive $100,000.00.

14.

To date, I have incurred expenses in the amount of $764.50 in prosecuting Ms. Hayes' claim.

AND FURTHER AFFIANT SAITH NOT.

_____
THOMAS F. LINDSAY

Sworn to and subscribed before me on this

the 24th day of May, 2004.

_____
NOTARY PUBLIC
My Commission Expires: 2/25/07

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true copy of the within and foregoing Affidavit of Thomas F. Lindsay by mailing same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to carry same to its destination upon the following:

Kathryn E. Barnett
3319 West End Ave., Suite 600
Nashville, TN 37203

Robert H. Smalley, III
McCamey, Phillips, Tuggle, & Fordham, LLP
P.O. Box 1105
Dalton, GA 30722-1105

Frank E. Jenkins, III
15 Public Square
Cartersville, GA 30120-3350

Rhames L. Marsh
P. O. Box 58
Rock Spring, GA 30739

Robert M. Brinson
J. Anderson Davis
The Omberg House
P.O. Box 5513
Rome, GA 30162-5513

McCracken Poston, Jr.
P.O. Box 1130
Ringgold, GA 30736

Roger Sumrall
Hall, Booth, Smith & Slover, P.C.
Atlantic Center Plaza
1180 West Peachtree Street, Suite 900
Atlanta, GA 30309

This the 24th day of May, 2004.

THOMAS F. LINDSAY