FILED IN CLERK'S OFFICE
U.S.D.C - Rome

JUN 04 2004

LUTHER ____ Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

## MOTION FOR FINAL SETTLEMENT APPROVAL

Come Now the Burt Funeral Home, Inc. Settlement Subclass Members;

Dean Lay, d/b/a Cumberland Funeral Services, a/k/a Cumberland Funeral Home,

Inc. Settlement Subclass Members; the Erwin Pettit Funeral Home, Inc.

Settlement Subclass Members; the Hardwick & Sons Funeral Home, Inc.

Settlement Subclass Members; the J. Avery Bryan Funeral Home, Inc. Settlement

Subclass Members; the Jeff Eberhart Funeral Home, Inc. Settlement Subclass

Members; the Jesse Jones Funeral Home, Inc. Settlement Subclass Members; the

Layne Funeral Home, Inc. Settlement Subclass Members; the Peeples Funeral

Home, Inc. Settlement Subclass Members; the R.D. Moore Funeral Home, Inc.

Settlement Subclass Members; the Rogers Funeral Home, Inc. Settlement

Subclass Members; the Ryan Funeral Home, Inc. Settlement Subclass Members;

the SCI Alabama Funeral Services, Inc. Settlement Subclass Members; the SCI

Georgia Funeral Services Inc. Settlement Subclass Members; the SCI Tennessee

Funeral Services Inc. Settlement Subclass Members; the Sequatchie Valley

Memorial Funeral Home & Gardens, Inc. Settlement Subclass Members; the

323655.1

1151

Taylor Funeral Home of Chattanooga, Inc. Settlement Subclass Members; the

Thomas & Sons Funeral Home, Inc. Settlement Subclass Members; the

Vanderwall Funeral Home, Inc. Settlement Subclass Members; the W.L.

Wilson & Sons Funeral Home, Inc. Settlement Subclass Members; the Wallis-

Wilbanks Funeral Home, LLC Settlement Subclass Members; the Wann Funeral

Home, Inc. Settlement Subclass Members; the Willis Funeral Home, Inc.

Settlement Subclass Members; and the Wingfield Funeral Home, Inc. Settlement

Subclass Members ("Settlement Subclass Members") and herewith Move this

Honorable Court, pursuant to Fed. R. Civ. P. 23(e) for final approval of the

settlements between the Settlement Subclass Members and Burt Funeral Home,

Inc.; Dean Lay, d/b/a Cumberland Funeral Services, a/k/a Cumberland Funeral

Home, Inc.; Erwin Pettit Funeral Home, Inc.; Hardwick & Sons Funeral Home,

Inc.; J. Avery Bryan Funeral Home, Inc.; Jeff Eberhart Funeral Home, Inc.; Jesse

Jones Funeral Home, Inc.; Layne Funeral Home, Inc.; Peeples Funeral Home,

Inc.; R.D. Moore Funeral Home, Inc.; Rogers Funeral Home, Inc.; Ryan Funeral

Home, Inc.; SCI Alabama Funeral Services, Inc.; SCI Georgia Funeral Services

Inc.; SCI Tennessee Funeral Services Inc.; Sequatchie Valley Memorial Funeral

Home & Gardens, Inc.; Taylor Funeral Home of Chattanooga, Inc.; Thomas &

Sons Funeral Home, Inc.; Vanderwall Funeral Home, Inc.; W.L. Wilson & Sons

Funeral Home, Inc.; Wallis-Wilbanks Funeral Home, LLC; Wann Funeral Home,

Inc.;  Willis Funeral Home, Inc.;  and Wingfield Funeral Home, Inc.;  all as set

forth in the accompanying Memorandum in Support of Motion for Final Settlement

Approval.

Respectfully submitted, this 2nd day of
June, 2004.

McCAMY, PHILLIPS, TUGGLE &
FORDHAM, LLP
Robert H. Smalley, III
P.O. Box 1105
Dalton, Georgia 30722
Telephone:  (706) 278-4499
Facsimile:  (706) 278-5002

*Plaintiffs' Liaison Counsel*

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Elizabeth J. Cabraser
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Plaintiffs' Lead Counsel*

Kathryn E. Barnett
Elizabeth A. Alexander
3319 West End Avenue, Suite 600
Nashville, Tennessee  37203
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

BARRETT LAW OFFICE
Don Barrett
P.O. Box 987
Lexington, Mississippi  39095
Telephone:  (662) 834-2376
Facsimile:  (662) 834-2628


Charles Barrett
Marshall H. Smith, Jr.
3319 West End Avenue, 6th Floor
Nashville, Tennessee  37203
Telephone:  (615) 386-8391
Facsimile:  (615) 386-8392

DOFFERMYRE, SHIELDS,
CANFIELD, KNOWLES & DEVINE
Leslie Bryan
Suite 1600, 1355 Peachtree Street
Atlanta, Georgia  30309
Telephone:  (404) 881-8900
Facsimile:  (404) 881-3007

SIMS, GRADDICK & DODSON, PC
Charles Graddick
Todd Strohmeyer
205 St. Emanuel Street
Mobile, Alabama  36602

SHUMAKER, WITT, GAITHER &
WHITAKER
William G. Colvin
Suite 500, First Tennessee Building
701 Market Street
Chattanooga, Tennessee  37402
Telephone:  (423) 265-2214
Facsimile:  (423) 266-1842

MABRY & McCLELLAND, LLP
Robert M. Darroch
Tenth Floor, 2200
Century Parkway, N.E.
Atlanta, Georgia  30345

THE FLEISSNER FIRM
Phillip A. Fleissner
600 Georgia Avenue
Chattanooga, Tennessee  37402
Telephone:  (423) 756-3591
Facsimile:  (423) 266-5455

DAVID RANDOLPH SMITH &
ASSOCIATES
David Randolph Smith
Hillsboro Village, 1910 Acklen Avenue
Nashville, Tennessee  37212
Telephone:  (615) 742-1775
Facsimile:  (615) 742-1223

COPPEDGE & LEMAN, PC
Joe Leman
508 South Thornton Avenue
Dalton, Georgia  30720
Telephone:  (706) 226-0040
Facsimile:  (706) 226-0040

*Plaintiffs' Steering Committee*

## <u>PROOF OF SERVICE BY MAIL</u>

I hereby certify that a copy of the foregoing was served by postage prepaid United States mail on the 2nd day of June, 2004, addressed to those listed below:

_____
Robert H. Smalley, III

J. Anderson Davis, Esq.
Brinson, Askew, Berry, Seigler,
Richardson & Davis, LLP
PO Box 5513
Rome, GA  30162

*Funeral Home Defendants*
*Lead/Liaison Counsel*

Frank E. Jenkins, III
Jenkins & Olson, PC
15 South Public Square
Cartersville, GA 30120

*Marsh Defendants*
*Lead/Liaison Counsel*

323655. 1 -1-

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

## MEMORANDUM IN SUPPORT OF SETTLEMENT SUBCLASS MEMBERS' MOTION FOR FINAL SETTLEMENT APPROVAL

**I.**   **INTRODUCTION**

The Burt Funeral Home, Inc. Settlement Subclass Members;  the Dean

Lay, d/b/a Cumberland Funeral Services, a/k/a Cumberland Funeral Home, Inc.

