FILED IN CLERK'S OFFICE
U.S.D.C. - Rome

JUN 04 2004

By: _____, Clerk
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

## ORDER AND JUDGMENT OF FINAL APPROVAL OF W.L. WILSON & SONS FUNERAL HOME, INC. SETTLEMENT

On March 17, 2003, this Court certified, for all purposes, a plaintiff

class consisting of, and defined as:

> All those who are or were next of kin of any
> decedents delivered for cremation to Defendant
> Tri-State Crematory from the years 1988 to 2002;
> all persons or entities who were parties to any
> contract with any Defendant regarding funeral
> arrangements for a decedent who was delivered for
> cremation to Defendant Tri-State Crematory from
> 1988 to 2002 whose claim is not barred by the
> applicable statute of limitations; and a subclass
> defined as the next of kin of decedents whose
> uncremated or otherwise desecrated remains have
> been recovered from the property of Defendant
> Tri-State Crematory or the property surrounding
> Defendant Tri-State.

(Class Certification Order at 106.)

On April 15, 2004, this Court entered its Order Granting Preliminary

Approval of Partial Settlement with W.L. Wilson & Sons Funeral Home,

Inc. and Approving and Directing Notice Thereof.

325011.1

1153

For the sole purpose of conducting the settlement approval process contemplated under Fed. R. Civ. P. 23(e), this Court designated a settlement subclass of the previously certified class, W.L. Wilson & Sons Funeral Home, Inc. subclass defined as:

> All those who are or were next of kin of any decedents delivered to W.L. Wilson & Sons Funeral Home, Inc. for cremation and sent to Defendant Tri-State Crematory from January 1, 1988 to February 15, 2002; and
>
> All persons or entities who were parties to any contract with W.L. Wilson & Sons Funeral Home, Inc. for funeral arrangements for any decedent who was delivered for cremation to Defendant Tri-State Crematory from January 1, 1988 to February 15, 2002.

The law firms of McCamy, Phillips, Tuggle & Fordham, LLP; Lieff, Cabraser, Heimann & Bernstein, LLP; Shumaker, Witt, Gaither & Whitaker P.C.; Law Offices of David Randolph Smith; Fleissner & Associates; Coppedge & Leman, P.C.; Doffermyre, Shields, Canfield, Knowles & Devine; Mabry & McClelland, LLP; Barrett Law Office; and Sims, Graddick & Dodson P.C., having previously been appointed to serve as Class Counsel in this action, were appointed to serve as Settlement Class Counsel.

Kathy Kinsella, of Kinsella Novak Communications, Washington, D.C., was appointed to serve as Notice Administrator, and Rust Consulting,

- 2 -

Inc. was appointed to serve as Claims Administrator for the W.L. Wilson & Sons Funeral Home, Inc. Settlement Subclass.

Forms of "Notice of Class Action and Proposed Partial Class Action Settlement" were approved for dissemination, as specified in the approved Class Notice Plan, commencing April 19, 2004. Settlement Class Members were allowed to exclude themselves from the Class ("opt out") by submitting their exclusion requests, in the manner specified in the Class Action Notice, not later than the postmarked date of May 24, 2004.

This Court has conducted a Final Approval Hearing on June 4, 2004, at the United States District Court for the Northern District of Georgia, in Rome, Georgia, to hear from the settling parties and any W.L. Wilson & Sons Funeral Home, Inc. Settlement Subclass member who wished to be heard, and to determine whether the proposed settlement should be granted final approval.

The Court has reviewed and considered the reports and presentations of the Notice Administrator, Claims Administrator, and Class Counsel, as submitted in writing, and as made at the Final Approval Hearing, has noted that no members of the W.L. Wilson & Sons Funeral Home, Inc. Settlement Subclass have timely excluded themselves, and that no members have submitted written objection to any aspect of the proposed settlement, and

- 3 -

hereby finds and orders as follows:

1.     Notice has been given as directed by this Court, and such notice complies, in form and content, with all applicable requirements of Fed. R. Civ. P. 23(c)(2) and 23(e).  Specifically, this Court finds that the notice provided in connection with the W.L. Wilson & Sons Funeral Home, Inc. settlement approval process constitutes "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B.)

2.     The certification of the W.L. Wilson & Sons Funeral Home, Inc. Settlement Subclass is hereby confirmed, for purposes of the approval, implementation, and enforcement of the W.L. Wilson & Sons Funeral Home, Inc. settlement.  The designations and appointments of subclass representatives and Settlement Class Counsel set forth herein are hereby also confirmed for purposes of implementation and enforcement of the Settlement Agreement.

3.     The W.L. Wilson & Sons Funeral Home, Inc. settlement is hereby granted final approval, and the Court directs and orders the parties to effectuate its terms, in all respects, for the benefit of the members of the W.L. Wilson & Sons Funeral Home, Inc. Settlement Subclass and the settling parties.

4.     The Court hereby finds that the W.L. Wilson & Sons Funeral Home, Inc. settlement is fair, reasonable, and adequate, within the

325011.1

meaning of Fed. R. Civ. P. 23(e)(1)(C,) and that it is in the best interests of the settling parties.

       5.     This Order and Judgment constitutes the final approval of the W.L. Wilson & Sons Funeral Home, Inc. settlement pursuant to the provisions of Fed. R. Civ. P. 23(e.)

       6.     The persons included in the foregoing W.L. Wilson & Sons Funeral Home, Inc. Settlement Subclass definition who have not timely requested exclusion therefrom, are found to be members of the W.L. Wilson & Sons Funeral Home, Inc. Settlement Subclass for purposes of this Order and the settlement it approves and implements, and are hereby bound by this Judgment, pursuant to the provisions of Fed. R. Civ. P. 23(b)(3,) 23(c)(3,) and 23(e.)

       7.     Without affecting the finality of this Order and Judgment, this Court retains continuing and exclusive jurisdiction over the W.L. Wilson & Sons Funeral Home, Inc. Settlement Agreement, the parties thereto, and the members of the W.L. Wilson & Sons Funeral Home, Inc. Settlement Subclass, as defined above, for purposes of implementation, administration, interpretation, and enforcement of said Settlement. Plaintiffs' Lead and Liaison Counsel are hereby directed to proceed with the implementation of said Settlement, pursuant to its terms, and to seek such further Orders and directions from this Court as may be necessary and appropriate in so doing.

325011.1

8.     In consideration of ongoing performance and satisfaction of the terms and conditions of W.L. Wilson & Sons Funeral Home, Inc. Settlement Agreement, the W.L. Wilson & Sons Funeral Home, Inc. Defendants are hereby dismissed from these proceedings with prejudice, and shall be, and hereby are, released from the claims of the W.L. Wilson & Sons Funeral Home, Inc. Settlement Subclass as set forth in the Settlement Agreement.

IT IS SO ORDERED, the ___4___ day of June, 2004.

Honorable Harold L. Murphy
UNITED STATES DISTRICT JUDGE

325011.1