FILED IN CLERK'S OFFICE
U.S.D.C. Rome

JUN 04 2004

LUTHER D. THOMAS
By: /s/ Jackson
Dep. Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

# ORDER AWARDING FEES AND COSTS TO CLASS COUNSEL PURSUANT TO THE HARDWICK & SONS FUNERAL HOME, INC. SETTLEMENT

The Settlement Agreement with Hardwick & Sons Funeral Home, Inc., to which this Court has granted final approval, makes provision for the award of attorneys' fees and reimbursement of costs to Class Counsel. In addition, many settlement class members have, at an earlier stage of this litigation, entered into private contingent fee agreements with their own attorneys, including but not limited to Class Counsel. This Court also previously entered, on October 30, 2003, its <u>Order Establishing Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for Common Benefit</u>. It is this Court's prerogative and responsibility to evaluate, assess, and award fees and costs out of the common funds created by any and all judgments and settlements herein, including the $75,000.00 fund created by the Hardwick & Sons Funeral Home, Inc. settlement, in recognition of services performed and expenses incurred for the common benefit in connection therewith.

Section IX of the <u>Settlement Agreement</u> with Hardwick & Sons Funeral Home, Inc. provided that:

A.  Class Counsel shall seek Court approval of an award of attorneys' fees of up to 33 percent ($24,750.00) of the gross amount paid in settlement of the Class Members' claims by Hardwick & Sons Funeral Home, Inc., pursuant to the Agreement.

B.  Class Counsel shall seek approval to withhold up to five percent ($3,750.00) of the gross amount paid in settlement of the Hardwick Class Members' claims to reimburse Class Counsel for reasonable and necessary expenses incurred for the common benefit of the Class. If at the conclusion of this Action, Class Counsel has withheld more funds in costs from Awards than has been reasonably and necessarily incurred for the benefit of the Class, all additional funds shall be returned to the Class on a pro-rata basis, if it is practicable and cost-effective to do so.

C.  Counsel who entered into written attorney representation/contingent fee agreements with individual members of the Settlement Class prior to March 17, 2003 ("private fee agreements") shall be entitled to a reasonable fee, presumptively at 33% in accordance with prevailing practice, from the Court Award of attorneys' fees to Class Counsel, upon application to Lead and Liaison Class Counsel, of the amounts specified in private fee agreements unless they would constitute unreasonable fees under the prevailing practice and the circumstances of this Action, with any disagreement regarding payment to be decided by the Court. Fees to be paid under private fee agreements shall be calculated upon the amount of

325057.1

the Settlement Class Member Award, less five percent of the Award.

Class Counsel have requested award of attorneys' fees in the amount of 33%, and for reimbursement of costs in the amount of 5%, of the settlement proceeds. Because the Settlement Agreement provides that private contingent fee contracts entered into with settlement class members prior to class certification will be honored, because these contracts typically provide for payment of fees in the range of 33-1/3%, a Class Counsel fee award in the similar amount of 33% will avoid inequity to the beneficiaries of the fund, will honor private fee agreements, and will provide a reasonable fee to Class Counsel.

This Court has considered the application for award of fees and reimbursement of costs under the rationale, factors, and criteria set forth for its determination by the Eleventh Circuit in Camden I Condominium Ass'n v. Dunkle, 946 F.2d 768 (11th Cir. 1991). Accordingly, this Court has evaluated the request under the "percentage of recovery" methodology prescribed in Camden as informed by the following factors, also listed in Camden, to the extent considered applicable by this Court: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount

325057.1

involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Camden, 946 F.2d at 772, n.3, (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)); see also Manual for Complex Litigation, Fourth (Federal Judicial Center, 2004) §§ 14.121, 21.71. This Court finds as follows:

The Tri-State litigation presents a unique fact pattern, and novel and difficult legal issues, requiring services by attorneys of experience and skill. Class Counsel undertook to represent the class on an entirely contingent basis, and have expended a substantial amount of time in the prosecution and protection of class interests, including the negotiation and approval of the instant settlements. This case has disturbing and undesirable aspects, and has proceeded expeditiously, requiring Class Counsel to make this litigation a priority. This Court finds that they have served with skill and competence and have achieved excellent results for class members, including settlements the Court has found to be fair, adequate, and reasonable. They have maintained personal and professional relationships with their clients, the class and subclass members, that are solicitous of these clients' needs and interests under the difficult circumstances of this case. The award

requested is commensurate with percentage attorneys' fees in settlements of similar magnitude.

This Court also notes that there have been no objections to the fees request, that Class Counsel have advanced a substantial amount in out-of-pocket costs to prosecute this case intensively and expeditiously, and that the unusual circumstances of this case have placed demands upon counsel that may be considered to be out of the ordinary. Accordingly, based upon all of these considerations, the Court hereby approves Class Counsel's fees and costs application, and hereby **ORDERS** as follows:

 1. Class Counsel are hereby awarded attorneys' fees in the amount of 33% ($24,750.00) of the Hardwick & Sons Funeral Home, Inc. settlement fund.

 2. Class Counsel are hereby awarded costs in the amount of 5% ($3,750.00) of the Hardwick & Sons Funeral Home, Inc. settlement fund.

 3. Plaintiffs' Lead Counsel and Plaintiffs' Liaison Counsel are hereby Authorized, Ordered, and Directed to allocate and distribute the foregoing fees and costs awards among Class Counsel, based upon relative contribution to the common benefit; and to eligible counsel pursuant to the provisions of Section IX of the Hardwick & Sons Funeral Home, Inc. Settlement Agreement.

325057.1

This Court will decide any disagreement regarding allocation and payment of fees and costs.

**IT IS SO ORDERED** this ___4th___ day of June, 2004.

_____
Honorable Harold L. Murphy
UNITED STATES DISTRICT JUDGE

325057.1