

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

## ORDER AND JUDGMENT OF FINAL APPROVAL OF SCI ALABAMA FUNERAL SERVICES, INC., SCI GEORGIA FUNERAL SERVICES, INC. AND SCI TENNESSEE FUNERAL SERVICES, INC. SETTLEMENTS

On March 17, 2003, this Court certified, for all purposes, a plaintiff

class consisting of, and defined as:

> All those who are or were next of kin of any
> decedents delivered for cremation to Defendant
> Tri-State Crematory from the years 1988 to 2002;
> all persons or entities who were parties to any
> contract with any Defendant regarding funeral
> arrangements for a decedent who was delivered for
> cremation to Defendant Tri-State Crematory from
> 1988 to 2002 whose claim is not barred by the
> applicable statute of limitations; and a subclass
> defined as the next of kin of decedents whose
> uncremated or otherwise desecrated remains have
> been recovered from the property of Defendant
> Tri-State Crematory or the property surrounding
> Defendant Tri-State.

(Class Certification Order at 106.)

On April 12, 2004, this Court entered its Order Granting Preliminary

Approval of Partial Settlements with SCI Alabama Funeral Services, Inc.,

SCI Georgia Funeral Services, Inc., and SCI Tennessee Funeral Services,

- 1 -

325005.1

*1/88*

Inc. and Approving and Directing Notice Thereof.

For the sole purpose of conducting the settlement approval process

contemplated under Fed. R. Civ. P. 23(e,) this Court designated a settlement

subclasss of the previously certified class, the SCI Alabama Funeral

Services, Inc., SCI Georgia Funeral Services, Inc., and SCI Tennessee

Funeral Services, Inc. subclass, defined as:

> All those who are or were next of kin of any
> decedents delivered to SCI Tennessee, SCI
> Alabama, or SCI Georgia for cremation and sent to
> Defendant Tri-State Crematory from January 1,
> 1988 to February 15, 2002; and
>
> All persons or entities who were parties to any
> contract with SCI Tennessee, SCI Alabama,  or
> SCI Georgia regarding funeral arrangements for
> any decedent who was sent for cremation to
> Defendant Tri-State Crematory from January 1,
> 1988 to February 15, 2002, subject to the
> applicable statutes of limitation.

The law firms of McCamy, Phillips, Tuggle & Fordham, LLP; Lieff,

Cabraser, Heimann & Bernstein, LLP; Shumaker, Witt, Gaither & Whitaker

P.C.; Law Offices of David Randolph Smith; Fleissner & Associates;

Coppedge & Leman, P.C.; Doffermyre, Shields, Canfield, Knowles &

Devine; Mabry & McClelland, LLP; Barrett Law Office; and Sims,

Graddick & Dodson P.C., having previously been appointed to serve as

Class Counsel in this action, were appointed to serve as Settlement Class

Counsel.

Kathy Kinsella, of Kinsella Novak Communications, Washington, D.C., was appointed to serve as Notice Administrator, and Rust Consulting, Inc. was appointed to serve as Claims Administrator for the SCI Alabama Funeral Services, Inc. Settlement Subclass, the SCI Georgia Funeral Services, Inc. Settlement Subclass, and the SCI Tennessee Funeral Settlement Subclass.

Forms of "Notice of Class Action and Proposed Partial Class Action Settlement" were approved for dissemination, as specified in the approved Class Notice Plan, commencing April 19, 2004. Settlement Class Members were allowed to exclude themselves from the Class ("opt out") by submitting their exclusion requests, in the manner specified in the Class Action Notice, not later than the postmarked date of May 25, 2004.

This Court has conducted a Final Approval Hearing on June 4, 2004, at the United States District Court for the Northern District of Georgia, in Rome, Georgia, to hear from the settling parties and any member of the SCI Alabama Funeral Services Inc. Settlement Subclass, the SCI Georgia Funeral Services, Inc. Settlement Subclass, or the SCI Tennessee Funeral Services, Inc. Settlement Subclass who wished to be heard, and to determine whether the proposed settlement should be granted final approval.

- 3 -

325005.1

The Court has reviewed and considered the reports and presentations of the Notice Administrator, Claims Administrator, and Class Counsel, as submitted in writing, and as made at the Final Approval Hearing, has noted that no members of the SCI Alabama Funeral Services, Inc. Settlement Subclass or the SCI Georgia Funeral Services, Inc. Settlement Subclass has timely excluded himself or herself, that one member of the SCI Tennessee Settlement Subclass has excluded herself (and had previously excluded herself from this litigation class in November, 2003,) and that no members of the SCI Alabama Funeral Services, Inc. Settlement Subclass, the SCI Georgia Funeral Services, Inc. Settlement Subclass or the SCI Tennessee Funeral Services, Inc. Settlement Subclass has submitted written objection to any aspect of the proposed settlement, and hereby finds and orders as follows:

1.    Notice has been given as directed by this Court, and such notice complies, in form and content, with all applicable requirements of Fed. R. Civ. P. 23(c)(2) and 23(e.)  Specifically, this Court finds that the notice provided in connection with the SCI Alabama Funeral Services, Inc., SCI Georgia Funeral Services, Inc. and SCI Tennessee Funeral Services, Inc. settlement approval process constitutes "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B.)

