FILED IN CLERK'S OFFICE
U.S.D.C. - Rome

OCT 14 2004

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: TRI-STATE CREMATORY LITIGATION | MDL DOCKET NO. 1467 |
| This Affidavit relates ONLY to the Funeral Home Settlements. | |

### AFFIDAVIT OF KIMBERLY K. NESS WITH RESPECT TO UNPAID CLAIMS

STATE OF MINNESOTA  }
                    } ss.:
COUNTY OF RICE      }

Kimberly K. Ness, being duly sworn, deposes and says:

1. I am a Senior Project Administrator for Rust Consulting, Inc. ("Rust Consulting"). My business address is 201 South Lyndale Avenue, Faribault, Minnesota 55021. My telephone number is (507) 333-4567. I am over twenty-one years of age and authorized to make this declaration on behalf of Rust Consulting, Inc. and myself.

2. Rust Consulting specializes in class action notification and claims administration, including telephone support and direct mail services. Rust Consulting has provided claims administration services for class action settlements containing up to 7 million class members in cases involving insurance, securities, product liability, fraud, property, employment and civil rights.

3. Rust Consulting was engaged to provide claims processing services in the Partial Settlements of several funeral homes involved the Tri-State Crematory Litigation. Duties include: a) data entry of claims; b) review of claims for validity; c) mailing release

and W-9 forms; and d) making payments for valid claims.

4. Lieff, Cabraser, Heimann & Bernstein, LLP ("Plaintiffs' Lead Counsel") provided Rust Consulting with claim forms from persons identified as potential class members in the funeral home settlements.

5. Rust Consulting processed the claim forms by completing the data capture and initial review of the forms. Calculations were made according to the settlement agreement, in consultation with Plaintiffs' Lead Counsel. Rust Consulting made the initial calculations, and then forwarded the information to Plaintiffs' Lead Counsel for review.

6. Upon approval of the calculations, Rust Consulting mailed Confirmation letters to the claimants. Confirmation letters included an Affidavit, Indemnity & Release form, as well as a substitute W-9 form.

7. Claimants were instructed in the Confirmation letter to return the completed forms to Rust Consulting and included a fax number for response, as well as a mailing address.

8. Once the completed confirmations were received from all claimants per decedent, payments were prepared and mailed for the claimants with regard to that decedent.

9. Linda L Hamil and Joann Burcham submitted claim forms with regard to decedent Reed Moran Jr. in the Buckner-Rush Funeral Home Settlement. Confirmation letters were mailed to each of them on January 16, 2004. Ms. Hamil returned her Confirmation letter on January 23, 2004, and Ms. Burcham's was returned on January 21, 2004. On the returned Confirmation letter, Ms. Hamil disputed the claim of Ms.

Burcham, based on her next-of-kin status. Ms. Burcham's attorney was asked to provide a birth certificate, or adoption papers proving her relationship with the decedent on or around March 3, 2004 by Plaintiffs' Lead Counsel. Rust Consulting has not received the necessary documents to consider the claim for Ms. Burcham complete, and therefore, the claim continues to be held.

10. Carleton Andrew Chase McLain, submitted a claim form completed by Judy King, his legal guardian, with regard to decedent Tony McLain in the Buckner-Rush Funeral Home Settlement. A Confirmation letter was mailed to Carleton Andrew Chase Mclain on January 16, 2004. Mr. McLain, who is entitled to the claim as the child and first next-of-kin of the decedent, is a minor. On June 1, 2004, a letter was sent to the claimant's attorney, James Logan, indicating that payment would not be made on Mr. McLain's claim until a copy of a Tennessee Court Approval of a minor settlement was obtained. No response has been received, and therefore the claim continues to be held.

