

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

DEC 0 2 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| IN RE: TRI-STATE CREMATORY LITIGATION, | ]<br>]<br>] | MDL DOCKET NO.<br>1467 |

### NOTICE OF CLAIM OF AMY WARD TO FUNDS PAID BY FRANKLIN STRICKLAND FUNERAL HOME FOR DECEDENT, MARVIN J. WARD

Comes now, AMY WARD, and provides this her notice of claim to the funds paid by FRANKLIN STRICKLAND FUNERAL HOME on behalf of her son, MARVIN J. WARD, deceased.

The Notice Booklet and Claim Form submitted to claimants clearly states that claims were required to be postmarked by March 12, 2004. AMY WARD is the only claimant that timely submitted her claim form. CHAD LITTLE'S claim form was not signed until March 19, 2004. Further, there are other concerns about the proper execution of CHAD LITTLE'S claim form.

This 30th day of November, 2004.

_____
CHRISTOPHER A. TOWNLEY
Ga. Bar No. 714925

_____
THOMAS F. LINDSAY
Ga. Bar No. 453028
Attorneys for Plaintiffs
P. O. Box 278
Rossville, GA 30741
(706) 861-6003

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true copy of the within and

foregoing Notice of Claim of Amy Ward by mailing same in the United States Mail in a

properly addressed envelope with sufficient postage affixed thereto to carry same to its

destination upon the following:

Kathryn E. Barnett
3319 West End Ave., Suite 600
Nashville, TN 37203

Robert H. Smalley, III
McCamey, Phillips, Tuggle, & Fordham, LLP
P.O. Box 1105
Dalton, GA 30722-1105

Robert M. Brinson
J. Anderson Davis
P.O. Box 5513
Rome, GA 30162-5513

Mary Katherine Greene
Carlock, Copeland, Semler, & Stair, LLP
2600 Marquis Two Tower
285 Peachtree Center Ave.
Atlanta, GA 30303-1235

David C. Higney
Grant, Konvalinka & Harrison, P.C.
900 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450

This the 30th day of November, 2004.

THOMAS F. LINDSAY

.ED IN OFFICE

2003 FEB 14  PH 1: 09

BULA T. THOMPSON, CLERK

BY __Jw_____ DC

IN THE CIRCUIT COURT
OF HAMILTON COUNTY, TENNESSEE
AT CHATTANOOGA

AMY MAE WARD, individually
and as heir of MARVIN J. WARD,
deceased

     Plaintiff,

-Versus-

TRI-STATE CREMATORY, INC.,
RHAMES L. MARSH, T. RAY BRENT
MARSH, CLARA C. MARSH. T. RAY
MARSH, and FRANKLIN-STRICKLAND
FUNERAL HOME, INC.

     Defendants.

]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]

NO. 03C359

JURY DEMAND

## COMPLAINT

NOW COMES the above-named Plaintiff who brings this action individually and as

heir of Marvin J. Ward and states her Complaint as follows:

1.

Plaintiff, Amy Mae Ward, is a resident of Hamilton County, Tennessee and submits

herself to the jurisdiction of the Court. She is the mother of Marvin J. Ward, deceased.

2.

The Defendant, RHAMES L. MARSH is a resident of Walker County, Georgia and

can be served with process at Marsh Lane, LaFayette, Georgia 30728.

3.

The Defendant, T. RAY BRENT MARSH is a resident of Walker County, Georgia and

can be served with process at Marsh Lane, LaFayette, Georgia 30728.

1

4.

The Defendant, CLARA C. MARSH is a resident of Walker County, Georgia, and can be served with process at Marsh Lane, LaFayette, Georgia 30728.

5.

The Defendant, T. RAY MARSH is a resident of Walker County, Georgia, and can be served with process at Marsh Lane, LaFayette, Georgia 30728.

6.

Defendant, TRI-STATE CREMATORY, INC. is a Georgia corporation and may be served by serving its registered agent, Tommy R. Marsh, at Marsh Lane, LaFayette, Georgia 30728.

7.

Defendant, FRANKLIN-STRICKLAND FUNERAL HOME, INC., is a Tennessee corporation and may be served by serving its registered agent, William A. Carson, II, Brinklye Plaza, 80 Monroe Avenue, #700, Memphis, Tennessee 38103.

8.

Jurisdiction and venue are properly laid in Hamilton County, Tennessee.

9.

RHAMES L. MARSH is the Chief Executive Officer of Defendant, TRI-STATE CREMATORY, INC., which has been administratively dissolved since July 6, 1997.

10.

