
FILED IN CLERK'S OFFICE
U.S.D.C. Rome

MAY 26 2005

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE: TRI-STATE
CREMATORY LITIGATION

MDL DOCKET NO. 1467

This Order relates to:

ALL CASES

## ORDER

This case is before the Court on the Special Master's Report and Recommendation of United States Magistrate Judge Walter E. Johnson [1310], Claimant Amy Ward's Motion to Adopt the Report and Recommendation [1320], and Sylvia Scott's Objection to the Special Master's Report and Recommendation [1321].

I.  **Background**

On October 25, 2004, the Court referred all disputes concerning settlement funds in this action to Judge Walter E. Johnson under 28 U.S.C.A. § 636(b)(2). (Order of Oct. 25, 2004.) On December 6, 2004, Judge Johnson, acting as a Special Master, conducted a hearing concerning those disputes. All individuals and parties who had an interest in the disputed settlement funds received notice of the December 6, 2004, hearing and had an opportunity to appear at the December 6, 2004, hearing and be heard concerning their positions.

1

The settlement fund disputes were outlined in the Affidavit of Kimberly K. Ness With Respect to Unpaid Claims [Docket No. 1284] and the Supplemental Affidavit of Kimberly K. Ness With Respect to Unpaid Claims [Docket No. 1302]. Ms. Ness is employed by Rust Consulting, which provides administration services for settlements approved in this action. Ms. Ness testified at the December 6, 2004, hearing concerning each of the settlement fund disputes.

On February 15, 2005, Judge Johnson issued his Special Master's Report and Recommendation as to the settlement fund disputes. On March 15, 2005, the Court entered an Order directing parties or individuals who have an interest in the disputed settlement funds to file their objections, their motions to adopt or modify the Special Master's Report and Recommendation, or other materials supporting their positions within twenty days. (Order of Mar. 15, 2005.) The Court also directed Rust Consulting to provide those parties or individuals with a copy of the March 15, 2005, Order, and to provide the Court with a listing of the individuals and parties who were provided copies of the March 15, 2005, Order, as well as the date on which those parties or individuals were provided copies of the March 15, 2005, Order. (Id.) On March 23, 2005, Rust Consulting filed a Notice of Proof of Service in compliance with the March 15, 2005, Order.

On April 5, 2005, Amy Ward filed a Motion to Adopt the Report and Recommendation. On April 8, 2005, Sylvia Scott filed an

Objection to the Report and Recommendation. The Court received no other motions or objections concerning the Special Master's Report and Recommendation.

On April 26, 2005, the Clerk issued a notice directing all interested parties and individuals to appear for a hearing before the Court on May 26, 2005, at 10:00 a.m., concerning the Special Master's Report and Recommendation and Ms. Ward's Motion to Adopt the Report and Recommendation. On May 26, 2005, the Court held a hearing to give Ms. Ward and Ms. Little an opportunity to be heard concerning the Special Master's Report & Recommendation and Ms. Ward's Motion to Adopt the Report and Recommendation. Ms. Little did not appear for the May 26, 2005, hearing. Ms. Ward, through counsel, stated that she had filed a Motion to Adopt the Report and Recommendation, and requested that the Court adopt the Special Master's Report and Recommendation for the reasons stated in that Motion. The matter consequently is ripe for resolution by the Court.

## II. Disputes and Resolutions

### A. The Dispute Between Linda L. Hamil and Joann Burcham

Linda L. Hamil and Joann Burcham both submitted claim forms stating that they were children of decedent Reed Moran. Ms. Hamil contended that Ms. Burcham was not Mr. Moran's child. (Ness Aff. ¶ 9; Supp. Ness Aff. ¶ 4.) Both Ms. Hamil and Ms. Burcham

3

testified at the December 6, 2004, hearing. (Dec. 6, 2004, Hr'g Tr. at 3-12.) At the December 6, 2004, hearing, Ms. Burcham submitted a certified copy of her birth certificate reflecting that Mr. Moran was her father. (Id. Ex. 1.)

Judge Johnson found that Ms. Hamil failed to produce admissible evidence to dispute Ms. Burcham's proof of paternity. (Special Master's Report & Recommendation at 3.) Judge Johnson therefore concluded that Ms. Burcham was Mr. Moran's child, and recommended that Ms. Burcham be awarded proceeds due her from the Buckner-Rush Funeral Home settlement (the "Buckner-Rush Settlement"). (Id.)