Settlement Subclass Members;  the Erwin Pettit Funeral Home, Inc. Settlement

Subclass Members;  the Hardwick & Sons Funeral Home, Inc. Settlement Subclass

Members;  the J. Avery Bryan Funeral Home, Inc. Settlement Subclass Members;

the Jeff Eberhart Funeral Home, Inc. Settlement Subclass Members;  the Jesse

Jones Funeral Home, Inc. Settlement Subclass Members;  the Layne Funeral

Home, Inc. Settlement Subclass Members;  the Peeples Funeral Home, Inc.,

Settlement Subclass Members;  the R.D. Moore Funeral Home, Inc. Settlement

Subclass Members;  the Rogers Funeral Home, Inc. Settlement Subclass Members;

the Ryan Funeral Home, Inc. Settlement Subclass Members;  the SCI Alabama

Funeral Services, Inc. Settlement Subclass Members;  the SCI Tennessee Funeral

Services, Inc. Settlement Subclass Members;  the SCI Georgia Funeral Services,

323764.1

Inc. Settlement Subclass Members;  the Sequatchie Valley Memorial Funeral

Home & Gardens, Inc. Settlement Subclass Members;  the Taylor Funeral Home of

Chattanooga, Inc. Settlement Subclass Members;  the Thomas & Sons Funeral

Home, Inc. Settlement Subclass Members;  the Vanderwall Funeral Home, Inc.

Settlement Subclass Members;  the W.L. Wilson & Sons Funeral Home, Inc.

Settlement Subclass Members;  the Wallis-Wilbanks Funeral Home, LLC

Settlement Subclass Members;  the Wann Funeral Home, Inc. Settlement Subclass

Members;  the Willis Funeral Home, Inc. Settlement Subclass Members and the

Wingfield Funeral Home, Inc. Settlement Subclass Members ("Settlement

Subclass Members") respectfully submit this memorandum pursuant to Fed. R.

Civ. P. 23(e,) in support of their motion for final approval of the settlements

between the Settlement Subclass Members and Burt Funeral Home, Inc.;  Dean

Lay, d/b/a Cumberland Funeral Services, a/k/a Cumberland Funeral Home, Inc.;

Erwin Pettit Funeral Home, Inc.;  Hardwick & Sons Funeral Home, Inc.;  J. Avery

Bryan Funeral Home, Inc.;  Jeff Eberhart Funeral Home, Inc.;  Jesse Jones Funeral

Home, Inc.;  Layne Funeral Home, Inc.;  Peeples Funeral Home, Inc.;  R.D. Moore

Funeral Home, Inc.;  Rogers Funeral Home, Inc.;  Ryan Funeral Home, Inc.;  SCI

Alabama Funeral Services, Inc.;  SCI Georgia Funeral Services Inc.;  SCI

Tennessee Funeral Services Inc.;  Sequatchie Valley Memorial Funeral Home &

Gardens, Inc.;  Taylor Funeral Home of Chattanooga, Inc.;  Thomas & Sons

- 2 -

Funeral Home, Inc.;  Vanderwall Funeral Home, Inc.;  W.L. Wilson & Sons

Funeral Home, Inc.;  Wallis-Wilbanks Funeral Home, LLC;  Wann Funeral Home,

Inc.;  Willis Funeral Home, Inc.;  and Wingfield Funeral Home, Inc. (herein the

"Settling Funeral Homes.")  As set forth below, these settlements are fair,

reasonable, and adequate; were reached between experienced counsel at arms'

length and without collusion; and are in the best interest of the class members.

A.   **Factual and Procedural Background**

In February of 2002, the remains of at least 339 bodies that were to

have been cremated were found on the property of Tri-State Crematory in Walker

County, Georgia.  Class members thereafter filed this action against Tri-State

Crematory, the owners and operators of the crematory, T. Ray Marsh, Brent Marsh

and Clara Marsh, and approximately fifty funeral homes that contracted with Tri-

State for cremations.  The class members allege that the Funeral Home Defendants

"failed to ensure that cremations performed by Tri-State pursuant to contracts with

the Funeral Home Defendants were carried out in accordance with human dignity,

and all applicable laws and regulations."  (Master First Amended Class Action

Complaint, ¶ 3.)  The class members have produced evidence that the Funeral

Home Defendants' conduct failed to meet the standard of care for funeral service

providers.

On March 17, 2003, the Court certified a class consisting of:

- 3 -

> All those who are or were next of kin of any decedents
> delivered for cremation to Defendant Tri-State
> Crematory from the years 1988 to 2002; all persons or
> entities who were parties to any contract with any
> Defendant regarding funeral arrangements for a decedent
> who was delivered for cremation to Defendant Tri-State
> Crematory from 1988 to 2002 whose claim is not barred
> by the applicable statute of limitations; and a subclass
> defined as the next of kin of decedents whose uncremated
> or otherwise desecrated remains have been recovered
> from the property of Defendant Tri-State Crematory or
> the property surrounding Defendant Tri-State.

(Class Certification Order at 106.)  The Court certified four claims for this class

action:  (1) breach of contract; (2) negligence; (3) negligent interference with

remains and mishandling of a corpse; and (4) willful interference with remains and

intentional mishandling of a corpse.  Id. at 104.

On March 1, 2004, the trial in this matter commenced.  On March 11,

2004, the trial in this matter was halted because preliminary settlement agreements

had been reached among all the parties.  In the month prior to trial or, in some

cases during the course of the trial, settlements were reached on behalf of class

members with the Settling Funeral Homes, after extensive negotiations, of which

this Court was kept apprised.

On April 12, 2004 and April 15, 2004, in accordance with Fed. R.

Civ. P. 23(e)(2,) these Settlement Agreements were submitted to the Court for

preliminary approval.  By Orders entered April 12, 2004 and April 16, 2004, the

Court granted preliminary approval of the settlements.  The Court also certified the

- 4 -

following settlement subclasses: the Burt Funeral Home, Inc. Settlement Subclass; the Dean Lay, d/b/a Cumberland Funeral Services, a/k/a Cumberland Funeral Home, Inc. Settlement Subclass; the Erwin Pettit Funeral Home, Inc. Settlement Subclass; the Hardwick & Sons Funeral Home, Inc. Settlement Subclass; the J. Avery Bryan Funeral Home, Inc. Settlement Subclass; the Jeff Eberhart Funeral Home, Inc. Settlement Subclass; the Jesse Jones Funeral Home, Inc. Settlement Subclass; the Layne Funeral Home, Inc. Settlement Subclass; the Peeples Funeral Home, Inc. Settlement Subclass; the R.D. Moore Funeral Home, Inc. Settlement Subclass; the Rogers Funeral Home, Inc. Settlement Subclass; the Ryan Funeral Home, Inc. Settlement Subclass; the SCI Alabama Funeral Services, Inc. Settlement Subclass; the SCI Georgia Funeral Services, Inc. Settlement Subclass; the SCI Tennessee Funeral Services, Inc. Settlement Subclass; the Sequatchie Valley Memorial Funeral Home & Gardens, Inc. Settlement Subclass; the Taylor Funeral Home of Chattanooga, Inc. Settlement Subclass; the Thomas & Sons Funeral Home, Inc. Settlement Subclass; the Vanderwall Funeral Home, Inc. Settlement Subclass; the W.L. Wilson & Sons Funeral Home, Inc. Settlement Subclass; the Wallis-Wilbanks Funeral Home, LLC Settlement Subclass; the Wann Funeral Home, Inc. Settlement Subclass; the Willis Funeral Home, Inc. Settlement Subclass; and the Wingfield Funeral Home, Inc. Settlement Subclass.

These subclasses consist of those who were the next-of-kin of any

- 5 -

decedents delivered to Tri-State Crematory from January 1, 1988 to February 15,

2002 (or, in some cases, some period of time within such period,) by Burt Funeral

Home, Inc.;  Dean Lay, d/b/a Cumberland Funeral Services, a/k/a Cumberland

Funeral Home, Inc.;  Erwin Pettit Funeral Home, Inc.;  Hardwick & Sons Funeral

Home, Inc.;  J. Avery Bryan Funeral Home, Inc.;  Jeff Eberhart Funeral Home,

Inc.;  Jesse Jones Funeral Home, Inc.;  Layne Funeral Home, Inc.;  Peeples Funeral

Home, Inc.;  R.D. Moore Funeral Home, Inc.;  Rogers Funeral Home, Inc.;  Ryan

Funeral Home, Inc.;  SCI Alabama Funeral Services, Inc.;  ~~SCI Georgia Funeral~~

Services, Inc.;  SCI Tennessee Funeral Services, Inc.;  Sequatchie Valley Memorial

Funeral Home & Gardens, Inc.;  Taylor Funeral Home of Chattanooga, Inc.;

Thomas & Sons Funeral Home, Inc.;  Vanderwall Funeral Home, Inc.;  W.L.