325005.1

2.      The certification of the SCI Alabama Funeral Services, Inc., SCI Georgia Funeral Services, Inc. and SCI Tennessee Funeral Services, Inc. Settlement Subclasses are hereby confirmed, for purposes of the approval, implementation, and enforcement of the SCI Alabama Funeral Services, Inc., SCI Georgia Funeral Services, Inc. and SCI Tennessee Funeral Services, Inc. settlements.  The designations and appointments of subclass representatives and Settlement Class Counsel set forth herein are hereby also confirmed for purposes of implementation and enforcement of the Settlement Agreement.

3.      The SCI Alabama Funeral Services, Inc., SCI Georgia Funeral Services, Inc., and SCI Tennessee Funeral Services, Inc. settlements are hereby granted final approval, and the Court directs and orders the parties to effectuate its terms, in all respects, for the benefit of the members of the SCI Alabama Funeral Services, Inc. Settlement Subclass, the SCI Georgia Funeral Services, Inc. Settlement Subclass and the SCI Tennessee Funeral Services, Inc. Settlement Subclass and the settling parties.

4.      The Court hereby finds that the SCI Georgia Funeral Services, Inc. settlement, the SCI Alabama Funeral Services, Inc. settlement, and the SCI Tennessee Funeral Services, Inc. settlements are fair, reasonable, and adequate, within the meaning of Fed. R. Civ. P. 23(e)(1)(C,) and that it is in the best interests of the settling parties.

5.      This Order and Judgment constitutes the final approval of the SCI Alabama Funeral Services, Inc. settlement, the SCI Georgia Funeral Services, Inc. settlement and the SCI Tennessee Funeral Services, Inc. settlement pursuant to the provisions of Fed. R. Civ. P. 23(e.)

6.      The persons included in the foregoing SCI Alabama Funeral Services, Inc. Settlement Subclass definition, the SCI Georgia

325005.1

Funeral Services, Inc. Settlement Subclass definition and the SCI Tennessee Funeral Services, Inc. Settlement Subclass definition who have not timely requested exclusion therefrom, are found to be members of the SCI Alabama Funeral Services, Inc. Settlement Subclass, the SCI Georgia Funeral Services, Inc. Settlement Subclass or the SCI Tennessee Funeral Services, Inc. Settlement Subclass for purposes of this Order and the settlement it approves and implements, and are hereby bound by this Judgment, pursuant to the provisions of Fed. R. Civ. P. 23(b)(3,) 23(c)(3,) and 23(e.)

7.     Without affecting the finality of this Order and Judgment, this Court retains continuing and exclusive jurisdiction over the SCI Alabama Funeral Services, Inc., Settlement Agreement, the SCI Georgia Funeral Services, Inc. Settlement Agreement and the SCI Tennessee Funeral Services, Inc. Settlement Agreement, the parties thereto, and the members of the SCI Alabama Funeral Services, Inc. Settlement Subclass, the SCI Georgia Funeral Services, Inc. Settlement Subclass, and the SCI Tennessee Funeral Services, Inc. Settlement Subclass, as defined above, for purposes of implementation, administration, interpretation, and enforcement of said Settlements.  Plaintiffs' Lead and Liaison Counsel are hereby directed to proceed with the implementation of said Settlements, pursuant to their terms, and to seek such further Orders and directions from this Court as may be necessary and appropriate in so doing.

8.     In consideration of ongoing performance and satisfaction of the terms and conditions of SCI Alabama Funeral Services, Inc., SCI Georgia Funeral Services, Inc. and SCI Tennessee Funeral Services, Inc. Settlement Agreement, the SCI Alabama Funeral Services, Inc. Defendants, the SCI Georgia Funeral Services, Inc. Defendants and the SCI Tennessee Funeral Services, Inc. Defendants are hereby dismissed from these

- 6 -

proceedings with prejudice, and shall be, and hereby are, released from the claims of the SCI Alabama Funeral Services, Inc. Settlement Subclass, the SCI Georgia Funeral Services, Inc. Settlement Subclass and the and SCI Tennessee Funeral Services, Inc. Settlement Subclass as set forth in the Settlement Agreement.

IT IS SO ORDERED, the _____ day of June, 2004.

Honorable Harold L. Murphy
UNITED STATES DISTRICT JUDGE

325005.1