11. Amy Ward and Chad Little submitted claim forms with regard to decedent Marvin Ward in the Franklin-Strickland Funeral Home Settlement. A Confirmation letter was mailed to Chad Little on April 15, 2004, and was returned on April 26, 2004. Donald Strickland, Esq., on May 5, 2004, submitted a letter to Rust Consulting, Inc. declaring that, due to notice from Amy Ward's Counsel, we would be ill advised to disburse funds to Chad Little, since we had no proof of parentage. Further, that Chad Little was, at the time, incarcerated, and did not sign the claim form or affidavit that was allegedly submitted on his behalf by Sylvia Little-Scott. Additional documents provided for this claim are attached as Exhibit I. Rust Consulting continues to hold the claim.

12. Carl Keener submitted a claim form with regard to decedent Ann M. Keener in the Ewton Funeral Home Settlement. The decedent's son, Terry Martin contacted Plaintiffs' Lead Counsel to dispute Mr. Keener's claim based on a concern that the claimant may not have actually been married to the decedent. A letter was sent to Mr. Keener to request that he provide proof of marriage and on September 21, 2004, an original Marriage Certificate was received. The claim for Mr. Keener was validated and a copy of the Marriage Certificate was forwarded to Mr. Martin. Mr. Martin has again contacted Plaintiffs' Lead Counsel to dispute Mr. Keener's claim. A copy of the Marriage Certificate is attached as Exhibit II. Rust Consulting continues to hold the claim.

I declare, under penalty of perjury, under the laws of the State of Minnesota, that the foregoing is true and correct to the best of my knowledge. Executed this 5th day of October 2004, in Faribault, Minnesota.

_Kimberly K. Ness_
Kimberly K. Ness

Sworn and subscribed to before
me this 5th day of October, 2004.

_Virginia L. Sartor_
Notary Public



VIRGINIA L. SARTOR
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2005

4

IN THE COMMON PLEAS COURT OF MAHONING COUNTY, OHIO

JUVENILE COURT

Sylvia J. Little
and
Chad Little

COMPLAINANT

VS.

Marvin Ward

DEFENDANT

JUDGEMENT ENTRY

CASE NO. _____

## THE PROCEEDINGS

This cause was heard on the __10th__ day of __December__ 19__84__. Present were the Mahoning County Welfare Department.

## FINDINGS OF FACT

It is now found that both Complainant and Defendant, having waived their right to be served with summons and having waived a court appearance, have come to an agreement as to the amount of child support. It is further found that Defendant, __Marvin Ward__ _____ has admitted being the father of __Chad Little__ born __9-7-84__.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the person and subject matter of this cause under the provisions of O.R.C. 2151.23 (B) (2).

2. The Court's dispositionary authority is provided in O.R.C. 2151. and 3111.01 through .24.

Sylvia J. Little
_____
            PLAINTIFF

       VS

Marvin Ward
_____
            DEFENDANT

## AFFIDAVIT

I _____Marvin Ward_____, do hereby acknowledge that I am the father of the following minor child(ren).

Chad Little _____, D.O.B. ___9-7-84___

_____, D.O.B. _____

_____, D.O.B. _____

_____, D.O.B. _____

_____, D.O.B. _____


DATED ___December 10, 1984___             _____Marvin J. Ward_____
                                                  DEFENDANT


WITNESSED:
_____Vivian Morgan_____


* * * * *

Sworn to and subscribed before me, a Notary Public, County of Mahoning, State of Ohio, this __10th__ day of __December__, 19 __84__.

_____Marietta Graham_____
NOTARY PUBLIC

MARIETTA GRAHAM, Notary Public
State of Ohio
My Commission Expires Nov. 25, 1988

COMMISSION DATE

```
                                    )   CASE NO. _____
                                    )
                                    )
                                    )
        VS.                         )
                                    )
                                    )
                                    )
                                    )
        Marvin Ward                 )
                                    )
```

## WAIVER OF SERVICE OF SUMMONS

Now comes the _____Marvin Ward_____, and hereby
                            Defendant

voluntarily waives Service of Summons in the above-styled cause pursuant to Ohio Civil Rule

4 (D) and further, by signing this Waiver, states that he is at least eighteen (18) years of

age, not under any legal disability and has received a copy of the Complaint to Establish the

Father-Child Relationship filed herein.