T. RAY MARSH has been in the crematory business for more than 20 years and previously ran the day-to-day operations of TRI-STATE CREMATORY, INC.

2

11.

Defendant, T. RAY BRENT MARSH is the Secretary of Defendant, TRI-STATE CREMATORY, INC., which has been administratively dissolved since July 6, 1997, and has been running the day-to-day operations of the crematory since approximately 1996.

12.

Defendant, CLARA C. MARSH, is the Chief Financial Officer of Defendant, TRI-STATE CREMATORY, INC., which has been administratively dissolved since July 6, 1997. She is also the owner of the property where the TRI-STATE CREMATORY, INC. is located and where the bodies which have been discovered are located.

13.

Marvin J. Ward, son of Plaintiff, Amy Mae Ward, passed away on February 4, 1997.

14.

His body was taken to FRANKLIN-STRICKLAND FUNERAL HOME, INC., for a respectable and proper disposition.

15.

Arrangements were made for the cremation of his body.

16.

Payment was made for the cremation.

17.

His body was picked up by T. Ray Brent Marsh and taken to TRI-STATE CREMATORY, INC. in Walker County, Georgia for cremation.

3

18.

FRANKLIN-STRICKLAND FUNERAL HOME, INC. delivered to the Plaintiff the unidentifiable remains which had been returned to FRANKLIN-STRICKLAND FUNERAL HOME, INC. by T. Ray Brent Marsh. FRANKLIN-STRICKLAND FUNERAL HOME, INC. represented that the remains returned to the Plaintiff were those of the Plaintiff's son.

19.

At no time did FRANKLIN-STRICKLAND FUNERAL HOME, INC. take any action to verify the remains were those as represented by T. Ray Brent Marsh to the Plaintiff's son.

20.

Defendants Marsh, own, operate, manage or control a crematory of human earthly remains located in Walker County, Georgia and the land upon which the crematory is located.

21.

Defendants Marsh were operating TRI-STATE CREMATORY, INC., without a license.

22.

FRANKLIN-STRICKLAND FUNERAL HOME, INC. knew or should have known as early as 1995, when Walker County Coroner W.E. McGill filed a complaint with the Board of Funeral Service of the state of Georgia, that TRI-STATE CREMATORY, INC., was not licensed.

23.

Effective in 1994, the state of Georgia required that funeral directors oversee crematories. As a result, FRANKLIN-STRICKLAND FUNERAL HOME, INC., assumed the

duty as a licensed funeral director to oversee the operations and performance of TRI-STATE

CREMATORY, INC., as of 1994.

24.

A gas delivery driver, on more than one occasion dating back to October 2000, saw

dead bodies on the property where TRI-STATE CREMATORY, INC. operated while he was

making deliveries.

25.

On February 15, 2002, numerous bodies were found at the Defendant Marsh's property

that had not been cremated. This was the first indication to Plaintiff that her son may not have

been properly cremated as she had contracted for.

26.

The Defendants, individually and collectively, had a duty and responsibility to see that

the cremation of the Plaintiff's son was carried out in a dignified, respectable and legal

manner.

27.

The Defendants individually and collectively, had a duty and responsibility to see that

the cremation of the Plaintiff's son was carried out in compliance with the laws of Tennessee,

including T.C.A. § 62-5-101 et seq.,

28.

The Defendants, individually and collectively, had a duty and responsibility to see that

the cremation of the Plaintiff's son was carried out in compliance with the laws of Georgia

applicable to cremations performed in the state of Georgia.

29.

The Defendants, individually and collectively, breached their duty.

30.

FRANKLIN-STRICKLAND FUNERAL HOME, INC. had a non-delegable duty, due to public health policy, to dispose of the Plaintiff's son in a manner in which they contracted for with the Plaintiff.

31.

FRANKLIN-STRICKLAND FUNERAL HOME, INC. can not avoid responsibility to properly cremate the Plaintiff's son by contract with Defendants MARSH.

## COUNT I

Plaintiff incorporates paragraphs 1 through 31 above by reference as if the same were stated verbatim herein.

32.

Plaintiff entered into a contractual agreement with FRANKLIN-STRICKLAND FUNERAL HOME, INC. for the cremation of the Plaintiff's son.

33.

FRANKLIN-STRICKLAND FUNERAL HOME, INC. entered into a contractual arrangement with Defendants MARSH to have the Plaintiff's son cremated at the Defendants MARSH'S crematory in Walker County, Georgia.

34.

FRANKLIN-STRICKLAND FUNERAL HOME, INC. and Defendants MARSH had a duty to respectfully, properly and legally perform the cremation of the Plaintiff's son.