The Court finds that Judge Johnson's conclusions are correct in fact and in law. The Court therefore **ADOPTS** the Special Master's Report and Recommendation as to Joann Burcham and Linda L. Hamil, and **DIRECTS** that Ms. Burcham receive proceeds due her from the Buckner-Rush Settlement as the child of Reed Moran.

**B.    Dispute Concerning Carleton Andrew Chase McLain**

Judy King, the legal guardian of minor Carleton Andrew Chase McLain, submitted a claim as to decedent Tony McLain with respect to the Buckner-Rush Settlement. (Ness Aff. ¶ 10; Supp. Ness Aff. ¶ 5.) The administrator, however, refused to disburse settlement proceeds until Mr. McLain's attorney, James Logan, submitted an order from a Tennessee court approving a settlement for Mr. McLain as a minor. (Ness Aff. ¶ 10; Supp. Ness. Aff. ¶ 5.) Despite

4

repeated requests, Attorney Logan had not submitted that Order. (Ness Aff. ¶ 10; Supp. Ness Aff. ¶ 5.)

During the December 6, 2004, hearing, counsel for Buckner-Rush reported that Attorney Logan also represents Mr. McLain in a case pending in the Superior Court of Walker County, Georgia. (Dec. 6, 2004, Hr'g Tr. at 12-13.) Counsel for Buckner-Rush has asked Attorney Logan repeatedly to dismiss the Walker County Superior Court case, given that Mr. McLain did not opt out of the Buckner-Rush Settlement. (Id.) Attorney Logan, however, has not responded to those requests. (Id.)

During the December 6, 2004, hearing, Class Counsel offered to address those matters with Attorney Logan. (Dec. 6, 2004, Hr'g Tr. at 14-15.) After the December 6, 2004, hearing, Class Counsel and Judge Johnson attempted to contact Attorney Logan; however, that attempt was unsuccessful. Class Counsel and Judge Johnson subsequently contacted Attorney Logan, but could not obtain Attorney Logan's cooperation. Class Counsel informed Judge Johnson that he will obtain the required Tennessee court order approving a settlement for a minor.

Judge Johnson concluded that Ms. King, Mr. McLain's legal guardian, should receive proceeds with respect to decedent Tony McLain in the Buckner-Rush Settlement, and recommended that those proceeds be paid after Attorney Logan or Class Counsel provides the claims administrator with the necessary Tennessee court order

approving a settlement for a minor. (Special Master's Report & Recommendation at 4.) The Court **ADOPTS** the Special Master's Report and Recommendation with respect to Judy King and Carleton Andrew Chase McLain, and **DIRECTS** that Judy King, Carleton Andrew Chase McLain's legal guardian, receive proceeds with respect to decedent Tony McLain in the Buckner-Rush Settlement, after Attorney Logan or Class Counsel provides the claims administrator with the necessary Tennessee court order approving a settlement for a minor.

### C.  Dispute Between Amy Mae Ward and Chad Little

Amy Ward and Chad Little both submitted claim forms with respect to decedent Marvin Ward for the Franklin-Strickland Funeral Home Settlement ("Franklin-Strickland Settlement"). Ms. Ward is Mr. Ward's mother. Sylvia Little Scott claims that she is Mr. Little's mother, that Mr. Little is Mr. Ward's son, and that Ms. Little is Mr. Ward's common-law wife. (Dec. 6, 2004, Hr'g Tr. at 19-20.)

Judge Johnson concluded that: (1) the claim form filed by Lashawnya M. Ward dated May 17, 2004, was untimely filed and should be stricken; (2) the claim form filed by Mr. Little and dated March 19, 2004, should be stricken as untimely filed; and (3) the claim form filed by Ms. Little, although timely filed, should be stricken because: (a) if Ms. Little filed that claim form on her own behalf, the claim form does not indicate that she filed as Mr. Ward's spouse; (b) if Ms. Little filed that claim form as Mr. Ward's

6

common-law wife, that relationship is not recognized by controlling law, and, even if the relationship were recognized by controlling law, the relationship ended well before Mr. Ward's death; and (c) if Ms. Little filed the claim form on behalf of Mr. Little, she had no standing to file the form, given that Mr. Little was not a minor and was not incapacitated. (Special Master's Report & Recommendation at 10-11.) Judge Johnson recommended that Ms. Ward receive the proceeds of the Franklin-Strickland Settlement relating to Mr. Ward. (Id. at 11.)