Wilson & Sons Funeral Home, Inc.;  Wallis-Wilbanks Funeral Home, LLC;  Wann

Funeral Home, Inc.;  Willis Funeral Home, Inc.;  and/or Wingfield Funeral Home,

Inc., and all persons who were parties to any contract with those funeral homes

regarding funeral arrangements for a decedent who was delivered for cremation to

Tri-State Crematory from January 1, 1988 to February 15, 2002.  The Court also

appointed a Notice Administrator and approved the Notice Plan for notification of

the settlement subclass members.

### B.    The Proposed Settlements

The Burt Funeral Home, Inc. partial settlement agreement preliminarily

approved by the Court provides that eligible claimants will be entitled to the

following payment:

> (1)    For each decedent delivered to Burt and sent to Tri-State
> Crematory for cremation from January 1, 1988 through December 31,
> 1996, the next of kin shall be entitled to a minimum sum of $3,100.
> This figure is based upon a sum of $5,000 minus Class Fees and
> Costs, as approved by the Court, as described in Section IX of this
> Agreement.  If Settlement Subclass Members claim Awards for fewer
> than the three (3) decedents whose claims fall under this subsection,
> the unclaimed Awards shall be divided among the Settlement
> Subclass Members who are the next of kin of the decedents described
> under this subsection.

> (2)    If for any decedent the contract signatory is a different person
> or persons than the next of kin, the contract signatory shall be entitled
> to recover the amount paid under the terms of the contract with Burt
> out of the award described in paragraph 1 above.  The remainder of
> the Award described above shall be paid to the next of kin.

> (3)    In the event there is more than one next of kin of equal
> relationship, the Award shall be divided equally among each next of
> kin in the same degree of kindred to the decedent.

The Dean Lay, d/b/a Cumberland Funeral Services, a/k/a Cumberland

Funeral Home, Inc. partial settlement agreement preliminarily approved by the

Court provides that eligible claimants will be entitled to the following payment:

> (1)    For each decedent delivered to Cumberland and sent to
> Tri-State Crematory for cremation from January 1, 1988 through
> December 31, 1996, the next of kin shall be entitled to a minimum
> sum of $2,170.  This figure is based upon a sum of $3,500 minus
> Class Fees and Costs, as approved by the Court, as described in
> Section IX of this Agreement.  If Settlement Subclass Members claim
> Awards for fewer than the 17 decedents whose claims fall under this
> subsection, the unclaimed Awards shall be divided among the

- 7 -

Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)     For each decedent delivered to Cumberland and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, but whose body has not been recovered from the Tri-State Crematory grounds and identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $21,700. This figure is based upon a sum of $35,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 1 decedent whose claims fall under this subsection, the unclaimed Award shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under subsection (3) of this section.

(3)     For each decedent delivered to Cumberland and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $55,800. This figure is based upon a sum of $90,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 3 decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(4)     If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Cumberland out of the award described in paragraphs 1-3 above. The remainder of the Award described above shall be paid to the next of kin.

(5)     In the event there is more than one next of kin of equal relationship, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.

The Erwin Pettit Funeral Home, Inc. partial settlement agreement

- 8 -

323764.1

preliminarily approved by the Court provides that eligible claimants will be entitled to the following payment:

(1)    For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1988 to December 31, 1996, the next of kin shall be entitled to a minimum sum of $1,462.00.  this figure is based upon a sum of $2,359.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the eighty-nine (89) decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)    For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, the next of kin shall be entitled to a minimum sum of $15,500.00  This figure is based upon a sum of $25,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the forty (40) decedents whose claims fall under this subdivision, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(3)    For Each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified, the next of kin shall be entitled to a minimum sum of $40,300.00.  This figure is based upon a sum of $65,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards of fewer than the sixteen (16) decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(4)    If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled

to recover the amount paid under the terms of the contract with Defendant Funeral homes out of the award described in paragraphs 1-3 above.  The remainder of the Award described above shall be paid to the next of kin.

The Hardwick & Sons Funeral Home, Inc. partial settlement agreement preliminarily approved by the Court provides that eligible claimants will be entitled to the following payment:

(1)    For each decedent delivered to Hardwick and sent to Tri-State Crematory for cremation from January 1, 1988 through December 31, 1996, the next of kin shall be entitled to a minimum sum of $2170. This figure is based upon a sum of $3,500 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the 8 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)    For each decedent delivered to Hardwick and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, the next of kin shall be entitled to a minimum sum of $9,712.92. This figure is based upon a sum of $15,666 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the 3 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(3)    If, for any decedent, the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Hardwick out of the award described in paragraphs 1-2 above.  The remainder of the Award described above shall be paid to the next of kin.

323764.1

(4)     In the event there is more than one next of kin of equal relationship, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.

The J. Avery Bryan Funeral Home, Inc. partial settlement agreement preliminarily approved by the Court provides that eligible claimants will be entitled to the following payment:

(1)     For each decedent delivered to J. Avery Bryan and sent to Tri-State Crematory for cremation from January 1, 1988 through December 31, 1996, the next of kin shall be entitled to a minimum sum of $2,379.06. This figure is based upon a sum of $3,837.20 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 43 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)     For each decedent delivered to J. Avery Bryan and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, but whose body has not been recovered from the Tri-State Crematory grounds and identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $27,900. This figure is based upon a sum of $45,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 21 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(3)     For each decedent delivered to J. Avery Bryan and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $62,000. This figure is based upon a sum of $100,000 minus Class Fees and Costs, as approved by the

- 11 -

Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 7 decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(4)    If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with J. Avery Bryan out of the award described in paragraphs 1-3 above. The remainder of the Award described above shall be paid to the next of kin.

(5)    In the event there is more than one next of kin of equal relationship, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.

The Jeff Eberhart Funeral Home, Inc. partial settlement agreement preliminarily approved by the Court provides that eligible claimants will be entitled to the following payment:

(1)    For each decedent, as set forth in Exhibit "a" delivered to Eberhart and sent to Tri-State Crematory for cremation through December 31, 1996, the next of kin shall be entitled to a minimum sum of $3,100. This figure is based upon a sum of $5,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the three (3) decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)    If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Eberhart out of the award described in paragraph 1 above. The remainder of the Award described above shall be paid to the next of kin.

- 12 -

(3)   In the event there is more than one next of kin of equal relationship, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.

The Jesse Jones Funeral Home, Inc. partial settlement agreement

preliminarily approved by the Court provides that eligible claimants will be

entitled to the following payment:

(1)   For each decedent delivered to Jones and sent to Tri-State Crematory for cremation from January 1, 1988 through December 31, 1996, the next of kin shall be entitled to a minimum sum of $3,100.00. This figure is based upon a sum of $5,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the 16 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)   If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Jones out of the award described in paragraph 1 above.  The remainder of the Award described above shall be paid to the next of kin.

(3)   In the event there is more than one next of kin of equal relationship, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.

The Layne Funeral Home, Inc. partial settlement agreement

preliminarily approved by the Court provides that eligible claimants will be

entitled to the following payment:

(1)   The next of kin of Clifford W. Anderson shall be entitled to $20,460.  This figure is based upon a sum of $33,000 minus Class

- 13 -

Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.

(2)     If the person(s) who contracted with Layne for the cremation of Clifford W. Anderson is not the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Layne out of the award described in paragraph 1 above. The remainder of the Award described above shall be paid to the next of kin.

(3)     In the event there is more than one next of kin of equal relationship to Clifford W. Anderson, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.