_____*[signature: Marvin J. Ward]*_____
DEFENDANT

## ANSWER

Now comes the _____Marvin Ward_____, and for his
                            Defendant

Answer to the Complaint to Establish the Father-Child Relationship, receipt of which he
hereby acknowledges, says that he has read the allegations contained in said Complaint
and that he understands same, that he understands that he could be represented by an attor-
ney but elects to represent himself, that he hereby admits that all the allegations of said
Complaint are true and that he is the father of the minor child/children to wit: _____

_____Chad Little_____

_____*[signature: Marvin J. Ward]*_____
DEFENDANT

MCWD IV-D

# ORDER

IT IS HEREBY ORDERED THAT:

__Marvin Ward__, the putative father of the illegitimate child, born __9-7-84__ pay the sum of $ __100.00__ per __child__ for the support of said child to __Sylvia J. Little__, mother of the said illegitimate child, through the Bureau of Support of Mahoning County, Ohio in equal __monthly__ installments of $ __100.00 plus 2% poundage__ each, the first of which is due and payable on the __upon employment__ day of _____, 19___ and subsequent payments will be due and payable on the _____ and __1st__ day of each calendar month thereafter and continuing until the filing of an order of support for said child by any other Court of this State having jurisdiction so to do, or until further order of this Court, or until said child reaches the age of majority It is further ordered that Defendant pay all medical expenses incurred by complainant as a result of her pregnancy and eventual delivery of the illegitimate child and that said payments be made directly to the doctor and hospital which rendered the service.

The foregoing are now ordered by the Court this __10th__ day of __December__, 19__84__.

APPROVED:

_Marvin J Ward_
_Sylvia Little_

_____
JUDGE

Sylvia J. Little )
and )
Chad Little )
)
COMPLAINANT )
)
VS )       SUPPLEMENT JUDGEMENT ENTRY
)       CASE NO.
Marvin Ward )
)
DEFENDANT )
)
)

IT IS FURTHER ORDERED THAT: the Department of Health, Division of Vital Statistics, Ohio Departments Building, Room G2, 65 South Front Street, Columbus, Ohio 43215, issue a birth certificate to reflect the establishment of the father-child relationship.

The Court finds that the Defendant is unemployed and without sufficient income to make support payments. Consequently all support payments are suspended until the Defendant is employed or acquires a source of income at which time the Defendant is ordered to report, in writing, within ten (10) days of said event to the Mahoning County Welfare Department, IV-D Child Support Unit, 234 Federal Plaza West, Youngstown, Ohio 44503-1261 (PH: 747-2051).

The foregoing are now ordered by the Court this ___10th___ day of ___December___, 19 _84_.

APPROVED:

_Marvin J Ward_
_Sylvia Little_

_____
JUDGE

IN THE COMMON PLEAS COURT OF MAHONING COUNTY, OHIO

JUVENILE COURT

| | |
|---|---|
| Sylvia J. Little<br>and<br>Chad Little<br><br>COMPLAINANT<br><br>VS<br><br>Marvin Ward<br><br>DEFENDANT | SUPPLEMENTAL JUDGEMENT ENTRY<br>CASE NO. |

IT IS FURTHER ORDERED THAT: said child(ren) in the custody ___Sylvia J. Little___ orde. f the court.

That visitation is agreed to as specified in the Standard Order of Visitation attached to this journal entry.

The foregoing are now ordered by the Court this _____ day of ___December___, 19_84_.

APPROVED:

_Marvin J Ward_

_Sylvia J Little_

_____
JUDGE

IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| SYLVIA SCOTT<br>    Petitioner | )<br>)<br>)    Docket No.: 94DR2747 |
| VS | )<br>) |
| MARVIN WARD<br>    Respondent | )<br>)    Division: II<br>) |

## ORDER

This cause came on to be heard upon a Petition filed pursuant to the Uniform Reciprocal Enforcement of Support Act of the State of Tennessee on the 5th day of December, 1994, before the Honorable Samuel H. Payne. The Court, being advised that the Respondent, Marvin Ward, is a recipient of S.S.I. benefits and as such shall not be Ordered to pay child support at the present time, does hereby DISMISS the URESA Petition at this time. The Respondent shall be required upon obtaining any additional income or the granting of Social Security Disability benefits to notify the undersigned Assistant District Attorney of any change in his benefit payments.