35.

The Defendants breached this duty.

36.

As a direct and proximate result of the negligence of the Defendants MARSH in failing to properly cremate the Plaintiff's son, the Plaintiff has incurred and will continue to incur damages as outlined herein.

37.

The negligence of the Defendants MARSH is imputed to FRANKLIN-STRICKLAND FUNERAL HOME, INC. As a result, these Defendants are liable to the Plaintiff for the negligence of the Defendants MARSH.

38.

Plaintiff is entitled to recover as a result of said negligence.

COUNT II

Plaintiff incorporates paragraphs 1 through 38 above by reference as if the same were stated verbatim herein.

39.

Plaintiff entered into a contract with FRANKLIN-STRICKLAND FUNERAL HOME, INC. for the respectful and dignified disposition of the remains of the Plaintiff's son.

40.

Plaintiff's agreement with FRANKLIN-STRICKLAND FUNERAL HOME, INC was an agreement that the Plaintiff's son would be cremated with the remains returned to the Plaintiff for final disposition.

41.

In consideration for the services provided by the FRANKLIN-STRICKLAND FUNERAL HOME, INC., Plaintiff incurred charges and paid substantial amounts.

42.

FRANKLIN-STRICKLAND FUNERAL HOME, INC. failed to comply with the contractual agreement entered into with Plaintiff. FRANKLIN-STRICKLAND FUNERAL HOME, INC. failed to cremate the Plaintiff's son. FRANKLIN-STRICKLAND FUNERAL HOME, INC. failed to return the remains of the Plaintiff's son after cremation and instead allowed the Plaintiff's son to be strewn about the property of the Defendants MARSH.

43.

FRANKLIN-STRICKLAND FUNERAL HOME, INC. have breached the agreement it entered into with the Plaintiff and all applicable warranties for which Plaintiff is entitled to recover for said breach.

## COUNT III

Plaintiff incorporates paragraphs 1 through 43 above by reference as if the same were stated verbatim herein.

44.

The Defendant's actions and failure to properly cremate the body of Plaintiff's son constitute negligent misrepresentation and constructive fraud.

## COUNT IV

Plaintiff incorporates paragraphs 1 through 44 above by reference as if the same were stated verbatim herein.

45.

The Defendant's actions and failure to properly cremate the body of Plaintiff's son constitute negligent infliction of emotional distress.

COUNT V

Plaintiff incorporates paragraphs 1 through 45 above by reference as if the same were stated verbatim herein.

46.

Defendants CLARA MARSH and T. RAY MARSH are the owners of the property where TRI-STATE CREMATORY is located.

47.

Even if Defendants CLARA MARSH and T. RAY MARSH were no longer part of the operations of TRI-STATE CREMATORY, CLARA MARSH and T. RAY MARSH negligently failed to inspect their property which they had a duty to do.

COUNT VI

Plaintiffs incorporate paragraphs 1 through 47 above by reference as if the same were stated verbatim herein.

48.

The Defendants' actions constitute bad faith and have caused the Plaintiff unnecessary trouble and expense in bringing this action.

49.

Plaintiff has incurred and will incur additional attorney's fees as a result of bringing this action.

50.

Plaintiff is entitled to an award of attorney's fees and expenses of litigation incurred as a result of having to bring this action.

<u>COUNT VII</u>

Plaintiffs incorporate paragraphs 1 through 50 above by reference as if the same were stated verbatim herein.

51.

The actions of the Defendants show willful misconduct, malice, fraud, wantonness, oppression and entire want of care that raises a presumption of conscious indifference to consequences.

52.

As a result of the Defendants actions, Plaintiff is entitled to an award of punitive damages to punish, penalize and deter the Defendants.

WHEREFORE, Plaintiffs pray:

a.    That Defendants be served as provided by law;

b.    That a jury be impaneled to try the issues formed herein;

c.    That Plaintiff be awarded all of her special damages in this action;

d.    That Plaintiff be awarded all of her general damages;

e.    That Plaintiff be awarded attorney's fees and expenses of litigation;

f.    That Plaintiff be awarded a reasonable sum as punitive damages;

g.    That Plaintiff be awarded all other and further relief as may be deemed just and equitable in the premises.

Respectfully submitted,

TOWNLEY LAW OFFICE

By: *[signature]* T.P.
CHRISTOPHER A. TOWNLEY,
Georgia Bar No. 714925
THOMAS F. LINDSAY   TN BPR 017112
Georgia Bar No. 453028
P.O. Box 278
Rossville, Georgia 30741
(706) 861-6003

Attorneys for Plaintiffs