Ms. Ward, through counsel, filed a Motion to Adopt the Report and Recommendation. Ms. Little filed an Objection to the Special Master's Report and Recommendation, arguing that Mr. Little is the son of Mr. Ward. Ms. Little did not appear at the May 26, 2005, hearing. Ms. Ward appeared at the May 26, 2005, hearing and, through counsel, urged the Court to adopt the Special Master's Report and Recommendation.

The Court finds that the Special Master's Report and Recommendation is correct in law and in fact. The Court therefore **ADOPTS** the Special Master's Report and Recommendation with respect to Amy Ward and Chad Little, and **DIRECTS** that Amy Ward receive the settlement proceeds with respect to decedent Marvin Ward in the Franklin-Strickland Settlement after Ms. Ward provides documentation to the claims administrator indicating that she has dismissed her state court case. The Court **DIRECTS** the claims

7

administrator to strike the claim form of Lashawnya M. Ward as untimely filed and to strike the claim form of Chad Little as untimely filed. The Court **OVERRULES** Ms. Little's Objection to the Special Master's Report and Recommendation, and **GRANTS** Ms. Ward's Motion to Adopt the Report and Recommendation.

### D.  Dispute Between Carl Keener and Jerry Martin

Carl Keener submitted a claim form with respect to decedent Ann M. Keener in the Ewton Funeral Home Settlement (the "Ewton Settlement"). Ms. Keener's son, Terry Martin, disputed Mr. Keener's claim. Mr. Keener submitted an original marriage certificate; however, Mr. Martin continued to dispute Mr. Keener's claim. (Ness Aff. ¶ 12 & Ex. II.)

At the December 6, 2004, hearing, Mr. Martin did not dispute that Mr. Keener was married to Ms. Keener. (Dec. 6, 2004, Hr'g Tr. at 24.) Mr. Martin, however, objected to Mr. Keener receiving the settlement proceeds because Mr. Keener had not paid for Ms. Keener's funeral. (Id. at 24-26.) Mr. Martin and one of his brothers paid for Ms. Keener's funeral, not realizing at the time that Ms. Keener had married Mr. Keener. (Id.) Class Counsel advised Mr. Martin that if he and his brother could provide the claims administrator with the amount they had paid for Ms. Keener's funeral, that amount would be deducted from Mr. Keener's share of the settlement proceeds and paid to Mr. Martin and his brother. (Id. at 26.) Mr. Martin agreed to resolving the dispute in that

manner. (Id.) Judge Johnson has recommended that the Court adopt that resolution as the Order of the Court. (Special Master's Report & Recommendation at 13.)

The Court finds that the Special Master's Report and Recommendation is correct in law and in fact with respect to the dispute between Terry Martin and Carl Keener. The Court therefore **DIRECTS** that Terry Martin provide the claims administrator with the amount that Terry Martin and his brother paid for decedent Ann M. Keener's funeral, and that the claims administrator deduct that amount from Carl Keener's share of the Ewton Settlement and pay that amount to Terry Martin and his brother. The Court **DIRECTS** the claims administrator to pay Carl Keener the settlement proceeds remaining after deduction of Ann M. Keener's funeral expenses paid by Terry Martin and his brother.

### E. Dispute Between Donia Graham and Frankie Nicholson

Donia Graham submitted a claim form on behalf of Michael Graham, a minor, with respect to decedent Steven D. Holt in the Sequatchie Valley Funeral Home Settlement (the "Sequatchie Valley Settlement"). Frankie L. Nicholson, Mr. Holt's sister, also filed a claim form and disputes that Mr. Graham is Mr. Holt's child. (Supp. Ness Aff. ¶ 8; Dec. 6, 2004, Hr'g Tr. at 29-29 & Exs. 10-11.)

Judge Johnson found that Mr. Graham had proven that he was Mr. Holt's son. (Special Master's Report & Recommendation at 14.) Ms.