The Peeples Funeral Home, Inc. partial settlement agreement

preliminarily approved by the Court provides that eligible claimants will be

entitled to the following payment:

(1)     For each decedent delivered to Peeples and sent to Tri-State Crematory for cremation from January 1, 1988 through December 31, 1996, the next of kin shall be entitled to a minimum sum of $2,728.00. This figure is based upon a sum of $4,400.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the 25 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)     For each decedent delivered to Peeples and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, but whose body has not been recovered from the Tri-State Crematory grounds and identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $31,000.  This figure is based upon a sum of $50,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for

- 14 -

fewer than the 28 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(3)     For each decedent delivered to Peeples and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $62,000. This figure is based upon a sum of $100,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 13 decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(4)     If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Peeples out of the award described in paragraphs 1 - 3 above. The remainder of the Award described above shall be paid to the next of kin.

(5)     In the event there is more than one next of kin of equal relationship, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.

The R.D. Moore Funeral Home, Inc. partial settlement agreement

preliminarily approved by the Court provides that eligible claimants will be

entitled to the following payment:

(1)     For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1988 to December 31, 1996, the next of kin shall be entitled to a minimum sum of $1,462.00. this figure is based upon a sum of $2,359.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim

- 15 -

Awards for fewer than the eighty-nine (89) decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)    For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, the next of kin shall be entitled to a minimum sum of $15,500.00  This figure is based upon a sum of $25,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the forty (40) decedents whose claims fall under this subdivision, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(3)    For Each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified, the next of kin shall be entitled to a minimum sum of $40,300.00.  This figure is based upon a sum of $65,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards of fewer than the sixteen (16) decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(4)    If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Defendant Funeral homes out of the award described in paragraphs 1-3 above.  The remainder of the Award described above shall be paid to the next of kin.

The Rogers Funeral Home, Inc. partial settlement agreement

preliminarily approved by the Court provides that eligible claimants will be

entitled to the following payment:

- 16 -

323764.1

(1)    For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1988 to December 31, 1996, the next of kin shall be entitled to a minimum sum of $1,462.00. this figure is based upon a sum of $2,359.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the eighty-nine (89) decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)    For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, the next of kin shall be entitled to a minimum sum of $15,500.00. This figure is based upon a sum of $25,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the forty (40) decedents whose claims fall under this subdivision, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(3)    For Each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified, the next of kin shall be entitled to a minimum sum of $40,300.00.  This figure is based upon a sum of $65,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards of fewer than the sixteen (16) decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(4)    If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Defendant Funeral homes out of the award described in paragraphs 1-3 above.  The remainder of the Award described above shall be paid to the next of kin.

- 17 -

The Ryan Funeral Home, Inc. partial settlement agreement

preliminarily approved by the Court provides that eligible claimants will be

entitled to the following payment:

(1)     For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1988 to December 31, 1996, the next of kin shall be entitled to a minimum sum of $1,462.00. this figure is based upon a sum of $2,359.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the eighty-nine (89) decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)     For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, the next of kin shall be entitled to a minimum sum of $15,500.00  This figure is based upon a sum of $25,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. if Settlement Subclass Members claim Awards for fewer than the forty (40) decedents whose claims fall under this subdivision, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(3)     For Each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified, the next of kin shall be entitled to a minimum sum of $40,300.00. This figure is based upon a sum of $65,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards of fewer than the sixteen (16) decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

- 18 -

(4)     If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Defendant Funeral homes out of the award described in paragraphs 1-3 above. The remainder of the Award described above shall be paid to the next of kin.

The SCI Alabama Funeral Services, Inc., SCI Georgia Funeral Services, Inc., and SCI Tennessee Funeral Services, Inc. partial settlement agreement preliminarily approved by the Court provides that eligible claimants will be entitled to the following payment:

(1)     For each decedent set forth in Exhibit "A" delivered to SCI Tennessee, SCI Alabama and SCI Georgia and sent to Tri-State Crematory for cremation prior to and including December 31, 1996, the next of kin shall be entitled to a minimum sum of $1614.97 [62% of total]. This figure is based upon a sum of $2604.79 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the one hundred sixty-seven (167) decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)     For each decedent set forth in Exhibit "A" delivered to SCI Tennessee, SCI Alabama or SCI Georgia and sent to Tri-State Crematory for cremation form January 1, 1997 through February 15, 2002, the next of kin shall be entitled to a minimum sum of $21,700.00. This figure is based upon a sum of $35,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the five (5) decedents whose claims fall under this subdivision, the unclaimed Awards shall be divided equally among the settlement Subclass Members who are the next of kin of the decedents described under this subsection.

- 19 -

(3)     For the single decedent, Edna Scruggs, as set forth on Exhibit "A" delivered to SCI Tennessee, SCI Alabama or SCI Georgia and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $55,800.00.  This figure is based upon a sum of $90,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards of fewer than the (1) decedent whose claims would fall under this subsection, the unclaimed Award shall be returned in its entirety, including Class Fees and Costs, to SCI Tennessee, SCI Alabama and SCI Georgia. The unclaimed Award shall not be divided equally among the Settlement Subclass Members.

(4)     If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with SCI Tennessee, SCI Alabama or SCI Georgia out of the award described in paragraph 1 above.  The remainder of the Award described above shall be paid to the next of kin.

(5)     In the event there is more than one next of kin of equal relationship, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.  The amount paid per decedent, and the overall Settlement consideration, shall not be increased no matter how many overall claimants, or claimants of equal degree of kinship, assert a right to collect under this Settlement Agreement.

The Sequatchie Valley Memorial Funeral Home and Gardens, Inc.

partial settlement agreement preliminarily approved by the Court provides that

eligible claimants will be entitled to the following payment:

(1)     For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1988 to December 31, 1996, the next of kin shall be entitled to a minimum sum of $1,462.00.  this figure is based upon a sum of $2,359.00 minus

- 20 -

Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the eighty-nine (89) decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)   For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, the next of kin shall be entitled to a minimum sum of $15,500.00  This figure is based upon a sum of $25,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the forty (40) decedents whose claims fall under this subdivision, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(3)   For Each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified, the next of kin shall be entitled to a minimum sum of $40,300.00.  This figure is based upon a sum of $65,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards of fewer than the sixteen (16) decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(4)   If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Defendant Funeral homes out of the award described in paragraphs 1-3 above.  The remainder of the Award described above shall be paid to the next of kin.

The Taylor Funeral Home of Chattanooga, Inc. partial settlement agreement preliminarily approved by the Court provides that eligible claimants

- 21 -

will be entitled to the following payment:

(1)     For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1988 to December 31, 1996, the next of kin shall be entitled to a minimum sum of $1,462.00.  this figure is based upon a sum of $2,359.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the eighty-nine (89) decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)     For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, the next of kin shall be entitled to a minimum sum of $15,500.00  This figure is based upon a sum of $25,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the forty (40) decedents whose claims fall under this subdivision, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(3)     For Each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified, the next of kin shall be entitled to a minimum sum of $40,300.00.  This figure is based upon a sum of $65,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards of fewer than the sixteen (16) decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(4)     If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Defendant Funeral homes out of the award described in paragraphs 1-

- 22 -

3 above.  The remainder of the Award described above shall be paid to the next of kin.

The Thomas & Sons Funeral Home, Inc. partial settlement agreement preliminarily approved by the Court provides that eligible claimants will be entitled to the following payment:

(1)     For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1988 to December 31, 1996, the next of kin shall be entitled to a minimum sum of $1,462.00.  this figure is based upon a sum of $2,359.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the eighty-nine (89) decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)     For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, the next of kin shall be entitled to a minimum sum of $15,500.00  This figure is based upon a sum of $25,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards for fewer than the forty (40) decedents whose claims fall under this subdivision, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(3)     For Each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified, the next of kin shall be entitled to a minimum sum of $40,300.00.  This figure is based upon a sum of $65,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement.  If Settlement Subclass Members claim Awards of fewer than the sixteen (16) decedents whose claims would fall under this subsection, the unclaimed Awards

shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(4)     If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Defendant Funeral homes out of the award described in paragraphs 1-3 above. The remainder of the Award described above shall be paid to the next of kin.