Entered this the ___15___ day of December, 1994.

                         S/ Samuel H. Payne
                         CIRCUIT COURT JUDGE

APPROVED FOR ENTRY:

Kathy J. Clark
Assistant District Attorney
Child Support Division
1400 S. Holtzclaw Avenue
Chattanooga, TN 37404
(615) 493-9221

94 DEC 15 AM 10:23
FILED IN OFFICE
JUDITH P. MEDEARIS, CLERK
BY _____

Reasonable child support have been paid for the benefit of _____Chad Little_____ since (his) (her) date of birth until present for which Defendant is liable.

WHEREFORE, Plaintiffs demand judgment for

1. The declaration of the existence of a father and child relationship between P___ and _____Chad Little_____ Defendant;

2. The issuance of a new birth certificate to reflect the establishment of the father-child relationship;

3. An order requiring Defendant to pay the full amount of the reasonable exp___ relating to the mother's pregnancy and confinement;

4. An order requiring Defendant to pay a reasonable and periodic amount of mor___ the support of the minor child;

5. An order requiring Defendant to pay a reasonable and periodic amount of money and for child support for the minor child from date of birth until the establishment of the father-child relationship.

*Sylvia J. Little*
Sylvia J. Little
87 Williamson
Youngstown, OH 44507

STATE OF OHIO )
) **AFFIDAVIT**
COUNTY OF MAHONING )

I, _Sylvia J. Little_, being first duly sworn, depose and say that the allegations set forth in the attached complaint are true to the best of my knowledge and belief.

_Sylvia Little_
AFFIANT

Sworn to and subscribed before me this _24th_ day of _December_, 19_84_.

_Delores Brassfield_
NOTARY PUBLIC

DELORES L. BRASSFIELD Notary Public
My Commission Expires July 13, 1986

DELORES L. BRASSFIELD, Notary Public
State of Ohio
My Commission Expires July 13, 1987

|  |  |
|---|---|
| Chad Little<br><br><br><br>**PLAINTIFFS**<br>VS.<br>Marvin Ward<br>35½ Tacoma<br>Youngstown, OH<br>S.S. # 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<br>**DEFENDANT** | **PATERNITY COMPLAINT** |

1. Plaintiff __Sylvia J. Little__ is the unmarried mother of Plaintiff __Chad Little__ and both reside in Mahoning County, Ohio. Plaintiff __Sylvia J. Little__ Defendant had sexual intercourse in the State of Ohio on or about __12-83__ resulting in the conception of __Chad Little__ who was born on __9-7-84__.

2. Defendant __Marvin Ward__ is the father of __Chad Little__ and owes (him) (her) a parental duty of support. Defendant has failed to legally acknowledge the existence of a father-child relationship between himself and Plaintiff __Chad Little__.

3. Plaintiffs have been receiving support payments from the Mahoning County Welfare Department since __6-1-84__.

4. Reasonable expenses were incurred by the mother and/or the Welfare Department during the mother's pregnancy and confinement for which Defendant is liable.

MCWD IV-O

# MARRIAGE CERTIFICATE

## STATE OF GEORGIA, LOWNDES COUNTY

COPY

This Certifies that CARL SYLVESTER

and ANNIE MAE MARTIN _____ were united in the

HOLY BONDS OF MATRIMONY

by T.N. HOLCOMBE, JR., JUDGE, COURT OF ORDINARY, VALDOSTA, GEORGIA

on the 18th day of JULY , in the year of our Lord, 19 70

As appears of record _____ y office in Marriage Record Book FF

Page 37

[Signature], JUDGE, COURT OF ORDINARY, VALDOSTA, GEORGIA

1970