9

Nicholson, however, paid Mr. Holt's funeral expenses. (Dec. 6, 2004, Hr'g Tr. at 38.) Mr. Graham's counsel did not object to the claim administrator paying Ms. Nicholson an amount sufficient to reimburse her for the funeral proceeds. (Id.) Mr. Graham's counsel also requested that the Court direct payment of Mr. Graham's settlement proceeds, less the funeral expenses reimbursed to Ms. Nicholson, by check to his attorney, John W. Johnson, III, and that the check be made payable to Donia Graham as next friend of Michael Graham. (Id.) Mr. Graham's counsel would bear responsibility for depositing the funds into the registry of the court in Hamilton County, Tennessee, where Mr. Graham resides. (Id. at 38-39.)

Judge Johnson found that Michael Graham was decedent Steven D. Holt's son. (Special Master's Report & Recommendation at 14.) Judge Johnson recommended that Ms. Nicholson receive reimbursement for the decedent's funeral expenses that she paid from Mr. Graham's share of the Sequatchie Valley Settlement, and that Mr. Graham receive the remaining settlement proceeds in the manner described by his counsel at the December 6, 2004, hearing. (Id.)

The Court finds that the Special Master's Report and Recommendation is correct in fact and in law with respect to Michael Graham and Frankie L. Nicholson. The Court therefore **ADOPTS** that portion of the Special Master's Report and Recommendation, and **DIRECTS** the claims administrator to pay Frankie

10

L. Nicholson an amount sufficient to reimburse her for the funeral expenses of Steven D. Holt, and to deduct that amount from Michael Graham's share of the Sequatchie Valley Settlement. The Court **DIRECTS** the claims administrator to pay settlement proceeds pertaining to Steven D. Holt, less the funeral expenses reimbursed to Ms. Nicholson, to Michael Graham. The Court **DIRECTS** the claims administrator to make that payment by check to Michael Graham's attorney, John W. Johnson, III, and to make the check payable to Donia Graham as next friend of Michael Graham. Michael Graham's counsel bears responsibility for depositing the funds into the registry of the court in Hamilton County, Tennessee, where Michael Graham resides.

F.   **Dispute Between Sherry Esslinger and Barbara Brown**

Sherry Esslinger submitted a claim form with respect to decedent Robert L. Hutton in the Turner Funeral Home Settlement (the "Turner Settlement"). (Dec. 6, 2004, Hr'g Tr. at 41 & Ex. 12.) Mr. Hutton's brother and sister, Jim Hutton and Barbara Brown, also submitted claim forms with respect to Mr. Hutton. (Id. at 41 & Exs. 13-14.) Jim Hutton and Barbara Brown dispute Ms. Esslinger's claim. (Supp. Ness Aff. ¶ 9.) The claims administrator also received a late-filed claim form from Robert Goldisen, who claims to be Mr. Hutton's child. (Dec. 6, 2004, Hr'g Tr. at 40 & Ex. 15.)

Judge Johnson found that Ms. Esslinger failed to prove that

11

she was Mr. Hutton's child, and recommended that Ms. Esslinger not receive proceeds from the Turner Settlement relating to Mr. Hutton. (Special Master's Report & Recommendation at 16.) Judge Johnson found that Mr. Goldisen's claim form was untimely, and recommended that Mr. Goldisen not receive proceeds from the Turner Settlement relating to Mr. Hutton. (Id.) Judge Johnson also recommended that the claims administrator pay the proceeds from the Turner Settlement relating to decedent Robert L. Hutton to his siblings, Jim Hutton and Barbara Brown. (Id.)

The Court finds that the Special Master's Report and Recommendation pertaining to Sherry Esslinger, Jim Hutton, Barbara Brown, and Robert Goldisen is correct in fact and in law. The Court therefore **ADOPTS** that portion of the Special Master's Report and Recommendation, and **DIRECTS** the claims administrator to pay the Turner Settlement proceeds relating to decedent Robert L. Hutton to Jim Hutton and Barbara Brown. The Court **DIRECTS** the claims administrator to strike the claim form filed by Robert Goldisen as untimely filed.

## III. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Special Master's Report and Recommendation [1310] in its entirety, and **DIRECTS** that payment of settlement proceeds be paid as outlined in this Order. The Court **GRANTS** Claimant Amy Ward's Motion to Adopt the Report and

Recommendation [1320]. The Court **OVERRULES** Sylvia Scott's Objection to the Special Master's Report and Recommendation [1321].

IT IS SO ORDERED, this the ___26th___ day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

13