The Vanderwall Funeral Home, Inc. partial settlement agreement

preliminarily approved by the Court provides that eligible claimants will be

entitled to the following payment:

(1)     For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1988 to December 31, 1996, the next of kin shall be entitled to a minimum sum of $1,462.00. this figure is based upon a sum of $2,359.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the eighty-nine (89) decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)     For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, the next of kin shall be entitled to a minimum sum of $15,500.00  This figure is based upon a sum of $25,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the forty (40) decedents whose claims fall under this subdivision, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(3)     For each decedent delivered to Defendant Funeral Homes and sent to Tri-State Crematory for cremation, the remains of which

- 24 -

decedent have been recovered from the Tri-State Crematory property and positively identified, the next of kin shall be entitled to a minimum sum of $40,300.00. This figure is based upon a sum of $65,000.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards of fewer than the sixteen (16) decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided equally among the Settlement Subclass members who are the next of kin of the decedents described under this subsection.

(4)    If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Defendant Funeral homes out of the award described in paragraphs 1-3 above. The remainder of the Award described above shall be paid to the next of kin.

The Wallis-Wilbanks Funeral Home, LLC partial settlement

agreement preliminarily approved by the Court provides that eligible claimants

will be entitled to the following payment:

(1)    For each decedent delivered to Wallis-Wilbanks and sent to Tri-State Crematory for cremation from July 9, 1993 through December 31, 1996, the next of kin shall be entitled to a minimum sum of $2,170.00. This figure is based upon a sum of $3,500.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 2 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(2)    For each decedent delivered to Wallis-Wilbanks and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, but whose body has not been recovered from the Tri-State Crematory grounds and identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $21,700. This figure is based upon a sum of $35,000 minus Class

- 25 -

Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 22 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(3)     For each decedent delivered to Wallis-Wilbanks and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $55,800. This figure is based upon a sum of $90,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. if Settlement Subclass Members claim Awards for fewer than the 10 decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(4)     If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Wallis-Wilbanks out of the award described in paragraphs 1-3 above. The remainder of the Award described above shall be paid to the next of kin.

(5)     In the event there is more than one next of kin of equal relationship, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.

The Wann Funeral Home, Inc. partial settlement agreement

preliminarily approved by the Court provides that eligible claimants will be

entitled to the following payment:

(1)     For each decedent delivered to Wann and sent to Tri-State Crematory for cremation from January 1, 1988 through December 31, 1996, the next of kin shall be entitled to a minimum sum of $1,957.89. This figure is based upon a sum of $3,157.89 minus Class Fees and

- 26 -

Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 95 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement subclass Members who are the next of kin of the decedents described under this subsection.

(2)   For each decedent delivered to Wann and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, but whose body has not been recovered from the Tri-State Crematory grounds and identified by the Georgia Bureau of Investigation, the Next of Kin shall be entitled to a minimum sum of $6,200. this figure is based upon a sum of $10,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass members claim Awards for fewer than the 66 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(3)   For each decedent delivered to Wann and sent to Tri-State Crematory for cremation, the remains of which decedents have been recovered from the Tri-State Crematory property and positively identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $24,800. This figure is based upon a sum of $40,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 36 decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(4)   The Settlement amounts set forth in 1 and 2 above are based on Class Counsel's best estimate of decedents delivered by Wann to Tri-State Crematory between January 1, 1988 and February 15, 2002. These amounts may be subject to adjustment based upon response to the Class Action Notice.

The W.L. Wilson & Sons Funeral Home, Inc. partial settlement

agreement preliminarily approved by the Court provides that eligible claimants

will be entitled to the following payment:

> (1) For each decedent entrusted to Wilson Funeral Home and delivered to Tri-State Crematory for cremation from January 1, 1998 through December 31, 1996, the next of kin shall be entitled to a minimum sum of $2,015.00. This figure is based upon a sum of $3,250.00 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Class Members claim Awards for fewer than One-Hundred (100) decedents under this subsection, the unclaimed Awards shall be divided equally among the Settlement Class Members who are the next of kin of the decedents described under this subsection.

> (2) If for any decedent the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Wilson out of the award described above. The remainder of the Award described above shall be paid to the next of kin.

> (3) In the event there is more than one next of kin of equal relationship, the Award to the next of kin shall be divided among each next of kin of equal kinship equally.

The Willis Funeral Home, Inc. partial settlement agreement

preliminarily approved by the Court provides that eligible claimants will be

entitled to the following payment:

> (1) For each decedent delivered to Willis and sent to Tri-State Crematory for cremation from January 1, 1988 through December 31, 1996, the next of kin shall be entitled to a minimum sum of $3100. This figure is based upon a sum of $5000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 9 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass

- 28 -

Members who are the next of kin of the decedents described under this subsection.

(2)    For each decedent delivered to Willis and sent to Tri-State Crematory for cremation from January 1, 1997 through February 15, 2002, but whose body has not been recovered from the Tri-State Crematory grounds and identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $31,000. This figure is based upon a sum of $50,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 6 decedents whose claims fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(3)    For each decedent delivered to Willis and sent to Tri-State Crematory for cremation, the remains of which decedent have been recovered from the Tri-State Crematory property and positively identified by the Georgia Bureau of Investigation, the next of kin shall be entitled to a minimum sum of $62,000. This figure is based upon a sum of $100,000 minus Class Fees and Costs, as approved by the Court, as described in Section IX of this Agreement. If Settlement Subclass Members claim Awards for fewer than the 3 decedents whose claims would fall under this subsection, the unclaimed Awards shall be divided among the Settlement Subclass Members who are the next of kin of the decedents described under this subsection.

(4)    If, for any decedent, the contract signatory is a different person or persons than the next of kin, the contract signatory shall be entitled to recover the amount paid under the terms of the contract with Willis out of the award described in paragraphs 1-3 above. The remainder of the Award described above shall be paid to the next of kin.

(5)    In the event there is more than one next of kin of equal relationship, the Award shall be divided equally among each next of kin in the same degree of kindred to the decedent.


The Wingfield Funeral Home, Inc. partial settlement agreement

- 29 -

preliminarily approved by the Court provides that eligible claimants will be

entitled to the following payment:

> (1)    For each decedent delivered to Wingfield and sent to Tri-State
> Crematory for cremation from January 1, 1988 through December 31,
> 1996, the next of kin shall be entitled to a minimum sum of $3,100.
> This figure is based upon a sum of $5,000 minus Class Fees and
> Costs, as approved by the Court, as described in Section IX of this
> Agreement.  If Settlement Subclass Members claim Awards for fewer
> than the three (3) decedents whose claims fall under this subsection,
> the unclaimed Awards shall be divided among the Settlement
> Subclass Members who are the next of kin of the decedents described
> under this subsection.

> (2)    If for any decedent the contract signatory is a different person
> or persons than the next of kin, the contract signatory shall be entitled
> to recover the amount paid under the terms of the contract with
> Wingfield out of the award described in paragraph 1 above.  The
> remainder of the Award described above shall be paid to the next of
> kin.

> (3)    In the event there is more than one next of kin of equal
> relationship, the Award shall be divided equally among each next of
> kin in the same degree of kindred to the decedent.

In return for the respective payments as set forth above to the next of

kin and/or contract signatory, all claims hereunder against Burt Funeral Home,

Inc.;  Dean Lay, d/b/a Cumberland Funeral Services, a/k/a Cumberland Funeral

Home, Inc.;  Erwin Pettit Funeral Home, Inc.;  Hardwick & Sons Funeral Home,

Inc.;  J. Avery Bryan Funeral Home, Inc.;  Jeff Eberhart Funeral Home, Inc.;  Jesse

Jones Funeral Home, Inc.;  Layne Funeral Home, Inc.;  Peeples Funeral Home,

Inc.;  R.D. Moore Funeral Home, Inc.;  Rogers Funeral Home, Inc.;  Ryan Funeral

- 30 -

Home, Inc.;  SCI Alabama Funeral Services, Inc.;  SCI Georgia Funeral Services,

Inc.;  SCI Tennessee Funeral Services, Inc., Sequatchie Valley Memorial Funeral

Home & Gardens, Inc.;  Taylor Funeral Home of Chattanooga, Inc.;  Thomas &

Sons Funeral Home, Inc.;  Vanderwall Funeral Home, Inc.;  W.L. Wilson & Sons

Funeral Home, Inc.;  Wallis-Wilbanks Funeral Home, LLC;  Wann Funeral Home,

Inc.;  Willis Funeral Home, Inc.;  and Wingfield Funeral Home, Inc.;  will be

dismissed from this action and related class actions.

~~Approval of a class action settlement under Rule 23(e) typically~~

involves a three-step process.  In the first step, the Court granted preliminary

approval of the settlements.  The Court's preliminary evaluation of the settlements

determined that they were within the "range of reasonableness," and that a class-

wide notice plan, and a formal fairness hearing, were worthwhile.  See 4 Newberg

on Class Actions § 11.26 (4th ed. 2002); Manual for Complex Litigation, Fourth

["MCL 4d"] § 21.632 (Federal Judicial Center 2004.)

The second step was dissemination of Class Notice.  In accordance

with the Court's Order preliminarily approving settlement, the parties have worked

with the Notice Administrator to implement the Court-approved Notice Plan, and

have employed the best practicable means to disseminate to all class members

notice of the essential terms of settlements, and of the date and time of the final

settlement approval hearing.

- 31 -

323764.1

The third and last step is the final fairness and approval hearing.  At the hearing, class members have an opportunity to comment on the settlements, and class counsel make such presentation as the Court directs regarding the Settlements' fairness, adequacy, and reasonableness.  See MCL 4d § 21.634.  In this case, the Court-approved Notice of Class Action and Proposed Partial Class Action Settlement for the Settling Funeral Homes.  Notices apprised settlement subclass members of the Final Approval Hearing date, time, and place, and specified a class member comment postmark deadline of May 24, 2004.  As of this writing, less than one percent (1%) of those 1261 settlement subclass members have submitted limited objections or comments or have opted out of the settlements.  Accordingly, Plaintiffs respectfully request that this Court consider, and grant, final approval to the Burt Funeral Home, Inc.;  Dean Lay, d/b/a Cumberland Funeral Services, a/k/a Cumberland Funeral Home, Inc.;  Erwin Pettit Funeral Home, Inc.;  Hardwick & Sons Funeral Home, Inc.;  J. Avery Bryan Funeral Home, Inc.;  Jeff Eberhart Funeral Home, Inc.;  Jesse Jones Funeral Home, Inc.;  Layne Funeral Home, Inc.;  Peeples Funeral Home, Inc.;  R.D. Moore Funeral Home, Inc.;  Rogers Funeral Home, Inc.;  Ryan Funeral Home, Inc.;  SCI Alabama Funeral Services, Inc.;  SCI Georgia Funeral Services, Inc.;  SCI Tennessee Funeral Services, Inc.;  Sequatchie Valley Memorial Funeral Home & Gardens, Inc.;  Taylor Funeral Home of Chattanooga, Inc.;  Thomas & Sons

- 32 -

Funeral Home, Inc.;  Vanderwall Funeral Home, Inc.;  W.L. Wilson & Sons

Funeral Home, Inc.;  Wallis-Wilbanks Funeral Home, LLC;  Wann Funeral Home,

Inc.;  Willis Funeral Home, Inc.;  and Wingfield Funeral Home, Inc.;  partial

settlements, pursuant to Fed. R. Civ. P. 23(e) at the June 4, 2004, final approval

hearing.

## II.    STANDARD OF REVIEW

In approving a settlement, the court must determine that "the

settlement is fair, adequate, and reasonable and that there has been no fraud or

collusion between the parties in reaching the settlement." Meyer v. Citizens and

Southern Nat'l Bank, 677 F.Supp. 1196, 1200 (M.D. Ga. 1988) (citing Bennett v.

Behring Corp., 737 F.2d 982 (11th Cir. 1984)).  The determination of fairness is

made on a case-by-case basis. Id.  There is a strong judicial policy and a public

interest favoring settlement. Id. at 1201.  Class counsel respectfully submit that

the proposed settlements merit final approval under the criteria widely utilized by

the federal courts, recommended by the MCL 4d at § 21.634, and now reflected in

Fed. R. Civ. P. 23(e.)

## III.    ANALYSIS

### A.    The Settlements are Fair, Adequate and Reasonable.

Federal courts in this Circuit and elsewhere consider the following

factors in determining whether a settlement is fair, adequate and reasonable:

323764.1

(1) the likelihood of success at trial and the range of possible recoveries;

(2) the terms of the settlement;

(3) the complexity, expense and duration of litigation;

(4) the procedures afforded to notify the class members of the proposed settlement and to allow them to present their views;

(5) the judgment of experienced counsel;

(6) the substance and amount of opposition to the settlement;

(7) the stage of the proceeding at which the settlement was achieved.

Mayer, 677 F.Supp. at 1201 (citations omitted). See also MCL 4th, §21.62. As set forth below, each of these factors favors the final approval of the proposed partial settlements with the Settling Funeral Homes. The likelihood of success and the range of possible recoveries favor approval of the settlements.

In assessing the likelihood of success at trial, the court may not "try the merits of the case in the settlement hearing." Meyer, 677 F.Supp. at 1201. Nor is the court "required to establish the plaintiff's likelihood of prevailing to a certainty." Id. The court should keep in mind that "the trial process is always fraught with uncertainty." In re: Motorsports Merchandise Antitrust Litigation, 112 F.Supp. 2d 1329, 1334 (N.D.Ga. 2000.) The complexity of a case "only adds to the uncertain outcome of the case should it proceed to the trial stage." Id.

While class counsel believe the class members' claims are

- 34 -

meritorious, they recognize that no outcome at trial is without risks.  The risks are

increased in this case in light of the complexity of the case, which is apparent from

the extensive conflicting scientific and expert proof in this case.  There are, for

example, conflicting expert reports regarding the inferences to be drawn from the

condition of the remains found on the Tri-State property; disputes regarding the

standard of care for funeral homes and crematories; the evaluation and valuation of

grief and trauma; and even issues regarding the amount of gas that would have

been required to properly cremate the number of bodies that were sent to Tri-State.

All of these issues, and more, raise questions of disputed facts that would have

been considered by the jury at trial.

The legal issues, as exemplified by the previous round of class

certification pleadings and the pending summary judgment motions, are also

complex.  While plaintiffs respectfully submit that defendants' summary judgment

motions were largely denied, they recognize that settlement approval is not the

proper context in which to argue the outcome of contested factual issues that

precluded summary adjudication.  We note simply that the complexity of the issues

are well-illustrated by the prolixity of the papers.  The briefs alone, in support of

the Funeral Home Defendants' Motions for Summary Judgment, for example, were

each approximately 65 pages, and the class members' Consolidated Response

thereto was 100 pages in length.  The estimated length of the liability phase of the

323764.1

trial, had it continued, was approximately four weeks, in addition to subsequent

individual damages trials.

In light of the complex and disputed issues of fact and law, the

outcome of this case at trial was, despite Plaintiffs' optimism with the course of the

initial days of trial, could only have been characterized as uncertain. Moreover, a

plaintiffs' victory at trial would be followed not by satisfaction of a judgment, but

by the delay of appeal from the judgment, and, in the case of many of the

~~defendants, limited, contested, or nonexistent insurance coverage or scarce assets.~~

These inherent risk factors must be considered in assessing the fairness of the

settlements. Because these settlements provide immediate and substantial relief,

without the cost and risk of completing the trial, likely followed by individual

damages trials, after the delay of appeals, their final approval is warranted.

1. __The terms of the settlements weigh in favor of approval.__

In reviewing the terms of a settlement for fairness, the court should

keep in mind that "compromise is the essence of a settlement . . . [and] inherent in

compromise is a yielding of absolutes and an abandoning of highest hopes.'"

Meyer, 677 F.Supp. at 1207 (quoting Cotton v. Hinton, 559 F.2d 1326, 1331 (5th

Cir. 1977.)) The court should look to the possible range of damages that class

members could recover at trial in conjunction with the likelihood of success. In re:

Motorsports Merchandise, 112 F.Supp.2d at 1334.

- 36 -

The terms of the proposed settlements with the Settling Funeral Homes were set forth in the Partial Settlement Agreements filed with the Court on April 12, 2004 and April 15, 2004.  In its Orders entered April 12, 2004 and April 16 2004, preliminarily approving the partial settlements, the Court found that "the proposed settlement[s] [do] not disclose grounds to doubt [their] fairness or other obvious defects, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys."  Orders at 3.  The terms of the settlements have not changed since the Court's finding, and no other grounds have been propounded that would indicate any unfairness or that approval of the settlement is inappropriate.  Further, these settlement figures were reached after extensive, arms' length negotiations and are the product of consensus of the Plaintiffs' Steering Committee members.  The fact that only two potential subclass members – both of whom had already opted out of the litigation previously -- have excluded themselves from these settlements also demonstrates the reasonableness of the settlements.

> **2.    The complexity, expense and duration of litigation weigh in favor of settlement.**

As discussed above, the settlements guarantee substantial recovery for the subclass members while avoiding the uncertainty and delay of a complex trial and appeals.  The settlements also avoid further substantial expense to the parties and an immediate result.  The "common benefit" expenses incurred by class

- 37 -

counsel thus far exceed $1,100,000.00.  See Memorandum in Support of Class

Counsels' Application for an Award of Attorneys' Fees and Expenses, filed

contemporaneously herewith.  A large portion of these expenses are the result of

preparation for trial and the truncated trial of this case from March 1, 2004 to

March 11, 2004.  The Settling Funeral Homes have incurred substantial fees and

costs as well, which cease upon settlement.

Thus far in the litigation, Class Counsel have dedicated well over

~~19,402 hours to the prosecution of this case.  The number of hours dedicated by~~

class counsel to the case enabled it to move forward at a rapid pace given its size

and complexity, with a trial date set for approximately two years after the

commencement of the litigation.  This rapid pace benefited the class members and

the settlement subclasses, which will have final results without an appeal.

This litigation has now been pending for approximately two years.

The litigation advanced expeditiously, but for the class members, each day can

seem an eternity.  While class counsel believe that the class members' claims are

meritorious, they are also aware that if they were to continue this litigation, and

risk any appeals that would follow a complete and successful trial, it would not be

concluded for a significant period of time.  These delays must be considered in

assessing the fairness of the settlements, which guarantees immediate and

substantial relief without the attendant risks and delays of continued litigation.  For

- 38 -

these reasons alone, the settlements warrant the Court's approval.  In re

Motorsports Merchandise, 112 F.Supp. 2d at 1334.

3.    **The Notice Plan has been implemented in accord with
        Rule 23(c)(2) and this Court's directions.**

In its Orders granting preliminary approval of the settlements, the

Court found that the Notice Plan for the settlement subclasses "satisfy the

requirements of Fed. R. Civ. P. Rule 23 (c)(2) for notice in Rule 23 (b)(3) class

actions." Order entered April 12, 2004 at 3; Order entered April 16, 2004 at 2.

"New" Rule 23 (c)(2)(B) provides that the class members shall be provided "the

best notice practicable under the circumstances, including individual notice to all

members who can be identified through reasonable effort." The contents and style

of notice were designed to meet the "New" Rule 23(c)(2)(B) "plain language"

requirements. In compliance with "New" Rule 23(e)(3), the notice afforded an

opportunity for subclass members to request exclusion.

The Notice Plan, developed by Kinsella-Novak Communications, the

Court-appointed Notice Administrator, one of the leading experts on class action

notices, called for notice of the proposed settlements to be provided by direct mail

to those class members whose names and addresses were derived from the records

of the parties.  See Orders of April 12, 2004 and April 16, 2004, Exhibit "C,"

Notice Plan, 2.

The Notice Plan has been successfully completed.  On April 19, 2004

- 39 -

and April 20, 2004 after investigating whether the addresses provided by counsel

were correct and current, Rust Consulting mailed Class Notices to 5 potential class

members for Burt Funeral Home, Inc.;  32 potential class members for Dean Lay,

d/b/a Cumberland Funeral Services, a/k/a Cumberland Funeral Home, Inc.;  5

potential class members for Erwin Pettit Funeral Home;  14 potential class

members for Hardwick & Sons Funeral Home;  95 potential class members for J.

Avery Bryan Funeral Home;  2 potential class members for Jeff Eberhart Funeral

Home, Inc.;  18 potential class members for Jesse Jones Funeral Home;  1 potential

class member for Layne Funeral Home, Inc.;  113 potential class members for

Peeples Funeral Home, Inc.;  43 potential class members for R.D. Moore Funeral

Home, Inc.;  7 potential class members for Rogers Funeral Home, Inc.;  37

potential class members for Ryan Funeral Home, Inc.;  246 potential class

members for SCI;  32 potential class members for Sequatchie Valley Memorial

Funeral Home and Gardens, Inc.;  61 potential class members for Taylor Funeral

Home of Chattanooga, Inc.;  35 potential class members for Thomas & Sons

Funeral Home, Inc.;  1 potential class member for Vanderwall Funeral Home, Inc.;

153 potential class members for W.L. Wilson Funeral Home, Inc.;  283 potential

class members for Wann Funeral Home, Inc.;  23 potential class members for

Willis Funeral Home, Inc.;  10 potential class members for Wingfield Funeral

Home, Inc.  See Exhibit "A," Ness Affidavit, with attachments; Exhibit "B,"

- 40 -

Kinsella Affidavit.

These facts establish, in accordance with its previous preliminary approval of this settlement, that the notice given was "the best notice that could have been given to the class members and that it was sufficient to permit [entry of] a final judgment binding the Defendant[s] and all members of the plaintiff class." Meyer, 677 F.Supp. at 1209.

### 4. The Judgment of Experienced Counsel Favors Settlement.

The court may rely on the judgment of experienced counsel in determining whether to approve a class settlement.  Meyer, 677 F.Supp. at 1210. In fact, "'absent fraud, collusion or the like, [the court] should be hesitant to substitute its own judgment for that of counsel.'"  Id. (quoting Cotton, 559 F.2d at 1330.)

Counsel for the Settlement Subclass Members and the defendants are competent and experienced in complex litigation, and Lead Counsel, in particular, is experienced in class actions and cases involving the mishandling of remains. Counsel recommend that the Court approve the settlement, as indicated below by their signatures.  Thus, this factor weighs in favor of settlement.

### 5. The lack of opposition to the settlements favors approval of the settlements.

In determining whether a settlement is fair and reasonable, the court should consider the objections raised by class members when considering the

- 41 -

reasonableness of the settlement.  Meyer, 677 F. Supp. at 1210.

The Notice, sent to 1261 Settlement Subclass Members, provided that potential members of the settlement subclasses could exclude themselves from the settlement subclasses or could object to the settlements on or before May 24, 2004. As of this date, only two of the more than 1261 of the potential Settlement Subclass Members, far less than one percent, have excluded themselves, and the two that did exclude themselves had already previously opted out of the litigation.

As of this writing, nine of the 1261 settlement subclass members who were given notice of the settlements have objected.  Accordingly, again less than one percent of the settlement subclass members have objected to the settlements. Four objections filed by the members of the Dean Lay, d/b/a Cumberland Funeral Services, a/k/a Cumberland Funeral Home, Inc. Settlement Subclass, three of which were in regard to one decedent, one objection filed by a member of the J. Avery Bryan Settlement Subclass, one objection filed by a member of the Jesse Jones Funeral Home, Inc. Settlement Subclass, three objections filed by members of the Peeples Funeral Home, Inc. Settlement Subclass, all in regard to one decedent, and one comment filed by a member of the Wallis-Wilbanks Funeral Home, LLC Settlement Subclass, for a total of nine objections and one comment, again reflecting less than one percent of all Settlement Subclass Members.

- 42 -

These objections were primarily made by subclass members whose family members were delivered to Tri-State prior to 1997.  The basis for their objections is that the disparity in settlement amounts between those whose family members were sent to Tri-State before 1997, and those whose family members were sent after 1997, is unfair.  They state that it is arbitrary to chose 1997 as a year in which damages are diminished, and that their suffering is equal to that of all other class members.

Counsel for the class recognize that no amount of monetary compensation will repair the injuries to any of the family members.  The settlement amounts were agreed upon after careful consideration of the proof in this case and the costs, risks and delays of trial.  Those risks are especially great for class members whose family members were sent to Tri-State before 1997.  The 1997 date has been reflected in the allocation of all previously approved settlements.  The disparity in settlement amounts is based on the relative weight of evidence in support of their claims and, in this respect, is reasonable and fair.

6. **The stage of the proceedings at which settlement was achieved favors settlement.**

The settlements in this case were achieved after significant discovery had been completed, and shortly before or, in some cases, after the trial of this matter commenced, giving counsel for the settling parties an opportunity to be fully informed with respect to the issues of the case.

- 43 -

323764.1

**B.**     <u>**The Settlements were Reached Without Collusion.**</u>

       In addition to determining that the settlements are fair and reasonable, the Court must also be satisfied that they were reached as the product of arms' length negations and without collusion. <u>Meyer</u>, 677 F.Supp. at 1200. There is no evidence in the record of collusion between the parties. To the contrary, counsel for the parties kept this Court advised regarding settlement, plaintiffs requested the appointment of a settlement mediator, and the negotiations themselves, while civil, were arduous, exacting, and adversarial. Defense counsel for the Settling Funeral Homes confirm that the negotiations of this settlements were conducted at arms' length and with no collusion. <u>See</u> Collective Exhibit "C," Affidavits of Counsel.

**IV.**     **CONCLUSION**

       For the reasons set forth above, the class members respectfully request that the Court approve the partial settlements with the Burt Funeral Home, Inc.; Dean Lay, d/b/a Cumberland Funeral Services, a/k/a Cumberland Funeral Home, Inc.; Erwin Pettit Funeral Home, Inc.; Hardwick & Sons Funeral Home, Inc.; J. Avery Bryan Funeral Home, Inc.; Jeff Eberhart Funeral Home, Inc.; Jesse Jones Funeral Home, Inc.; Layne Funeral Home, Inc.; Peeples Funeral Home, Inc.; R.D. Moore Funeral Home, Inc.; Rogers Funeral Home, Inc.; Ryan Funeral Home, Inc.; SCI Alabama Funeral Services, Inc.; SCI Georgia Funeral Services Inc.; SCI Tennessee Funeral Services, Inc.; Sequatchie Valley Memorial Funeral

- 44 -

Home & Gardens, Inc.;  Taylor Funeral Home of Chattanooga, Inc.;  Thomas &

Sons Funeral Home, Inc.;  Vanderwall Funeral Home, Inc.;  W.L. Wilson & Sons

Funeral Home, Inc.;  Wallis-Wilbanks Funeral Home, LLC;  Wann Funeral Home,

Inc.;  Willis Funeral Home;  Inc. and Wingfield Funeral Home, Inc. members and

enter a final judgment reflecting that approval.

Respectfully submitted, this 2nd day of
June, 2004

| | |
|---|---|
| McCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP<br>Robert H. Smalley, III<br>P.O. Box 1105<br>Dalton, Georgia 30722<br>Telephone:  (706) 278-4499<br>Facsimile:  (706) 278-5002<br><br>*Plaintiffs'/Respondents' Liaison Counsel* | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>Elizabeth J. Cabraser<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA  94111-3339<br>Telephone:  (415) 956-1000<br>Facsimile:  (415) 956-1008<br><br>*Plaintiffs'/Respondents' Lead Counsel*<br><br>Kathryn E. Barnett<br>Elizabeth A. Alexander<br>3319 West End Avenue, Suite 600<br>Nashville, Tennessee  37203<br>Telephone:  (615) 313-9000<br>Facsimile:  (615) 313-9965q |
| BARRETT LAW OFFICE<br>Don Barrett<br>P.O. Box 987<br>Lexington, Mississippi  39095<br>Telephone:  (662) 834-2376<br>Facsimile:  (662) 834-2628 | DOFFERMYRE, SHIELDS, CANFIELD, KNOWLES & DEVINE<br>Leslie Bryan<br>Suite 1600, 1355 Peachtree Street<br>Atlanta, Georgia  30309<br>Telephone:  (404) 881-8900<br>Facsimile:  (404) 881-3007 |

323764.1

Charles Barrett
Marshall H. Smith, Jr.
3319 West End Avenue, 6th Floor
Nashville, Tennessee  37203
Telephone:  (615) 386-8391
Facsimile:  (615) 386-8392

SIMS, GRADDICK & DODSON, PC
Charles Graddick
Todd Strohmeyer
205 St. Emanuel Street
Mobile, Alabama  36602

SHUMAKER, WITT, GAITHER &
WHITAKER
William G. Colvin
Suite 500, First Tennessee Building
701 Market Street
Chattanooga, Tennessee  37402
Telephone:  (423) 265-2214
Facsimile:  (423) 266-1842

MABRY & McCLELLAND, LLP
Robert M. Darroch
Tenth Floor, 2200
Century Parkway, N.E.
Atlanta, Georgia  30345

THE FLEISSNER FIRM
Phillip A. Fleissner
600 Georgia Avenue
Chattanooga, Tennessee  37402
Telephone:  (423) 756-3591
Facsimile:  (423) 266-5455

DAVID RANDOLPH SMITH &
ASSOCIATES
David Randolph Smith
Hillsboro Village, 1910 Acklen Avenue
Nashville, Tennessee  37212
Telephone:  (615) 742-1775
Facsimile:  (615) 742-1223

COPPEDGE & LEMAN, PC
Joe Leman
508 South Thornton Avenue
Dalton, Georgia  30720
Telephone:  (706) 226-0040
Facsimile:  (706) 226-0040

*Plaintiffs' Steering Committee*

- 46 -

## PROOF OF SERVICE BY MAIL

I hereby certify that a copy of the foregoing was served by postage prepaid United States mail on the _2nd_ day of June, 2004, addressed to those listed below:

_____
Robert H. Smalley, III

J. Anderson Davis, Esq.
Brinson, Askew, Berry, Seigler,
Richardson & Davis, LLP
PO Box 5513
Rome, GA  30162

*Funeral Home Defendants*
*Lead/Liaison Counsel*

Frank E. Jenkins, III
Jenkins & Olson, PC
15 South Public Square
Cartersville, GA 30120

*Marsh Defendants*
*Lead/Liaison Counsel*

323764. 1 -1-



# ATTACHMENTS TO

4:02·W- 41

# DOCKET # 1151

# COULD NOT BE SCANNED BECAUSE OF THE FOLLOWING:

☐ Legal Size Documents
☐ Large Exhibits
☒ Double Sided Documents
☒ Other _Bulky - Not Scanable_

(To be scanned in the place of the above attachments.)